R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

ATTORNEYS FOR DEFENDANTS

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

---

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>     Plaintiff,<br><br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>     Defendants. | **ANSWER AND JURY DEMAND**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

---

Defendants Draper City, Draper City Police Department, Police Chief Mac Connole,

Officer J. Patterson, Officer David Harris, and Officer Heather Baugh (collectively

"Defendants"), by and through undersigned counsel, and in response to Plaintiff's Complaint and

Jury Demand, hereby answers, alleges, and defends as follows:

SLC_1962999.1

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

## PRELIMINARY STATEMENT

Defendants object to the Preliminary Statement to the extent that it contains factual allegations or claims that are not set forth in separately numbered paragraphs pursuant to Fed. R. Civ. P. 10(b).  Subject to, and without waiving this objection, and to the extent an answer is required, Defendants deny the allegations in Plaintiff's Preliminary Statement.

## JURISDICTION AND VENUE

1.      Answering paragraphs 1, 2, 3, 4, and 5, Defendants admit that this Court has jurisdiction and that venue is proper, but deny the remaining allegations in paragraphs 1, 2, 3, 4, and 5.

## PARTIES

2.      Answering paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6.

3.      Answering paragraph 7, Defendants admit the allegations in paragraph 7.

4.      Answering paragraph 8, Defendants admit that Defendant Draper City Police Department is organized and exists under the laws of the State of Utah.  Defendants deny the remaining allegations in paragraph 8.

5.      Answering paragraph 9, Defendants admit that during the relevant time period, Defendant Mac Connole was employed as the Chief of Police of Draper City Police Department,

2

which is located in Salt Lake County, Utah, and was acting as such.  Defendants deny the remaining allegations in paragraph 9.

6.     Answering paragraph 10, Defendants admit that during the relevant time period, Defendant Patterson was employed as an officer of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such.  Defendants deny the remaining allegations in paragraph 10.

7.     Answering paragraph 11, Defendants admit that during the relevant time period, Defendant David Harris was employed as an officer of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such.  Defendants deny the remaining allegations in paragraph 11.

8.     Answering paragraph 12, Defendants admit that during the relevant time period, Defendant Heather Baugh was employed as an officer of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such.  Defendants deny the remaining allegations in paragraph 12.

9.     Answering paragraph 13, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13.

## FACTUAL ALLEGATIONS

10.     Answering paragraphs 14 and 15, Defendants admit the allegations in paragraphs 14 and 15.

11.     Answering paragraphs 16 and 17, Defendants deny the allegations in paragraphs 16 and 17.

SLC_1962999.1

12.     Answering paragraph 18, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraph 18.

13.     Answering paragraphs 19, 20, 21, 22, 23, and 24, Defendants deny the allegations in paragraphs 19, 20, 21, 22, 23, and 24.

14.     Answering paragraph 25, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraph 25.

15.     Answering paragraphs 26 and 27, Defendants deny the allegations in paragraphs 26 and 27.

16.     Answering paragraphs 28, 29, and 30, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraphs 28, 29, and 30.

17.     Answering paragraphs 31, 32, 33, 34, and 35, Defendants deny the allegations in paragraphs 31, 32, 33, 34, and 35.

18.     Answering paragraph 36, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraph 36.

19.     Answering paragraphs 37 and 38, Defendants deny the allegations in paragraphs 37 and 38.

20.     Answering paragraph 39, Defendants admit the allegations in paragraph 39.

SLC_1962999.1

21.      Answering paragraphs 40, 41, and 42, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40, 41, and 42.

22.      Answering paragraph 43, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43.

23.      Answering paragraphs 44, 45, and 46, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 44, 45, and 46.

24.      Answering paragraph 47, Defendants deny the allegations in paragraph 47.

25.      Answering paragraph 48, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 48.

26.      Answering paragraph 49, Defendants deny the allegations in paragraph 49.

27.      Answering paragraph 50, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraph 50.

28.      Answering paragraph 51, Defendants deny the allegations in paragraph 51.

29.      Answering paragraphs 52 and 53, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraphs 52 and 53.

SLC_1962999.1

30.     Answering paragraphs 54 and 55, Defendants deny the allegations in paragraphs 54 and 55.

## FIRST CAUSE OF ACTION
## Civil Rights Violation, 42 U.S.C. § 1983:
### (Against Officer Patterson)

31.     Answering paragraph 56, Defendants incorporate by reference their previous responses to paragraphs 1 through 55.

32.     Answering paragraph 57, Defendants admit the allegations in paragraph 57.

33.     Answering paragraph 58, Defendants admit that Officer Patterson was acting in the course and scope of his employment and under color of state law.  Defendants deny the remaining allegations in paragraph 58.

34.     Answering paragraph 59, Defendants deny the allegations in paragraph 59.

35.     Answering paragraph 60, Defendants object to Plaintiff's use of quotation marks as it is not clear what Plaintiff purports to be quoting from.  Defendants also object as one or more of the allegations in this paragraph are legal argument and/or conclusions and do not require a response. Subject to, and without waiving these objections, Defendants deny the allegations in paragraph 60.

36.     Answering paragraphs 61, 62, 63, 64, 65, 66, 67, and 68, Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 61, 62, 63, 64, 65, 66, 67, and 68.

SLC_1962999.1

## SECOND CAUSE OF ACTION
### Civil Rights Violation, 42 U.S.C. § 1983:
(Against Officer Harris)

37.     Answering paragraph 69, Defendants incorporate by reference their previous responses to paragraphs 1 through 68.

38.     Answering paragraph 70, Defendants admit the allegations in paragraph 70.

39.     Answering paragraph 71, Defendants admit that Officer Harris was acting in the course and scope of his employment and under the color of state law.  Defendants deny the remaining allegations in paragraph 71.

40.     Answering paragraph 72, Defendants deny the allegations in paragraph 72.

41.     Answering paragraph 73, Defendants object to Plaintiff's use of quotation marks[1] as it is not clear what Plaintiff purports to be quoting from.  Subject to, and without waiving, this objection, Defendants deny the allegations in paragraph 73.

42.     Answering paragraphs 74, 75, 76, 77, 78, 79, and 80, Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 74, 75, 76, 77, 78, 79, and 80.

## THIRD CAUSE OF ACTION
### Civil Rights Violation, 42 U.S.C. § 1983:
(Against Chief of Police Connole)

43.     Answering paragraph 81, Defendants incorporate by reference their previous responses to paragraphs 1 through 80.

---

[1] To avoid further repetition of this objection, Defendants hereby object to the use of quotation marks throughout the remaining paragraphs of the Complaint that do not include a citation.

SLC_1962999.1

44.     Answering paragraphs 82 and 83, Defendants admit the allegations in paragraphs 82 and 83.

45.     Answering paragraphs 84, 85, 86, 87, 88, 89, 90, 91 and 92, Defendants object as one or more of the allegations in these paragraphs are legal argument and/or conclusions and do not require a response. Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 84, 85, 86, 87, 88, 89, 90, 91 and 92.

## FOURTH CAUSE OF ACTION
### Deprivation of Constitutional Rights, 42 U.S.C. § 1983:
### (Against Defendants Draper City, Draper City Police Department, and Connole)

46.     Answering paragraph 93, Defendants incorporate by reference their previous responses to paragraphs 1 through 92.

47.     Answering paragraph 94, Defendants object as this paragraph does not state a fact but instead quotes the Fourth Amendment, and therefore does not require a response.  Subject to, and without waiving this objection, Defendants admits the allegations in paragraph 94.

48.     Answering paragraph 95, Defendants object as this as it contains one or more legal conclusions and does not require a response.  Subject to, and without waiving this objection, Defendants denies the allegations in paragraph 95.

49.     Answering paragraphs 96, 97, and 98, Defendants deny the allegations in paragraphs 96, 97, and 98.

50.     Answering paragraph 99, Defendants object as this paragraph contains one or more legal arguments and/or conclusions and does not require a response.  Subject to, and without waiving this objection, Defendants denies the allegations in paragraph 99.

8

51.     Answering paragraphs 100, 101, 102, 103, 104, and 105, Defendants deny the allegations in paragraphs 100, 101, 102, 103, 104, and 105.

52.     Answering paragraph 106, Defendants object as this as it contains one or more legal arguments and/or conclusions and does not require a response.  Subject to, and without waiving this objection, Defendants deny the allegations in paragraph 106.

53.     Answering paragraphs 107, 108, 109, 110, 111, 112, 113, and 114, Defendants deny the allegations in paragraphs 107, 108, 109, 110, 111, 112, 113, and 114.

**FIFTH CAUSE OF ACTION**
**Civil Rights Violation, 42 U.S.C. § 1983:**
**(Against Officers Patterson, Harris, Draper City, the Draper City Police Department, Connole, and John Does 1-10)**

54.     Answering paragraph 115, Defendants incorporate by reference their previous responses to paragraphs 1 through 114.

55.     Answering paragraphs 116, 117, 118, 119, 120, 121, and 122, Defendants deny the allegations in paragraphs 116, 117, 118, 119, 120, 121, and 122.

56.     Answering paragraphs 123 and 124, Defendants object as this as it contains one or more legal arguments and/or conclusions and does not require a response.  Subject to, and without waiving this objection, Defendants deny the allegations in paragraphs 123 and 124.

57.     Answering paragraph 125, Defendants deny the allegations in paragraph 125.

**SIXTH CAUSE OF ACTION**
**Utah Constitution Article I, §§ 1, 7, 9 and 14 Violations**
**(Against All Defendants)**

58.     Answering paragraph 126, Defendants incorporate by reference their previous responses to paragraphs 1 through 125.

SLC_1962999.1

59.     Answering paragraphs 127, 128, 129, and 130, Defendants object as these paragraphs do not allege facts but rather quote certain documents, and therefore do not require a response. Subject to, and without waiving, these objections, and to the extent a response is required, Defendants admit the allegations in paragraphs 127, 128, 129, and 130.

60.     Answering paragraphs 131, 132, 133, 134, 135, and 136, Defendants object as these paragraphs contain one or more legal arguments and/or conclusions, and therefore do not require a response.  Subject to, and without waiving, these objections, and to the extent a response is required, Defendants deny the allegations in paragraphs 131, 132, 133, 134, 135, and 136.

61.     Answering paragraphs 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, and 149, Defendants deny the allegations in paragraphs 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, and 149.

### SEVENTH CAUSE OF ACTION
### Assault and Battery
### (Against Officer Patterson)

62.     Answering paragraph 150, Defendants incorporate by reference their previous responses to paragraphs 1 through 149.

63.     Answering paragraphs 151 and 152, Defendants deny the allegations in paragraphs 151 and 152.

64.     Answering paragraph 153, Defendants admit the allegations in paragraph 153.

65.     Answering paragraphs 154 and 155, Defendants deny the allegations in paragraphs 154 and 155.

SLC_1962999.1

## EIGTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
**(Against Officers Patterson, Harris, Baugh and John Does 1-10)**

66.    Answering paragraph 156, Defendants incorporate by reference their previous responses to paragraphs 1 through 155.

67.    Answering paragraphs 157, 158, 159, 160, 161, and 162, Defendants deny the allegations in paragraphs 157, 158, 159, 160, 161, and 162.

## NINTH CAUSE OF ACTION
### Fraud
**(Against Officer Patterson)**

68.    Answering paragraph 163, Defendants incorporate by reference their previous responses to paragraphs 1 through 162.

69.    Answering paragraphs 164, 165, 166, 167, 168, 169, 170, 171, 172, and 173, Defendants deny the allegations in paragraphs 164, 165, 166, 167, 168, 169, 170, 171, 172, and 173.

70.    Defendants object to Plaintiff's allegations set forth under the headings of "Compliance with the Governmental Immunity Act of Utah" and "Undertaking" as they are not set forth in separately numbered paragraphs pursuant to Fed. R. Civ. P. 10(b).  Subject to, and without waiving this objection, and to the extent an answer is required, Defendants deny the allegations in these sections.

71.    Defendant hereby denies any allegation not answered specifically herein.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Causes of Action, Defendants allege as follows:

SLC_1962999.1

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, as Defendants did not violate a constitutional, statutory or common law right, privilege or immunity of the Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as any and all actions or inactions on the part of Defendants do not violate clearly established law, were objectively reasonable, and therefore Defendants have qualified immunity from suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part as Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has suffered no compensable injury or damage as a result of Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate his damages, if any, any potential recovery under such claims advanced by Plaintiff's Complaint should be barred or appropriately reduced.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages sustained as alleged in the Complaint were caused, in whole or in part, by the acts or omissions of Plaintiff and/or third parties over whom the Defendants had no control or right of control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith,

SLC_1962999.1

without malice and without the intent to violate the Plaintiff's civil rights.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity, and prosecutorial immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendants are immune from any claims under the provisions of the Governmental Immunity Act of Utah, including, but not limited to, §§ 63G-7-201 and -301. Moreover, Plaintiff's claims are barred, in whole or in part, by their failure to strictly comply with all applicable provisions of the Governmental Immunity Act of Utah, including but not limited to Utah Code Ann. §§ 63G-7-101 to 904.

### TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of costs and attorneys' fees in defense of this action pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are specifically barred in whole or in part by Utah Code Ann., §§ 63G-7-603 and 904.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to Plaintiffs' comparative negligence and should be apportioned under Utah Code Ann. §§ 78B-5-817 through 78B-5-821.

SLC_1962999.1

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery. Defendants assert each and every affirmative defense as it may be ascertained through future discovery in this matter.

## JURY DEMAND

Defendants demand a jury trial in this matter.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that the same be dismissed, no cause of action, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief as this Court deems appropriate.

DATED this 13th day of October, 2014.

DURHAM JONES & PINEGAR, P.C.


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

14

Case 2:14-cv-00375-DAK   Document 2   Filed 10/13/14   PageID.46   Page 15 of 15

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **ANSWER AND JURY DEMAND**

was served this 13th day of October, 2014, via CM/ECF electronic filing upon the following:


Lisa A. Marcy
AARON & GIANNA, PLC
2150 South 1300 East, Ste. 500
Salt Lake City, UT 84106

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101


/s/ Sarah Peck

15

SLC_1962999.1