*AARON & GIANNA, PLC*
LISA A. MARCY (#5311)
2150 South 1300 East, Ste. 500
Salt Lake City, UT  84106
Telephone:  (801) 359-2501
Facsimile:  (801) 990-4601
lmarcy@aarongianna.com

*JOHN K. JOHNSON, LLC*
JOHN K. JOHNSON (#3815)
10 West 300 South, Suite 800
Salt Lake City, Utah 84101
Telephone: (801) 915-2616
Facsimile:  (801) 359-1088

*Attorneys for Joshua Chatwin*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>     Plaintiff,<br> v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER KURT IMIG, in his individual capacity; SUPERVISOR TBA; and JOHN DOES 1-10,<br><br>     Defendants. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE LATE-FILED AMENDED COMPLAINT**<br><br>Case No.:  2:14-cv-375<br><br>Judge:  Dale A. Kimball |

Plaintiff Joshua Chatwin ("Chatwin") responds to Defendants' Motion to Strike Late-Filed Amended Complaint as follows:

## ARGUMENT

Chatwin's Counsel Had Adequate Excuses for the Delay in Filing the
Stipulated Amended Complaint.

Chatwin's counsel did file the Amended Complaint late. As she stated in her email to opposing counsel, Exhibit 1, attached to the Motion to Strike: "I would ask for your professional courtesy in answering it instead." She did not get such courtesy. She recognized her error, stating: "[i]t is completely my fault." Counsel admitted that "[she] completely missed the Order in my email…I have never missed a deadline before like that and can't believe it happened." *See Exhibit 1, email, attached to Motion to Strike Late-Filed Amended Complaint.* Counsel further added in her email: "[i]f you are going to strike it, I will throw myself at the mercy of Judge Kimball." *Id.* She is doing exactly that in this Memorandum. Her client should not be penalized for her oversight. Defendants failed to claim any prejudice, undue delay, dilatory tactics, or bad faith. Although these allegations are relevant to the determination of granting motions to amend, they are helpful in assessing whether the late filing of an amended complaint should be allowed. *Cohen v. Longshore,* 621 F.3d 1311, 1313-14 (10th Cir. 2010).

Chatwin's counsel moved to amend the complaint after receiving a letter from Defendants' counsel wherein he threatened to file a Motion for Judgment on the Pleadings and after reviewing several of the affirmative defenses in the Answer wherein Defendants protested certain formatting of the Complaint, such as failing to separately enumerate sentences in the Preliminary Statement. *Exhibit "A," Letter from Defendant's counsel, dated December 23, 2014.*[1] She amended these portions of the Complaint to clarify the factual allegations. Presumably, Defendants are relieved to have the uncertainty resolved and should welcome the

---

[1] Pursuant to the Utah Rules of Professionalism and Civility, DU-R 5.2-1, and the Federal Rules of Evidence, Plaintiff has redacted several sentences in the letter.

2

clearer language of the Amended Complaint. In fact, they did not oppose the Proposed Amended Complaint.

Defendants have not alleged undue delay, bad faith, dilatory motive, or undue prejudice, because none exists. The parties have exchanged their Initial Disclosures and will be pursuing the rest of their discovery timely.

In the *Cohen* case, cited by Defendants, the Tenth Circuit *reversed and remanded* the court's denial of the plaintiff's motion to file an amended complaint late. The Court, in part, concluded that the Plaintiff had given an "excusable cause for his delay in amending the complaint as directed." *Id.* at 1314. The Court gave examples of inadequate explanations for delay: a motion to amend a complaint filed seventeen months after the original complaint with no explanation; another motion filed fourteen months later, and a claim that the litigants had no idea that an amendment was necessary, despite the Court's order. *Id.* at 1313. Whereas Chatwin's counsel would never claim that ignoring a Court's order was a trivial event, she also asks this Court to realize that occasional errors do happen, and fortunately, this one, compared to many others, was, indeed, a minor one.

Chatwin's counsel explained that she did not see the Court's Order in her email, an error she made for the first time ever. Chatwin's counsel gave an adequate explanation in her email: she did not see the Order. Defendants assert that excuse is not acceptable in that the court notifications go to six different emails. Whereas that fact is true, Chatwin's counsel, Lisa Marcy, has been the sole counsel responsible for tracking filings. *Exhibit "B," Affidavit of Lisa A. Marcy, dated March 19, 2015.* As for the other two emails, "aarongianna1213@gmail.com" and "vricci@aarongianna.com," they belonged to a former employee and are no longer used. "Marcylawfirm@gmail.com" was the email used by Chatwin's counsel at her previous firm and

is not regularly checked. *Id.* Whereas Chatwin's counsel admits that she should learn how to remove the emails listed with *PACER,* it would be unfair to her client to penalize him for his counsel's inferior technological skills.

In addition, when she realized her error, Chatwin's counsel remembered that she had been absent from January 22, 2015 until Sunday, February 1, 2015. *Id., attached thereto Exhibit "1," Email of Delta Flight Itinerary.* Plaintiff's counsel is the Co-Program Director of the National Institute for Trial Advocacy ("NITA") Gulf Coast Trial Program. *Id., attached thereto Exhibit "2," NITA Gulf Coast Trial Brochure 2015.* The Trial Program is demanding, both from the perspective of time and energy. Chatwin's counsel had just arrived back at the office on February 2, 2015, had much work resulting from her time away, and was tired on February 3, 2015 when the email arrived. *Id.* Whereas most attorneys have a lot of work, those particular two weeks were extreme and unusual. *Id.* Chatwin's counsel therefore has adequate excuses for the oversight.

In the *Hussell* case, cited by Defendants, the "[p]laintiff was warned that his failure to [file the amended complaint] would result in a recommendation to Judge Benson that this case be dismissed." *Hussell,* 2012 WL 5523151 *2 (D.Utah 2012). The plaintiff failed to file the amended complaint e*ver*, ignoring the Magistrate's warning and in fact, took no action on the case after the Magistrate entered the Order. Those facts are significantly distinguishable from the current oversight.

## **CONCLUSION**

For the reasons identified above, Chatwin respectfully requests that the Court deny Defendants' Motion to Strike Late-Filed Amended Complaint. Chatwin's counsel gave adequate excuses, filed the Amended Complaint as soon as she realized her error, and the parties have

suffered no prejudice, undue delay, dilatory tactics, or bad faith. Justice still requires, pursuant to Rule 15(a), Fed.R.Civ.P., that Chatwin be allowed to proceed on the merits of his claim.

Dated this 19th day of March, 2015.

      */s/Lisa A. Marcy*
      LISA A. MARCY
      *AARON & GIANNA, PLC*
      2150 South 1300 East, Ste. 500
      Salt Lake City, UT 84106
      Telephone: (801) 359-2501
      Facsimile: (801) 990-4601
      lmarcy@aarongianna.com

      */s/ John K. Johnson*
      JOHN K. JOHNSON
      *JOHN K. JOHNSON, LLC*
      10 West 300 South, Suite 800
      Salt Lake City, Utah 84101
      Telephone: (801) 915-2616
      Facsimile: (801) 359-1088

      *Attorneys for Joshua Chatwin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of March, 2015, I filed the foregoing with the Clerk of Court for the United States District Court for the District of Utah through its CM/ECF system which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Electronic Mail Notice List.

      */s/Lisa A. Marcy*
      Lisa A. Marcy