R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>Plaintiff,<br><br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>Defendants. | **ANSWER TO AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants Draper City, Draper City Police Department, Police Chief Mac Connole, Officer J. Patterson, Officer David Harris, and Officer Heather Baugh (collectively "Defendants"), by and through undersigned counsel, and in response to Plaintiff's Amended Complaint and Request for Trial by Jury, hereby answers, alleges, and defends as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

## PRELIMINARY STATEMENT

1. Answering paragraph 1, Defendants admit the allegation in paragraph 1.

2. Answering paragraphs 2, 3, 4, and 5, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendant denies the allegations in paragraphs 2, 3, 4, and 5.

## JURISDICTION AND VENUE

3. Answering paragraphs 6, 7, 8, 9, 10, and 11, Defendants admit that this Court has jurisdiction and that venue is proper, but deny the remaining allegations in paragraphs 6, 7, 8, 9, 10, and 11.

## PARTIES

4. Answering paragraph 12, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12.

5. Answering paragraph 13, Defendants admit the allegations in paragraph 13.

6. Answering paragraph 14, Defendants admit that Defendant Draper City Police Department is organized and exists under the laws of the State of Utah. Defendants deny the remaining allegations in paragraph 14.

7. Answering paragraph 15, Defendants admit that during the relevant time period, Defendant Mac Connole was employed as the Chief of Police of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such. Defendants deny the remaining allegations in paragraph 15.

8. Answering paragraph 16, Defendants admit that during the relevant time period, Defendant Patterson was employed as an officer of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such. Defendants deny the remaining allegations in paragraph 16.

9. Answering paragraph 17, Defendants admit that during the relevant time period, Defendant David Harris was employed as an officer of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such. Defendants deny the remaining allegations in paragraph 17.

10. Answering paragraph 18, Defendants admit that during the relevant time period, Defendant Heather Baugh was employed as an officer of Draper City Police Department, which is located in Salt Lake County, Utah, and was acting as such. Defendants deny the remaining allegations in paragraph 18.

11. Answering paragraph 19, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19.

**FACTUAL ALLEGATIONS**

12. Answering paragraphs 20 and 21, Defendants admit the allegations in paragraphs 20 and 21.

13. Answering paragraphs 22, 23, 24, 25, 26, 27, 28, and 29, Defendants deny the allegations in paragraphs 22, 23, 24, 25, 26, 27, 28, and 29.

14. Answering paragraph 30, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30.

15. Answering paragraphs 31, 32, 33, 34, and 35, Defendants admit that the transcript attached as Exhibit C to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the testimony made in paragraphs 31, 32, 33, 34, and 35.

16. Answering paragraphs 36, 37, and 38, Defendants deny the allegations in paragraphs 36, 37, and 38.

17. Answering paragraphs 39, 40, and 41 Defendants admit that the transcript attached as Exhibit C to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the testimony made in paragraphs 39, 40, and 41.

18. Answering paragraphs 42, 43, and 44, Defendants deny the allegations in paragraphs 42, 43, and 44.

19. Answering paragraphs 45, 46, 47, 48, 49, 50, 51, 52, and 53, Defendants admit that the transcript attached as Exhibit C to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the testimony made in paragraphs 45, 46, 47, 48, 49, 50, 51, 52, and 53.

20. Answering paragraphs 54, 55, 56, 57, 58, and 59, Defendants deny the allegations in paragraphs 54, 55, 56, 57, 58, and 59.

21. Answering paragraphs 60, 61, and 62, Defendants admit that the transcript attached as Exhibit C to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the testimony made in paragraphs 60, 61, and 62.

22. Answering paragraphs 63, 64, and 65, Defendants admit that Plaintiff attempted to head-butt Officer Patterson. Defendants deny the remaining allegations in paragraphs 63, 64, and 65.

23. Answering paragraphs 65, 66, 67, 68, and 69, Defendants admit that the transcript attached as Exhibit C to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the testimony made in paragraphs 65, 66, 67, 68, and 69.

24. Answering paragraphs 70, 71, 72, 73, 74, 75, and 76, Defendants deny the allegations in paragraphs 70, 71, 72, 73, 74, 75, 76.

25. Answering paragraphs 77, 78, and 79, Defendants deny the allegations in paragraphs 77, 78, and 79.

26. Answering paragraphs 80, 81, and 82, Defendants admit that the written statement as Exhibit D to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the statement made in paragraphs 80, 81, and 82.

27. Answering paragraph 83, Defendants admit that the written statement as Exhibit B to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the statement made in paragraph 83.

28. Answering paragraph 84, Defendants admit that the written statement as Exhibit E to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the statement made in paragraph 84.

29. Answering paragraph 85, Defendants admit that the written statement as Exhibit F to Plaintiff's Amended Complaint speaks for itself, but Defendants deny any allegations or assumptions with respect to the accuracy of the statement made in paragraph 85.

30. Answering paragraph 86, Defendants admit the allegations in paragraph 86.

31. Answering paragraphs 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98, Defendants deny the allegations in paragraphs 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98.

32. Answering paragraphs 99 and 100, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 99 and 100.

33. Answering paragraphs 101 and 102, Defendants deny the allegations in paragraphs 101 and 102.

34. Answering paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, and 118, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, and 118.

35. Answering paragraphs 119, 120, and 121, Defendants deny the allegations in paragraphs 119, 120, and 121.

36. Answering paragraph 122, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122.

37. Answering paragraph 123 and 124, Defendants deny the allegations in paragraphs 123 and 124.

38. Answering paragraphs 125, 126, 127, and 128, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 125, 126, 127, and 128.

39. Answering paragraphs 129, 130, 131, 132, 133, and 134, Defendants deny the allegations in paragraphs 129, 130, 131, 132, 133, and 134.

## FIRST CAUSE OF ACTION
## Civil Rights Violation, 42 U.S.C. § 1983:
### (Against Officer Patterson in his Individual Capacity)

40. Answering paragraph 135, Defendants incorporate by reference their previous responses to paragraphs 1 through 134.

41. Answering paragraph 136, Defendants admit the allegations in paragraph 136.

42. Answering paragraphs 137, 138, 139, 140, 141, and 142, Defendants admit that Officer Patterson was acting in the course and scope of his employment and under color of state law. Defendants deny the remaining allegations in paragraphs 137, 138, 139, 140, 141, and 142.

43. Answering paragraphs 143, 144, 145, 146, 147, 148, 149, 150, and 151, Defendants deny the allegations in paragraphs 143, 144, 145, 146, 147, 148, 149, 150, and 151.

44. Answering paragraphs 152, 153, 154, 155, 156, 157, 158, 159, and 160, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 152, 153, 154, 155, 156, 157, 158, 159, and 160.

## SECOND CAUSE OF ACTION
## Civil Rights Violation, 42 U.S.C. § 1983:
## (Against Officer Harris in his Individual and Capacity [sic])

45. Answering paragraph 161, Defendants incorporate by reference their previous responses to paragraphs 1 through 160.

46. Answering paragraph 162, Defendants admit the allegations in paragraph 162.

47. Answering paragraphs 163 and 164, Defendants admit that Officer Harris was acting in the course and scope of his employment and under the color of state law. Defendants deny the remaining allegations in paragraphs 163 and 164.

48. Answering paragraphs 165, 166, 167, 168, 169, and 170, Defendants deny the allegations in paragraphs 165, 166, 167, 168, 169, and 170.

49. Answering paragraphs 171, 172, 173, 174, 175, 176, 177, 178, and 179, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 171, 172, 173, 174, 175, 176, 177, 178, and 179.

## THIRD CAUSE OF ACTION
## Civil Rights Violation, 42 U.S.C. § 1983:
## (Against Chief of Police Connole in his Individual and Capacity [sic])

50. Answering paragraph 180, Defendants incorporate by reference their previous responses to paragraphs 1 through 179.

51. Answering paragraphs 181 and 182, Defendants admit the allegations in paragraphs 181 and 182.

52. Answering paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194, Defendants deny the allegations in paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, and 194.

53. Answering paragraphs 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204.

**FOURTH CAUSE OF ACTION**
**Deprivation of Constitutional Rights, 42 U.S.C. § 1983:**
**(Against Defendants Draper City, Draper City Police Department, and Police Chief Connole, Officer Patterson, Officer Harris, and Officer Baugh in their Individual Capacities)**

54. Answering paragraph 205, Defendants incorporate by reference their previous responses to paragraphs 1 through 204.

55. Answering paragraph 206, Defendants object as this paragraph does not state a fact but instead quotes the Fourth Amendment, and therefore does not require a response. Subject to, and without waiving this objection, Defendants admit the allegations in paragraph 206.

56. Answering paragraph 207, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraph 207.

SLC_2117316.1

57. Answering paragraphs 208, 209, 210, 211, 212, 213, 214, 215, and 216, Defendants deny the allegations in paragraphs 208, 209, 210, 211, 212, 213, 214, 215, and 216.

58. Answering paragraphs 217 and 218, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 217 and 218.

59. Answering paragraph 219, Defendants admit that Officers Patterson, Harris and Baugh were acting under color of state law. Defendants deny the remaining allegations in paragraph 219.

60. Answering paragraphs 220, 221, 222, 223, and 224, Defendants deny the allegations in paragraphs 220, 221, 222, 223, and 224.

61. Answering paragraphs 225, 226, 227, 228, and 229, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 225, 226, 227, 228, and 229.

62. Answering paragraphs 230 and 231, Defendants deny the allegations in paragraphs 230 and 231.

63. Answering paragraphs 232, 233, 234, and 235, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 232, 233, 234, and 235.

64. Answering paragraphs 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, and 247, Defendants deny the allegations in paragraphs 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, and 247.

65. Answering paragraphs 248, 249, 250, 251, and 252, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 248, 249, 250, 251, and 252.

### FIFTH CAUSE OF ACTION
### Civil Rights Violation, 42 U.S.C. § 1983:
### (Against Officers Patterson, Harris, Draper City, the Draper City Police Department, Connole, and John Does 1-10)

66. Answering paragraph 253, Defendants incorporate by reference their previous responses to paragraphs 1 through 252.

67. Answering paragraphs 254, 255, 256, 257, 258, 259, and 260, Defendants deny the allegations in paragraphs 254, 255, 256, 257, 258, 259, and 260.

68. Answering paragraphs 261 and 262, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 261 and 262.

69. Answering paragraph 263, Defendants deny the allegations in paragraph 263.

### SIXTH CAUSE OF ACTION
### Utah Constitution Article I, §§ 1, 7, 9 and 14 Violations
### (Against All Defendants)

70. Answering paragraph 264, Defendants incorporate by reference their previous responses to paragraphs 1 through 263.

11

71. Answering paragraphs 265, 266, 267, and 268, Defendants object as these paragraphs do not allege facts but rather quote certain documents, and therefore do not require a response. Subject to, and without waiving, these objections, and to the extent a response is required, Defendants admit the allegations in paragraphs 265, 266, 267, and 268.

72. Answering paragraphs 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, and 282, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraphs 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, and 282.

73. Answering paragraphs 283, 284, 285, 286, and 287, Defendants deny the allegations in paragraphs 283, 284, 285, 286, and 287.

### SEVENTH CAUSE OF ACTION
### Assault and Battery
### (Against Officer Patterson)

74. Answering paragraph 288, Defendants incorporate by reference their previous responses to paragraphs 1 through 287.

75. Answering paragraphs 289, 290, and 291, Defendants deny the allegations in paragraphs 289, 290, and 291.

76. Answering paragraph 292, Defendants admit that Officer Patterson was acting within the course and scope of his employment as a police officer.  Defendants deny the remaining allegations in paragraph 292.

77. Answering paragraphs 293 and 294, Defendants deny the allegations in paragraphs 293 and 294.

## EIGTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
**(Against Officers Patterson, Harris, Baugh and John Does 1-10)**

78. Answering paragraph 295, Defendants incorporate by reference their previous responses to paragraphs 1 through 294.

79. Answering paragraphs 296, 297, 298, 299, 300, and 301, Defendants deny the allegations in paragraphs 296, 297, 298, 299, 300, and 301.

## NINTH CAUSE OF ACTION
### Fraud
**(Against Officer Patterson)**

80. Answering paragraph 302, Defendants incorporate by reference their previous responses to paragraphs 1 through 301.

81. Answering paragraphs 303, 304, 305, 306, 307, 308, 309, 310, 311, and 312, Defendants deny the allegations in paragraphs 303, 304, 305, 306, 307, 308, 309, 310, 311, and 312.

## COMPLIANCE WITH THE GOVERNMENT IMMUNITY ACT OF UTAH

82. Answering paragraph 313, the allegations are not statements of fact, but are interpretations of law and/or state legal conclusions to which no response is required, and Defendants object to the same. However, to the extent a response is required, Defendants deny the allegations in paragraph 313

## UNDERTAKING

83. Answering paragraph 314, Defendants admit the allegations in paragraph 314.

84. Defendants hereby deny any allegation not answered specifically herein.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Causes of Action, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, as Defendants did not violate a constitutional, statutory or common law right, privilege or immunity of the Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as any and all actions or inactions on the part of Defendants do not violate clearly established law, were objectively reasonable, and therefore Defendants have qualified immunity from suit.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part as Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has suffered no compensable injury or damage as a result of Defendants' conduct.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate his damages, if any, any potential recovery under such claims advanced by Plaintiff's Complaint should be barred or appropriately reduced.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damages sustained as alleged in the Complaint were caused, in whole or in part, by the acts or omissions of Plaintiff

and/or third parties over whom the Defendants had no control or right of control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith, without malice and without the intent to violate the Plaintiff's civil rights.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of sovereign immunity, governmental immunity, qualified immunity, and prosecutorial immunity.

### NINTH AFFIRMATIVE DEFENSE

Defendants are immune from any claims under the provisions of the Governmental Immunity Act of Utah, including, but not limited to, §§ 63G-7-201 and -301. Moreover, Plaintiff's claims are barred, in whole or in part, by their failure to strictly comply with all applicable provisions of the Governmental Immunity Act of Utah, including but not limited to Utah Code Ann. §§ 63G-7-101 to 904.

### TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an award of costs and attorneys' fees in defense of this action pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are specifically barred in whole or in part by Utah Code Ann., §§ 63G-7-603 and 904.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to Plaintiffs' comparative negligence and should be apportioned under Utah Code Ann. §§ 78B-5-817 through 78B-5-821.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants state that they have, or may have, further and additional affirmative defenses that are not yet known, which may become known through future discovery. Defendants assert each and every affirmative defense as it may be ascertained through future discovery in this matter.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants pray that the same be dismissed, no cause of action, and that they be awarded their costs herein, including attorneys' fees allowed by law, and such other relief as this Court deems appropriate.

DATED this 23th day of March, 2015.

                                                                             **DURHAM JONES & PINEGAR, P.C.**

                                                                             /s/ R. Blake Hamilton
                                                                             R. Blake Hamilton
                                                                             Ashley M. Gregson
                                                                             ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **ANSWER TO AMENDED COMPLAINT** was served this 23rd day of March, 2015, via CM/ECF electronic filing upon the following:

Lisa A. Marcy
AARON & GIANNA, PLC
2150 South 1300 East, Ste. 500
Salt Lake City, UT 84106

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

             /s/ Sarah Peck