R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>         Plaintiff,<br><br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>         Defendants. | **DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Draper City,

Draper City Police Department ("DCPD"), Police Chief Mac Connole, Officer J. Patterson,

Officer David Harris, and Officer Heather Baugh (collectively "Defendants"), by and through their undersigned counsel, hereby submit this Motion for Judgment on the Pleadings.

## ARGUMENT

### I.   RULE 12(c) STANDARD.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A party may request judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." *Id.* at 12(c).  A Motion for Judgment on the Pleadings is reviewed under the same standard as a Rule 12(b)(6) Motion to Dismiss.  *Swasey v. W. Valley City*, No. 2:13-CV-00768-DN, 2015 WL 500870, at *1 (D. Utah, Feb. 5, 2015).  A complaint is subject to dismissal under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted).  While Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).  The complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted).  At a minimum, the facts pled must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Twombly*, 550 U.S. at 563).

While this Court must accept reasonable inferences derived from well-pleaded facts, it need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 663, or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GRR Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). In addition, if a plaintiff fails to allege an essential element of his or her claim, the complaint does not sufficiently state a claim upon which relief may be granted and may be dismissed. *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). For the reasons below, Defendants move for judgment on the pleadings, and argue that Plaintiff's claims are subject to dismissal.

**II.    PLAINTIFF'S CLAIMS AGAINST THE DRAPER CITY POLICE DEPARTMENT MUST BE DISMISSED.**

As an initial matter, Plaintiff asserts multiple claims against DCPD. However, DCPD is a sub-governmental entity of Draper City and, as such, is not capable of suing or being sued. *See McKell v. Utah*, 2011 WL 1434583, *2 ("[s]heriff's departments . . . are not usually considered legal entities subject to suit") (internal quotation marks and citation omitted); *see also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) *vacated as moot*, 800 F.2d 230 (10th Cir. 1986) (holding Denver Police Department not suable entity). Thus, all claims against DCPD should be dismissed from this action.

3

SLC_2229738.2

### III. PLAINTIFF'S SECOND CAUSE OF ACTION IS INADEQUATELY PLED BECAUSE HE HAS FAILED TO PLEAD FACTS TO SHOW THAT OFFICER HARRIS'S SEIZURE WAS UNLAWFUL.

Plaintiff's Second Cause of Action alleges a § 1983 claim against Officer Harris for "unlawful seizure" and "fail[ing] to seek immediate medical treatment" for Plaintiff. Amended Complaint ¶¶ 163, 164. Plaintiff failed to adequately plead facts to establish these claims.

With respect to the unlawful seizure claim, "[a] warrantless arrest is permissible when an officer has probable cause to believe that a person committed a crime." *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007) (internal quotation marks and citation omitted). Plaintiff has not alleged any facts that would establish that any purported seizure was unlawful or that Officer Harris's actions were not based on probable cause. The only facts in the Amended Complaint regarding this claim merely state that Plaintiff was "stopped . . . for suspicion of driving under the influence of alcohol," and that Officer Harris administered "field sobriety tests and thereafter, arrested him for driving under the influence of alcohol." *Id.* ¶¶ 20-21. The Amended Complaint even admits that "Plaintiff pled guilty to Driving under the Influence of Alcohol and Ignition Interlock." *Id.* ¶ 125.

Rather than providing any specific factual allegations to show that this seizure was unlawful, Plaintiff instead includes an assortment of conclusory statements. For example, Plaintiff alleges that Officer Harris "engaged in an unlawful seizure of Plaintiff," *id.* ¶ 164, that he "seized Plaintiff without justification," *id.* ¶ 168, that his "seizure of Plaintiff was unlawful given the totality of the circumstances surrounding the seizure," *id.* ¶ 169, and that, when he "unlawfully seized Plaintiff, Officer Harris deprived Plaintiff of his liberty without due process

4

of law," *id.* ¶ 170.  These conclusory statements are insufficient to support a claim for unlawful seizure.

As for the allegation of failure to seek immediate medical treatment, this claim is also based entirely on conclusory statements.  Such a claim under § 1983 requires "both an objective and a subjective component."  *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014).  The plaintiff must first "produce objective evidence that the deprivation at issue" involved a medical need that was "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 430 (internal quotation marks and citation omitted).  Second, the plaintiff must "establish deliberate indifference to [the] serious medical needs by presenting evidence" that the "official acted or failed to act despite his knowledge of substantial risk of serious harm."  *Id.* (internal quotation marks and citation omitted).

In the present case, Plaintiff has failed to allege facts sufficient to show that the objective and subjective components are present.  First, Plaintiff has failed to adequately allege that the deprivation at issue involved a medical need that obviously required a doctor's attention.  Second, Plaintiff has failed to adequately allege that Officer Harris "acted or failed to act despite his knowledge of substantial risk of serious harm."  Instead, Plaintiff once again includes various conclusory statements, including that "Officer Harris' actions manifested malicious, reckless and callous indifference to Plaintiff's clearly established constitutional rights."  Amended Complaint ¶ 174.  Plaintiff does not allege facts to show that Officer Harris had knowledge of a substantial risk of serious harm.  Without such an allegation, Plaintiff's claim is inadequate, and must be dismissed.

5

## IV. PLAINTIFF HAS FAILED TO ALLEGE FACTS TO MEET THE ELEMENTS OF HIS THIRD CAUSE OF ACTION AGAINST CHIEF CONNOLE.

Plaintiff's Third Cause of Action alleges a § 1983 claim against Chief Connole for failing to "supervise Officers Patterson, Harris, and Baugh," so as to prevent Officer Patterson and Officer Harris' alleged use of excessive force, unlawful seizure, and failure to seek immediate medical care, and Officer Baugh's failure to seek medical care.  Amended Complaint ¶¶ 188-194.

A claim for supervisory liability must plead three elements: "(1) personal involvement, (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Policy Dept.*, 717 F.3d 760, 767 (10th Cir. 2013).  The personal involvement element requires more than just "exercise of control or direction, or . . . failure to supervise."  *Id.* at 768  Aside from the conclusory and unsupported statement that Chief Connole "actively and personally" caused violations of Plaintiff's rights, *see* Amended Complaint ¶ 183, Plaintiff has not alleged any specific facts that show that Chief Connole was in any way personally involved in the incident.

Additionally, Plaintiff failed to allege any specific facts to show causation and state of mind.  Instead, the Amended Complaint includes bare legal conclusions that "Police Chief Connole's actions and/or omission, as alleged herein, were the proximate cause of the injuries sustained by Plaintiff described above." Amended Complaint ¶ 202.  Again, Plaintiff must plead specific facts to show that Chief Connole acted with the requisite state of mind, and that his actions actually caused the alleged violations against Plaintiff.  He has not done so.  For these reasons, this claim must be dismissed.

6

### V. PLAINTIFF'S FOURTH CAUSE OF ACTION IS INADEQUATELY PLED.

It is unclear what claim Plaintiff is asserting in its Fourth Cause of Action. It is captioned as a claim for "Deprivation of Constitutional Rights" under § 1983 and is asserted against Draper City, DCPD, and Chief Connole, Officer Patterson, Officer Harris, and Officer Baugh in their individual capacities. This cause of action spans forty-seven paragraphs and includes an assortment of conclusory statements aimed at each of the Defendants.

As an initial matter, this claim does not meet Rule 8 of the Federal Rules of Civil Procedure's mandate that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and should be dismissed on this ground alone. Further, this claim contains repetitive allegations that are included within the other causes of action in the Amended Complaint. It appears that Plaintiff combined many of the elements and language from other causes of action into this one.

Defendants therefore cannot know for certain what type of claim Plaintiff attempts to assert here. To the extent that Plaintiff's Fourth Cause of Action is interpreted to be a *Monell* claim, this claim should be dismissed because the claim has been improperly brought against individual officers, and because Plaintiff has failed to plead the elements of a *Monell* claim.

#### 1. Plaintiff has failed to adequately plead the necessary elements for a *Monell* claim against Draper City.

As for any *Monell* claim Plaintiff may be attempting to assert against Draper City, such a claim has been inadequately pled. The Supreme Court in *Monell* determined that municipalities cannot be held liable for civil rights violations under a theory of *respondeat superior*, but rather

may only be held liable upon a showing that the "execution of a government's policy or custom . . . inflicts the injury."  *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).   Thus, a successful *Monell* claim must plead three elements: (1) the existence of an official policy or custom, (2) causation, and (3) "deliberate indifference to an almost inevitable constitutional injury."  *Schneider v. City of Grand Junction Policy Dept.*, 717 F.3d 760, 769 (10th Cir. 2013).

With regard to the first *Monell* element, a practice is considered an official policy or custom "if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."  *Id.* at 770.  Plaintiff alleges only that "[Defendants] developed and maintained policies, practices and/or customs exhibiting deliberate indifference" to the laws "prohibiting unlawful seizures" and "excessive force," the laws "requiring provision of necessary and immediate medical care," and the laws "prohibiting deprivation of the constitutional rights of citizens, including Plaintiff."  Amended Complaint ¶¶ 242-245.  These allegations merely restate the element and do not provide well-pled facts identifying a policy, custom or practice to support these naked assertions.

As for the causation element, the Amended Complaint again fails to adequately plead facts.  The causation element requires that "the challenged policy or practice must be ***closely related*** to the violation of the plaintiff's federally protected right" and "\that the municipality was the ***moving force*** behind the injury alleged."  *Schnieder*, 717 F.3d at 770 (internal quotations omitted) (emphasis added).  Plaintiff attempts to allege causation by stating that Defendants:

> [E]ngaged in the conduct described herein pursuant to and as a result of Draper City['s] . . . policy, practice, custom, and/or decisions.
> . . .

8

> The actions of Draper City . . . as alleged herein were the proximate cause of the injuries sustained by Plaintiff.

Amended Complaint ¶¶ 246, 248. Plaintiff has alleged no facts to show how Defendants' alleged policy or custom was "closely related" to the alleged violations against Plaintiff, nor has he alleged facts to show that it was the "moving force" behind the alleged violations. Instead, the Amended Complaint contains mere conclusory allegations of causation, which are insufficient.

Lastly, a *Monell* claim must show that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Schnieder*, 717 F.3d at 770 (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 407 (1997)).  This standard can be "satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."  *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).  Aside from repeatedly using the term deliberate indifference and other equivalents, Plaintiff has not pled any facts tending to show Draper City acted with this state of mind.  *See* Amended Complaint ¶¶ 242-45 (stating that "[Defendants] developed and maintained policies, practices and/or customs exhibiting deliberate indifference").   For these reasons, Plaintiff's *Monell* claim against Draper City is inadequately pled.

1. **Plaintiff's *Monell* claim is improperly brought against Chief Connole, Officer Patterson, Officer Harris, and Officer Baugh, who are individuals.[1]**

Even if Plaintiff had adequately pled the elements of a *Monell* claim, which he has not, these elements do not apply to Officers Patterson, Harris, and Baugh. *Monell* claims deal with the liability of municipalities, not individuals. Therefore, Plaintiff's *Monell* claim should be dismissed as inappropriately pled against these Defendants. Furthermore, because of the way Plaintiff has pled this cause of action, he has made it redundant to his other causes of action against each of these officers individually.

To the extent that Plaintiff's *Monell* claim is meant to allege supervisory liability against Chief Connole, this claim is redundant to Plaintiff's Third Cause of Action, and is inadequately pled for the reasons listed in Part IV above in reference to that claim.   For these reasons, this cause of action should be dismissed as against the individual Defendants.

## VI. PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO PLEAD THE ELEMENTS OF A CONSPIRACY CLAIM.

Plaintiff's Fifth Cause of Action asserts a conspiracy to deprive Plaintiff of his civil rights under § 1983 against all Defendants.  A conspiracy action brought under § 1983 "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010).  A plaintiff must also "allege specific facts showing an agreement and concerted action amongst the defendants because conclusory

---

[1] For the reasons set forth in section II above, this claim should also be dismissed as against DCPD.

allegations of conspiracy are insufficient to state a valid § 1983 claim." *Id.* at 1228 (internal quotations omitted).  Furthermore, mere "allegation[s] of parallel action – or inaction—do[] not necessarily indicate an agreement to act in concert." *Id.* (internal quotations and citation omitted).

The Amended Complaint makes only conclusory allegations of a conspiracy, claiming that "Defendants conspired through an express and/or implied agreement or understanding . . . ." Amended Complaint ¶ 255.  Plaintiff has failed to "allege specific facts showing" any agreement, and, at most, has alleged facts of "parallel action."  *Brooks*, 614 F.3d at 1228.  Plaintiff does not allege sufficient facts to show that the Defendants agreed to take actions that deprived Plaintiff of his civil rights.  Plaintiff's conspiracy claim must therefore be dismissed.

### VII.  PLAINTIFF HAS FAILED TO MEET THE ELEMENTS OF CLAIMS UNDER THE UTAH CONSTITUTION.

Plaintiff's Sixth Cause of Action alleges violations of the Utah Constitution, Article I, sections 1, 7, 9 and 14. Claims for monetary damages under the Utah Constitution are only permitted in certain circumstances. *See Intermountain Sports, Inc. v. Dept. of Transportation,* 2004 UT App 405, ¶ 16, 103 P.3d 716. First, the provision violated must be self-executing. *Jensen ex rel. Jensen v. Cunningham,* 2011 UT 17, ¶ 48, 250 P.3d 465. When the constitutional provision is self-executing, the plaintiff must then establish (1) that "the plaintiff suffered a flagrant violation of his or her constitutional rights; (2) existing remedies do not redress his or her injuries; and (3) equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Id.*

11

The Utah Supreme Court has found that sections 1, 7, 9 and 14 of Article I are self-executing. *See Jensen,* 2011 UT 17, ¶¶ 60-63. However, Plaintiff has failed to adequately plead facts to establish the elements listed above. Plaintiff has failed to show that he "suffered a flagrant violation of his . . . constitutional rights." To meet this element, "a defendant must have violated 'clearly established' constitutional rights 'of which a reasonable person would have known.'" *Spackman ex rel. Spackman v. Bd. of Educ. of Box Elder Cnty. Sch. Dist.,* 2000 UT 87, ¶ 23, 16 P.3d 533, 538 (further citation omitted). "The requirement that the unconstitutional conduct be 'flagrant' ensures that a government employee is allowed the ordinary 'human frailties of forgetfulness, distractibility, or misjudgment without rendering [him or her]self liable for a constitutional violation.'" *Id.* (further citation omitted). Plaintiff has failed to show any flagrant violation of a clearly established constitutional right, and has instead, at most, alleged acts of misjudgment by individual officers.

With respect to the "existing remedies" element, Utah federal district courts have found that this element is not met when the face of the plaintiff's state constitutional claims are fully encompassed and redressed by the plaintiff's § 1983 claims. *See Cavanaugh v. Woods Cross City,* 2009 WL 4981591, *6 (D. Utah 2009) (citing *Spackman ex rel. Spackman v. Bd. Of Educ.,* 16 P.3d 533, 537-39 (Utah 2000)) (dismissing claims for violations of Utah Constitution Article I, sections 7, 9, and 14); *Hoggan v. Wasatch County,* 2011 WL 3240510, *2 (D. Utah 2011) (same). Despite Plaintiff's allegations that "the protections and rights afforded by Article I, §§ 1, 7, 9, and 14 are broader than interests and rights afforded by the U.S. Constitution," Amended Complaint ¶ 269, what is required to state a claim for damages under the Utah Constitution is

that "§ 1983 fails to fully redress [the plaintiff's] injuries." *Hoggan*, *2; *Cavanaugh*, *6 n.8. Therefore, because § 1983 provides redress for Plaintiff's alleged injuries, his state constitutional claims under Article I, sections 7, 9, and 14 must be dismissed for failure to state a claim.

Article I, section 1 states "All men have the inherent and inalienable right to enjoy and defend their lives and liberties." Although Utah federal district courts have not addressed this section with respect to the analysis above, the same rule should apply, as Plaintiff has not shown that his § 1983 claim will not adequately redress his section 1 injuries. Furthermore, this is a provision of the constitution that has not been explored by Utah courts in this context. Therefore, Plaintiff cannot show that Defendants committed a flagrant violation of this section, which, as mentioned above, requires the violation of "clearly established constitutional rights of which a reasonable person would have known." *Jensen*, 2011 UT 17, ¶ 66 (internal quotations omitted). Plaintiff has failed to show what rights have been clearly established by the sparse case law dealing with this section such that Defendants would have known about them. Thus, Plaintiff's constitutional claim under Article I, section 1 must also be dismissed for failure to state a claim.

### VIII. PLAINTIFF'S TORT CLAIMS ARE BARRED BY THE GOVERNMENTAL IMMUNITY ACT AND FAIL TO STATE A CLAIM.

Plaintiff's Seventh, Eighth, and Ninth Causes of Action allege the torts of Assault/Battery and Fraud against Officer Patterson and Intentional Infliction of Emotional Distress against Officers Patterson, Harris, and Baugh. These torts are governed by state law and the Governmental Immunity Act of Utah (the "Act"). The Act offers governmental immunity to

13

"each governmental entity and each employee of a governmental entity" "for any injury that results from the exercise of a governmental function." Utah Code Ann. § 63G-7-201(1). A governmental function is defined as "each activity, undertaking, or operation of a governmental entity." Utah Code Ann. § 63G-7-102(4). This immunity is subject to certain waivers, including for any injury proximately caused by negligent conduct of a government employee. Utah Code Ann. § 63G- 7-301(2)(i). However, even in situations involving such negligent conduct, "immunity is not waived . . . if the injury arises out of or in connection with, or results from . . . assault, battery, . . . infliction of mental anguish, or violation of constitutional rights." Utah Code Ann. § 63G- 7-201(4)(b); *see also* [Stevens v. Vernal City, No. 2:14-CV-801 TS, 2015 WL 1809655, at *3 (D. Utah Apr. 21, 2015)](#) (holding that no waiver of governmental immunity resulted when the alleged injury arose from the type of conduct immunized by the Act).

The Act also provides an exception to immunity where it is shown that "the employee acted or failed to act through fraud or willful misconduct." Utah Code Ann. § 63G-7-202(c)(i). The Act defines willful misconduct as "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury." Utah Code Ann. § 63G-7-102(10).

In the present case, Plaintiff brought his tort claims against Officers Patterson, Harris, and Baugh, who are Draper City employees. To the extent that Plaintiff has asserted claims based on negligence, these claims are entitled to immunity under the exceptions to the negligence waiver for assault and battery, intentional infliction of mental anguish, and civil rights violations. Such claims should therefore be dismissed.

14

To the extent that Plaintiff's tort claims are based on allegations of willful misconduct, Plaintiff has failed to plead sufficient facts to suggest that Defendants acted fraudulently or willfully. Instead, the Amended Complaint includes mere legal conclusions and naked assertions, such as that "Officer Patterson knew that his actions were wrongful for which immunity was waived under Utah Code Ann. § 63G-7-202(3)(c)(i)," Amended Complaint ¶ 293, and that "[t]he conduct of Defendants, as set forth above, was extreme and outrageous as well as intentional and malicious," *id.* ¶ 301. These conclusory statements do not adequately plead facts to show willful misconduct, and these tort claims therefore must be dismissed.

As for Plaintiff's fraud claim, under Rule 9 of the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake."[2]  Plaintiff has failed to meet this heightened standard. A fraud claim must establish the following nine elements:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.

*Cardon v. Jean Brown Research,* 2014 UT App 35, ¶ 6, 327 P.3d 22, 24, *reh'g denied* (June 18, 2014), *cert. denied*, 337 P.3d 295 (Utah 2014) (internal quotation marks and citation omitted).  Plaintiff has failed to plead facts to establish these elements.  Plaintiff

---

[2] Utah R. Civ. P. 9(a)(3) contains similar requirements.

only alleges that "Officer Patterson intentionally and knowingly gave, upon lawful oath at the preliminary hearing, false testimony material to the issue and matter of inquiry." Amended Complaint ¶ 311.  Not only is this allegation conclusory, it fails to address five of the nine elements required to plead fraud.  Plaintiff's Ninth Cause of Action must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action should be dismissed.

DATED this 7th day of July, 2015.

                                **DURHAM JONES & PINEGAR, P.C.**

                                /s/ R. Blake Hamilton
                                R. Blake Hamilton
                                Ashley M. Gregson
                                ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was served this 7th day of July, 2015, via electronic filing upon the following:

Lisa A. Marcy
AARON & GIANNA, PLC
2150 South 1300 East, Ste. 500
Salt Lake City, UT 84106

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

/s/ Sarah Peck
Secretary

SLC_2229738.2