# AARON & GIANNA,PLC
*A Professional Law Corporation*
2150 South 1300 East, Suite 500
Salt Lake City, UT  84106
Tel: (801) 359-2501
Fax: (801) 990-4601
*Email: lmarcy@aarongianna.com*
*Website: www.aarongianna.com*

LISA A. MARCY

Writer's Direct Dial:
(801) 359-2501
lmarcy@aarongianna.com

New Orleans   Salt Lake City

August 7, 2015

R. Blake Hamilton, Esq.
Ashley M. Gregson, Esq.
Durham, Jones & Pinegar, PC
111 East Broadway, Ste. 900
Salt Lake City, UT  84111

Re:     Chatwin v. Draper City, et al.,
        Plaintiffs' F. R. Civ. P. 37 Certification of Good Faith Efforts to Confer or Attempt to Confer with Defendants resulting from:

        Defendants' failure to submit complete initial disclosures.

Dear Blake and Ashley:

While working on my Response to your Motion for Judgment on the Pleadings, I realized that you only submitted in your Initial Disclosures a copy of the Preliminary Hearing Transcript (DRAPER-CHT-00001-63) and Mr. Chatwin's criminal arrest records (DRAPER-CHT-00064-89), documents which you knew were in our possession, since Mr. John Johnson was Mr. Chatwin's criminal defense lawyer as well as one of his lawyers in this civil matter.  In the Amended Complaint and Request for Trial by Jury, we alleged, in part, in paragraphs 232 through 246 that Draper City, Draper City Police Department, and Police Chief Cannole had duties to train and supervise the police officers as well as to implement policies and procedures to ensure that excessive force was not used by these officers.  You denied these allegations in your Answer to the Amended Complaint.  In order to defend against these allegations, you would have to produce that documentation to refute those allegations.  Specifically, you would need to produce documentation that would allegedly show that these defendants did indeed train and supervise their employees and implement those "policies, procedures, practices and customs."

Moreover, in order to refute our allegations that "Defendants have allowed similar acts to occur without the requisite discipline," (paragraph 133 of the Amended Complaint), you would need to produce the disciplinary records of any police officer in the department ever accused of using excessive force.

Finally, we alleged that "Police Chief Cannole was charged with the duty of supervising Officers Patterson, Harris, and Baugh." (Paragraph 184 of the Amended Complaint).  Again, you would

R.Blake Hamilton
Ashley M. Gregson
Durham, Jones & Pinegar, PC
August 7, 2015
P a g e  **2**

need to produce documentation of policies and procedures that would allegedly prove that the police chief did comply with his duties to supervise these officers.

You did not produce any such documentation; therefore, only one of two possibilities exists: 1. you chose not to produce these documents in your initial disclosures; or, 2. this documentation does not actually exist.  Please advise as to whether this documentation exists and whether you will produce it immediately.

In your Motion, you assert that we failed to provide sufficient facts to prove our allegations against defendants Draper City, Draper City Police Department, and Chief Cannole. We had to amend our Complaint once before without the facts described above. Because of your omission, we cannot again both add to these allegations by filing a second Motion to Amend the Complaint as well as adequately respond to your Motion. Plaintiff cannot set forth any more "facts" that we have alleged, because your client either has zero supervisory procedures and policies relevant to the facts of this case or did not produce them.  Since you have not provided any supervisory policies and procedures and you have not disclosed complete personnel files, we cannot supply facts in the Amended Complaint that you have and have not disclosed.  If, for example, a procedure manual requires monitoring officers' arrest conduct, then we would allege that Draper Police Department and Draper City failed to supervisor these officers in specific ways.

Furthermore, you have not provided any policies and procedures so we can specifically allege which of these policies and procedures were either not followed or ignored.  If there are indeed zero policies and procedures governing officer's conduct during and after arrest, then Plaintiff cannot add any more specificity except to claim that no controlling policies exist.  On the other hand, if there are applicable policies and procedures during and after an arrest, you need to produce those documents now so we can provide the specificity that you desire.

We respectfully request that you provide this documentation no later than Tuesday, August 11, 2015. Otherwise, I will be forced to seek a Motion to Compel, a Motion for Expedited Discovery, and a Motion to Stay Briefing on your Motion for Judgment on the Pleadings.

Sincerely,

**Aaron & Gianna, PLC**


Lisa A. Marcy
LM/vr

cc:  John K. Johnson

R.Blake Hamilton
Ashley M. Gregson
Durham, Jones & Pinegar, PC
August 7, 2015
P a g e  3

*New Orleans ▪ Salt Lake City*