

**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# ARRESTS/LAWS OF

Arrest Defined - Restraint Allowed

An arrest is an actual restraint of the person arrested or submission to custody.  The person shall not be subjected to any more restraint than is necessary for the person's arrest and detention. (Ref: 77-7-1, U.C.A.)

Arrest by Peace Officer

A peace officer may make an arrest under authority of a warrant or may, without warrant, arrest a person:

- For any public offense committed or attempted in the presence of any peace officer; "presence" includes all of the physical senses or any device that enhances the acuity, sensitivity, or range of any physical sense, or records the observations of any of the physical senses.

- When the peace officer has reasonable cause to believe a felony has been committed and has reasonable cause to believe that the person to be arrested has committed it.

- When the peace officer has reasonable cause to believe the person has committed a public offense, and there is reasonable cause for believing the person may:

  - flee or conceal oneself to avoid arrest.

  - destroy or conceal evidence of the commission of the offense.

  - injure another person or damage property belonging to another person.
  - (Ref: 77-7-2 U.C.A.)

An officer may arrest a person for shoplifting without a warrant and without witnessing the crime if a merchant or merchant's employees, with reasonable grounds, charges that person with shoplifting.  Neither the officer nor the merchant or the merchant's employees shall be liable for false arrest in such cases.  (Ref: 77-7-12 through 14, U.C.A.)  NOTE:  You as an officer need to satisfy yourself that the merchant had reasonable grounds.  If in doubt, release the detained person and notify the merchant to see the prosecutor to file a complaint.

Arrest by Private Persons/Citizen's Arrest

A private person may arrest another:

- For a public offense committed or attempted in one's presence; or

DRAPER-CHT-0090



**Draper City**

### DRAPER CITY POLICE DEPARTMENT
### POLICIES AND PROCEDURES

- When a felony has been committed and the private person has reasonable cause to believe the person arrested has committed it.  (Ref:  77-7-3 U.C.A.)

  - On a misdemeanor you must satisfy yourself that the citizen saw the public offense occur or be attempted before you transport or issue a citation.  If in doubt, release the person and refer the citizen to the prosecutor's office for a complaint.  (Ref. D47-01-04.00)

  - On a felony arrest, do your own investigation and if you develop the elements for the felony on which you would have acted, take such action as appropriate.

  - If you can not develop the facts to justify your taking action, write the report and refer the citizen to the appropriate detectives.  Also, determine whether or not you have enough information to book the arrested person.  If not, release the person from the citizen arrest.

  - To protect yourself legally, you must be satisfied that a felony occurred and that probable cause exists to believe the arrested person committed the act.

<u>Determining if the Arrest is Lawful</u>

The law requires anyone making a citizen's arrest to take the arrested person before a magistrate or deliver him to a peace officer.  The law does not obligate the officer to take custody of the arrested person.

The officer must determine if the arrest is lawful.  An officer who reasonably believes an arrest to be unlawful yet accepts custody of an arrested person or issues a citation may be held liable for false arrest or false imprisonment.  To be a lawful arrest, the offense must in fact have been committed or attempted.  Moreover, the arrest must be timely; either following directly upon the offense or with no more delay than is required by the circumstances.

If an arrest appears unlawful, the officer should advise both the arrested and arresting persons of their right to make a complaint before a magistrate and warn each not to disturb the peace.

<u>Accepting / Not Accepting Custody</u>

An officer who determines that a citizen's arrest is lawful may take one of the following courses of action:

DRAPER-CHT-0091



**Draper City**

**DRAPER CITY POLICE DEPARTMENT
POLICIES AND PROCEDURES**

Accepting Custody and Transporting

Whenever possible, the officer should issue a misdemeanor citation and avoid booking the prisoner.  Before the officer accepts custody, the arresting person must complete and sign a REQUEST TO ACCEPT CUSTODY OF ARRESTED PERSON form.

Misdemeanor Citation

The officer may accept custody, but release the arrested person on a misdemeanor citation, subject to the standard requirements of the citation.  The arresting person will complete a REQUEST TO ACCEPT CUSTODY OF ARRESTED PERSON form.  It is not necessary for the arresting citizen to sign a complaint with the Prosecutor's Office.  The matter will be handled automatically by the court once the court copy of the citation is received.

Officer Refuses to Arrest or To Issue a Citation

If no arrest is made or citation issued and the complaining citizen wishes to pursue signing a complaint, the officer shall advise the arresting person to call the City Prosecutor's office to make an appointment.  The officer will complete a detailed report on the incident.

Arrests Distinguished From Other Processes

There are several types of restraint and detention that do not constitute arrest.  A person cannot lawfully be detained without reason; but the reasons for detaining a person need not be as strong as the "reasonable or probable cause" required to make an arrest.  Some types of interference with personal liberty are lawful if exercised in good faith and in the performance of duty as described below:

Stopping and Questioning

A peace officer may stop any person in a public place when the officer has reasonable suspicion to believe that the person has committed or is in the act of committing or is attempting to commit a public offense and may demand that person's name, address, and an explanation of their actions.  (Ref: 77-7-15 U.C.A.)

The officer's right to stop and question persons follows from the officer's duty to enforce traffic and vehicle regulations, maintain the peace, prevent and suppress crime, and investigate suspicious circumstances.  Such questioning may reveal probable cause for arrest; if so, an arrest may then be made.  But no person may be arrested merely on suspicion; and the justification for questioning a person does not in itself amount to probable causes for arrest.  If you do not develop probable causes for an arrest, you must allow the person to go about their business.

DRAPER-CHT-0092



# Manner of Making Arrest

Summoning Assistance - Any person making an arrest may summon as many persons as necessary to aid in the arrest. (Ref: 76-8-307, U.C.A.)

<u>Use of Force in Making an Arrest</u>

An arrest is made by an actual restraint of the person of the defendant or by the person's submission to the custody of an officer.  If the person flees they are not under arrest until actual restraint or submission occurs.  The defendant must not be subjected to any more restraint than is necessary to affect the arrest.

If a person is being arrested and flees or forcibly resists, after being informed of the intention to make the arrest, the person arresting may use reasonable force to affect the arrest.  Deadly force may only be used as provided in § 76-2-404, U.C.A. (see Ref: 77-7-7, U.C.A.)

<u>Making an Arrest</u>

The person making the arrest shall inform the person being arrested of their intention, cause and authority to arrest the person.  Such notice shall not be required when:

There is reason to believe the notice will endanger the life and safety of the officer or another person or will likely enable the party being arrested to escape.

The person being arrested is actually engaged in the commission of, or an attempt to commit, an offense.

The person being arrested is pursued immediately after the commission of an offense or an escape.  (Ref:  77-7-6,  U.C.A.)

<u>Forced Entry</u>

Before any forced entry is made to any structure an officer must have a warrant of arrest and/or a search warrant, or exigent circumstances must exist which necessitates such immediate action prior to obtaining a warrant.  The officer must have reasonable grounds for believing the wanted person to be within and having demanded admission and explaining the purpose for which admission is desired before forced entry is made.

Demand and explanation need not be given before the entry under the exceptions in § 77-7-6 U.C.A. (See § C above) nor where there is reason to believe evidence will be secreted or destroyed.  (Ref:  77-7-8 U.C.A.)

DRAPER-CHT-0093



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Time and Place Arrests May Be Made

A magistrate may issue a warrant for arrest upon finding probable cause to believe that the person to be arrested has committed a public offense.  If the offense charged is:

- A felony, the arrest upon a warrant may be made at any time of the day or night.

- A misdemeanor, the arrest upon a warrant can be made at night only if:

  - The magistrate has endorsed authorization to do so on the warrant.

  - The person to be arrested is upon a public highway or in a public place or a place open to or accessible to the public; or

  - The person to be arrested is encountered by a peace officer in the regular course of that peace officer's investigation of a criminal offense unrelated to the misdemeanor warrant for arrest.  (Ref:  77-7-5 U.C.A.)

Arrests By or In Another Jurisdiction With or Without A Warrant

State Wide Police Authority - Utah Law states that peace officers have statewide peace officer authority.  However, that authority extends to other counties, cities, or towns ONLY when they are acting under title 77-9-3 U.C.A.

Draper City Police Officers Making an Arrest in another Jurisdiction

Any officer duly authorized by any government entity of the state of Utah can exercise their authority when outside their normal jurisdiction when:

- In fresh pursuit of an offender for the purpose of arresting and holding that person in custody or returning the suspect to the jurisdiction where the offense was committed;

- A public offense is committed in the officer's presence;

- Participating in an investigation of criminal activity which originated in the officer's normal jurisdiction in cooperation with the local authority

- Called to assist peace officers of another jurisdiction.

DRAPER-CHT-0094



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Procedures

Any officer, prior to taking such authorized action, "shall notify and receive approval of the local law enforcement authority, or if such prior contact is not reasonably possible, notify the local law enforcement authority as soon as reasonably possible."  (§ 77-9-3 U.C.A.)

Actions in Other Jurisdictions

When an officer takes police action, criminal or traffic, beyond the limits of Draper City, they will contact the local police department and take action through that department.

Arrest With a Warrant

A warrant of arrest is a command from the court issued by a magistrate upon the finding of probable cause to believe that the person to be arrested has committed a public offense. (Ref: § 77-7-5)

An officer cannot be held liable for false arrest if such warrant is served as long as the officer is reasonably certain that the person arrested is the person named on the warrant.

Service When Not In Possession of Warrant

Any peace officer who has knowledge of an outstanding warrant of arrest may arrest a person the officer reasonably believes to be the person described in the warrant, without the peace officer having physical possession of the warrant.  (Ref: § 77-7-11, U.C.A.)

Informing Arrested Person of Charges

If the officer does not have possession of the warrant at the time of the arrest, the arrested person will be informed of the charges and the fact that a warrant exists.  Upon the arrested person's request, the officer will show the arrested person a copy of the warrant as soon as possible

Arrested Persons

If a person arrested for a state or local criminal offense is suspected of being an undocumented immigrant, officers shall notify the local Immigration and Naturalization Services office. I.N.S. will make the appropriate response for the violations of Federal Immigration law.

DRAPER-CHT-0095



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Telephone Authorization

Any magistrate may, by an endorsement on the warrant of arrest, authorize by telephone or other reasonable means, its execution.  A copy of the warrant or notice of its issuance and terms may be sent to one or more peace officers.  The copy of notice communicated authorizes the officer to proceed in the same manner as if they had an original warrant.  (Ref: § 77-7-10, U.C.A.)

Magistrate's Oral Order of Arrest

A magistrate may orally require a peace officer to arrest anyone committing or attempting to commit a public offense in the presence of the magistrate, and, in the case of an emergency, when probable cause exists, a magistrate may orally authorize a peace officer to arrest a person for a public offense, and thereafter, as soon as practical, an information shall be filed against the person arrested.  (Ref: § 77-7-4, U.C.A.)

Statewide Warrant System

The statewide warrant system is one system used by The Draper City Police Department in checking for outstanding UTAH warrants on subjects.  The warrant information comes from the individual court locations which send their data to the system via electronic transfer.  It is the responsibility of the individual court to list warrants filed through that court onto the Statewide Warrants System.

Obtaining a Warrant

Warrants Issued By the Draper City Prosecutor

In most cases, the Draper City prosecutor will directly file charges against arrested persons who have been taken into custody on probable cause without officers having to screen the case. However, in those cases which require screening, the officer will complete a Draper City Prosecutor's Screening Worksheet, and attach such appropriate paperwork (case reports, copies of other required forms, criminal histories, etc.) as may be required by the city prosecutor's office.  The officer will make an appointment and screen the case with the assigned Draper City prosecutor.

When a warrant is obtained through the city prosecutor's office, the prosecuting attorney will take it to the District Court Clerk for processing.  The police case number must be on the warrant.  The clerk will file the warrant and information into the computer and place the original warrant and information in the files in their office.

DRAPER-CHT-0096



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

When a case is filed with the Draper City Prosecutor's Office, it will be necessary for the officer to obtain a copy of the warrant for the Police Records Unit.  In addition, a follow-up report will be completed and submitted by the assigned officer as soon as practical after the case is filed by the court clerk.

<u>Warrants Issued By the District Attorney</u>

Class "A" misdemeanor and felony cases which occurred in Draper City will be filed through the Salt Lake County District Attorney's Office unless they are filed through the federal court system.  Cases will be screened and filed in accordance with the system currently in place with the Salt Lake County District Attorney's Office.

An officer obtaining a felony warrant or a class "A" misdemeanor warrant from the District Attorney's Office will present the warrant and information to the "signing judge" or magistrate for endorsement.  The officer will then present the endorsed warrant and information to the District Court Clerk for filing.  The clerk will file the warrant and information into the court computer and place the original warrant and information in the files in their office.  The officer will obtain a non-certified copy of the warrant from the clerk which will be submitted to the Police Records for inclusion into the original case file.  A follow-up report will be completed by the assigned officer as soon as practical after the case is filed by the court clerk.

If the officer intends to arrest the wanted subject within a reasonable time after filing (generally, within 72 hours) and prior to the warrant being entered onto the Statewide Warrants System by the court, the officer may obtain a certified copy of the warrant from the court clerk for service.  The officer will attempt to serve it as soon as possible.  If unable to serve the warrant within a reasonable amount of time, the officer will destroy the certified copy of the warrant because it will, by that time, be listed on the statewide warrants system so the wanted person can be arrested on that system's authority.

The wanted person will be entered onto NCIC only if the Deputy District Attorney screening the case specifically instructs the officer to have that subject entered on NCIC.  Then, if the wanted person is to be entered onto NCIC, the officer will complete a "Wanted Person NCIC" entry form (available in the Records Unit), submit copies of all appropriate responses to the required computer checks, for NCIC only, and enter a follow-up report indexing/changing the role of the person to "Wanted".  If the wanted person is not to be listed on NCIC, the officer will still enter a follow-up report indexing/changing the role of the subject to "Wanted" because the subject will be listed as wanted on the Statewide Warrants System by the court of issuance (unless the officer instructed the clerk not to activate the warrant at the time of filing).

DRAPER-CHT-0097



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Statewide Warrants System Arrests

The Statewide Warrants System indicates what type of warrant has been issued for the arrest of the wanted subject.  A warrant of arrest is represented by "Warr type:  A."

A bench warrant is represented by "Warr type:  B."

Type "A" Warrants

If the warrant is a type "A" and the originating agency is "Draper City Police" or "City Attorney, Draper," the arresting officer(s) should obtain the original case number from the dispatcher and complete a follow-up report to the original case clearing that case with the arrest.

All "Draper City Police" Or "City Attorney, Draper" Type "A" Warrant arrests for felonies or misdemeanors should be documented in this manner unless the warrant is for a traffic charge other than automobile homicide, negligent homicide or hit & run.  Arrests for traffic warrants (other than automobile homicide, negligent homicide or hit & run) should be cleared by obtaining an on-view case number from the dispatcher and entering a warrants arrest case report under that number.

If the warrant is a type "A" warrant originating from any agency other than "Draper City Police" or "City Attorney," an on-view case number should be obtained from the dispatcher and a "Warrants Arrest" case report be completed under that number.

Type "B" Warrants

All type "B" warrant arrests can be documented by obtaining an on-view case number from the dispatcher and entering a case report under that number.  If there is a combination of type "B" warrants (no matter what originating agency is listed) and type "A" warrants" (from agencies other than "Draper City Police" Or "City Attorney" all of the cases can be cleared under one on-view "Warrants Arrest" case report.

The arresting officer(s), on arresting a wanted subject listed on the Statewide Warrants System, will include the court case number, charge, and the originating agency's case number (when available) in the Draper City Police Department case report.  This information will be available from the dispatcher, from the computer, or from a printout which can be provided by jail personnel.

A person named on a warrant may be booked using the Statewide Warrant System entry or a certified copy of the warrant.  Officers will not have access to the original warrant which will be retained by the court.

DRAPER-CHT-0098



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Arrests on NCIC Entries

An NCIC entry is not a warrant of arrest, but rather, a representation that a warrant exists. The warrant must be confirmed via dispatch.  NCIC entries originated by other agencies authorize, through probable cause, the arrest of the person identified on NCIC.  A copy of the information can be printed out in the jail by jail personnel for the arresting officer.

The arrest of any person listed on NCIC by an agency outside of the State of Utah requires a new case number upon booking the arrested person as a "Fugitive From Justice."  The Records Unit will arrange to have the NCIC want canceled by the originating agency upon confirmation.  On making an arrest of any person listed on NCIC by a Utah agency, the officer will book the subject on the Utah charge articulated on the NCIC hit (not as a "Fugitive From Justice").

Officers shall not arrest persons wanted on NCIC from an agency outside the state of Utah if the information in the NCIC entry contains an extradition limiter which precludes extradition from Utah.

Warrant Arrest Procedure

When an officer stops an individual who has a warrant on The Statewide Warrants System, one of the following should occur:

Felony Warrant Options:

Arrest, check NCIC and Statewide Warrant System and book in jail.  If the subject is arrested only on a warrant from an adjacent county (i.e., Davis, Summit, Tooele, Utah) and there are no local charges or warrants, the arresting officer(s) should have dispatch call the originating agency to meet the officer(s) at the county line for transportation of the arrested person to the appropriate county jail.  If, for some reason, the agency cannot respond in a timely manner, the arrested subject should be delivered to the Salt Lake County Jail.  In either case, a report on the arrest incident will be initiated by the arresting officer(s).

Misdemeanor Warrant Options:

Arrest, check NCIC and Statewide Warrant System and book in jail.  If the subject is arrested only on a warrant from an adjacent county (i.e., Davis, Summit, Tooele, Utah) and there are no local charges or warrants, the arresting officer(s) should have dispatch call the originating agency to meet the officer(s) at the county line for transportation of the arrested person to the appropriate county jail.  If, for some reason, the agency cannot respond in a timely manner, the arrested subject should be delivered to The Salt Lake County Jail.  In either case, a report on the arrest incident will be initiated by the arresting officer(s).

DRAPER-CHT-0099



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Arrests on Warrants during Investigations

When an officer is dispatched on an incident which may require follow-up investigation, that incident will be documented under its own (dispatched) case number.

If, during that investigation, the officer arrests a person or persons for warrants arising from unrelated matters, the officer will document that arrest under a separate case number from the initially dispatched incident.

Copies of Warrant Information

Copies of felony, misdemeanor and traffic warrants listed on the Statewide Warrants System can be printed out in the jail by jail personnel at the time of booking.  Jail personnel can also print out copies of the NCIC hits at the officers' request.

Arrest Without a Warrant

Authority

Officers have the power and authority, without process, to arrest and take into custody any person who shall commit, threaten or attempt to commit, in the presence of the officer, or in the officer's view, any breach of the peace, or any offense directly prohibited by the laws of this state or by ordinance.  (Ref:  10-3-915, U.C.A., 77-7-13, U.C.A. and 77-7-2, U.C.A.)

An officer who arrests a person without a warrant will make the appropriate departmental reports.  The appropriate investigative unit will use the reports to have a complaint made against the arrested person.  As such, the reports shall be as complete as possible.

Grounds - an officer may arrest a person without a warrant:

- For any public offense committed or attempted in the officer's presence; (presence" includes all of the physical senses or any device that enhances the acuity, sensitivity or range of any physical sense, or records the observations of any of the physical senses). (Ref:  10-3-915; 77-7-2 U.C.A.)

- When the officer has reasonable cause to believe that a felony has been committed and has reasonable cause to believe that the person arrested has committed it.  (Ref:  77-7-2, U.C.A.)

- When the officer has reasonable cause to believe the person has committed a public offense, and there is reasonable cause to believe that such person, before a warrant can be

DRAPER-CHT-0100



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

obtained and served, may flee or attempt to conceal him self to avoid arrest, or destroy or conceal evidence of the commission of the offense.

Injure another person, or damage the property belonging to another person.  (Ref:  77-7-2, U.C.A.)

<u>Misdemeanor Citations:  Class B, C, and Infractions</u>

Whenever possible, officers will use a misdemeanor citation in lieu of arrest.  It is departmental policy to issue a citation to all persons charged with a misdemeanor or infraction instead of arresting them unless the person is under 18 years of age or <u>THERE IS POSITIVE REASON TO MAKE AN ARREST</u>.  If the person is under 18 years of age, juvenile rules apply.

<u>Offenses and Conditions Ineligible for Misdemeanor Citations</u>

- If the offense is a Class "A" misdemeanor or felony.

- The arrested person is wanted in another jurisdiction and that jurisdiction will extradite.

- Further investigation is necessary and the charge against the person may escalate to a felony.

- The offense involves controlled substances.  (Exception:  Citations may be used in cases of possession of up to one ounce of marijuana, at the officer's discretion.)

- The officer reasonably believes that the person will, if released on a citation, constitute a danger to him self or others and must be booked for immediate protection of the public.

- The arrested person cannot be identified to the arresting officer's satisfaction.

- Domestic violence situations as facts apply.  Refer to § D65-00-00.00 Police Manual.

<u>Elements for Issuance of Misdemeanor Citations</u>

In all other misdemeanor cases, the person will be cited instead of arrested if the following conditions are met:

- The person is identified to the arresting officer's satisfaction.

- The arrested person is a resident of the state of Utah or the officer reasonably believes the person will appear to answer charges against that person.

DRAPER-CHT-0101



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- The officer knows of no facts or circumstances indicating that the arrested person should be booked.

Procedure - Once satisfied the offender should be cited instead of booked, the officer should:

- Complete the misdemeanor citation, checking the Misdemeanor Citation box on left side of the form. Be sure to list the police case number on the citation. Note any comments on the back of the court copy of the citation. The suspect's right index finger print must be placed in the appropriate box on the top copy of the citation.

- Check for outstanding local and NCIC warrants on the cited person.

- The signature of the officer issuing the citation constitutes all that is required. The person's signature is not required and a warrant can be issued if the person fails to appear as long as the officer has signed the required certification contained on the citation.

- Complete all reports, just as if the person had been arrested. The cited person's name, the misdemeanor citation number, and the date of appearance must be entered in the Arrested Person Portion of the report.

- Appoint a date for the person's appearance in court and specifically inform the cited person of the time, date, and place of appearance, and warn the cited person that failure to appear will result in a warrant for the person's arrest. The appointed date must be seven to ten business days after the date of the citation, excluding Saturdays, Sundays, and holidays that are recognized by the city. The court has asked that tickets be turned in daily. ALL DOMESTIC VIOLENCE cases must be scheduled as directed by the court.

- If the citation is issued as a result of a citizen's arrest, put the arresting person's name on the citation. THE ARRESTING PERSON NEED NOT SIGN A COMPLAINT WITH THE CITY PROSECUTOR'S OFFICE. The matter will be handled by the court once the court copy of the citation is received. If you are not satisfied that the citizen arrest was appropriate, do not issue the citation, but refer the citizen to the prosecutor's office.

- All citations issued, and any related reports, shall be submitted/entered for distribution promptly to prevent delays in necessary court preparation.

Distribution of Copies

The citation form is self-carboning. The green copy is given to the cited person. All other copies are submitted to the Records Unit along with entering the pertinent reports. The Court copy of the citation substitutes for the record of arrest. If the cited person pleads guilty to the offense or is convicted, the court may order that person to report to the Crime Lab for fingerprints and photographing.

DRAPER-CHT-0102


Searching the Prisoner

Weapons Searches

All prisoners shall be searched for weapons incident to arrest and before transport to the jail. (This does not preclude use of a Terry frisk when appropriate.)  Officers shall use due care to ensure officer safety without exceeding the necessary scope of the search.  If available, a female officer shall search female prisoners.

Handcuffing the Prisoner

Prisoners will be handcuffed before being transported.  This precaution ensures the officer's safety and reduces the possibility of escape.  Juveniles should not be handcuffed to adults, nor should females be handcuffed to males.

Transporting the Prisoner

If the arresting officer is unable to transport the prisoner, another officer will be called to the scene.  The transporting officer will complete the booking process and a report.  Any officer transporting a prisoner of the opposite sex will notify dispatch of the location and mileage to the tenth of a mile at the beginning and at the end of the transportation.

Arrested Persons Requiring Medical Treatment

Arrested persons requiring medical care will not be transported to the jail until the medical condition has been treated.

Prisoners Treated and Released

The prisoner will be transported to the hospital for treatment. If the prisoner is not admitted, the officer will retain custody until the treatment is concluded and the prisoner is booked into the jail.

Prisoners Admitted to the Hospital

- Misdemeanor Offenses - An arrested person, who is admitted to the hospital, should be released on a misdemeanor citation in most cases.

- Felony Arrests - At the discretion of the Watch Commander a prisoner arrested for a felony and admitted to the hospital may remain under guard until released from the hospital and booked into jail.  When directed, the arresting officer will initiate the guard duty procedure.

DRAPER-CHT-0103



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# COMPLAINTS AGAINST PERSONNEL

Purpose and General Considerations

The Draper City Police Department recognizes that community support and cooperation are essential for the successful accomplishment of its mission and achievement of its goals. Because of their visibility and role in society, police officers and other police employees are subject to public scrutiny.  To maintain effective working relationships and preserve public confidence, all allegations of misconduct or inefficiency must be investigated objectively.  The supervisor who receives a complaint will attempt to resolve the complaint or will initiate a complete and objective investigation.

No citizen will be denied an opportunity to register a complaint about an employee or service of this Department.

While citizen expectations must be considered, the Draper City Police Department also recognizes the importance of respecting the individual rights of police employees.  Therefore, the Office of the Chief of Police maintains confidence in investigating and reporting complaints within the limits of the law.

Definition of Complaints

Any complaint of alleged misconduct, wrongdoing, inefficiency or other accusations of improper behavior or service-related performance against an employee shall be evaluated and classified according to the seriousness of the allegations as either a category I or a category II complaint.

Category I complaints will be investigated by the Internal Affairs Sergeant unless otherwise directed by the Chief of Police.

Category II complaints will be directed to the Internal Affairs Sergeant for delegation or assignment of investigation.  The Internal Affairs Sergeant may choose to investigate Category II complaints.

All findings in either Category I or II complaints will be reported in appropriate written form to the Internal Affairs Sergeant.  The Internal Affairs Sergeant will report findings to the Staff Lieutenant for disposition.

When the police employee is unknown the complaint should be directed to the Internal Affairs Unit for investigation.

DRAPER-CHT-0104



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

<u>Category I Complaints</u>

Category I complaints include, but are not limited to:

- Improper exercise of police authority

- Misconduct pertaining to:

  - Alcohol
  - Drugs
  - Sex

- Harassment or threats

- Failure to take appropriate police action

- Use of force

  - Excessive force in arrest
  - Inappropriate use of force
  - Inappropriate use of restraints or detention

- Assault by an officer or other police employee

- Improper use of equipment

  - Service weapon
  - Flashlight
  - Impact tools or chemical weapon
  - Vehicle, serious violations
  - Other

- Improper handling of evidence

- Unlawful or inappropriate search or seizure

- Unlawful or inappropriate arrest

- Civil rights violations

- Any criminal conduct by an officer or police employee

DRAPER-CHT-0105



Category II Complaints

Category II complaints include, but are not limited to:

- Profanity

- Inconsiderate contact

- Dispatch-related complaints

- Improper vehicle impound

- Police traffic or parking violations

Receipt of Complaints

Complaints against police personnel will be referred to and accepted by any of the following:

- The Internal Affairs Sergeant

- The affected employee's supervisor

- The Staff Lieutenant

- Any other on-duty supervisor

Initial Action Upon Receipt of a Complaint

Any employee receiving a complaint should direct the complainant to the Internal Affairs Sergeant or to a supervisor.

A supervisor should listen to the complainant, determine the nature of the complaint or allegation and gather all relevant information such as names, dates, times and the location of the incident giving rise to the complaint.  A Complaint Against Personnel form will be completed for all category I and II complaints.

The supervisor should attempt to resolve complaints to the satisfaction of the complainant if possible.  However, all category I and II complaints will be investigated by the Internal Affairs Sergeant or designee.

The supervisor will direct a to-from or a CAP form outlining the complaint, including all relative information, to the Internal Affairs Sergeant or designee.  The supervisor will advise the complainant of how the complaint will be handled.

DRAPER-CHT-0106



**Draper City**

**DRAPER CITY POLICE DEPARTMENT
POLICIES AND PROCEDURES**

Disposition of Complaint

All category I complaints and category II complaints will be investigated and directed to the Internal Affairs Sergeant.  The Internal Affairs sergeant will forward findings of investigation to the Staff Lieutenant for disposition.

Findings will be kept in the Officer's internal personnel files.  These files will be maintained by and are property of the Office of the Chief of Police.

Other Types of Complaints

Complaints regarding the issuance of citations for traffic or misdemeanor charges do not require a CAP form unless the alleged conduct of the police employee falls within the scope of a category I or category II complaint.

The citizen should be directed to the courts or the Bail Commissioner for resolution of any dispute over such enforcement action when receiving a complaint regarding whether or not the issuance of a citation was appropriate.

Departmental Complaints

Whenever an employee of this Department desires to initiate a formal complaint against another employee, the employee is encouraged to direct the complaint through their respective chain of command.  All such complaints must be made in writing.  If the complaint is about a supervisor's conduct, the employee may go to the next level in the chain of command.  Employees may also make a complaint directly to the Internal Affairs Sergeant.

Any complaints of conduct that are category I or II will be documented on a CAP form.

**This section is not intended to address complaints or grievances by employees in regards to job issues such as demotions, transfer, dismissals, or issues involving discrimination or harassment.  These issues will be handled as prescribed in section 5020 of the Draper City Policy Manual.** (Added 08/23/06)

Employees lodging complaints which have no basis in fact may be disciplined.

Governmental Agencies

When any complaint is lodged or information is received from any government agency alleging specific misconduct by a Department employee, the information shall be forwarded to the Internal Affairs Unit regardless of the classification of the alleged complaint.

The Cap Form

DRAPER-CHT-0107



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Responsibility for Initiating the Cap Form

The CAP form may be completed by the supervisor when the initial complaint is received or by the Internal Affairs Sergeant upon contact with the complainant.

Signing of the Cap Form

If the complaint is made in person, the complainant shall be requested to read and sign the CAP form when possible.  If the complainant refuses to sign, a notation indicating this will be made on the form.  All signed, unsigned or anonymous complaints will be processed in the same manner.

Routing of the Cap Form

All copies of CAP forms should be sent to Internal Affairs Sergeant for distribution.

Known Complainants

When the complainant's name and address are known, the person taking the complaint will, when possible, inform the complainant that contact will be made by a Department member assigned to investigate the complaint.  The complainant will be instructed to telephone the Internal Affairs Sergeant if not contacted by the Department within 72 hours.

Anonymous Complaints

Anonymous complaints alleging misconduct by a police employee should be directed by memo to the Internal Affairs Unit for investigation to determine validity.

Employee's Responsibility

When an employee who is not a supervisor becomes aware of misconduct by another employee of this Department, the employee shall contact a supervisor or the Internal Affairs Sergeant.

Department employees will comply with all lawful requests by investigators for information, materials or assistance.

Supervisor's Responsibilities

Any supervisor who becomes aware of an alleged act of misconduct shall make every effort to prevent aggravation of the incident and will report or investigate as required while maintaining confidentiality.

The supervisor will conduct a preliminary investigation and take appropriate action.

DRAPER-CHT-0108



Complete a CAP form and forward through the supervisor's chain of command to the Internal Affairs Sergeant, if the complaint is a category I or II or is an unresolved complaint.

If immediate action is necessary or the alleged misconduct is severe enough to bring discredit, criticism or liability to the Department, the supervisor must notify the Staff Lieutenant of the employee involved.

The Staff Lieutenant will ensure that the provisions of this section are carried out. The Staff Lieutenant will notify the Chief of Police of all cases specified above.

<u>Internal Affairs' Responsibility</u>

The Internal Affairs Sergeant shall be directly responsible to the Office of the Chief of Police.

The Internal Affairs Sergeant shall direct the results of investigations to the Staff Lieutenant for administrative review and disposition.  The investigation will address the policies and procedures of this Department.

The assigned Internal Affairs investigator will notify the affected employee's sergeant of the complaint.  The investigator will then notify the involved employee(s) of the complaint and provide the employee with adequate time and information necessary to prepare for an interview.

When a complaint involves allegations of criminal conduct on the part of an employee, the appropriate department personnel will be directed to conduct an investigation.  The Internal Affairs Sergeant or designee will conduct an independent and parallel investigation of the allegations for administrative purposes.  The Internal Affairs investigator may not be present during interrogation of an employee by a criminal investigator.

Upon completion of the disposition process, the Internal Affairs Sergeant will prepare a letter to the complainant providing the case findings.

<u>Internal Affairs Investigator Responsibility</u>

The appropriate and assigned investigative personnel will investigate allegations of criminal misconduct.  The investigation will determine if the incident conforms to federal, state or local ordinances.  The investigator assigned to the criminal investigation will NOT be present during the I/A interview of an employee nor receive statements or evidence compelled by the Garrity Rule.

<u>Delay or Interference with Complaints</u>

Any employee interfering with or delaying the investigation or documentation of a complaint may be disciplined.

Revised 10/29/2009 ra               Page 53 of 329

DRAPER-CHT-0109



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Time Limit for Investigation of Personnel Complaints

The investigation, disposition, and notification of discipline to be administered, if applicable, of a personnel complaint, shall be completed within 75 calendar days after the date the complaint was initiated.  Any extension of the 75 calendar day time limit requires the specific approval of the Chief of Police.

The assigned investigator will notify the affected police employee of any extension of the case investigation.  The Staff Lieutenant shall notify the affected employee of any delay in determining the disposition of the complaint case.  The affected police employee should be provided with a copy of the Internal Affairs Case Investigation Extension Form after the extension has been approved or denied by the Chief of Police.

Investigation of Complaints

Employee Interviews

When any employee is under internal investigation for an alleged act of misconduct, the investigation or interview shall be conducted under the following conditions:

Prior to any interview, the employee shall be advised of the following:

- The nature of the complaint, and the specific allegation(s) of misconduct

- The date, time and location of the incident that gave rise to the allegation(s)

- All rights and obligations pertaining to the Garrity Rule.

The interview shall specifically and narrowly focus on the job-related conduct of the employee.

Persons conducting the investigation may not:

- Subject the employee(s) under investigation to offensive language or threaten disciplinary action.

- Make any promise of reward or leniency as an inducement for the employee to answer any questions.

A complete recording of the interview session of the employee shall be made.  The employee may record the interview session provided it is with the knowledge of all parties present.

DRAPER-CHT-0110



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Employees have no presumed right to have counsel present during an Internal Investigation. The employee may request counsel and the decision to allow counsel will be authorized by the Internal Affairs Sergeant. The employee's counsel may not interfere with the interview in any way. Any interference by employee counsel will result in removal of the counsel from the interview.

This section does not infer in any way that an employee's constitutional rights will affected in any subsequent or concurrent criminal investigation.

Rights and Obligations - Garrity Rule

The Investigator shall advise employees of their rights and obligations under the Garrity Rule. The employee will be given the appropriate forms indicating that they have been advised and understand their rights and obligations. The employee will be requested to sign this form. Any refusal will be noted by the investigator.

A supervisor or investigator may reasonably inquire as to the specific details of an incident in which there has been a complaint of alleged misconduct, lack of acceptable performance or inappropriate behavior on the part of an employee. The employee will be expected to provide the facts and adequate information as may be requested.

If an employee refuses to answer or otherwise refuses to cooperate with the investigation, investigator shall take the following steps:

- Advise the employee that the answers to questions can not be used against the employee in criminal proceedings.

- Keep the questions focused on job related conduct.

- Advise the employee that failure to answer questions narrowly and directly related to the job-related conduct may result in disciplinary action.

- Order the employee to answer the question(s).

Internal investigations are confidential and shall not be discussed or released except in accordance with the law.

Conclusion of Complaint Investigation

At the conclusion of complaint investigations, the investigator will prepare a summary of the findings. The case will then be forwarded with the necessary documentation to the Internal

Affairs Sergeant for review. The Internal Affairs Sergeant will involve only those with a legitimate need-to-know in the review of the investigation.

DRAPER-CHT-0111



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

The Staff Lieutenant determines the disposition and if necessary, the discipline imposed or recommended to the Chief.

In cases where appropriate, the Internal Affairs Sergeant will confer with all supervisors in the affected employee's direct chain of command to determine punitive or summary measures.

The dispositions will be classified as:

- Unfounded:  the complaint, as reported, did not occur.

- Exonerated: the employee's actions were reasonable under the circumstances.

- No Determination is Possible: there is insufficient evidence to support a conclusion as to whether or not the employee violated policy.  No determination possible may also be used when the investigation reveals the matter was a training and or policy issue.

- Sustained:  the employee's action(s) are in violation of policy and/or procedure of the Draper City Police Department.

<u>Complainant Notification</u>

It is the Internal Affairs Sergeant's or designee's responsibility to notify the complainant of the case disposition.

Upon completion of the review process, a copy of the complainant notification letter will be included in the case file.

<u>Internal Officer's Personnel File</u>

At the completion of any disciplinary action and any subsequent appeals, the completed investigation will be sent to the Internal Affairs Sergeant.  These will be forwarded to the Staff Lieutenant where it will be secured in the Internal Officer's Personnel File.

These files are under the control and are property of the Office of the Chief of Police.

The Internal Affairs Sergeant will be responsible for maintaining a confidential and comprehensive central file for all complaints received by the Department.  The Internal Officer Personnel File also will include documentation of disciplinary actions taken against employees of this Department.

The Internal Affairs Unit will:

- Maintain a numerical file of complaints recorded on CAP forms.

DRAPER-CHT-0112



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- Maintain files related to any disciplinary action taken against an employee of this Department.

- Maintain a file of all completed pursuit review files.

- Conduct analysis of complaints to identify trends or patterns developing within the Department.

- Ensure that the Internal Officer Personnel Files are secure and are accessed only by those persons authorized by the Chief of Police.

- Ensure that files are retained consistent with Draper City policy and Utah State Regulations.

- Maintain a file for each employee which will contain those complaint cases that have been sustained.

- Purge and destroy records of other complaint cases as directed by the Chief of Police.

DRAPER-CHT-0113



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# DUI

<u>Arrest, Processing, Disposition, and Impounds.</u>

Persons arrested for DUI may be charged under State Code §41-6-44 U.C.A.  When a DUI arrest is made, the vehicle should be impounded unless the registered owner is present and sober.

<u>DUI Defined</u>

The necessary elements to support the charge of DUI are as follows:

- A person in actual physical control of a vehicle.  Defined as: A person who has access to an operable motor vehicle with the intent (thru actions and or statements) and means (e.g. keys in their possession or immediately accessible) to operate the vehicle.

- In the State of Utah

- With a blood alcohol concentration of .08% or greater, or impaired.  Impairment is defined as follows: A person who is under the influence of alcohol, any drug, or the combined influence of alcohol and any drug to a degree that renders the person incapable of safely operating a vehicle.  Impairment can be from alcohol, illicit drugs, prescription drugs, and/or any combination of the three.

<u>Automobile Homicide</u>

DUI is a lesser-included offense of Automobile Homicide and not a separate charge.

The officer shall:

- Obtain both chemical tests (blood and urine).
  - The person should be provided the opportunity to consent to the chemical tests if the subject declines the test it can be conducted without their permission.

- Collect information during their investigation much the same as during a DUI investigation (e.g. actual physical control, pre-arrest statements, physical characteristics, field tests etc.).

- Process the person into the jail - §76-5-207 U.C.A. shall be the charging standard.

- Do <u>not</u> complete a DUI summons and citation and or serve any related paperwork.

- Complete an initial report.

DRAPER-CHT-0114



- Impound the person's vehicle at Draper City Police secure storage facility with a hold for Detectives.

<u>DUI Arrest</u>

Persons arrested for a DUI shall be processed as follows:

A standard state DUI Summons and Citation shall be completed on all DUI arrests.

- The State code of 41-6-44 U.C.A  should be indicated on the "code line".
  - If the person is being charged with additional Felony charges they should be included in U.C.A. form.

  - Felony DUI violation is as follows:
    - If the person has inflicted serious bodily injury upon another as a proximate result of having operated the vehicle in a negligent manner.

  - "Serious bodily injury" means bodily injury that creates or causes serious permanent disfigurement, protracted loss or impairment of the function of any bodily member or organ, or creates a substantial risk of death.

  - The standard of negligence is that of simple negligence, the failure to exercise that degree of care that an ordinarily reasonable and prudent person exercises under like or similar circumstances.

  - Class A DUI violations apply:
    - If the person has also inflicted bodily injury upon another as a proximate result of having operated the vehicle in a negligent manner.
    - If the person had a passenger under 16 years of age in the vehicle at the time of the offense.
    - If the person was 21 years of age or older and had a passenger under 18 years of age in the vehicle at the time of the offense.

It shall be mandatory to book the arrested person into jail if:

- The person is being charged with a Felony or Class A misdemeanor charge.

- The person can not be identified by reliable means (e.g. valid government identification).

- The person is driving on DUI revocation.
  - This can be determined by referencing the "Status" field on the state driver license inquiry.

DRAPER-CHT-0115



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- The person is combative.

- No responsible person is willing to accept responsibility for the arrested person or if the responsible person contacted takes, or will take, more than 1 hour to arrive.

When an arrested person is booked into jail the officer shall indicate "Booked" on the signature line, indicate "no print, booked" in the print section, and edit the court instructions in the "notice to appear in:" section as "according to pre-trial release".

The officer should note the reason why the person was booked into jail under section XII "Other Occurrences of Facts" and serve the "Defendant" copy hand-to-hand (Pursuant to §41-6-44.10 2b U.C.A. the citation need only be served by "a" police officer. The "arresting" officer is no longer the only person who may serve the defendant copy).

- For administrative purposes, for the Driver's License Division, the citation should be served in the following fashion:

    o Service can be satisfied by simply placing the citation in the person's pocket.

    o To satisfy the Driver License Division, the citation only need to touch the person in the event they refuse to accept it (that service is attempted).

It is imperative that when booking a person on Felony or Class A charges that the officer sufficiently indicate on the top margin of the citation and in the "violations" section that a Felony or Class A charge is involved.

Completing the Summons and Citation Form

The officer shall complete the citation portion of the DUI summons and citation to include completing the violations section appropriately.

- If drugs or paraphernalia are discovered during or involved in a DUI arrest they should be included under the same case.

- The State Code should be used for charging standards.

- The officer should complete a report including all charges utilizing the same case number and route it to Narcotics. This will help facilitate the narcotics detectives' follow-up investigation.

- The officer should obtain a signature on the signature line unless booked.

- The arrested person will be fingerprinted unless booked.

DRAPER-CHT-0116



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- The right index fingerprint of the arrested person will be taken and shall be affixed in the print section on the B.C.I. copy of the citation.

<u>Court Instructions</u>

- The officer will indicate the appropriate court and address for appearance in the appropriate section on the left margin.

  - MISDEMEANOR COURT
    - The court of "Draper City Justice Court" and the address of 1020 E. Pioneer Road will be used for all Class B arrests that can be adjudicated by the City Prosecutor's Office and all Class A DUI arrests.

  - FELONY COURT
    - The 3rd District Court with the address of 450 S. State St. for all
    - Felony DUI arrests
    - DUI arrests that include Felony charges.
    - The court appearance instructions in the "notice to appear in:" section should be edited to indicate "according to pre-trial release."

  - JUVENILE COURT with the address of 450 S. State St. for all DUI arrests of persons under the age of 18. The court appearance instructions in the "notice to appear" in: section should be edited to indicate "when notified by Juvenile Court."

<u>Chemical Test Results</u>

Breath analysis results (BAC), refusal, or blood/urine pending should be noted in the "For Court Use Only" box in the bottom l left quadrant of the citation.

Notice of Intent to Deny, Suspend, Revoke, or Disqualify

- This portion of the DUI summons and citation is below the actual citation and includes boxes that must be checked for administrative purposes.

- The boxes must be marked for the Driver's License Division to take action against an arrested person's license.

- The officer should mark any and all boxes that apply.

DRAPER-CHT-0117



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Officers shall seize all Utah driver licenses.

- If a person arrested for DUI has a Utah driver license in their possession, it shall be seized and affixed to the front left area of the summons and citation and submitted to Records.

- If the officer seizes a license, the temporary license field shall be completed at the bottom of the summons and citation.

A temporary license will not be issued if:
- The person's license is already suspended, revoked, or expired.
- The person has never had a valid license.
- The person does not have a license in their possession.

<u>**DO NOT**</u> **SEIZE A DRIVER'S LICENSE IF IT IS NOT A UTAH LICENSE.** <u>**DO NOT**</u> **ISSUE A TEMPORARY LICENSE TO PERSONS WHO POSSESS A LICENSE FROM A DIFFERENT STATE.**

Only officers that are necessary for a successful outcome at the driver's license hearing should sign or be listed on the rear signature block of the DUI Summons and Citation.

- This typically should only include the arresting officer and an additional officer if section X "Chemical Tests" was accomplished by someone other than the arresting officer.

- A Driver License Division hearing is civil in nature and allows for a level of hearsay evidence; negating the need for numerous officers to attend.

  o Testimony by the arresting officer of actual physical control and any driving pattern observed by another officer are examples of accepted hearsay.

- All officers involved in the DUI investigation and their actions shall be listed in section I "Case Identification" on the assisting officers line.  This line is for the prosecutor's office that can then   make a determination of who is needed at a particular court setting and subsequently issue the appropriate subpoenas.  It also properly identifies all officers involved for the court.

<u>Service of the DUI Citation and Disposition of Arrested Person</u>

An officer must serve the arrested person their copy of the DUI Summons and Citation hand-to-hand or the Driver License Division will not take action at any subsequent license hearing.  This is also necessary to fulfill the requirements of §77-7-20 UCA.  Service of citation on defendant -- Filing in court -- Contents of citations.

Revised 10/29/2009 ra

DRAPER-CHT-0118



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

At the arresting officer's discretion, a person arrested for DUI may be released by citation if booking into jail is not required or necessary.

- The officer must be able to locate a responsible person who is willing to accept responsibility for the arrest person.

  o A responsible person is defined as a person who is 18 years of age or older, who has not been consuming alcohol, drugs, or any medication/substance that could cause impairment.

  o The person must show valid identification and if driving a vehicle must possess a valid driver's license.

- If an officer releases a person, by citation, who has been arrested for DUI, the officer must obtain a copy of the responsible driver's license and the officer must ask and be convinced the respondent is not intoxicated.

Informing Arrested DUI Drivers of Right to a Driver's License Hearing

The Right to Hearing section on the front of the DUI Summons and Citation and the completed acknowledgement of service on the back of the citation adequately meets the requirements of this department for notification to an individual arrested for DUI of their right to a civil administrative hearing with the Driver License Division.

Officers of this department will not provide, complete, or facilitate delivery of any other forms regarding the individual's right to, or request a hearing with the Driver License Division.

Chemical Tests

Before a formal chemical test can be administered, a person arrested for a DUI violation must be advised of the potential denial, suspension, or disqualification of their driving privilege or refusal to be issued a license.

- This can be accomplished by the arresting officer, or another officer "at their direction", reading section X. "Chemical Tests".

  o This section must be read word-for-word aloud to the subject.

  o To comply with the Drivers License Division policy, and subsequent chemical test collected even if the person is unconscious this section should still be read aloud,

DRAPER-CHT-0119



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

If a person arrested for DUI refuses the request for a formal chemical test or remains silent, the officer shall read the "refusal admonition" advising the person of the potential revocation of their license.

- If the person remains silent, making no indication that they consent, the officer shall treat it as a refusal.

- The officer must be sure to mark the refusal box on the front bottom of the DUI summons and citation.

If at any time prior to or during the advisement under section X the arrested person asks for, makes reference to an attorney, or claims the right to remain silent; the officer shall read the last admonition advising the person of the civil nature of the implied consent law which does not permit them to confer with anyone prior to responding to the request for a chemical test.

<u>Types of Chemical Tests</u>

A person operating a motor vehicle in the state of Utah is considered to have given his consent to a chemical test or tests of his breath, blood, or urine.  A police officer determines which of the tests are administered and how many of them are administered.  If an officer requests more than one test, refusal by a person to take one or more requested tests, even though they do submit to any other requested test or tests, is a refusal.
(Ref. §41-6-44.10(3) U.C.A.]

Any person who is dead, unconscious, or in any other condition rendering them incapable of refusal to submit to any chemical tests or tests is considered to not have withdrawn their consent and the test or tests may be administered.  (Ref. §41-6-44.10 U.C.A.)

<u>Breath Test</u>

- The intoxilyzer shall be used by a certified officer.

- The operational check list shall be followed.

- The "Baker Rule" shall be followed.

    o This requires that the person to be tested has had nothing by mouth for 15 minutes prior to testing.
    o The rule should be initiated after arriving at the intoxilyzer.

DRAPER-CHT-0120



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- The intoxilyzer card and checklist shall be placed into evidence.

    o Three copies of the card and checklist shall be made and submitted to records along with the original DUI report.

Blood Test

- The officer will summon the county blood-tech via Dispatch and have him/her respond to the location specified by the officer.

- The officer will insure that the blood-tech records the proper information on each vial collected as well as on the envelope in which they will be sealed.

- The officer will then initial across the envelope and leave it in the blood-tech's custody for submission to the State Crime Lab.

- Upon receipt of toxicology results from the State Crime Lab the officer will complete a report indicating the result, the toxicologist who analyzed the sample, and the date received.

- (Ref. D.90-08-00.00 A2)

Urine Test

- The officer will summon the county blood-tech and have him/her respond.

    o An appropriate facility will be used for the collection.

- The officer will insure that the blood-tech records the proper information on the sample's container and or packaging.

- The officer will initial across the seal of the packaging and leave it in the blood-tech's custody for submission to the State Crime Lab.

- Upon receipt of the toxicology results from the State Crime Lab the officer will complete a report indicating the result and the toxicologist who analyzed the sample. A chemical test should be collected within 2 hours of the alleged driving or physical control. In the event test is collected more than 2 hours after the alleged driving or physical control, it is still admissible but the weight given to the test result will be determined by the court. (Ref. §44-6-44.5 U.C.A.)

DRAPER-CHT-0121



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Juvenile DUI Arrest

Juvenile Court has exclusive jurisdiction over persons age 17 or under on any drug or alcohol-related traffic offense.  (Ref. §41-6-44 U.C.A.)

A Juvenile DUI arrest (alcohol, drug, or drug metabolite) is processed on a standard state DUI Summons and Citation and processed the same as an adult DUI with the following exceptions:

- Edit the court appearance instructions.

- Release the juvenile only to a Parent/Guardian or transport and process the juvenile into an appropriate facility (e.g. youth services/receiving center or detention)

- Complete an initial report and route it to detectives.  This will help facilitate the Juvenile Court process and acts as the probable cause statement for the Juvenile Court Judge.

For all Juveniles 14 years old and younger a parent must be present for any chemical tests and both the juvenile and parent must consent.

Drug DUI

A person can be arrested for DUI if impaired by drugs either illicit or prescribed.  The arresting officer should:

- Attempt to locate an officer certified as a DRE (Drug Recognition Expert) to assist.

- Develop probable cause to make a DUI arrest (based on impairment).

- Attempt to obtain a breath test to confirm that either alcohol is not the cause or is at a level inconsistent (lower than expected) with the level of impairment present.

In the event a DRE certified officer is not available the arresting officer should:

- Continue to process the arrest based on impairment.

- Request both a blood and urine test.

A person arrested for a Drug DUI shall be processed the same as a person arrested for an alcohol DUI.

DRAPER-CHT-0122



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

<u>Metabolite DUI Arrest</u>

A person may not operate or be in actual physical control of a motor vehicle within the State of Utah if the person has any measurable controlled substance or metabolite of a controlled substance in the person's body (Ref.§41-6-44.6 U.C.A.).

Metabolite is the chemical bi-product produced by the human body after a drug has been ingested.

- In most cases the metabolite of a drug is not psychoactive and will not manifest impairment.

A metabolite DUI arrest can be supported by documenting:

- Pre-arrest statements as to the use or recent use of a controlled substance.

- Observations of the person in the act of ingesting a controlled substance while in actual physical control of a vehicle.

- Officer developed probable cause, thru investigation, that the person has recently ingested a controlled substance and is in actual physical control of a vehicle.

- A DRE (Drug Recognition Expert) officer conducting a drug evaluation and and/or make note of specific clinical signs/indicators of drug use.

A metabolite DUI arrest is processed on a standard state DUI Summons and Citation and processed the same as standard DUI with the following exceptions:

- §41-6-44.6 U.C.A. shall be the charging standard.

- The officer should indicate "Please route to City Prosecutor's Office" on the top margin.

- If the only DUI related charge is a metabolite under §41-6-44.6 U.C.A. the officer is not required to locate a responsible person to facilitate release.
  - If impairment is present the officer should charge the person for DUI in addition to the metabolite violation.
  - If the person is charged with DUI the officer must process the person as such.

A chemical test is necessary to support DUI Metabolite charges being filed.

- Both a blood and urine test should be collected on any suspected metabolite violations.

DRAPER-CHT-0123



- If the person refuses any of the requested chemical tests the DUI should be processed as a refusal.

Not-A-Drop

A person under the age of 21 years may not operate or be in actual physical control of a vehicle with any measurable amount of alcohol in their body.  A Not-a-Drop violation is administrative only and does not carry a criminal penalty.  This is processed thru the Driver License Division.

A Not-a-Drop violation can be supported by the following:

- The odor of alcohol is present on the person's breath while they are in actual physical control of a vehicle.

- The officer witnesses the person in the act of consuming alcohol while they are in actual physical control of a vehicle.

A Not-a-Drop violation shall be processed as follows:

- The standard state DUI Summons and Citation shall be completed.  A Not-a-Drop arrest is processed on a standard state DUI Summons and Citation for administrative purposes only.

- §32A-21-209 U.C.A. shall be the charging standard for administrative purposes.  This should be indicated on the "code" line.

- 11-44-080 (Minor in possession of alcohol by consumption )of the Draper City Code shall also be used as the charging standard for an accompanying criminal violation.

  o This should be entered on the "violation(s)" line.

- If the only criminal charge is for the minor in possession of alcohol by consumption and the person is 18, 19, or 20 years old, the officer is not required to locate a responsible person.

- If impairment is present the officer should charge the person for DUI in addition to the Not-a-Drop violation.

- If the person is arrested for DUI the officer must process the person as such.

If the person is 17 years old or younger the officer shall:

DRAPER-CHT-0124



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- Release the juvenile only to a Parent/Guardian or transport and process the juvenile into an appropriate facility (e.g. youth services/receiving center or detention).

- Edit the court appearance instructions.

- Complete an initial report and route it to detectives.  This will help facilitate the court process and acts as the probable cause statement for the Juvenile Court Judge.

A chemical test is necessary to support a not-a-drop violation.

For all Juveniles 14 years old and younger a parent must be present and both the juvenile and parent must consent.

<u>Commercial Driver's License Disqualification</u>

A person who holds or is required to hold a CDL (Commercial Driver's License) may not drive a commercial motor vehicle in the State of Utah if the person has a blood or breathe concentration of .04 %.

A commercial driver's license violation is administrative only and does not carry a criminal penalty.

A commercial driver's license violation shall be processes as follows:

- The standard State Summons and Citation shall be completed.  A commercial driver's license violation is processed on a standard state DUI Summons and Citation for administrative purposes only.

- §53-3-418 U.C.A. shall be the charging standard for administrative purposes.  This should be indicated on the "code" line.

- If there are no accompanying criminal or traffic related offenses, the court instructions on the left margin should be voided and the person informed that he need not appear at the court.

- If the only violation is for the commercial driver's disqualification the officer is not required to locate a responsible person.

- If impairment is present the officer should charge the person for DUI in addition to the commercial driver's disqualification.

- If the person is arrested for DUI the officer must process the person as such.

DRAPER-CHT-0125



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- If there are any accompanying criminal or traffic related charges they should be included and the person should be referred to the Draper City Justice Court.

- A chemical test is necessary to support a commercial driver's license disqualification.

Conditional License Violation

The Driver License Division may only issue, reinstate, or renew a driver license in the form of a no alcohol conditional license to a person who has a qualifying conviction for an alcohol related offense (e.g. DUI, alcohol related reckless).

A no alcohol conditional license shall be issued on the condition that the person may not operate or be in actual physical control of a vehicle in the State of Utah with any alcohol in the person's body.

A conditional license violation is a class B misdemeanor.

- It can be determined if a person is on a conditional license status by referencing the "CDL ST" (conditional license status field) on the state driver license inquiry.
- The "CDL ST" field is located to the right of the "Status" field.

- If a date is entered in the "CDL ST" field it represents that the person is on a conditional status thru that date.

- Conditional statuses are issued in 2 and 6 yr. periods for 1st and 2nd qualifying offenses respectively.

A conditional license violation can be supported by the following:

- The odor of alcohol is on the person's breath while they are in actual physical control of a vehicle.

- The officer witnesses the person in the act of consuming alcohol while they are in, or subsequently in, actual physical control of a vehicle.

A conditional license violation shall be processed as follows:

- The standard State DUI Summons and Citation shall be complete.

- 53-3-232 U.C.A. shall be the charging standard.

  o This should be indicated on the "code" line.

DRAPER-CHT-0126



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

  o The officer should indicate "Please route to the City Prosecutor's Office" on the top margin.

- The officer should refer the person to the "Draper City Justice Court" (Ref. D66-03.00 D1a).

The "Notice of Intent to Deny, Suspend, Revoke, or Disqualify" section shall not be completed and:

- The officer shall not seize any driver's license to include those issued from the State of Utah.

- The person is not entitled to a driver's license hearing for this type of violation.

- The Driver License Division will automatically take action against the person's license upon notice of conviction by the court.

- The officer will not issue a temporary driver's license.

- Unless there is a secondary reason, the officer is not required to book the arrested person into the jail or locate a responsible person.

A chemical test is necessary to support a conditional license violation.  If requested, the person refuses to provide a chemical test or tests the officer shall:

- Then and only then, complete the "Notice of Intent to Deny, Suspend, Revoke, or Disqualify" section.

- Mark the "refusal" box.

- Seize the person's driver's license if issued by the State of Utah.

- Issue a temporary driver's license if applicable.

Types of DUI Related Impounds

For all DUI, Drug DUI, or a Metabolite DUI arrests the officer shall:

- Impound the vehicle on a State Tax form holding the vehicle for state

- Be sure to include the DUI citation number on the top margin of the State Tax Form.

DRAPER-CHT-0127



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- Include the name and address of the tow company that responds.

- Make every attempt to ensure the driver or owner if present, receive the pink "Driver of vehicle" copy.

- Inform the person that they need to respond to either the DMV located at 799 North Redwood Road or at 10477 South Redwood Road, (also open 8am to 12 noon on Saturday) to obtain a release letter.  If the owner of the vehicle is present, not intoxicated, or in violation of any other aspect of DUI and possesses a valid license, the officer may release the vehicle to them.

For Not-a-Drop or Conditional license violations the officer should:

- Impound the vehicle on a City Impound.

If another person is present, not intoxicated, or in violation of any other aspect of DUI and possesses a valid driver's license, the officer may with the owner's permission release the vehicle.

For Commercial Driver's License Disqualifications the officer should:

- Make every effort to contact the vehicle owner (e.g. the trucking company or business) and notify them.

- Help facilitate a reasonable method of securing the vehicle and its disposition. For example:

  - Having the owner dispatch their own tow company.

  - With the driver's permission make arrangements to secure the vehicle on site if at an appropriate place (e.g. truck stop).

There is no provision in the State Code that a vehicle involved in a CDL disqualification be impounded.

DRAPER-CHT-0128



# STANDARDIZED FIELD SOBRIETY TESTS/SFST

Officers should follow the guidelines in administering the Standardized Field Sobriety Tests as prescribed by the National Highway Traffic Safety Administration.

DRAPER-CHT-0129



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# EMPLOYEE OBLIGATION/TRUTHFULNESS

The integrity of the police service is based on truthfulness.  Employees shall not lie, or knowingly or willfully depart from the whole truth in giving testimony, or in rendering an official report, or in giving any official statement about any incident that relates to the employee's employment or position.

DRAPER-CHT-0130



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# EMPLOYEE OBLIGATION/CODE OF ETHICS

All law enforcement officers must be fully aware of the ethical responsibilities of their position and must strive constantly to live up to the highest possible standards of professional policing.

The International Association of Chiefs of Police believe it is important that police officers have clear advice and counsel available to assist them in performing their duties consistent with these standards, and has adopted the following ethical mandates as guidelines to meet these ends.

**Primary responsibilities of a Police Officer**
A police officer acts as an official representative of government who is required and trusted to work within the law. The officer's powers and duties are conferred by statute. The fundamental duties of a police officer include serving he community, safeguarding lives and property; protecting the innocent; keeping the peace; and ensuring the rights of all to liberty, equality and justice.

**Performance of the duties of a Police Officer**
A police officer shall perform all duties impartially, without favor or affection or ill will and without regard to status, sex, race, religion, political belief or aspiration. All citizens will be treated equally with courtesy, consideration and dignity.

Officers will never allow personal feelings, animosities or friendships to influence official conduct. Laws will be enforced appropriately and courteously and, in carrying out their responsibilities, officers will strive to obtain maximum cooperation from the public. They will conduct themselves in appearance and deportment in such a manner as to inspire confidence and respect of the position of public trust they hold.

**Discretion**
A police officer will use responsibly the discretion vested in the position and exercise it within the law. The principle of reasonableness will guide the officer's determinations and the officer will consider all surrounding circumstances in determining whether any legal action shall be taken.

Consistent and wise use of discretion, based on professional policing competence, will do much to preserve good relationships and retain the confidence of the public. There can be difficulty in choosing between conflicting courses of action. It is important to remember that a timely word of advice rather than arrest - which may be corrected in appropriate circumstances - can be a more effective means of achieving a desired end.

**Use of Force**
A police officer will never employ unnecessary force or violence and will use only such force in the discharge of duty as is reasonable in all circumstances.

DRAPER-CHT-0131


Force should be used only with the greatest restraint and only after discussion, negotiation and persuasion have been found to be inappropriate or ineffective.  While the use of force is occasionally unavoidable, every police officer will refrain from applying the unnecessary infliction of pain or suffering and will never engage in cruel, degrading or inhuman treatment of any person.

**Confidentiality**
Whatever a police officer sees, hears or learns of, which is of a confidential nature, will be kept secret unless the performance of duty or legal provision requires otherwise.

Members of the public have a right to security and privacy, and information obtained about them must not be improperly divulged.

**Integrity**
A police officer will not engage in acts of corruption or bribery, nor will an officer condone such acts by other police officers.  The public demands that the integrity of police officers be above reproach.  Police officers must, therefore, avoid any conduct that might compromise integrity and thus undercut the public confidence in a law enforcement agency.  Officers will refuse to accept any gifts, presents, subscriptions, favors, gratuities or promises that could be interpreted as seeking to cause the officer to refrain from performing official duties.  Respect from the public cannot be bought; it can only be earned and cultivated.

The mission of the Draper City Police Department is to work with the citizens of Draper City to preserve life, maintain human rights, protect property, and promote individual responsibility and community commitment.

**PHILOSOPHY**

Crime and public safety are community problems.  Therefore, the community and the police must work together to solve them.  Citizens, the Police Department, other agencies and City government are equally responsible to help reshape this mission.  Each entity must be willing to work together, to become involved, to take initiative and to cooperate with each other to help make the City more enjoyable and safer for all.  Community policing is the heart of this direction and plan.  Each member of the Draper City Police Department is responsible for achieving its mission.  Likewise, the community shares in the same responsibility for making this City both safer and more enjoyable.

DRAPER-CHT-0132



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# MEDICAL ASSISTANCE

The Fire Department is often requested by field officers to supply medical assistance at a crime or accident scene.  Officers making such a request must supply the dispatcher with specific information about the victim's condition so that appropriate Fire Department personnel and equipment can be sent.  The Fire Department dispatcher will determine whether to send EMTs or paramedics.

Officer should volunteer the following information when requesting medical assistance.

- Chief complaint (symptoms)
- Breathing or not breathing
- Serious bleeding
- Chest pain
- Conscious or unconscious
- Approximate age of victim

Revised 10/29/2009ra

DRAPER-CHT-0133





**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# ORGANIZATION AND STRUCTURE

## Rank Structure - Sworn Personnel

**CHIEF OF POLICE** – Commands/administers the Police Department.

**ADMINISTRATIVE LIEUTENANT -** Acts as Watch Command and reports to the Chief.

**SERGEANT -** Commands a squad within the Department and reports to administrative or senior Sergeant.

**OFFICER-** Patrol Officer.

## Rank - Order Of Rank And Supervision

The order of rank among personnel is as indicated below, however, when individuals are assigned to an organizational entity they are accountable through the appropriate chain of command.

| | |
|---|---|
| Chief of Police | Supervisor |
| Administrative Lieutenant | Supervisor |
| Sergeant | Supervisor |
| Officer | Employee |

## Supervisory Responsibilities

Supervisors must take reasonable steps to promote their subordinates' understanding of, and compliance with, Departmental rules and regulations through:

- Personal supervision.

- Delegation of authority.

- On-going training.

- Clarification of directives, orders and procedures.

Supervisors are accountable for the performance of their subordinates, and for the proper execution of their duties.  Performance of subordinates must be evaluated and, whenever possible, improved.  To this end, the supervisor may offer counseling, further training, or may recommend other solutions to the problem.

Revised 10/29/2009ra

DRAPER-CHT-0134



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Based on their own resourcefulness and personal experience, each supervisor should seek to improve or upgrade Departmental procedures.  Subordinates should be encouraged to offer new ideas.

Page 237 of 329

DRAPER-CHT-0135



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# SEARCH AND SEIZURE

## Search & Seizure Defined

Search is the active exploration of hidden places for something concealed.

A successful search will lead to a seizure, which is the goal of, and justification for, the search. But a thing may be seized without necessarily having been the object of a search.

To determine if any search is unreasonable, the court balances its intrusion on the individual's 4th Amendment interests against its promotion of legitimate governmental interests.  [Delaware v. Prouse, 440 U.S. 648, 654]

A search implies prying into hidden places for that which is concealed and that the object searched for had been hidden or intentionally put out of the way; merely looking at that which is open to view is not a search. [Black's Law Dictionary, 6th ed.]

Visual observation which infringes upon a person's reasonable expectation of privacy constitutes a search in the constitutional sense.  [Black's Law Dictionary, 6th ed.]

The person's expectation of privacy must be one society is prepared to recognize as being reasonable.  [State v. Taylor, 818 p2 561 Sept '91 Ut Ct. App.]

Seizure is the act of taking possession of property, e.g., for a violation of law or by virtue of an execution of a judgment.  The term implies a taking or removal of something from the possession, actual or constructive, of another person or persons.  [Black's Law Dictionary, 6th ed.]

A seizure of property (under 4th Amendment) occurs when there is some meaningful interference with an individual's possessory interest in that property.  (U.S. v. Jacobsen, 466 U.S. 109]

Seizure of an individual, within the 4th Amendment, connotes the taking of one physically or constructively into custody and detaining him, thus causing a deprivation of his freedom in a significant way, with real interruption of his liberty of movement.  [Black's Law Dictionary, 6th ed.].  Such occurs not only when an officer arrests an individual, but whenever he restrains the individual's freedom to walk away.  [Black's Law Dictionary, 6th ed.]

Some other terms that require clarification are defined below:

**Arrest Warrant** - See warrant of arrest.

Page 264 of 329

DRAPER-CHT-0136



**Consent** - An act of reason, accompanied with deliberation, the mind weighing as in a balance the good or evil on each side.  It means voluntary agreement by a person in the possession and exercise of sufficient mental capacity to make an intelligent choice to do something proposed by another.  Consent is implied in every agreement.

**Consent Search** - A search made by police after the subject of the search has consented; such consent if freely and intelligently given, will validate a warrant less search.  [Washington v. Chrisman, 455 U.S. 1] Consent is not freely and voluntarily given in the face of even lawful coercion. [Bumper v. North Carolina, 391 U.S. 543]

**Constructive Possession** - A person has constructive possession of property if he has power to control and intent to control such item.  [Black's Law Dictionary]  It exists where one does not have physical custody or possession, but is in a position to exercise dominion or control over a thing.  [Black's Law Dictionary]

**Contraband** - Property unlawful to possess.

**Evidentiary Property** - Property relevant to a crime.

**Exclusionary Rule** - A court rule that states where evidence has been obtained in violation of the search and seizure protections guaranteed by the U.S. Constitution, the illegally obtained evidence cannot be used at the trial of the defendant.

**Good Faith Exception** - To the Exclusionary Rule provides that evidence is not to be suppressed where that evidence was discovered by officers acting in good faith and in reasonable, though mistaken, belief that they were authorized to take those actions.  [United States v. Leon, 468 U.S. 897].  This exception recognizes that officers who have acted with objective good faith have a right to rely upon the issuing magistrate's determination that a substantial basis existed for finding probable cause.  [Black's Law Dictionary, 6th ed.]

**Exigent Circumstances** - Situations that demand unusual or immediate action.  Exigent circumstances in relation to justification for warrant less arrest or search refers generally to those situations in which law enforcement agents will be unable or unlikely to effectuate an arrest, search or seizure for which probable cause exists unless they act swiftly and without seeking prior judicial authorization.  [Black's Law Dictionary, 6th ed.]

An exception to the rule requiring search warrant is the presence of exigent or emergency-like circumstances as for example presence of weapons in a motor vehicle stopped on a highway and such exigent circumstances permit warrant less search and seizure.  [Chambers v. Maroney, 399 U.S. 42]

DRAPER-CHT-0137



**Draper City**

**DRAPER CITY POLICE DEPARTMENT
POLICIES AND PROCEDURES**

Where there are exigent circumstances in which police action literally must be "now or never" to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation.  [Roaden v. Kentucky, 413 U.S. 496, 505]; New York v. Belton, 453 U.S. 454]

**The Fruits of a Crime -** Property stolen or embezzled, or that which is obtained or acquired as a consequence of the crime.

**Fruit of Poisonous Tree Doctrine -** Evidence which is spawned by or directly derived from an illegal search or illegal interrogation is generally inadmissible against the defendant because of its original taint, though knowledge of facts gained independently of the original and tainted search is admissible.  [Wong Sun v. U.S. 371 U.S. 471]

This doctrine is to the effect that an unlawful search taints not only evidence obtained at the search, but facts discovered by process initiated by the unlawful search.  This doctrine is generally applied to cases involving searches in violation of the 4th Amendment to the Constitution right against unlawful searches and seizures, but it can be applied to searches in violation of a statutory right.  [Black's Law Dictionary, 6th ed.]

**Illegally Obtained Evidence -** Evidence which is obtained in violation of defendant's rights because officers had no warrant and no probable cause to arrest or because the warrant was defective and no valid grounds existed for seizure without a warrant.  Such evidence is inadmissible in a criminal trial of the victim of such search.  [Mapp v. Ohio 367 U.S. 643]

**Incident to Arrest -** A search can be "incident to arrest" only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.  [Black's Law Dictionary, 6th ed]

**Search Incident to Arrest -** a police officer who has the right to arrest a person either with or without a warrant may search his person and the immediate area of the arrest for weapons. [Chimel v. California 395 U.S. 752]

**The Instrumentality of the Crime -** Property designed, used, or intended to be used as a means of committing a crime.

**Inventory Search -** An inventory search is not an independent legal concept but rather an incidental administrative step following arrest and preceding incarceration.  [Illinois v. LaFayette 462 U.S. 640]

An inventory search provides the following:
- Protection of the owner's property
- Protection against false claims

Revised 10/29/2009ra

DRAPER-CHT-0138



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

- Protection from dangerous items

**Knock and Announce** - A rule for execution of arrest and search warrants requires that police knock and announce their authority and purpose before entering into a home.  [Black's Law Dictionary, 6th ed.]  A peace officer, whether he arrests by virtue of warrant or by virtue of his authority to arrest without warrant on probable cause, can break the door of a house to affect arrest only after first stating his authority and purpose for demanding admission.  [Miller v. U.S. 357 U.S. 301; 77-23-10 U.C.A.]  The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.  [77-23-10 U.C.A.]

**Mapp v. Ohio  [367 U.S. 643]** - Evidence illegally obtained by state officers is not admissible in a state trial if appropriate motions are filed to suppress.  The rationale for the rule is that the 4th Amendment protection against unreasonable search and seizure is applicable to the states under and through the 14th Amendment.  (See Exclusionary Rule)

**Plain View Doctrine** - In search and seizure context, objects falling in plain view of officer who has the right to be in a position to have that view are subject to seizure without a warrant and may be introduced in evidence.  [Harris v. U.S. 390 U.S. 234, 236].

Under plain view doctrine warrant less seizure of incriminating evidence may be permitted when police are lawfully searching a specified area or it can be established that police had prior justification for intrusion into the area searched, that police inadvertently came across item seized, and that it was immediately apparent to the police that the item seized was evidence. [Washington v. Chrisman 455 U.S. 1,5].

However, the plain view doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at least emerges.  [Coolidge v. New Hampshire 403 U.S. 443, 466]

Corollaries of Plain View are Plain Feel and Plain Smell and this can extend to all five human senses.  The items seized may be seized only if it is immediately apparent that the item is evidence or contraband.

Items located in plain view, where they are not immediately apparent as evidence or contraband may not be seized without due process.  [State v. Holmes, 774 P.2d 506 (Utah App. 1989), 107 Utah Adv. Rep. 74]

**Poisonous Tree Doctrine** - Doctrine refers to an illegal arrest or search which leads officers to evidence seized in a proper manner that may be inadmissible because of the taint of the original illegality.  [Black's Law Dictionary, 6th ed.]  [Same as Fruit of the Poisonous Tree -(K)]

Revised 10/29/2009ra

DRAPER-CHT-0139



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

**Probable Cause** - Having more evidence for than against.  A reasonable ground for belief in certain alleged facts.  A set of probabilities grounded in the factual and practical considerations which govern the decisions of reasonable and prudent persons and is more than mere suspicion but less than the quantum of evidence required for conviction.  [Black's Law Dictionary, 6th ed]

Probable cause is the existence of circumstances which would lead a reasonable prudent person to believe in the guilt of the arrested party; mere suspicion or belief, unsupported by facts or circumstances, is insufficient.  [Black's Law Dictionary, 6th ed.]

It permits an officer to arrest one for a felony without a warrant.  Probable cause justifying the officer's arrest without warrant has been defined as a situation where the officer has more evidence favoring suspicion that the person is guilty of the crime, than evidence against such suspicion, but there is some room for doubt.  [Black's Law Dictionary, 6th ed.]

The finding of probable cause for issuance of an arrest warrant ( as required by the 4th Amendment) may be based upon hearsay evidence in whole or part.

**Reasonable Suspicion** - Such suspicion which will justify an officer, for 4th Amendment purposes, in stopping the defendant in a public place is quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand [Black's Law Dictionary, 6th ed.].  It must be based on specific and articulable facts, which, when taken together with rational inferences from those facts, reasonably warrant intrusion.  [Black's Law Dictionary, 6th ed.]

"Because a trained law enforcement officer may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer, he may assess these facts in the light of his experience."  [State v. Baumgaertel, 762 p. 2d 2 (Utah App. 1988)].  However, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop."  [State v. Deitman, 739 p. 2d 616 (Utah 1987)].

**Search Warrant** - An order in writing, issued by a justice or other magistrate, in the name of the state, directed to a sheriff, constable, or other officer, authorizing him to search for and seize any property that constitutes evidence of the commission of a crime, contraband, the fruits of a crime, or things otherwise criminally possessed; or, property designed or intended for use or which is or has been used as the means of committing a crime.  A warrant may be issued upon an affidavit or sworn oral testimony.  [Black's Law Dictionary, 6th ed]

**A General Search Warrant** - Is one which fails to sufficiently specify place or person to be searched or things to be seized and is illegal (under the 4th Amendment) as authorizing a random or blanket search in the sole discretion of police. [Black's Law Dictionary, 6th ed]

**Search without Warrant** - Is presumed to be a violation of the Constitution.  In order to validate such a search the state must prove an exception to the warrant requirement such as consent, exigent circumstances, or a search incident to arrest.

Revised 10/29/2009ra

DRAPER-CHT-0140


A search without a warrant but incidental to arrest is permitted if it does not extend beyond the person of the accused and the area into which the accused might reach in order to grab a weapon or other evidentiary items.  [Chimel v. California 395 U.S. 752]

**Stop and Frisk** - The situation where police officers who are suspicious of an individual run their hands lightly over the suspect's outer garments to determine if the person is carrying a concealed weapon.  Also called a patdown or threshold inquiry, a stop and frisk is intended to stop short of any activity that could be considered a violation of 4th Amendment rights.  [Black's Law Dictionary, 6th ed]

A police officer has the right to stop and pat down a person suspected of contemplating the commission of a crime.  Reasonable suspicion which is sufficient for stop and frisk is more than a mere hunch but less than probable cause.  [U.S. v. Sokolow, 104 L.Ed.2d 1]  The scope of the search must be strictly tied to and justified by the circumstances which rendered the initiation of the stop.  [Terry v. Ohio 392 U.S. 1]

A frisk for identification is outside the purview of permissible police conduct during an investigatory stop.  [State v. Rawlings, p. 2d 1991 WL 93518 (Idaho App. 1991) (SWAP 1991)]

**Terry, Terry Stop(s), Terry v. Ohio** - See Stop and Frisk and § D46-06-00.00.

**Totality of Circumstances Test** - A test used to determine the constitutionality of various search and seizure procedures, e.g. issuance of a search warrant.  [Illinois v. Gates 462 U.S., 213,238,239].  This standard focuses on all the circumstances of a particular case, rather than any one factor.

The determination of whether probable cause exists must not rest on isolated facts; rather it depends on the cumulative effect of the facts in the totality of circumstances.  [U.S. v. McGlynn, 671 F 2d 1140 (8th Cir. 1982)]

**Warrant - Arrest** - A written order of the court which is made on behalf of the State, or United States, and is based upon a complaint issued pursuant to statute and/or court rule and which commands law enforcement officers to arrest a person and bring him before a magistrate.  [Black's Law Dictionary, 6th ed.]

The warrant shall be signed by the magistrate and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty.  It shall describe the offense charged in the complainant.  It shall command that the defendant be arrested and brought before the nearest available magistrate.  [77-7-5, U.C.A.]  Any peace officer who has knowledge of an outstanding arrest warrant may arrest the person without having physical possession of the warrant.  [77-7-11, U.C.A.]

DRAPER-CHT-0141



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any peace officer authorized by law to execute it.  Upon the request of the attorney for the government a summons instead of a warrant shall issue.  More than one warrant or summons may issue on the same complaint.  If a defendant fails to appear in response to the summons, a warrant shall issue.  [Black's Law Dictionary, 6th ed. See also; 77-7-18; 77-7-19; 77-7-20; 77-7-21, U.C.A.]

## Protection against Unreasonable Search and Seizure

The Constitution affords protection for the individual against unreasonable search and seizure. [Mapp v. Ohio 367 U.S. 643]

The reasonableness of a search is justified by the rationale leading to it; not the resulting seizure of incriminating property.  With due consideration to the individual's rights, the courts can not and will not allow a search based on a hunch or arbitrary judgment.  Every step leading to a search must follow in a logical progression and build to a sound basis of probable cause.  Critical information that is skipped will destroy the escalating steps for probable cause to be established and will invalidate the search.

## Search and Seizure Without a Warrant - Body Cavities

Body cavities may be searched only in extraordinary circumstances, otherwise a warrant is required.  An officer may use reasonable force to search the mouth if extraordinary circumstances exist.  For instance, if the arresting officer has strong reason to believe the person has put sizable property into his mouth, and to prevent the person from swallowing that property.

The anus or the vagina of an arrested person may be subjected to a visual search in extraordinary circumstances, by an officer of the same sex or by someone of the same sex acting in the officer's aid.  The search of the anus or vagina by touch, instrument, or other invasive measure, and search of the stomach or intestines may be conducted only by a physician.  If such a search is necessary a warrant must be obtained.

A person who is arrested for a traffic offense may be searched completely like any other arrested person.  If a person is not arrested for a traffic offense and merely cited, he may not be searched unless other circumstances dictate such a search.  [Terry v. Ohio].

## Search by Consent

A person may waive his right to search and seizure.  Mere acquiescence or passive acceptance does not amount to consent.  When a search by consent is challenged, the courts consistently

Page 270 of 329

DRAPER-CHT-0142


require the state to show that informed consent was in fact freely given.  Some elements of a valid search by consent are:

- The identity of the person giving consent and his authority to do so.

- Precise description of the places to be searched and the things to be searched for.

- Absence of any duress, coercion, threats, or promises to obtain consent.  A written statement granting permission and signed by the consenting person is the best way to ensure the admissibility of evidence.  Only a person having the authority over the premises can consent to their search.  The authority over the premises must be distinguished from ownership and the right to be present.

- Joint occupants - spouses, partners, roommates - may consent to the search of shared areas as well as areas under their own control.  They may not consent to search of areas under the exclusive control of the other.

- A landlord or innkeeper, may not consent to the search of a tenant's premises.  The only exception would be if it could be shown that a reasonable person would believe, based on the circumstances at hand, that the tenant had abandoned the premise.

- An employee, unless specifically authorized or qualified by the nature of his position, may not consent to the search of his employer's premises.  An employer may not consent to the search of property set aside for his employee's exclusive use.

- A parent may consent to the search of an area occupied by his child living at home.  A child may not consent to the search of his parent's premises except those under the child's control.  If the facts clearly show a non-familial relation between parent and child, (the parent is the child's landlord, an adult child shares rent with a parent, etc.), the rules of that relation prevail.

- A host may consent to the search of premises occupied by a guest or visitor, but not to the search of a guest's personal property.  A visitor or guest may not consent to the search of his host's premises.  A long-term guest may acquire a tenant's right of privacy in some circumstances.  Mere permission to enter is not a consent to search.  It does establish lawful presence and therefore allows an officer to seize items immediately apparent as evidence or contraband in plain view.  The consent to search one area does not allow search of other areas.  The person may withdraw the consent to search at any time.  At such time the search must be stopped.  Evidence or contraband found before then may be seized and the area secured.  Even though a person does not consent to the search of his premises, the manner and circumstances of his refusal may contribute to the probable cause needed to get a search warrant.

DRAPER-CHT-0143



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

# Searches in Emergency Situations

When an officer reasonably believes the officer needs to enter a private place to save a life or prevent injury or serious property damage, or to prevent the imminent destruction of evidence or contraband, the officer may do so even by the use of force.  The officer may search a private place when in hot pursuit for an offender, or when the officer reasonably believes that contraband will be disposed of if the officer delays.

When destruction of evidence or contraband is imminent, immediate entry to freeze and protect the scene until a warrant can be served, is lawful.

Authority of Peace Officer to Frisk Suspect for Dangerous Weapon

A peace officer who has stopped a person temporarily for questioning may frisk the person for a dangerous weapon if he reasonably believes he or any other person is in danger. [77-7-16 U.C.A.]  A frisk can not be used as a pretext to justify seizure of things not reasonably thought to be weapons.  Any arrest based on such a search is illegal.  However, discovery of a concealed weapon is probably grounds for an arrest and would allow a further search of the person to take place.

# Search of a Vehicle

Because of the mobility and potential for mobility, vehicles pose special problems to peace officers.  The general rule is that a vehicle may be searched without a warrant if there is probable cause to believe it contains sizable property e.g., contraband and evidence.  Mere belief or suspicion is not enough to justify such searches.

Definitions

Motor Vehicle:  Any vehicle operating or capable of being operated on public streets or highways to include automobiles, trucks, trailers, recreational vehicles, mobile homes, motor homes and any other type of vehicle, whether self-propelled or towed.  This policy does not apply to vehicles of any type that have been immobilized in one location for use as a temporary or permanent residence or storage facility, or which are otherwise classified by the law as residences or buildings.

Search:  An examination of all or a portion of the vehicle with an investigatory motive (e.g., for the purpose of discovering fruits, instrumentality's or evidence of a crime or contraband, or to enter the vehicle to examine the vehicle identification number or determine the ownership of the vehicle).  Inventories of personal property conducted pursuant to impoundment of the vehicle are covered by this policy.  (§ D89-07-00.00).

Revised 10/29/2009ra

DRAPER-CHT-0144



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Procedures

When Vehicle Searches May Be Conducted

Whenever feasible, a warrant will be obtained for the search of a motor vehicle. Warrant less searches are to be conducted only when lack of time or other exigencies make it impractical for officers to obtain a warrant.  When a vehicle has broken down, or there is otherwise no significant chance the vehicle will be driven away or that evidence contained within it will be removed or destroyed, the vehicle should be searched only after a warrant has been obtained even though a warrant is not legally required as the vehicle exception still applies.  In other cases, vehicles may be searched:

- When probable cause to search the vehicle exists.

- With consent of the operator.

- Incident to an arrest of the occupants of the vehicle (which occupants, what the arrest is for, will all have a bearing on whether or not the trunk or locked containers can be searched).

- To frisk for weapons in readily accessible areas.

- When necessary to examine the vehicle identification number or to determine the ownership of the vehicle.

- Under emergency circumstances not otherwise enumerated above.

Scope of Vehicle Searches (Excluding Inventories)

Searches with a warrant:
When searching under a warrant, officers may search all areas of the vehicle unless the warrant states otherwise.

Probable cause searches:
Probable cause searches may extend to all areas of the motor vehicle, unless the probable cause is limited to a specific area of the vehicle or a specific package in the vehicle.

Consent searches:
The extent of a consent search depends upon the terms of the consent itself.  If the consent is limited to specific areas of the vehicle, officers may search only portions of the vehicle covered by the consent.

Revised 10/29/2009ra

DRAPER-CHT-0145



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Consent will usually not extend to locked items such as briefcases or suitcases.  Ask to search these by requesting the key or requesting the person to unlock them.

Searches incident to arrest:
Searches of vehicles incident to the arrest of an occupant shall be limited to areas within reach of the arrestee (normally the passenger area of the vehicle).  The trunk, the engine compartment and locked compartments within the passenger area normally may not be searched.

Frisks for weapons:
Frisks for weapons normally must be confined to the passenger area of the vehicle.  Areas not immediately accessible to the vehicles occupants, such as a locked glove compartment, may not be frisked.

Entries to examine a vehicle identification number or to determine ownership of the vehicle.
Entries made to examine the vehicle identification number or to determine the ownership of the vehicle must be limited to actions reasonably necessary to accomplish these goals.

Emergencies:
Search of a motor vehicle under emergency circumstances not otherwise enumerated above must be co-extensive with the nature of the emergency.  The proper extent of the search must therefore be determined by search personnel in each specific situation, but in no event will be extent of the search exceed that necessary to respond properly to the emergency.

Note:  Where the initial search discloses probable cause to believe that other portions of the vehicle may contain fruits, instrumentalities or evidence of a crime or contraband, any additional portions of the vehicle may be searched that could reasonable contain the items being sought.

Search of Containers Found in Vehicle:
Usually containers in motor vehicles shall not be searched unless it could contain the item(s) being sought.  In addition:

Unlocked containers found in motor vehicles are governed by the nature of the search, as follows:

In a probable cause search, containers such as paper bags, cardboard boxes, wrapped packages, etc., wherever found in the vehicle, may be opened.

When the passenger compartment of a vehicle is being searched incident to an arrest, such containers found within the passenger compartment may be opened.

Revised 10/29/2009ra

DRAPER-CHT-0146



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Containers discovered during a consent search of the vehicle may be opened provided that the terms of the consent expressly permit or reasonably imply that the particular container may be opened.  Locked items usually require individual, separate and specific consent, e.g., suitcase, briefcase etc.

Containers found in an abandoned vehicle under circumstances that do not justify their search under probable cause rules or in connection with a search incident to arrest should be secured but not searched until a warrant is obtained to search them.

- Locked containers such as attaché cases, suitcases and footlockers found during a vehicle search should be opened only if one of the following applies:

- Probable Cause Searches
  If probable cause exists to believe contraband or evidence is contained within the vehicle, any container in which the contraband or evidence can be concealed may be opened and searched.  (California vs Acevedo 500 US 565 19910)

The search is being conducted under warrant:
A valid consent to open the locked container is first obtained.  Where these conditions are not met, locked containers should be secured by search personnel and opened only after a warrant has been obtained.

During a lawful inventory of a vehicle:
No probable cause is needed during a lawful inventory of a vehicle to look in locked glove-boxes, trunks, briefcases or elsewhere.  Inventories are administrative in nature and are a caretaking function of the Department.

Location and Time of Search:
Whenever possible, search of a motor vehicle, and of containers found therein should be conducted at the location where the vehicle was discovered or detained.

Under exigent circumstances, search of the vehicle or container may be delayed and/or conducted after the vehicle or container has been moved to another location.  However, in all instances searches shall be conducted as soon as is reasonably possible; that is, as soon as adequate personnel are available to conduct a thorough search with due regard for the safety of all officers, citizens and property concerned.

Conduct of the Search:
Motor vehicle searches shall be conducted in a manner that minimizes the intrusiveness of the search and the inconvenience caused to the vehicle owners, occupants and other persons involved.  Where possible, damage to the vehicle or to other property in the course of the search

Page 275 of 329

DRAPER-CHT-0147



**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

should be avoided.  Where unavoidable, such damage should be confined to that reasonably necessary to carry out a safe and thorough search.

Abandoned Vehicles:
Examination of a vehicle that has been abandoned on a public thoroughfare is technically not a search.  If an officer can determine in advance that the vehicle has been abandoned, examination of the interior of the vehicle shall be conducted.

Seizure of Evidence:
Any evidentiary items discovered in the course of a motor vehicle search shall be collected, handled, packaged, marked, transported and stored in accordance with applicable policies and procedures of this Department.  Itemized receipts for seized property shall be given to the owner and/or occupants of the vehicle.

Compliance with Health and Safety Requirements:
Searches of motor vehicles are to be conducted in strict compliance with all applicable laws, governmental regulations, and Departmental policies and procedures pertaining to the protection of Departmental personnel from communicable diseases and hazardous substances.
Any exposure of search personnel or others to such substances shall be reported in accordance with regulations, policies and procedures of this Department.

Security of Vehicles and Property Continued Therein:
If a search of a vehicle leaves the vehicle or any property contained therein vulnerable to unauthorized entry, theft or damage, search personnel shall take such steps as are reasonably necessary to secure and/or preserve the vehicle or property from such hazards.  This includes impounding of the vehicle if necessary.

Responsibility of Officer:
If a vehicle search is conducted under a warrant, the officer shall ensure that the execution of the warrant is properly reported to the issuing court or other authority.  The officer shall also be responsible for making any other reports regarding the search that may be required by law, policy or procedure.

A vehicle is not subject to a search incident to a traffic violation where the driver is cited or arrested on a misdemeanor citation.  Additional facts may establish probable cause for a search e.g., odor of marijuana, portion of a weapon visible, drunk driver.

Impounded vehicles must be examined and an inventory made of the contents.  This includes locked glove-boxes, trunks, and items inside the impounded vehicle.  Such examination is for the purpose of safekeeping and is inventorial only in nature.  Items plainly apparent as contraband or evidence are to be seized and a report made.

Fruits of a crime, instrumentalities of a crime, or contraband found during the course of the inventory may be seized.  An inventory of a vehicle under these circumstances may not be used

DRAPER-CHT-0148



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

as a pretext to conduct a search.  The removal of door panels, seats, hub caps, etc., is considered to be unreasonable under an inventory search.  Vehicles subject to forfeiture may be searched completely.

Vehicles which are themselves evidence, fruits or instruments of a crime, may be searched without a warrant.  Examples are hit and run vehicle, stolen car.

If probable cause exists to search a vehicle where it was stopped, then the search may be continued without a warrant after the vehicle is moved to a more convenient location.

## Search of Abandoned Property

Items of property thrown away or left in a constitutionally unprotected place, may be seized and examined.  This includes things dropped or otherwise discarded by a person, but not things temporarily separated from him.  Items can be looked at to determine ownership.

## Search of Open Fields - Curtilage

Private property not used for domestic purposes may be searched without a warrant and without locating the owner for consent.  The area and the building around a house, whether fenced or not, may not be searched on the open field doctrine.  Curtilage is defined as any land or building immediately adjacent to a dwelling, and usually it is enclosed some way by a fence or shrubs. [U.S. v. Romano D.C.Pa., 388 F.Supp. 101, 104.]

Curtilage for search and seizure purposes, includes those outbuildings which are directly and intimately connected with the habitation and in proximity thereto and the land or grounds surrounding the dwelling which are necessary and convenient and habitually used for family purposes and carrying on domestic employment.  [State v. Hanson, 113 N.H. 689, 313 A,2d 730, 732.]

## Seizure of Things in Plain View

Contraband or evidence of a crime may be seized if it can be seen from a place where an officer has a right to be e.g.,:  an officer seeing a marijuana plant growing on a balcony if seen from a public alley.  A situation such as an officer being in a residence and having to move an item of furniture or a drape, and that movement revealing a gun, may not fit into this doctrine.  The gun may not be contraband and the movement of the furniture/drape, unless exigent circumstances for that movement existed, will not be valid.

Revised 10/29/2009ra

DRAPER-CHT-0149



**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

## Seizure of Things under Plain Feel

Contraband or evidence of a crime that is not visible to the human eye, may be seized if it can be felt by an officer while conducting a lawful frisk or search.

## Seizure of Things under the Plain Smell Doctrine

Contraband or evidence of a crime that is not visible to the human eye, may be seized if it can be smelled by an officer who has a lawful right to be in the place where the odor is evidenced.

## Miscellaneous

An officer may also develop probable cause to search when alerted by the actions of an animal, such as a trained dog.  Unusual actions of untrained animals may also give reason to investigate further.

Search Warrant Defined          (Ref.  U.C.A. 77-23-1)

Obtaining a Search Warrant

A magistrate must evaluate and review the facts to determine if there is probable cause for issuance of a search warrant.  He can do so only on the basis of oath or affirmation by the officer seeking the warrant.  That oath or affirmation must describe with particularity the person or place to be searched and the person, property or evidence to be seized.

It is essential that the affidavit clearly set forth the grounds for the warrant to be issued.  The place to be searched must be precisely identified, the property to be seized must specifically  be described, and the facts and information establishing probable cause clearly and carefully presented.  [U.C.A. 77-7-5; 77-23-1 et seq.]

A warrant may be issued upon any of the following:

- When the property was unlawfully acquired or possessed.  With a warrant it may be seized from the place it is concealed.  It may also be taken from the person who is in possession of it at the time.

- When the property was used or possessed for the purpose of being used to commit an offense.  It may be taken from the place it is concealed.  It may also be taken from the person who is in possession of it at the time.

- When the property is evidence of illegal conduct, it may be taken by power of the warrant from such a person, or from any place occupied by that person or under that person's control, or from the possession of the person to whom it may have been delivered.

Page 278 of 329

DRAPER-CHT-0150



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Executing a Search Warrant

A search warrant may only be served by the officer(s) mentioned in its directions, or by others acting in the initial officer's aid with that initial officer present.

The search must be conducted in a reasonable manner.

Search must be conducted during the daytime unless the warrant specifically allows search at night.  Good cause for a night-time search must have been presented in the affidavit.  Utah law defines daytime or nighttime as from one-half hour after sunset to one-half hour before sunrise. [41-6-118; 41-6-129 U.C.A.; 866 p2 618 (1993) State v. Simmons]

Therefore the rule this Department will follow is that nighttime begins thirty minutes after sunset and ends thirty minutes before sunrise, or unless otherwise specified on the warrant.  Note: Federal warrant law defines nighttime as the hours between 10:00 p.m. and 6:00 a.m. local time. Be aware of the type of warrant and act accordingly.

The warrant must be served as soon as possible, with the above restrictions and conditions in mind, but no later than 10 days following issuance.

When executing a search warrant, an officer may use reasonable force to gain entry if:

- After announcing the authority and purpose of the entry, there is no response or he is not admitted with reasonable promptness.

- If the warrant specifically allows such entry.  The magistrate can issue a no-knock warrant only if there is probable cause to believe that the property to be seized is an item that may be easily disposed of, or that serious danger to the officer or others would result if notice were given.

Persons may not be searched unless they are specifically identified on the warrant, unless circumstances indicate a danger to the officer or others.

The search must be conducted in a manner consistent with the things to be seized.  Searches into areas where an item could not possibly are not allowed.  Needless damage to or destruction of property will render the search unreasonable.

At the time of warrant service, if the possessor of the premises is present, that possessor may be allowed to observe the search and his cooperation in the search should be solicited.  However, that possessor may not obstruct the search or interfere with the officers.

If the possessor of the property is absent at the time of the search, the premises, or other property, must be secured upon completion of the search.

Revised 10/29/2009ra

DRAPER-CHT-0151



Access to and from the place being searched may be controlled as well as access to telephonic and electronic communications.

Seizure of Property

Property Not Specified on the Warrant
A search warrant allows active exploration only for the property described on the warrant.  If during the course of a reasonable search for the property described in the warrant, the officer finds other property which is immediately apparent as any fruits or instrumentalities of a crime, contraband, or other evidentiary property, it may be seized.

Such property must be listed separately and identified on the inventory returned to the magistrate.  Property on which you must run a check to determine if it is stolen will require a separate warrant as it is not immediately apparent it was evidence or contraband.  Items not immediately apparent as contraband or evidence will require an additional warrant.

Receipt for Property Taken
A detailed receipt for any property seized must be given to its possessor, or left where the property was found or seized, if no responsible person is present to take the receipt.

# Return of Warrant and Inventory

The officer who obtained the warrant and executed same, must return the warrant with a written inventory of the property seized, attached to the issuing magistrate.  The inventory must have been made in the presence of witnesses or in the presence of the possessor of the property seized and the affiant for the warrant; and the officer must swear that the inventory is true and complete.

Warrant Requirement

A warrant is always required unless a court recognized exception to the warrant requirement exists.  These exceptions are contained in § D46-04-00.00 Search By Consent, § D46-05-00.00 Searches In Emergency Situations, § D46-06-00.00 Frisk for Dangerous Weapons, § D46-07-00.00 Automobile Exception, § D46-08-00.00 Search of Abandoned Property, or § D46-10-00.00 Search of Things in Plain View.

It is Department Policy to obtain search warrants whenever possible.  Do not try to stretch the exception. If the question exists as to whether or not a warrant is required, obtain the warrant.

Revised 10/29/2009ra

DRAPER-CHT-0152



**Draper City**

**DRAPER CITY POLICE DEPARTMENT
POLICIES AND PROCEDURES**

# USE OF FORCE

It is imperative that officers act within the boundaries of legal guidelines and ethics, good judgment, and accepted practices whenever using force in the course of duty.  Department Policies concerning the use of force and firearms are intended to offer general guidelines so that officers can be confident in their lawful exercise of such force.  These policies do not cover every possible situation. The policy offers a foundation on which to base critical decisions regarding the use of force.

## Deadly Force - Statutory Authority

Authority to Use Deadly Force

Peace officer's use of deadly force:

A peace officer, or any person acting by his command in his aid and assistance, is justified in using deadly force when:

- the officer is acting in obedience to and in accordance with the judgment of a competent court in executing a penalty of death;

- effecting an arrest or preventing an escape from custody following an arrest, where the officer reasonably believes that deadly force is necessary to prevent the arrest from being defeated by escape; and

  - the officer has probable cause to believe that the suspect has committed a felony offense involving the infliction or threatened infliction of death or serious bodily injury; and

  - the officer has probable cause to believe the suspect poses a threat of death or serious bodily injury to the officer or to others if apprehension is delayed;

- the officer reasonably believes that the use of deadly force is necessary to prevent death or serious bodily injury to the officer or another person.

If feasible, a verbal warning should be given by the officer prior to any use of deadly force under Subsection (1) (b) or (1) (c)." (76-2-404 Utah Code)"

## Justification for Use of Deadly Force

Justification for the use of deadly force must be limited to what reasonably appear to be the facts known or perceived by an officer at the time the officer decides to use such force.

Page 314 of 329

Revised 10/29/2009ra

DRAPER-CHT-0153



**Draper City**

**DRAPER CITY POLICE DEPARTMENT**
**POLICIES AND PROCEDURES**

Facts unknown to an officer, no matter how compelling, cannot be considered at a later date to justify the use of such force.

<u>Considerations in Use of Deadly Force</u>

Deadly force shall ONLY be exercised when all reasonable alternatives have been exhausted or appear impractical.  Officers should consider:

- Other methods of affecting an arrest.

- The direction in which the firearm is to be discharged because of the possibility that innocent persons or property may be struck.

- The age of the suspect and the offense committed.

- Light conditions (extreme caution must be used at night or when other conditions obscure the officer's vision).

- The danger of firing while running or jumping.

# Use of Force Other Than Deadly Force

## Statutory Guidelines

<u>Force in Arrest</u> (76-2-403)

Any person is justified in using any force, except deadly force, which he reasonably believes to be necessary to affect an arrest or to defend him self or another from bodily harm while making an arrest.  (Utah Code)

<u>Fleeing or Resisting Person</u>

An arrest is an actual restraint of the person arrested or submission to custody. The person shall not be subjected to any more restraint than is necessary for his arrest and detention.  (77-7-1 Utah Code)  If the arrested person flees, forcibly resists, or jeopardizes the officers' safety or the safety of others, the officer may use force which the officer believes to be reasonably necessary to affect an arrest or to retain custody by preventing escape.  The officer is never authorized to use punitive force or punitive measures while affecting an arrest or preventing an escape.  Deadly force is authorized only under the criteria contained in § D50-02-01.00.

Revised 10/29/2009ra

DRAPER-CHT-0154



Preventing Escape from Confinement

"An inmate who is housed in a secure correctional facility and is in the act of escaping from that secure correctional facility or from the custody of a peace or correctional officer is presumed to pose a threat of death or serious bodily injury to an officer or others if apprehension is delayed." An inmate who is housed in a secure correctional facility, and is in the act of escaping from a correctional officer or a peace officer who has custody of the individual outside the secure facility is also presumed to pose a threat of death or serious bodily injury to an officer or others if apprehension is delayed.

"Secure correctional facility" means any prison, penitentiary, or other institution operated by the department or under contract for the confinement of offenders, where force may be used to restrain them if they attempt to leave the institution without authorization."  (64-13-1 (9) Utah Code)"

Arrest with a Warrant

The possession of a warrant of arrest does not provide the officer any additional powers to use force.  The use of force or deadly force guidelines are the same whether or not a warrant exists.

Misdemeanants and Juveniles

An officer shall not use deadly force to effect an arrest or prevent the escape of one known by the officer to be a misdemeanant or a juvenile unless such person is attempting to escape by use of a deadly weapon or otherwise indicates that they will endanger human life or inflict great bodily harm unless arrested without delay or in situations where deadly force is necessary for the immediate protection or safety of the officer or others.

Incidents Resulting in Death or Injury of a Person

Sergeant's Responsibilities

The patrol Sergeant responding to the scene shall be responsible for the following duties:

The Sergeant arriving at the scene will obtain the basic facts of the incident. The Sergeant will incorporate this information in their report.  The scene will be protected by sealing off the immediate area and, if possible, removing unauthorized persons - including police officers not required at the scene. The Sergeant will escort and maintain control of the officer(s) weapon(s) and magazines until it can be examined in the loaded state by the follow up officer assigned.

The involved officer will not be required to fill out the initial report.  A Detective case investigator will fill out the initial report before going off duty.

Revised 10/29/2009ra

DRAPER-CHT-0155