R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Oral Argument Requested)<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Draper City, Draper City Police Department ("DCPD"), Police Chief Mac Connole, Officer J. Patterson,

Officer David Harris, and Officer Heather Baugh (collectively "Defendants"), by and through their undersigned counsel, hereby submit this Reply Memorandum in Support of Defendants' Motion for Judgment on the Pleadings [Doc. 17]. For the following reasons, Plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth causes of action should be dismissed with prejudice.

## BACKGROUND

Defendant filed his Complaint on May 15, 2014.[1] The parties exchanged initial disclosures on January 15, 2015. On that same day Plaintiff moved to amend his Complaint.[2] On February 2, 2015, Defendants notified Plaintiff and the Court that it would not oppose the Motion for Leave to Amend.[3] Plaintiff then filed an Amended Complaint on March 6, 2015.[4]

On July 7, 2015, Defendants filed their Motion for Judgment on the Pleadings.[5] On July 21, 2015, Defendants served discovery requests on Plaintiff. Counsel for the parties exchanged correspondence regarding Plaintiff's requests for extensions, and then counsel for Plaintiff sent a letter on Friday, August 7, 2015, in which she claimed that alleged deficiencies in Defendants' Initial Disclosures prevented her from sufficiently pleading her causes of action.[6] Plaintiff's counsel threatened to file a Motion to Compel and a Motion to Stay Briefing on the Motion for Judgment on the Pleadings if she did not receive certain documents by Tuesday, August 11,

---

[1] Complaint and Jury Demand, Doc. 1.
[2] Motion for Leave to File Amended Complaint, Doc. 9.
[3] Notice of Non-Opposition to Plaintiff's Motion for Leave to File Amended Complaint, Doc. 10.
[4] First Amended Complaint and Request for Trial by Jury, Doc. 12.
[5] Doc. 17.
[6] *See* August 7, 2015 Letter from Lisa Marcy, Exhibit 1 to Plaintiff's Memorandum in Opposition, Doc. 18-1.

2015.[7]  Defense counsel responded to the letter on August 11, 2015 by indicating that it would review its initial disclosures and supplement as needed, but this should not impact counsel's ability to respond to the Motion for Judgment on the Pleadings, since such a motion by definition does not usually consider any evidence outside of the pleadings.[8]  Counsel also pointed out that Plaintiff had never raised a concern about the Initial Disclosures during the preceding eight months, nor had he propounded any discovery on Defendants seeking any of the documents he claimed he needed in order to adequately plead his claims.[9]  On August 24, 2015, Defendants supplemented their Initial Disclosures to produce policies that support their defenses.

Discovery is currently ongoing, with the deadline to serve written discovery set for September 15, 2015.  Defendants intend to continue supplementing their disclosures in accordance with their Rule 26 obligation.

## ARGUMENT

### I.   PLAINTIFF'S CONCESSIONS.

Plaintiff makes several concessions in his Memorandum in Opposition which Defendants briefly address here.  First, Defendants' Motion argued that the Draper City Police Department ("DCPD") is a sub-governmental, and non-jural, entity that cannot sue or be sued, and therefore should be dismissed with prejudice from this lawsuit.  Plaintiff did not oppose this argument in his Memorandum.  This argument is therefore unopposed, and this Court should therefore dismiss DCPD with prejudice.

---

[7] *Id.*
[8] August 11, 2015 Letter from Blake Hamilton, attached hereto as Exhibit A.
[9] *Id.*

3

Second, Plaintiff states that he "has stipulated to the dismissal without prejudice of Counts III (Against Police Chief Connole in his Individual Capacity), IV (only against the individual officers), V (Conspiracy), and VI (Utah Constitution)."[10] Defendants have not agreed to any such stipulation.  It is true that Plaintiff offered to stipulate to the dismissal without prejudice of some of these claims in an email dated August 25, 2015, but Defendants responded that same day and explained that it was their position that these claims should be dismissed <u>with</u> prejudice.[11]  Plaintiff has already had the opportunity to amend these causes of action once before, and Plaintiff has offered no explanation to the Court as to why he believes he should be allowed the option of bringing them again in the future.  Furthermore, Count III against Chief Connole and Count IV against the individual officers are simply invalid claims, and no amount of discovery will change that.  For these reasons, this Court should dismiss these causes of action with prejudice.

## II.  DEFENDANTS HAVE ACCURATELY STATED THE FEDERAL PLEADING STANDARD.

Plaintiff argues that Defendants have misconstrued and overstated the pleading standard set forth in the *Twombly/Iqbal* line of cases.  This is not the case.  In fact, most of the language Plaintiff quotes from the case law is included in Defendants' Motion.  Namely, Defendants have already noted that Rule 8 "does not require detailed factual allegations" but does demand "more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see*

---

[10] Doc. 18, at 2.
[11] *See* August 25, 2015 Email Chain, attached hereto as Exhibit B.

*also* Doc. 17, at 2.  The Motion also stated that "[a]t a minimum, the facts pled must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Twomby*, 550 U.S. at 563); *see also* Doc. 17, at 2-3.  But those facts must be well-pled, as a Court cannot accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 663, or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Plaintiff focuses only on certain portions of the pleading standard, apparently to imply that all he must do is place Defendants on notice of his claims. This is not the federal standard, as the *Twombly* line of cases made clear.  Even in *Khalik v. United Air Lines*, cited by Plaintiff for the conclusion that all he must do is notify Defendants without providing specific facts, goes on to state that "[w]hile specific facts are not necessary, ***some facts are***." 671 F.3d 1188, 1193 (10th Cir. 2012) (internal citations omitted) (emphasis added). "[T]he *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." *Id.*  Defendants' Motion argued that Plaintiff failed to support his claims with well-pled factual allegations and instead merely made conclusory statements, which are not entitled to a presumption of truth from this Court.  Taking only the well-pled facts as true, Plaintiff failed to plead the elements of his claims and failed to show that his claims were plausible.

5

### III. PLAINTIFF'S RELIANCE UPON *WESTERN INS. CO. v. ROTTMAN* IS MISPLACED.

Plaintiff relies upon *Western Ins. Co. v. Rottman*, No. 2:13cv436-DAK, 2014 WL 793652 (D. Utah February 25, 2014) (unpublished) (an opinion authored by this Court denying in part a motion to dismiss) to argue that the Motion for Judgment on the Pleadings should be denied because certain documents were not included in Defendants' January 15, 2015 Initial Disclosures. The *Rottman* case involved claims filed by the court-appointed liquidator on behalf of a company in receivership. *Id*. at *1. The claims were against "former insiders, officers, and/or directors" of the company. *Id*. The defendants argued that the complaint should be dismissed under the *Twombly/Iqbal* standard. *Id*. Plaintiffs argued that the defendants had "refus[ed] to cooperate with [the liquidator's] investigation and his repeated requests for records," that plaintiffs needed documents "in the exclusive custody and control of Defendants," and some records were destroyed in a fire at the Defendant's home. *Id*. at *1 n.1. The Court did not reach the pleading standard, but rather held that "given the circumstances surrounding this case, it would be premature to dismiss Plaintiff's claims given the alleged lack of cooperation from Defendants and the fundamental disagreements between the parties as to the existence of and Plaintiff's access to various documents." *Id*. at *1.

Plaintiff claims that there has been a lack of cooperation on the part of Defendants here because Defendants did not include certain documents in their Initial Disclosures in January, but instead supplemented their disclosures with those documents within 2 weeks of Plaintiff's letter requesting the documents. This situation is distinguishable from the unique circumstances

6

outlined in *Rottman*. Here, Plaintiff did not make repeated requests for the documents he claims he needs, in fact, he did not alert Defendants to the alleged deficiency until nearly eight months after the disclosure. During that time, Plaintiff had the opportunity to serve discovery requests on Defendants to get documents to support his claims, but he chose not to do so. Plaintiff has also failed to show that he was forced to file a complaint, or even an amended complaint, without sufficient factual support due to a lack of cooperation at that time: the lack of cooperation allegedly occurred during the discovery period, well after the claims were brought.

It is not apparent from the *Rottman* case that the Court intended to create precedent for the argument that Plaintiff now makes, which essentially would require that discovery disputes have an impact on whether a complaint should be dismissed under Rule 12. This would fly in the face of existing precedent, which characterizes the court's function on a Rule 12 motion as "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *County of Santa Fe, N.M. v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002). Therefore, Plaintiff's request that this Court deny the Motion for Judgment on the Pleadings and order the parties to meet and confer about the existence and access to certain documents should be denied.

### IV.   COUNT TWO AGAINST OFFICER HARRIS SHOULD BE DISMISSED.

Plaintiff argues that Defendants have misunderstood the claim he intends to bring under Count II. Unfortunately, even with the filing of Plaintiff's Memorandum, it is still not clear which of Officer Harris' actions Plaintiff claims amounted to an unlawful seizure. Plaintiff

7

identifies a series of paragraphs in the Amended Complaint that he claims show that Officer Harris violated his right to be free from unreasonable seizures. Doc. 18, at 10. These paragraphs state that Officer Harris pulled Plaintiff over for driving under the influence, administered field sobriety tests, placed him under arrest, handcuffed him, moved him to another location on the driveway, did not check to see whether he was injured while he was unconscious, did not remove his handcuffs while he was unconscious, and later charged him with various crimes, some of which were dismissed, some of which ended with a guilty plea. Amended Complaint, Doc. 12, ¶¶ 20-21, 31-38, 68-86, 123-28. This sheds no light on the ambiguity that Defendants identified in their Motion. Thus, Plaintiff has failed to adequately state a claim sufficient to, at a minimum, inform Defendants of what behavior he claims amounts to an unlawful seizure.

With respect to Plaintiff's claim against Officer Harris regarding a failure to seek medical treatment, Plaintiff identifies several paragraphs that he claims establish both the objective and subjective factors for such a claim: that the medical need was so obvious that even a lay person could understand the necessity of a doctor's attention, and that Officer Harris failed to act despite his knowledge of substantial risk of serious harm.[12] The paragraphs Plaintiff identifies state that Officer Harris "did not check on Plaintiff's condition," "refus[ed] to assist" Plaintiff, "kept Plaintiff in handcuffs" despite his injuries, "leaned him against one of the[] trucks," and the officers were seen "laughing" at some point. *Id*. ¶¶ 71-76, 78-80, 82. These allegations do not rise to the level of showing that Officer Harris knew of a *substantial* risk of serious harm to

---

[12] *Estate of Booker v. Gomez,* 745 F.3d 405, 429 (10th Cir. 2014).

Plaintiff and acted or failed to act despite that knowledge, and some are merely conclusory. None of these allegations identify what Officer Harris knew. Additionally, Exhibit 3 to Plaintiff's Amended Complaint includes testimony that the officers called for medical assistance for Plaintiff right away. Doc. 12-3, at 37:23-38:5. For these reasons, this Court should dismiss Plaintiff's second cause of action against Officer Harris.

### V. PLAINTIFF'S *MONELL* CLAIM IS NOT SUPPORTED BY WELL-PLED FACTS.

Plaintiff claims that he has adequately pled his *Monell* claim, yet fails to identify well-pled facts in the Amended Complaint to support the elements of such a claim. Plaintiff argues that he meets the first element of showing an unconstitutional policy by pointing to certain paragraphs: paragraph 132, which alleges that Draper City "negligently supervised Officers Patterson, Baugh and Harris, thereby exhibiting deliberate indifference" and paragraph 133, which alleges upon information and belief that Draper City has "allowed similar acts to occur without the requisite discipline." Plaintiff also points to paragraphs in which he pled that Defendants had a "duty to implement" certain policies and "failed to train, supervise and/or discipline" the officers involved. Amended Complaint, ¶¶ 232-38. Again, these paragraphs are conclusory and simply restate the elements of a policy. See *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 7690, 769 (10th Cir. 2013) (stating that an official policy or custom is "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision").

Plaintiff also attempts to reduce Defendants' argument regarding the first element to merely complaining that Plaintiff did not provide the citations for the written policies. This was not Defendants' argument at all, rather, Plaintiff needs to provide enough facts to bring his claims into the realm of plausibility and not mere "labels and conclusions," "formulaic recitation of the elements" or "naked assertions devoid of further factual enhancement." *Iqbal,* 556 U.S. 678. Here, Plaintiff admits that he didn't even see the written policies until well after filing his Complaint, which further supports the conclusion that Plaintiff was merely reciting the elements of the *Monell* claim because he had no facts to support the claim at the time it was pled. This is exactly the type of behavior that this Court identified as problematic in *Rottman*: making "mere conclusory allegations in an effort to embark on a fishing expedition to discover unknown wrongs." *Rottman*, 2014 WL 793652, *2.

The second *Monell* element, causation, requires that "the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right" and "that the municipality was the moving force behind the injury alleged." *Schneider*, 717 F.3d at 770. Again, Plaintiff points to paragraphs containing mere conclusory allegations, reciting the element but not providing any factual support of how the alleged unconstitutional policy led to the violation here. *See* Amended Complaint, ¶¶ 211-12. These paragraphs are insufficient to adequately plead this element of a *Monell* claim.

The third *Monell* element requires that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences" and the municipality was on "actual or constructive notice that its action or failure to act is substantially certain to result in a

10

constitutional violation, and it consciously or deliberately" disregarded the risk of harm. *Schneider*, 717 F.3d at 770. Plaintiff points to paragraphs where he alleged that Defendants "developed and maintained policies, practices and/or customs exhibiting *deliberate indifference to the laws* prohibiting deprivation of [various] constitutional rights." Amended Complaint, ¶¶ 242-45. Again, these allegations are conclusory and are not entitled to the presumption of truth that well-pled facts are on a Rule 12(c) motion.[13] For these reasons, Plaintiff has failed to adequately plead this claim and it should be dismissed.

Plaintiff inserts an argument for leave to amend his complaint at the end of his argument regarding the *Monell* claim. Plaintiff again accuses Defendants for "hiding the ball" and claims that he should be allowed to amend based upon Defendants' supplemental disclosures. This Court's response to this argument should be simple: the deadline for amending pleadings has passed and Plaintiff has already amended his pleading once and must make a showing to the Court as to why he should be granted leave to amend at this juncture (at the end of written discovery and in the middle of briefing a Rule 12(c) motion). If Plaintiff feels that he can adequately amend his Complaint with respect to the *Monell* claim (or any other claim) he must file a Motion with the Court and attach the proposed amended document for review. Thus, this Court should decline to grant leave to amend at this juncture.

---

[13] Plaintiff cites to *Bohannon v. City of Milwaukee*, 998 F.Supp.2d 736, 747 (E.D. Wis. 2014), a case in which a motion for judgment on the pleadings was denied with respect to a *Monell* claim. In that case, however, the Plaintiff had pled facts showing that the City had received other prior complaints of the same behavior from the officers, and that the City encouraged the officers who were taking such action. *Id.* at 745-747. Plaintiff has failed to offer facts like these sufficient to state a plausible *Monell* claim. Where facts like these are absent from the pleading, courts dismiss the *Monell* claim. *See, e.g.*, *Christiansen v. West Valley City*, 2015 WL 3852647, *3-5 (D. Utah June 22, 2015).

11

### VI. COUNTS SEVEN AND EIGHT ARE BASED UPON CONCLUSORY ALLEGATIONS OF WILLFUL MISCONDUCT.

Plaintiff agrees that the individual officers are immune from tort claims under Utah law unless willful misconduct is adequately alleged. The only allegations Plaintiff identifies with respect to the officers' state of mind are conclusory, and therefore this element is not met and the officers are immune under the exceptions to the waiver of governmental immunity identified in Defendants' Motion.

### VII. COUNT NINE IS NOT PLED WITH PARTICULARITY.

Plaintiff argues that it has pled with particularity the nine elements of fraud as required by Fed. R. Civ. P. 9. Plaintiff identifies paragraphs of the complaint that he claims meet the nine elements, but these paragraphs do not satisfy these elements. First, Plaintiff merely points to the fact that a witness testified differently regarding the events in question, this alone does not show that Officer Patterson's testimony was in fact, false. Second, Plaintiff claims that the elements regarding inducement of the other party to act are met through paragraphs regarding charges filed against Plaintiff and the dismissal of some of those charges. This ignores the fact that the party induced to act by the fraud must also be the party that is damaged by the fraud. *See Cardon v. Jean Brown Research*, 2014 UT App, ¶ 6, 327 P.3d 22, 24, *reh'g denied* (June 18, 2014), *cert. denied*, 337 P.3d 295 (Utah 2014) (requiring that the false statement be made "for the purpose of inducing the other party to act upon it and . . . that the other party . . . did in fact rely upon it . . . and was thereby induced to act . . . to ***that party's*** injury and damage.") For these reasons, the fraud claim is inadequately pled and should be dismissed.

## CONCLUSION

This Court should dismiss with prejudice Plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action for the foregoing reasons.

DATED this 11th day of September, 2015.

              **DURHAM JONES & PINEGAR, P.C.**

              /s/ R. Blake Hamilton
              R. Blake Hamilton
              Ashley M. Gregson
              ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was served this 11th day of September, 2015, via electronic filing upon the following:

Lisa A. Marcy
AARON & GIANNA, PLC
2150 South 1300 East, Ste. 500
Salt Lake City, UT 84106

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

/s/ Sarah Peck
Secretary

SLC_2510123.1