Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah 84101
Telephone: (801) 915-2616

*Attorneys for Plaintiff Joshua Chatwin*

## IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>    Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER JOSHUA PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity, and JOHN DOES 1-10*,*<br><br>    Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Civil No. 2:14-cv-375<br><br>Judge Dale A. Kimball |

    Plaintiff Joshua Chatwin respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint, a copy of which is

attached hereto as Exhibit 1.  The second amended complaint maintains the allegations against the same defendants from the First Amended Complaint but more clearly sets out the facts that support each allegation against each defendant.  Since the filing of the First Amended Complaint, defense counsel has filed a Motion for Judgment on the Pleadings, claiming, in part, that the First Amended Complaint did not meet *Iqbal* standards, improperly included the Draper City Police Department as a defendant, did not contain enough facts to support the allegations against the City of Draper and Police Chief Connole under *Monell v. Dept. Of Social Services,* 436 U.S. 658 (1978), did not provide sufficient components for failure to seek medical treatment, incorrectly included causes of action for state constitutional law claims, supervisory liability, conspiracy, and insufficiently pled fraud.  Plaintiff responded that the First Amended Complaint gave adequate notice of the asserted causes of action.  Plaintiff did agree to dismiss Counts III, IV, V, and VI.  Plaintiff also responded that Defendants did not provide the police department's policies and procedures in their initial disclosures due January 15, 2015 and instead, waited until July 7, 2015 to file their Motion for Judgment on the Pleadings after the deadline for disclosures. Defendants did not provide the policies to Plaintiff until August 2015.

As a result of not having the policies at the time of drafting the First Amended Complaint and to be cautious, Plaintiff drafted a Second Amended Complaint which should satisfy all of Defendants' concerns.  It does not add any new causes of action or facts.  In fact, has eliminated many of them.

Counsel for the Defendants have been provided an advanced copy of the proposed Second Amended Complaint.  As of the time of filing on October 19, 2015, Defendants had not

consented to the filing of the Second Amended Complaint.  Therefore, Plaintiff seeks the Court's leave to amend, which should be granted for the reasons set forth below.

## STATEMENT OF FACT

On May 15, 2014, Plaintiff filed a complaint for damages resulting from the violation of his civil rights by Draper City, the Draper City Police Department, Chief of the Draper City Police Department, Mac Connole, Officer J. Patterson of the Draper City Police Department, Officer David Harris of the Draper City Police Department, Officer Heather Bough of the Draper City Police Department and John Does 1-10.  Plaintiff was arrested on May 18, 2010 in Draper, Utah for suspicion of driving under the influence of alcohol.  While in police custody Plaintiff was injured when he was violently thrown to the ground, in handcuffs, by Defendant, Officer Patterson.  Plaintiff was not resisting arrest and was compliant with all orders of the arresting officers, yet he was thrown violently to the ground and was rendered unconscious.  Plaintiff sustained additional injuries including loss of hearing in his left ear, loss of blood, contusions and gashes to the head, bleeding in the brain, scarring and a separated shoulder.  Plaintiff brings his claims under 42 U.S.C. 1983, assault and battery, intentional infliction of emotional distress and fraud against all defendants.

Defendants filed an Answer to the complaint on October 13, 2014 denying the allegations and asserting the affirmative defenses of qualified immunity, governmental immunity and other affirmative defenses to be determined after further discovery.  Defendant also objected to citations to documents arising outside the pleadings.

## ARGUMENT

Plaintiff has met the standard for obtaining leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

On December 10, 2014, the Court entered a Scheduling Order in this matter. (Rec. Doc. 8). Trial is set for December 5, 2016, over one year away. The close of fact discovery is December 15, 2015 and the close of expert discovery is not until May 16, 2016. Due to the length of time prior to the conclusion of discovery and the trial date, Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed second amended complaint. The interests of justice and judicial economy will undoubtedly be served by having all allegations against the defendants properly before the Court as set forth in Plaintiff's proposed second amended complaint. The amendments set forth specific facts that support each allegation made against each Defendant. In doing so, the action can more effectively proceed on the merits, and no undue delay will occur.

Defendants cannot be prejudiced by the allowance of the proposed second amended complaint. The determination of whether such prejudice would occur often includes assessing whether allowing the amendment would result in additional discovery, cost and preparation to defend against new facts or theories. Although written discovery has been exchanged, depositions have not been taken. The proposed second amended complaint does not add any new parties, set forth any new claims or raise new legal theories. In fact, the proposed second amended complaint eliminates several causes of action. Specifically, claims against the Draper

City Police Department, state constitutional claims, allegations of conspiracy, and claims against Police Chief Connole, in his individual capacity, have been eliminated. The second amended complaint reorganizes and clarifies the allegations of the Complaint. It cites to specific policies and procedures that exhibited deliberate indifference. The titles of each Cause of Action are more detailed and the allegations against Officer Baugh are carved out into a separate section. Plaintiff also provided specific case law of the Tenth Circuit to satisfy the requirements of *Monell*. Finally, Plaintiff outlined the specific allegations corresponding with the elements required to prove fraud.

Accordingly, in the interest of justice, this Court should grant the Plaintiff's Motion for Leave to file Second Amended Complaint. The grant of this motion is particularly appropriate here, given the absence of any substantial reason to deny leave to amend.

## **CONCLUSION**

For the reasons identified above, Plaintiff Joshua Chatwin requests that the Court grant Plaintiff's Motion for Leave to File the attached proposed Second Amended Complaint.

DATED this 19th day of October, 2015.

        CLYDE SNOW & SESSIONS, P.C.

        */s/ Lisa A. Marcy*
        Lisa A. Marcy

        JOHN K. JOHNSON, LLC

        */s/ John K. Johnson*
        John K. Johnson

        *Attorneys for Joshua Chatwin*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2015, I caused the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Jean Layton
Legal Assistant