R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>               Plaintiff,<br><br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>               Defendants. | **PROPOSED STIPULATED PROTECTIVE ORDER**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

The Court, having reviewed the Parties' Stipulated Motion for Protective Order, and for good cause appearing therefore, hereby FINDS and ORDERS as follows:

1. In connection with discovery proceedings in this action, the Parties have exchanged Requests for Production of Documents that seek the disclosure of certain sensitive and confidential information regarding the Parties, including but not limited to, medical and financial documents, and documents that may contain personal information about law enforcement officers, their families and finances.  They also may contain information about training, techniques, policies and prior discipline.  This information could jeopardize the officers' personal identities and financial security, and even compromise their safety or the safety of their family members.  Moreover, production of this information to the public at large could negatively impact implementation of the internal evaluative processes currently utilized to critique and improve officer conduct.  This information is referred to as the "Confidential Information."

2. During the course of future discovery in this matter, the parties may serve additional discovery requests or ask deposition questions that also seek confidential and sensitive information and documents.  Those discovery requests are subject to the provisions of this Protective Order.

3. For purposes of this Protective Order, the term "Confidential Information" shall include all information that (a) the producing party in good faith considers confidential or sensitive; and/or (b) that could work to the competitive disadvantage of the producing party if disclosed to the public.  Information is not confidential that is in the public domain at the time of disclosure, or later becomes part of the public domain through no fault of the opposing party.

4. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of trial preparations, trial, and any appeal in this litigation, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

5. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  "Qualified Persons" as used herein means:

    a. Attorneys of record for the parties in this litigation, and employees of such attorneys to whom it is reasonably necessary that the information be shown for purposes of this litigation.

    b. The Plaintiff;

    c. Administrators, agents, and employees of Draper City;

    d. Each individually named Defendant;

    e. Actual or potential independent experts or consultants or other third parties, provided they agree in writing to abide by the terms of this Protective Order;

    f. The Court, court personnel, and court reporters in any further proceedings in this lawsuit; and

    g. Others as agreed to by the parties in writing, as may be necessary.

6. The documents or information designated as Confidential Information shall be used by the persons receiving said documents or information solely for the purposes of preparing for and conducting this action.  Persons receiving such documents or information shall not (a) use them for any business or other purpose, (b) disclose them to any person other than a Qualified

3

Person as defined herein, or (c) sell, offer for sale, advertise, or publicize either the contents of the document or information or the fact that the person has obtained such documents or information

7. Documents produced in this action may be designated by any party or parties as Confidential Information by marking the first page of the document(s) so designated with a stamp stating "Confidential." If the original document is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection, if necessary.

8. The information disclosed during a deposition may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is Confidential. Any party may also designate information disclosed at such deposition as Confidential by notifying all of the parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and/or lines of the transcript which should be treated as Confidential thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control, or direct the court reporter to so indicate.

9. Confidential Information shall be kept in the custody and care of counsel; however, working copies of documents marked Confidential may be made.

10. Documents unintentionally produced without designation as Confidential may be retroactively designated by notice in writing to the receiving party of the designated class of each document by document control number or other appropriate identification, and shall be treated appropriately from the date written notice of the designation is provided.

11. Nothing herein shall prevent disclosure beyond the terms of this Protective Order in the examination or cross-examination of any person who is indicated on the documents designated Confidential as being an author, source (including employees, administrators, or members of a document source) or recipient of the Confidential Information or to anyone that counsel reasonably and in good faith believes may have knowledge or information relating to the subject matter(s) of such Confidential Information.

12. Nothing herein shall be construed as an agreement or admission that any information designated Confidential is, in fact, confidential or a trade secret or that such information is competent, relevant or material. Further, neither the designation of any information as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this litigation.

13. Any party to this litigation may challenge the propriety of a Confidential designation or the designation of any person as a Qualified Person at any time during these proceedings. In the event of such a challenge, the parties shall first try to resolve such dispute in good faith on an informal basis, such as through the production of redacted copies. If the dispute cannot be resolved, the objecting party may move the Court for an order to change the designated status of such information. On such a motion, the designating party shall bear the burden of proving that the designation is appropriate. Any disputed documents or testimony will remain Confidential Information and shall be treated as such until a contrary determination is made by the Court. The parties may provide for exceptions to this Protective Order by written stipulation and any party may seek an order of the Court modifying this Protective Order.

14. Nothing contained herein shall be deemed to constitute a waiver of the attorney-client or work product privileges. In the event that either of the parties inadvertently produces privileged documents, the receiving party shall return such material upon request by the producing party.

15. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to the Confidential Information shall be subject to the provisions in this Protective Order.

16. Within sixty (60) days after the conclusion of this litigation or any appeal, whichever is later, all Confidential Information produced pursuant to this Protective Order and copies thereof shall be destroyed (so long as it is a copy) or returned to the opposing party to the producing party, and counsel for the opposing party shall provide an affidavit indicating that they have made a good-faith effort to retrieve all Confidential Information and believes that all such Confidential Information has been destroyed or returned. The provisions of this Protective Order shall continue to be binding after the conclusion of this litigation. A party may, however, seek an order from this Court dissolving or modifying this Protective Order. Upon conclusion of this litigation, the parties shall stipulate to a Motion asking the Court to keep sealed all documents filed in this case under seal, or return those documents to the party who filed them.

17. This Protective Order may be extended to additional parties or nonparties as may be otherwise agreed to in writing.

18. Any party who designates any document or information as Confidential contrary to the provisions of ¶¶ 6 and 7 hereof shall be subject to sanctions under FED. R. CIV. P. 37 if the

party challenging the confidential designation is compelled to bring a motion to the Court and the Court finds that the designation is made in bad faith.

19.  This Protective Order shall survive the final disposition of this action, as well as after the withdrawal or dismissal of any party, and the Court shall retain jurisdiction to resolve any dispute concerning the use and/or dissemination of Confidential Information disclosed hereunder.

20.  For the purposes of this Protective Order, the computation of time shall be in accordance to the Federal Rules of Civil Procedure.

DATED this __ day of November, 2015.

**BY THE COURT.**

By: _____
Hon. Dale A. Kimball

APPROVED AS TO FORM:

DATED this 27th day of October, 2015.

    **CLYDE SNOW & SESSIONS**

    By:    /s/ Lisa Marcy (by permission)
            LISA MARCY
            Attorney for Plaintiff

    **DURHAM JONES & PINEGAR**

    By:    /s/ R. Blake Hamilton
            R. BLAKE HAMILTON
            Attorneys for Defendants