# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN, | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| vs. | **Case No.  2:14cv375DAK** |
| DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON; OFFICER DAVID HARRIS; AND OFFICER HEATHER BAUGH, | **Judge Dale A. Kimball** |
| **Defendants.** | |

This matter is before the court on Defendants Draper City, Draper City Police Department ("DCPD"), Police Chief Mac Connole, Officer J. Patterson, Officer David Harris, and Officer Heather Baugh's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  On October 20, 2015, the court held a hearing on the motion.[1]  At the hearing, Plaintiff was represented by Lisa A. Marcy, and Defendants were represented by R. Blake Hamilton.  The parties stipulated to dismissal with prejudice of Plaintiff's Third Cause of Action against Chief Connole, Plaintiff's Fourth Cause of Action to the extent that it is stated

---

[1] Plaintiff filed a Motion for Leave to File Second Amended Complaint the day before the court held a hearing on Defendants's Motion for Judgment on the Pleadings.  Because the motion was not fully briefed, the court did not hear argument on the motion at the hearing.  Defendants's have moved to stay briefing on the Motion to Amend until the court rules on the Motion for Judgment on the Pleadings.  The court addresses these motions at the conclusion of this Order.

against DCPD and the individual defendants in their individual capacities, Plaintiff's Fifth Cause of Action for Conspiracy, Plaintiff's Sixth Cause of Action under the Utah Constitution, and DCPD as a named defendant.[2]   The court took the remaining matters raised in the Motion for Judgment on the Pleadings under advisement.  The court has considered carefully the memoranda submitted by the parties and the law and facts relating to the motion.  Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On May 18, 2010, in a residential area of Draper, Utah, Draper City Police Officer David Harris pulled over the car Plaintiff Joshua Chatwin was driving because he suspected that Chatwin was driving under the influence of alcohol.  Officer Harris had Chatwin perform field sobriety tests and arrested him for driving under the influence of alcohol.  Officer J. Patterson and Officer Heather Baugh arrived in a second police vehicle.  Officer Patterson performed a search incident to arrest of Chatwin and his vehicle.

During Officer Patterson's search of Chatwin, he allegedly threw Chatwin to the ground while Chatwin was handcuffed behind his back.  A witness, Kathy Ann Torrence, testified in Chatwin's criminal proceedings that she saw Chatwin say something to Officer Patterson before Officer Patterson threw Chatwin to the ground but she did not see Chatwin physically provoke or move toward Officer Patterson prior to being thrown to the ground.  Torrence also testified that Patterson appeared angry when he threw Chatwin to the ground and she did not see any of the officers investigate whether Chatwin was injured.

---

[2]   The parties agree that the claims against the Draper City Police Department must be dismissed because it is a sub-governmental entity of Draper City and, as such, is not capable of suing or being sued.  *See McKell v. Utah*, 2011 WL 1434583, *2 (D. Utah April 14, 2011).

Another witness, Jason Scott, observed the events that occurred after Chatwin was on the ground.  Scott gave a written statement to the Draper Police stating that the officers did not assist Chatwin after he was on the ground and appeared unconscious.  Two other witnesses gave witness statements that Chatwin appeared to be unconscious.

Chatwin alleges that as a result of Officer Patterson throwing him to the ground, he fractured his skull, suffered contusions and gashes, a concussion, bleeding in his brain, additional head injuries, and a separated shoulder.  Chatwin spent two days in the Intensive Care Unit at the hospital.  Chatwin further alleges that he lost noticeable hearing in his left ear, developed tinnitus in his left ear, and has permanent scarring.  His tinnitus cannot be fixed through surgery, prevents him from sleeping well and doing quiet daily activities–like reading–and causes him depression and anxiety.

The officers charged Chatwin with disarming a peace officer, assault by a prisoner, driving under the influence of alcohol, interfering with arresting officer, driving on a suspended license, alcohol restricted driver, and operating or being in actual physical control without an ignition interlock system.  Within days of being released from the hospital, the Draper City Police Department sent SWAT team members and their canine units to Chatwin's house to arrest him.  Chatwin spent two months in jail on the charges and lost his job.  Ultimately, Chatwin pleaded guilty to driving under the influence of alcohol and ignition interlock,  and the Salt Lake County District Attorney's Office dismissed the three remaining charges related to provoking a police officer.

///

///

3

**DISCUSSION**

**<u>Defendants's Motion for Judgment on the Pleadings</u>**

**1.  Second Cause of Action – § 1983 Claim Against Officer Harris**

Chatwin's Second Cause of Action alleges two claims against Officer Harris.  First, Chatwin asserts a claim against Officer Harris for unlawful seizure under 42 U.S.C. § 1983. However, Defendants argue that Chatwin has not alleged any facts that would establish that Officer Harris unlawfully seized Chatwin.  Officer Harris was the officer who pulled Chatwin over for driving under the influence and he had probable cause to stop the car, administer the sobriety tests, and arrest Chatwin for a DUI.  "A warrantless arrest is permissible when an officer has probable cause to believe that a person committed a crime."  *Cortez v. McCauley*, 478 F.3d 1108, 1115 (10th Cir. 2007).

Chatwin admits in his Amended Complaint that he pleaded guilty to the DUI and he does not contest that Harris had probable cause to believe that Chatwin committed a crime.  However, Chatwin contends that any force leading up to and including arrest may be actionable under the Fourth Amendment's prohibition against unreasonable seizures.  *Estate of Booker*, 754 F.3d at 419.  But Chatwin does not allege that Harris used any force against him.  The only allegations relating to force relate to Officer Patterson, not Officer Harris.  Therefore, there are no facts supporting and no basis for an unlawful seizure claim against Harris.  Accordingly, the court dismisses that portion of the Section 1983 claim against Officer Harris.

Next, Chatwin's Second Cause of Action alleges a Section 1983 claim against Officer Harris for failing to seek immediate medical treatment for Chatwin.  Defendants argue that this claim is based entirely on conclusory statements and such a claim requires "both an objective and

4

a subjective component." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014).  A

plaintiff must "produce objective evidence that the deprivation at issue" involved a medical need

that was "so obvious that even a lay person would easily recognize the necessity for a doctor's

attention." *Id.* at 430.  Then, a plaintiff must "establish deliberate indifference to [the] serious

medical needs by presenting evidence" that the "officer acted or failed to act despite his

knowledge of substantial risk of serious harm." *Id.*

Defendants contend that Chatwin has failed to show that both the objective and subjective

components are present.  The court, however, concludes that the Complaint adequately meets the

objective component.  Witnesses could tell that a serious injury had occurred and that Chatwin

needed medical assistance.  With respect to the subjective component, Defendants claim that

Exhibit 3 to Plaintiff's Amended Complaint includes testimony that the officers called for

medical assistance for Chatwin right away.  However, the issue is too fact specific to determine

at the motion to dismiss stage.  While an exhibit contains testimony favorable to Defendants, it

does not provide conclusive evidence that would support a ruling as a matter of law.  Chatwin

alleges and witnesses testified that the officers failed to provide any assistance while Chatwin

was on the ground and stood by their cars talking and laughing.  In addition, even if the officers

contend that they called for medical assistance immediately, there is still the possibility that facts

could come to light contradicting that assertion.  Therefore, dismissal of such a fact-intensive

claim at this initial stage of the litigation is improper.

**4.  Fourth Cause of Action – Deprivation of Constitutional Rights**

The parties agree that Chatwin brings his Fourth Cause of Action as a § 1983 claim under

*Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), which can only be asserted against Draper

City.  In *Monell*, the Supreme Court determined that municipalities can be held liable for civil rights violations upon a showing that the "execution of a government's policy or custom . . . inflicts the injury."  436 U.S. at 694.  A *Monell* claim must plead three elements: (1) existence of an official policy or custom, (2) causation, and (3) deliberate indifference to an almost inevitable constitutional injury.  *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013).

Defendants argue that Chatwin's Amended Complaint is deficient because Chatwin only states that there are policies and customs that caused his harm without any well-pleaded facts as to what those policies and customs entail.  The challenged policy or practice must be closely related to the alleged violation and "the municipality must be the moving force behind the alleged injury."  *Id.* at 770.  However, "in the absence of an explicit policy or an entrenched custom, 'the inadequacy of police training may serve as a basis of § 1983 liability . . . where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact."  *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002).  Chatwin alleges that Defendants have allowed similar acts to occur without the requisite discipline.  Such a practice could foster excessive force and be the moving force behind the alleged conduct in this case.  Whether or not Draper City had a specific policy, there is enough alleged regarding practices and customs to allow a failure to train claim to move forward.  The court finds that Chatwin's *Monell* claim adequately puts Draper City on notice of the alleged failures that occurred which led to his harm.  Moreover, Chatwin asserts and the court agrees that he cannot identify specific policies that may have contributed to the alleged harm until Draper City turns over the relevant information in discovery.

6

**3.  Seventh, Eighth, and Ninth Causes of Action – Governmental Immunity Act**

Defendants argue that Chatwin's tort claims for assault/battery and fraud against Officer

Patterson and intentional infliction of emotional distress against Officers Patterson, Harris, and

Baugh are barred by the Utah Governmental Immunity Act.  The Governmental Immunity Act

gives immunity to "each governmental entity and each employee of a governmental entity" "for

any injury that results from the exercise of a governmental function."  Utah Code Ann. § 63G-7-

201(1).  Even in situations involving negligent conduct, "immunity is not waived . . . if the injury

arises out of or in connection with, or results from . . . assault, battery, . . . infliction of mental

anguish, or violation of constitutional rights."  *Id.* § 63G-7-201(4)(b).  To the extent that

Chatwin's claims are based on negligence, they are barred.

To the extent that Chatwin's tort claims are based on allegations of willful misconduct,

Chatwin must plead that the officers acted willfully and maliciously.  The Governmental

Immunity Act defines willful misconduct as "the intentional doing of a wrongful act, or the

wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's

conduct will probably result in injury."  Utah Code Ann. § 63G-7-102(10).  Chatwin alleges that

he was thrown to the ground while handcuffed behind his back, began bleeding profusely, and

lost consciousness, while the officers failed to check on him or provide any medical attention.

Witnesses testified that the officers did nothing to assist Chatwin and were leaning against a car

and laughing while Chatwin lay unconscious on the ground.  These facts are sufficient to avoid

dismissal at the motion to dismiss stage.  Giving all favorable inferences to Chatwin, the court

concludes that facts could be developed in discovery establishing willful and malicious conduct.

Therefore, the court declines to dismiss the tort causes of action against the individual officers

for assault/battery and intentional infliction of emotional distress.

Chatwin's fraud cause of action against Officer Patterson is based on Officer Patterson's testimony at Chatwin's preliminary hearing on the criminal charges and his police report. Patterson claimed that Chatwin head butted him and tried to reach for his gun.  However, other witnesses do not corroborate his version.  Under Rule 9 of the Federal Rules of Civil Procedure a fraud claim must be pleaded with particularity and demonstrate the nine elements of fraud.  Fed. R. Civ. P. 9(b); *Cardon v. Jean Brown Research*, 2014 UT App. 35 ¶ 6, 327 P.3d 22, 24.  The fact that a witness testified differently than Officer Patterson does not demonstrate that Officer Patterson's testimony was false.  Moreover, the party induced to act by the fraud has to rely on it, be induced to act, and be injured.  But the party induced to act by the alleged fraud in this case was not Chatwin.  Therefore, Chatwin cannot state a claim for fraud based on the conduct alleged in the Complaint.  Accordingly, the court grants Defendants's motion to dismiss Chatwin's fraud claim.

## CONCLUSION

Based on the above reasoning, Defendants's Rule 12(c) Motion for Judgment on the Pleadings [Docket No. 17] is GRANTED IN PART AND DENIED IN PART as discussed above.  The court considers Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 23] to be largely mooted by the court's ruling and, therefore, denies the motion without prejudice to being re-filed.  Plaintiff may re-file a new Motion for Leave to Amend Complaint in light of the court's ruling if he deems such a motion to be necessary.  Accordingly, Defendants's Motion to Stay Briefing on Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 29] is also MOOT.

DATED this 6th day of November, 2015.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge