Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
Jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah  84101
Telephone:  801-915-2616

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>　　Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>　　Defendants. | OBJECTION TO DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball |

{00918419-1 }

Plaintiff, by and through his counsel, Lisa A. Marcy, hereby objects to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action pursuant to Fed. R. Civ. Proc. 45(d)(2)(B) as follows:

## ARGUMENT

**I.   Defendants' Subpoena is not timely as fact discovery has closed.**

In the Scheduling Order entered by this Court, and pursuant to deadlines agreed upon by counsel, the close of fact discovery occurred on December 15, 2015. Defendants took the deposition of Kathy Torrence on November 19, 2015.

Defendants took photographs of Ms. Torrence's living room, windows and Plaintiff's driveway from Ms. Torrence's living room on the day of the events in question, May 18, 2010. (Deposition of Kathy Torrence dated 11-19-15 attached hereto as Exhibit A, which includes photographs attached to the deposition as Exhibit 2.) Defendants therefore already entered Ms. Torrence's property for the purposes of taking photographs and looking through her front windows about which she testified at Plaintiff's criminal preliminary hearing on February 8, 2011 (Exhibit B, Preliminary Hearing Transcript, dated 2-8-11, pp. 63-92.) Ms. Torrence did not provide any additional information at her deposition about her vantage point at the time she witnessed the interaction between Defendant Officer Patterson and Plaintiff. As defendants had this information since 2010 and certainly during the discovery phase of this litigation, they should be precluded from entering upon Ms. Torrence's property.

**II.   The subpoena will be unduly burdensome to Ms. Kathy Torrence, the witness of the interaction between Defendant Joshua Patterson and Plaintiff.**

From the date of the incident, May 18, 2010, Ms. Torrence has been subject to frequent cross-examination about the events that she witnessed. Beginning on the date of the incident,

May 18, 2010, Defendant Draper City interviewed her about the incident, taking her statement. (Exhibit A, Deposition of Kathy Torrence, dated 11-19-15, which includes Exhibit 3, "Witness Statement.") The police officers then entered her home to inspect her vantage point and to take photographs. (*Id*.) Almost one year later on February 8, 2011, Ms. Torrence testified about the police officers' use of force against Plaintiff on May 18, 2010 (Exhibit B, Preliminary Hearing Transcript, pp. 63-92). Ms. Torrence was again subject to cross-examination at her deposition taken in this matter on November 19, 2015. (Exhibit A, Deposition of Kathy Torrence, dated 11-19-15, pp. 14-64.) Defendants now want to subject Ms. Torrence to further query. Although Rule 45(d)(2)(A), does not require her appearance, she will be forced to be available since the premises are her home. Ms. Torrence is a Delta flight attendant who has an erratic work schedule (*Id*. at pp. 10, 16). For the date requested for the inspection, February 11, 2016, she will therefore have to, either request time off and take a vacation day or request a rescheduling of her work schedule.

## CONCLUSION

The time for conducting fact discovery has passed. Ms. Torrence revealed no information that was no already in the hands of defendants before the close of fact discovery. The subpoena to be issued and served, requesting Ms. Torrence to allow inspection of her home on February 11, 2016, at 10 a.m. is unduly burdensome. Ms. Torrence has already provided this information and has been subject to rigorous cross-examination twice, first at the preliminary hearing in 2011 and then at the deposition in November 2015. Therefore, Plaintiff objects to the issuance and service of the Subpoena.

DATED this 11th day of January 2016.

             CLYDE SNOW & SESSIONS


             /s/ Lisa A. Marcy
             Lisa A. Marcy
             *Attorneys for Plaintiff Joshua Chatwin*

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2016, I caused a true and accurate copy of the foregoing Objection to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter