R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>　　　　　Defendants. | **EXPEDITED MOTION TO COMPEL SCENE INSPECTION AND STAY EXPERT DISCOVERY**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Fed. R. Civ. P. 37(a) and DUCivR 37-1(b)[1], Defendants hereby move this Court to compel Plaintiff to cooperate with a valid discovery request in the form of a Rule 34(a)(3) request for scene inspection.  Defendants request that this Court stay the remaining expert discovery deadlines pending the resolution of this matter and the rescheduling of a scene inspection.  Defendants also request sanctions against Plaintiff in the form of costs and fees,

---

[1] A Rule 37-1(b) statement is attached hereto as Exhibit A.

including the additional costs incurred by Defendants' expert, whose non-refundable travel arrangements for the inspection were cancelled as a result of Plaintiff's objection.

## FACTUAL BACKGROUND

1. On January 5, 2016, Defendants served Plaintiff with a Rule 34 Request for Scene Inspection. A true and correct copy of the Request is attached hereto as Exhibit B. Also on that date, Defendants served Plaintiff with a notice of intent to issue a third-party subpoena for a property inspection pursuant to DUCivR 45-1.

2. On January 11, 2016, Plaintiff objected to the proposed third-party subpoena.[2] To date, the recipient of the subpoena, Ms. Kathy Torrence, has not objected to the subpoena.

3. On January 19, 2016, counsel for Defendants responded to Plaintiff's objections to the third-party subpoena. *See* Letter to L. Marcy, attached hereto as Exhibit C. Counsel for Plaintiff did not respond to the letter.

4. On February 4, 2016, Plaintiff filed an objection to the Rule 34 Request.[3]

5. On February 8, 2016, counsel for Defendants emailed Counsel for Plaintiff in an attempt to address her concerns and resolve the dispute. *See* Email to L. Marcy, attached hereto as Exhibit E. Plaintiff's counsel has not responded.

## ARGUMENT

Plaintiff did not object to the time or scope of the inspection, but rather objected on the grounds that the Rule 34 Request is outside the fact discovery period, duplicative, and because

---

[2] Plaintiff's Objection to Subpoena, D.E. 35.
[3] Plaintiff's Objection to Rule 34 Request, D.E. 36. A true and correct copy of the objection is attached hereto as Exhibit D.

Plaintiff is not the record owner of the premises. These excuses lack merit and this Court should compel Plaintiff to cooperate with the Rule 34 Request.

### I.   THE SCENE INSPECTION IS NECESSARY FOR PURPOSES OF EXPERT DISCOVERY.

Plaintiff points out that fact discovery closed on December 15, 2015. However, the parties are currently in the midst of expert discovery, with Defendants' expert reports due on February 17, 2016.[4] Defendants have retained an expert to opine on, among other things, perception at the time of the incident. Part of his report will necessitate his inspection of Plaintiff's driveway area as well as the area necessary to observe the view from Ms. Torrence's front window, where she allegedly witnessed the events in question. The expert would offer opinions and conclusions regarding, among other things, the observations derived from the inspection.[5] The site inspection would be part of the expert's investigation and preparation of his report. Furthermore, the record evidence regarding the placement of persons and vehicles during the use of force in question is very limited, and no photographs or measurements have been taken like the ones that Defendants expect will be taken at the scene inspection. Thus, Plaintiff's objection that the scene inspection is untimely and duplicative is without merit.

### II.   PLAINTIFF HAS CONTROL OVER THE PROPERTY SUFFICIENT TO COOPERATE WITH A RULE 34 INSPECTION.

It is Defendants' understanding that Plaintiff lives at the property identified in the Rule 34 Request. Plaintiff's counsel has made no attempt to correct that understanding. While

---

[4] *See* Scheduling Order, D.E. 8.
[5] *See Lopez v. City of Imperial*, 2014 WL 232271, *3 (S.D. Cal. January 21, 2014) (finding that an independent medical examination can properly be conducted during expert discovery if the expert will derive opinions and conclusions from the facts observed during the examination). Like an IME, the scene inspection would be conducted by an expert for purposes of making opinions and conclusions in his report.

3

Plaintiff's name may not be on the deed for the property, this is not a prerequisite to receiving and complying with a Rule 34 Request; all that is required is that he either possess or control the property. *See* Fed. R. Civ. P. 34(a)(2). Certainly Plaintiff has control over the property sufficient to give permission to others to enter the premises. Furthermore, the entrance upon the property will be minimal, as it will be limited to the outdoor area in front of the home, including the driveway, sidewalk, curb, and possibly portions of his front yard. Some of these areas are open to the public anyway. The Request did not involve entering the home or other parts of the property.

### III. REMAINING EXPERT DISCOVERY DEADLINES SHOULD BE STAYED UNTIL THIS COURT HAS ADDRESSED PLAINTIFF'S OBJECTION.

Delaying the scene inspection prevents Defendants from completing expert discovery. Defendants' deadline for expert reports is currently set for February 17, 2016. Due to Plaintiff's objection and refusal to cooperate, Defendants have been forced to cancel the scene inspection for the time being, preventing the completion of reports which depended upon the inspection. Therefore, this Court should stay expert discovery until the objection can be addressed and a scene inspection can be rescheduled at a satisfactory time.

### IV. PLAINTIFF'S FAILURE TO COOPERATE WITH THE SCENE INSPECTION HAS RESULTED IN UNNECESSARY FEES AND COSTS.

Defendants' expert booked travel arrangements, including non-refundable flights, so that he could be present and involved in the scene inspection on February 11, 2016. Defendants made every effort to schedule the inspection so as to comply with deadlines and still meet the expert's very full schedule. Plaintiff has been aware of the date of the inspection for over a month but failed to object until just days ago. Delaying the inspection has caused the expert to

incur unnecessary fees and expenses, and expert discovery must now be prolonged. Defendants request sanctions in the form of expert and attorneys' costs and fees associated with bringing this motion, and cancelling/rescheduling the inspection.

## CONCLUSION

For these reasons, this Court should grant Defendants' Motion to Compel on an expedited basis and compel Plaintiff to cooperate with the Rule 34 Request. Expert discovery should be stayed pending the resolution of this issue and the successful completion of the inspection. This Court should also award Defendants' expert and attorneys' fees and costs incurred as a result of Plaintiff's failure to cooperate.

DATED this 9th day of February, 2016.

**DURHAM JONES & PINEGAR, P.C.**

/s/ Ashley M. Gregson
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing was served this 9th day of February, 2016, via electronic filing, upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                                                /s/ Sarah Peck

SLC_2659407.1