Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
Jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah  84101
Telephone:  801-915-2616

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>    Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>    Defendants. | MEMORANDUM IN OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO COMPEL SCENE INSPECTION AND STAY EXPERT DISCOVERY<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball |

Plaintiff Joshua Chatwin, by and through his counsel, responds to Defendants' Expedited Motion to Compel Scene Inspection and Stay Expert Discovery ("Motion") as follows:

## ADDITIONAL FACTS

1. On February 4, 2016, Mr. Chatwin filed a Response and Objection to Defendants' Rule 34 Request for Entry onto Premises[1] ("Objection) to the Defendant's Rule 34 Request. On that same day, counsel for Plaintiff, Lisa Marcy, sent a letter to Blake Hamilton, counsel for the Defendants, wherein she explained in part that although counsel acknowledged that she did not represent witness Kathy Torrence, the individual subject to the Defendants' Rule 45 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), she was passing on to counsel for Defendants that Ms. Torrence is a Delta flight attendant, would be working on the date noted in the Subpoena, February 11, 2016, and that she was uneasy and intimidated by Mr. Hamilton and therefore not comfortable contacting him herself. Exhibit 1, Letter from Lisa Marcy to Blake Hamilton dated February 4, 2016.

2. Since November 2015, Mr. Chatwin has lived intermittently with the record owners of the property onto which Defendants have requested entry, Scott and Debbie Chatwin. Exhibit 2, Declaration of David Scott Chatwin.

3. Mr. Chatwin has not maintained a permanent residence for several years, as evidenced during his deposition taken by Mr. Hamilton on November 18, 2015, and has not been a permanent resident at 12534 South 150 East, Draper, Utah. *See* Exhibit 2; Exhibit 3, Deposition of Joshua Chatwin, dated November 18, 2015, 171:1-5; 172:1-3, 10-17; 188:18-23; 189:1-20; 195:7-23; 204:5-10.

---

[1] Defendants originally named the pleading "Defendants' Rule 34 Request for Entry onto Premises," yet its Motion is entitled, in part, as a "Motion to Compel Scene Inspection." For purposes of this responsive memorandum, Mr. Chatwin refers to the pleading as the "Rule 34 Request."

4. Mr. Chatwin confirmed throughout questioning that he was largely homeless or living in various shelters or detox/rehabilitation facilities. *See* Exhibit 3.

5. Defendants' counsel never asked for Mr. Chatwin's current address during Mr. Chatwin's deposition on November 18, 2015. *See* Exhibit 3, *Id.*, Deposition Index pp.1-28.

6. Four days after Mr. Chatwin filed his Objection to the Rule 34 Request, Ashley Gregson, one of Defendants' counsel, sent an email to Plaintiff's counsel, Lisa Marcy, at 5:14 p.m. on Monday, February 8, 2016, asking the latter to withdraw the Objection or she would file an Expedited Motion to Compel at 10 a.m. the next morning, February 9, 2016. Ms. Gregson sent the email only to Ms. Marcy and not to Mr. John Johnson as additional counsel for Mr. Chatwin. *See* Exhibit E, Email to L. Marcy, attached to Defendants' Motion.

7. When Ms. Gregson sent the email, Ms. Marcy had boarded a flight from Portland, Oregon, to Salt Lake City. The flight left at 4:49 p.m. Exhibit 4, Declaration of Lisa A. Marcy, dated February 10, 2016, Boarding Pass attached thereto as Exhibit A.

8. Ms. Marcy did not receive the email until arriving at her office the next morning, February 9, 2016. *Id.* at ¶ 4.

9. In the letter of January 19, 2016, Defendants' counsel, responding to Plaintiff's Objection to the third-party subpoena, said that he disputed Mr. Chatwin's objections to the third-party subpoena and planned to have Ms. Torrence served with the Subpoena anyway. In his Motion, Defendants' counsel acknowledges that Mr. Chatwin's counsel did not respond to the letter. *See* ¶ 3, Defendants' Motion.

10.     Mr. Chatwin timely filed his Objection to the Rule 34 Request on February 4, 2016, pursuant to the 30-day time period prescribed by Rule 34, Fed. R. Civ. P. Mr. Chatwin made proper objections to the Rule 34 Request. Dkt. No. 36.

## ARGUMENT

**I.      Mr. Chatwin raised appropriate concerns about the Rule 34 Request in his Objection in conformity with the specificity required by Rule 34(5)(A)(ii) and (iii).**

Regardless of whether the information was to be used by experts, the photographs, measurements and placement of the vehicles present significant problems. First, Defendants already had the information in May 2010. Six years later, the landscape has changed, the weather conditions will be different, and the time of year differs.[2] In other words, the conditions of May 18, 2010, could not be replicated in February 2016 and would therefore be overly burdensome and greatly prejudice Mr. Chatwin.

Second, Mr. Chatwin does not have control over his parents' property sufficient to cooperate with a Rule 34 inspection. Mr. Chatwin understands that the term "control of the property" and "ownership" are not mutually exclusive; however, Mr. Chatwin did not and does not control the property. His parents do. Mr. Chatwin often does not live with his parents. Since November 2015, he has lived with them intermittently. Exhibit 2, Declaration of David Scott Chatwin, dated February 16, 2016, ¶ 3. Moreover, Defendants' counsel never asked Mr. Chatwin at his deposition about his current residence. Exhibit 3, Cover page and Index of Joshua Chatwin's deposition dated November 18, 2016. Defendants' assertion that "certainly Plaintiff has control over the property sufficient to give permission to enter the premises" is without

---

[2] At the time of drafting this responsive memorandum, February 10, 2016, the day before the scheduled re-enactment, the fog in Salt Lake City is dense, as forecast for the region by the National Weather Service. *See* Exhibit B, National Weather Service Forecast, Salt Lake City, Utah, Feb. 10-14, 2016, attached to Exhibit 4, Declaration of Lisa A. Marcy.

support. In fact, Mr. Chatwin testified many times during his deposition that he had lived at other places besides his parents' home, placing Defendants on notice that he had other residences. He was not welcome there. *See* Exhibit 3, 171:1-5; 172:1-3, 10-17; 188:18-23; 189:1-20; 195:7-23; 204:5-10.

Defendants knew that Mr. Chatwin's parents owned the premises at the time they issued the Rule 34 Request. They should have served the Chatwins with a subpoena like they did with Ms. Torrence. It is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests to circumvent a discovery deadline. *See, e.g., Thomas v. IEM, Inc.,* 2008 WL 695230, at *2 (M.D.La.2008) ("The Court will not allow Thomas to employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents from IEM that could have been requested pursuant to a Rule 34 document request well before that deadline."). *See also, Disney v. State Farm Fire & Cas. Co,* 2004 WL 1091135, at *1 (W.D.Tenn.2004) ("[T]o the extent Disney's July 10, 2003 request for production of documents at the depositions . . . was made pursuant to Rule 34, the request was untimely because the discovery deadline had expired.").

II. **Defendants' counsel improperly seek sanctions against Mr. Chatwin and/or his counsel for aiding the third-party witness, unassisted by any counsel, in their current Motion.**

Counsel for Defendants assert in their Motion that they need "to observe the view from Ms. Torrence's (third-party witness subject to the Subpoena) front window, where she allegedly witnessed the events in question." Defendants' Motion, p. 3. They point to a letter they sent to Mr. Chatwin's counsel, dated January 19, 2016. "Factual Background, ¶ 3, p. 2. They acknowledge that "to date, the recipient of the Subpoena, Ms. Kathy Torrence, has not objected to the Subpoena." *Id*. at 2. The letter of January 19, 2016, is completely devoted to the third-

party subpoena of Ms. Kathy Torrence. *See* Letter to L. Marcy, attached as Exhibit C to Defendants' Motion. Defendants seek sanctions against Mr. Chatwin's counsel for passing on Ms. Torrence's work schedule and for allegedly refusing to allow entry onto her property (which said permission, as Defendants' counsel pointed out, was not Mr. Chatwin's counsel to give). The Subpoena is not the proper subject matter of a Rule 34 Request and therefore, Defendants' Request is improper and not allowed by the federal rules.

### III. Mr. Chatwin never refused to permit an inspection but only filed an Objection as allowed by Rule 34, Fed. R. Civ. P.

In Mr. Chatwin's Objection to the Rule 34 Request, Mr. Chatwin made his objections based upon his substantial justifications and circumstances. He did not refuse the inspection as required by Rule 37(a)(3)(B)(iv): "A party seeking discovery may move for an order compelling. . .inspection. This motion may be made if: . . . (iv) a party. . .**fails to permit inspection** - as requested under Rule 34." (Emphasis added.) In order to refuse the inspection, Mr. Chatwin would have been required to move for a protective order pursuant to Rule 26(c)(1): "A party or any person from whom discovery is sought may move for a protective order. . . ." Fed. R. Civ. P. 26(c)(1). Mr. Chatwin did not, and Defendants alone made the choice not to proceed with the Rule 34 Request. Even though Mr. Chatwin objected to the reasons for the Rule 34 Request, he did not seek such a motion.

Furthermore, Defendants' counsel sent an email after working hours on Monday, February 8, 2016, waiting four days after receiving the Objection, requesting to allow the Rule 34 Request. The email incorrectly notes that Defendants' counsel, Blake Hamilton, had

explained in his letter of January 19, 2016, that the Rule 34 inspection was necessary.[3] Again, the letter had, in fact, addressed only the third-party subpoena. Mr. Chatwin's counsel filed the Objection to the Rule 34 Request on February 4, 2016. Counsel for Defendants sent the letter about the Objection to the Subpoena, on January 19, 2016. Defendants' counsel would therefore have been impossibly addressing in their letter a Rule 34 Objection that had not yet been filed.

The email also gave Mr. Chatwin's counsel only two working hours to address Defendants' concerns. That short time period does not meet the good faith requirements of Rule 37. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *FTC v. Affiliate Strategies, Inc.*, 2011 U.S. Dist. LEXIS 7689.  D. Kan. R. 37.2 expands on the movant's duty to confer, stating "[a] '**reasonable effort to confer' means more than mailing or faxing a letter to the opposing party**.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Id.* (Emphasis added.) Good faith "cannot be shown merely through the perfunctory parroting of statutory language. . .to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means." *Shuffle Master, Inc., v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Defendants' counsel only sent the email to Ms. Marcy and not to both counsel of record. Ms. Marcy was on a plane, headed back to Salt Lake City from Portland, Oregon. Exhibit 4, Declaration of Lisa A. Marcy, dated February 10, 2016, Boarding Pass

---

[3] "We are in receipt of your objection to our Rule 34 request for a site inspection at Mr. Chatwin's address. As Blake explained in his letter of January 19, 2016, the inspection is necessary for one of our experts to complete his report, making it appropriate for the expert discovery." *See* Email to L. Marcy, attached as Exhibit E to Defendants' Motion.

attached thereto as Exhibit A. She did not receive the after-hours email until the morning of February 9, 2016. *Id.* at ¶ 4.

**IV.** **By not filing the Rule 34 Request until January 5, 2016, Defendants created the delay in complying with the expert discovery deadline. The discovery deadline should therefore not be stayed, nor should fees be awarded.**

Defendants filed their Rule 34 Request on January 5, 2016. They had known about the expert witness report deadline since the entry of the Scheduling Order. Defendants did not seek an expedited request. Instead, they sought an inspection and re-creation of the May 18, 2010, event on the Chatwins' property six days before the expert report was due and 21 days after the close of discovery. Such a short window resulted from the choice of the Defendants, not that of Mr. Chatwin. Mr. Chatwin timely responded on February 4, 2016, yet Defendants place the blame on Mr. Chatwin. They improperly want to seek fees and costs for their cancellation of the expert's trip when Mr. Chatwin simply followed the rules.

Defendants incorrectly assert that Mr. Chatwin refused to cooperate. Mr. Chatwin merely exercised his rights under Rule 34 to make an objection. He did not seek a protective order. Defendants' counsel assert an "understanding that Plaintiff lives at the property" and that "Plaintiff's counsel has made no attempt to correct that understanding" as reasons to defend their decision to pursue a Rule 34 Request instead of a subpoena. (§ II. Motion.) Neither Mr. Chatwin nor his counsel had ever stated that Mr. Chatwin lived with his parents nor gave any indication that Mr. Chatwin lives at the property at all times. In fact, Mr. Hamilton deposed Mr. Chatwin on November 18, 2015, and presented multiple exhibits wherein Mr. Chatwin describes his living arrangements as various shelters, and, in at least one instance, as being entirely homeless. (Exhibit 3.) Additionally, Mr. Chatwin testified multiple times during his deposition that he has a

very strained relationship with his parents due to his alcoholism. (*Id*.) Counsel does not know how Defendants' counsel came to the "understanding" that Mr. Chatwin currently lives at the property, but he does not, and it was not the responsibility of Mr. Chatwin's counsel to educate them before filing the Objection. (Exhibit 2.)[4]

Although counsel for Mr. Chatwin does not represent the witness, Kathy Torrence, she sent a letter on February 4, 2016, as a courtesy to Defendants' counsel. By their own admissions, Defendants' counsel acknowledged in their Motion that Ms. Torrence did not object to the Subpoena; therefore, in conformity with their letter of January 19, 2016, wherein they stated that they would be "serving Ms. Torrence with the subpoena as planned," Defendants could have proceeded with the entry onto Ms. Torrence's property. Mr. Chatwin's counsel was merely alerting defense counsel without any obligation to do so.

Defendants' conduct was dilatory for purposes of complying with the expert witness deadline. They did not make a good faith effort under Rule 37(a)(5)(A)(i) to obtain the discovery without court action. The term "good faith" is not defined in Rule 37, but generally encompasses "honesty in belief or purpose, faithfulness in one's duty or obligation or absence of intent to defraud or to seek unconscionable advantage." *Campbell v. Microsoft Corp.*, 2006 U.S. Dist. LEXIS 9995. They chose to cancel the expert's flight and accommodations instead of allowing the expert to use the public roads, sidewalks and parking strip to conduct an inspection.[5]

---

[4] Even so, Defendants' counsel were aware or could easily determine that Scott and Debbie Chatwin are the owners of the property at issue through an easily accessible online inspection of public documents. They knew that the Chatwins are not parties to this Complaint. To ensure the opportunity for their expert to inspect the scene of these record owners, Defendants' counsel should have served the Chatwins with a subpoena, as Mr. Hamilton did with Ms. Torrence.

[5] In their Motion, Defendants acknowledged that they planned to use these public areas for the inspection: "Some of these areas are open to the public anyway." Motion, p. 4.

## CONCLUSION

Mr. Chatwin's objection was substantially justified. Aside from the Objection being timely, Mr. Chatwin outlined circumstances wherein he described why the Rule 34 Request was improper, unduly burdensome and prejudicial. Defendants minimalize the effects that their attempts at re-creation would cause Mr. Chatwin, because they do not consider the physical and emotional trauma he experienced as a result of the officer's use of excessive force. To attempt to recreate that scene would evoke painful and stressful emotions, regardless of whether he attended. Defendants spent hours at the scene on the day Mr. Chatwin was injured, May 18, 2010, measuring and taking photographs. The re-creation would also cause turmoil for his parents who suffered as well. Understandably, the Chatwins do not want a circus-like atmosphere of persons employed by Defendants to enter onto their premises to relive the events of May 18, 2010, especially since Defendants already possess many photographs and measurements of the scene.[6] Defendants knew or should have known that Mr. Chatwin did not always live at the premises and that the record owners were his parents. Defendants, not Mr. Chatwin, created the short, six-day window between the scheduled inspection and the expert witness report deadline. For these reasons, Defendants' Motion is without merit and, pursuant to Rule 37(5)(B), this Court should award attorney's fees for the defense of this motion.

---

[6] Defendants claim in their Motion that the photographs and measurements would be different from those taken at the scene on May 18, 2010. Their statement is unsubstantiated and made without explanation. Even if it were timely, in *Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904 (4th Cir. 1978), after noting that Rule 34 is governed by the standards of Rule 26(b), the court noted that "[n]either rule 34 nor rule 26, the general discovery rule, permits blanket discovery upon bare skeletal request when confronted with an objection, as the plaintiffs seem to assume. Some degree of need must be shown. In most cases, this need is demonstrated by simply showing the relevancy of the desired discovery to the cause of action. This, indeed, is the general policy as stated in rule 26(b)(1)."

DATED this 17th day of February 2016.

            CLYDE SNOW & SESSIONS


            /s/ Lisa A. Marcy
            Lisa A. Marcy
            *Attorneys for Plaintiff Joshua Chatwin*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2016, I caused a true and accurate copy of the foregoing Memorandum in Opposition to Defendants' Expedited Motion to Compel Scene Inspection and Stay Expert Discovery to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter