# EXHIBIT 1



CLARK W. SESSIONS‡           DIANA L. TELFER
RODNEY G. SNOW              JONATHAN S. CLYDE ∆
STEVEN E. CLYDE             SHANNON K. ZOLLINGER
EDWIN C. BARNES             TIMOTHY R. PACK
NEIL A. KAPLAN*             NICOLE SALAZAR-HALL
D. BRENT ROSE               LAUREN A. MCGEE
CHARLES R. BROWN§           VICTORIA B. FINLINSON
J. SCOTT HUNTER             EMILY E. LEWIS
PERRIN R. LOVE*             JONATHAN D. BLETZACKER
DEAN C. ANDREASEN
ANNELI R. SMITH             OF COUNSEL:
WALTER A. ROMNEY, JR.       NATHAN B. WILCOX
MATTHEW A. STEWARD          REAGAN L.B. DESMOND¤ ∆
T. MICKELL JIMENEZ          JAMES W. ANDERSON
JENNIFER A. JAMES†          LISA A. MARCY
CHRISTOPHER B. SNOW*
BRENT R. BAKER¤             EDWARD W. CLYDE (1917-1991)
AARON D. LEBENTA
WAYNE Z. BENNETT            ‡ SENIOR COUNSEL
BRIAN C. WEBBER             * ALSO ADMITTED IN WASHINGTON, D.C.
BRIAN A. LEBRECHT¤          § ALSO ADMITTED IN IDAHO
ROBERT D. ANDREASEN         † ALSO ADMITTED IN COLORADO
KATHERINE E. JUDD           ø ALSO ADMITTED IN NEW YORK
                            ¤ ALSO ADMITTED IN CALIFORNIA
                            ∆ ALSO ADMITTED IN OREGON

February 4, 2016

*Via email:* bhamilton@djplaw.com

Mr. R. Blake Hamilton
Durham, Jones & Pinegar
P.O. Box 4050
Salt Lake City, Utah  84110-4050

   Re: Chatwin v. Draper City, *et al.*, Civil No. 2:14-cv-00375-DAK

Dear Blake:

  In response to your latest correspondence, while I appreciate you correctly pointing out that we do not represent Kathy Torrence, we do represent Mr. Chatwin and must therefore protect his interests in this litigation.  Your subpoena is untimely, as fact discovery has closed.  Ms. Torrence has also stated to me that she is uneasy and intimidated by you, and she has asked me to pass on the fact that she will be working on February 11th and therefore will not be available to let you into her home.  She lives alone and as a Delta flight attendant, she is scheduled for blocks of days when she is away at work.

  It is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests to circumvent a discovery deadline.  *See, e.g., Thomas v. IEM, Inc.,* 2008 WL 695230, at *2 (M.D.La.2008) ("The Court will not allow Thomas to employ a Rule 45 subpoena to avoid the discovery deadline and to obtain documents from IEM that could have been requested pursuant to a Rule 34 document request well before that deadline.")  *See also, Disney v. State Farm Fire & Cas. Co,* 2004 WL 1091135, at *1 (W.D.Tenn.2004) ("[T]o the extent Disney's July 10, 2003 request for production of documents at the depositions . . . was made pursuant to Rule 34, the request was untimely because the discovery deadline had expired.").

  Additionally, although you state that you need to enter Ms. Torrence's property to assist your expert, your reasoning for the request is vague and ambiguous.  Defendants possess

{00935682-1 }

measurements and photographs (see DRAPER-CHT-4764-4770) taken by Defendants at the time of the incident on May 18, 2010.  We now sit six years later, with a more mature landscape and vastly different weather conditions, which would not be accurate for any type of reconstruction or demonstration, for instance.

      Both parties agreed to and have thus far complied with the December 15, 2015, discovery fact deadline.  Without leave of the Court, we do not agree to re-opening fact discovery.  It is my hope that we can resolve these issues without involving the court.

                Sincerely,

                Lisa A. Marcy

/jh

{00935682-1 }