R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>　　　　　　　Defendants. | **REPLY IN SUPPORT OF EXPEDITED MOTION TO COMPEL SCENE INSPECTION AND STAY EXPERT DISCOVERY**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball<br>Magistrate Judge Pead |

Pursuant to this Court's docket text order of February 10, 2016 (D.E. 38), Defendants hereby submit this Reply in further support of their Expedited Motion to Compel Scene Inspection and Stay Expert Discovery (D.E. 37).  The Plaintiff was provided with a proper request for entry upon property pursuant to Rule 34, and it was timely served during the expert discovery period.  Contrary to Plaintiff's contentions, the scheduled date and time of the entry

upon the property was canceled after a series of written correspondence between counsel in an effort to resolve the issue outside of Court.  Despite multiple opportunities to do so, Plaintiff's counsel did not inform Defendants that Plaintiff was not consistently residing at the subject property until filing Plaintiff's Opposition (D.E. 39) on February 17, 2016.  This Court should therefore grant the Motion to Compel and allow Defendants to enter onto Plaintiff's property pursuant to the Rule 34 Request, and award sanctions for the expenses and fees incurred as a result of the cancellation of the original event.

## FACTUAL BACKGROUND

1. On January 5, 2016, Defendants served Plaintiff with a Rule 34 request to enter property located at 12534 S. 150 E. ("Draper Address") on the date of February 11, 2016. Exhibit B to Defendants' Motion.

2. On January 5, 2016, Defendants also served Plaintiff with a notice of intent to issue third-party subpoena to enter the property of a neighbor, Kathy Torrence, also on February 11, 2016.

3. Thereafter, the parties have exchanged written correspondence regarding the scheduled property inspection and whether or not it was untimely, including Plaintiff's Objection to the Third-Party Subpoena on January 11, 2016, Defendants' letter to Plaintiff's counsel on January 19, 2016, and Plaintiff's Objection to the Rule 34 Request on February 4, 2016, and Defendants' email of February 8, 2016.

4. Lead counsel for Defendants, Blake Hamilton, has been in a federal jury trial in Phoenix, Arizona, which began on January 19, 2016 and is still ongoing. *See United States v. Colorado City, et al.*, No. 3:12-cv-08123-HRH (D. Ariz.).  Mr. Hamilton's associate, Ashley

Gregson, has also been in Phoenix appearing at trial for three of the past six weeks. Both Mr. Hamilton and Ms. Gregson were in trial when Ms. Marcy sent her February 4, 2016 letter to only Mr. Hamilton via email. Mr. Hamilton did not notice the email and therefore counsel for Defendants were not aware of the letter at the time they filed their Motion on February 9, 2016.

## ARGUMENT

### I. PLAINTIFF'S CONCERNS REGARDING THE RULE 34 SCENE INSPECTION ARE WITHOUT MERIT.

Plaintiff's Opposition addresses concerns with the requested scene inspection, and at least one concern was not raised in his original objection to the request. In the original objection, Plaintiff's main arguments were that the Request was untimely because fact discovery has closed, and that he was not the record owner of Draper Address. Now, Plaintiff argues that regardless of timeliness, the scene inspection should not go forward because (1) the physical conditions will be different at the scene inspection than on the day of the event, and (2) Plaintiff allegedly does not have control over the Draper Address because he only lives there intermittently.[1] Both arguments are without merit.

Changes in weather and vegetation at the scene are inevitable when requesting to enter onto property pursuant to Rule 34. By definition, certain circumstances will be different from those that were present on the date of the events in question. However, Plaintiff has put forth no

---

[1] In the Conclusion section of Plaintiff's Opposition, Plaintiff also argues that "recreating the scene would evoke painful and stressful emotions, regardless of whether he attended" and cause "turmoil for his parents." D.E. 39, at 10. Neither of these assertions are supported by actual evidence, despite the fact that Plaintiff attached an affidavit from his father to his Opposition. None of these individuals need be present at the scene for the inspection. There has been no indication that the inspection would create a "circus-like atmosphere" or force Plaintiff's parents to "relive the events," particularly because his parents were not ever present during the events in question in the first place. For these reasons, this contention is also without merit.

3

evidence that the placement of permanent markers such as the sidewalk, driveway, curb, or the window of Ms. Torrence's home have changed in any way. These are the markers that will be relevant to the planned scene inspection, not whether it will be sunny or overcast, winter or summer on that particular day. Furthermore, Plaintiff has presented no precedent that requires a Rule 34 scene inspection to take place in the exact same conditions that were present on the day of the event in question. Surely, Plaintiff can point out any changes in these conditions on cross-examination of the expert involved in the scene inspection to question the accuracy of his or her opinions, but this is not grounds to deny the Rule 34 Request.

Plaintiff's contention that he only lives at the Draper Address intermittently, and lacks control over the property sufficient to allow people to enter, is a new one. Counsel for Plaintiff had an opportunity to inform counsel for Defendants of this particular contention on multiple occasions since January 5, 2016, but failed to do so until filing the opposition. Furthermore, Plaintiff's previous filing with this Court represented only that he was not the record owner of the Draper Address, not that he does not actually live there.

Plaintiff argues that he testified in his deposition that he had lived in shelters or rehab facilities and was not always living with his parents at the Draper Address. Plaintiff even argues that he was "largely homeless." D.E. 39, at 3. However, a review of his deposition testimony shows that the word "homeless" was in fact only used once throughout the entire deposition, and that was by Plaintiff's counsel, not Plaintiff.[2] The testimony regarding shelters and rehabilitation

---

[2] Deposition of Joshua Chatwin, selected pages attached hereto as Exhibit A at 260:2-4.

4

facilities was regarding events in the past, not the Plaintiff's current residence, and even during at least one of those times, Plaintiff admitted that he still called the Draper Address his home.[3]

Record evidence and outside sources confirm that Plaintiff has resided at the Draper Address consistently for over ten years. All of the police reports that have been produced during discovery regarding Plaintiff list his address as the Draper Address. All of the employment records from Plaintiff's past employers during discovery indicate that his address was the Draper Address.[4] Outside sources, including a general online search[5] and a Westlaw PeopleMap report[6] list Plaintiff's address as the Draper Address. Plaintiff is also currently listed on the Utah Division of Corporations and Commercial Code website as the registered agent for a business named "Woodys Lawn Care," which reports his address as the Draper Address.[7] Therefore, it was reasonable for Defendants to assume that Plaintiff indeed does control the Draper Address at least sufficient for him to allow others to enter the property. Plaintiff's claims about control over the Draper Address are not convincing, and it is reasonable to believe that Plaintiff does have control over the Draper Address sufficient to allow individuals to enter the property, especially the limited area identified in the Request.

Plaintiff argues that Defendants should have served his parents with a Rule 45 Subpoena like they did with the neighbor, Ms. Torrence. Certainly, had Defendants known that Plaintiff would eventually claim that he did not live there sufficient to allow others onto the property, they

---

[3] *Id*. at 189:19-22.
[4] Plaintiff has received these documents in discovery. Defendants do not attach them hereto for the sake of brevity.
[5] See Exhibit B.
[6] See Exhibit C.
[7] See Exhibit D.

5

would have followed Rule 45, which does not require a 30 day period for a response and may well have allowed Defendants to maintain the originally scheduled date of February 11, 2016.

## II.     PLAINTIFF'S OBJECTION REQUIRED A MOTION TO COMPEL.

Plaintiff makes a procedural argument that his Objection to the Rule 34 Request did not prevent the scene inspection from taking place because he did not file a Motion for Protective Order.  This contention is incorrect.  The objection was a categorical and applied to the entire Request, stating that Plaintiff did not have the ability to allow access; it did not indicate that the inspection would still be permitted notwithstanding objections.  Therefore, Plaintiff "fail[ed] to permit inspection."  *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).  The proper course for Defendants was to seek to resolve the discovery dispute raised in Plaintiff's Objection outside of Court, and if that failed, file a Motion to Compel.  Defendants attempted to work with Plaintiff's counsel regarding the main issue raised (timeliness) over written correspondence.  More correspondence followed regarding the new argument raised in the Objection, namely, property ownership.  When these attempts failed, Defendants filed their Motion to Compel and cancelled the scene inspection to avoid incurring further costs.  Defendants were not required to wait until arriving at the scene with their experts present to be denied the opportunity to conduct their inspection before filing their Motion.

## III.    THE SCENE INSPECTION REQUIRES ENTRY ONTO TWO SEPARATE PROPERTIES.

Plaintiff argues that Defendants' request for sanctions was improper because it also requests sanctions for the cancellation of the entry onto the property of third-party neighbor, Ms. Torrence.  This is incorrect.  It should have been apparent from the notice of third-party

6

subpoena, the subpoena, and the Rule 34 Request that the entry upon Ms. Torrence's property was related to, and dependent upon, the entry upon the Plaintiff's property.  The two entries were scheduled for the same date and time.  When it became clear that Defendants would not be able to enter Plaintiff's Draper Address to recreate the placement of vehicles, etc., it was pointless to enter the property of Ms. Torrence to observe the scene from her window.  Defendants acknowledge that they have only sought sanctions with respect to their instant Motion, which deals only with the Rule 34 Request, not the subpoena, but point out that the two were parts of the same inspection and one could not take place without the other.

## CONCLUSION

Defendants' request to enter property at the Draper Address was timely and proper. Plaintiff's reasons for disagreeing with the request have morphed over the weeks and continue to change.  Plaintiff's claims about control over the Draper Address are not convincing, and it is reasonable to believe that Plaintiff does have control over the Draper Address sufficient to allow individuals to enter the property, especially the limited area identified in the Request.  Plaintiff's other objections and procedural arguments are without merit, and have cost Defendants money in the form of fees and costs, including experts.  For these reasons, this Court should grant Defendants' Motion to Compel.

DATED this 24th day of February, 2016.

        **DURHAM JONES & PINEGAR, P.C.**

        /s/ R. Blake Hamilton
        R. Blake Hamilton
        Ashley M. Gregson
        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing was served this 24th day of February, 2016, via electronic filing, upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                                /s/ Sarah Peck