Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah  84101
Telephone:  801-915-2616

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>  Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>  Defendants. | MOTION TO CLARIFY OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER<br>(Dkt. 38)<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Plaintiff, Joshua Chatwin, by and through his counsel, respectfully moves this Court for an order clarifying or, in the alternative, reconsidering the previous order entered on February 10, 2016 (Dkt. 38).

{00943883-1 }

## STANDARD FOR MOTION FOR RECONSIDERATION

District courts have discretion to revise interlocutory orders before the entry of a final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Anderson v. Deere and Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (*citing* Fed. R. Civ. P. 54(b)). A motion for reconsideration filed before the entry of a final judgment is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991).

## ARGUMENT

Before Plaintiff responded to Defendants' Expedited Motion to Compel Scene Inspection and Stay Expert Discovery ("Motion") (Dkt. 37), the magistrate entered the Order. In that Order, Magistrate Pead granted Defendants' request to stay all expert deadlines pending resolution of Defendants' Motion. In Defendants' Motion, Defendants stated that they retained "an expert to opine on, among other things, perception at the time of the incident." (Dkt. 37, p. 3.) Defendants requested that the deadline for expert reports should be stayed "until the objection can be addressed and a scene inspection can be rescheduled at a satisfactory time." (Dkt. 37, p. 4.) Mr. Chatwin seeks clarification that the extension of the designation of Defendants' experts and the accompanying written reports only applied to this "perception expert" but not to any other potential expert witnesses.

The deadline for designating Defendants' experts and providing expert reports was originally set for February 17, 2016, in the Scheduling Order. (Dkt. 8.) Plaintiff timely filed his expert reports by the designated date of January 15, 2016, from Trevor Petersen, Kirk Torgensen

and Dr. Walter Reichert. (Dkts. 33, 34 and 35.) Mr. Petersen gave opinions about whether the use of force by Defendant ex-officer Joshua Patterson upon Mr. Chatwin was excessive, whether the officer's training was adequate, whether procedures existed to ensure the safety of officers and arrestees and whether Defendant Draper City provided adequate training and procedures for officers interacting with intoxicated subjects. (Dkt. 33.) Mr. Torgensen gave opinions about Defendant Draper City's policies, procedures and training with respect to the use of force by Draper City's police officers. (Dkt. 34.) Dr. Reichert addressed Mr. Chatwin's injuries resulting from the incident of May 18, 2010, based upon Mr. Chatwin's medical records, his medical condition and any future medical concerns and treatment. (Dkt. 35.) All of these subjects reflect the allegations contained in the Second Amended Complaint; therefore, Defendants have been aware of these subjects from the inception of the lawsuit. By their own admissions, Defendants stated in their Motion that they needed to enter onto the property of the third-party witness and upon the property of Mr. Chatwin's parents to "observe the view from Ms. Torrence's front window" and "to inspect[] plaintiff's driveway area." (Dkt. 37, p. 3.) Since the subject matter of this "perception expert" did not consist of analyzing Defendant Patterson's use of force, Defendant Draper City's policies and procedures regarding training and the use of force or Mr. Chatwin's medical condition and future treatment, Mr. Chatwin seeks clarification that the extension of the expert witness deadlines did not extend to other experts.

## CONCLUSION

For these reasons, this Court should grant Mr. Chatwin's Motion to Clarify or, in the Alternative, Motion for Reconsideration of Magistrate's Order (Dkt. 38). Defendants' use of a "perception expert" had nothing to do with the issues of use of force, City policies on the use of force and Mr. Chatwin's medical condition.

DATED this 4th day of March 2016.

                                      CLYDE SNOW & SESSIONS

                                      /s/ Lisa A. Marcy
                                      Lisa A. Marcy
                                      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2016, I caused a true and accurate copy of the foregoing Motion to Clarify or, in the Alternative, Motion for Reconsideration of Magistrate's Order (Dkt. 38) to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter