R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>     Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>     Defendants. | **MOTION TO RECONSIDER OR CLARIFY ORDER GRANTING PLAINTIFF'S MOTION TO CLARIFY**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball<br>Magistrate Judge Pead |

Defendants hereby move this Court to reconsider its Order granting Plaintiff's Motion to Clarify, which was granted on March 7, 2016 without an opportunity for Defendants to respond. For the following reasons, Defendants are prejudiced by the Order and this Court should grant them at least 10 days to provide any reports that they did not produce on February 17, 2016 based upon their reliance upon this Court's previous, now clarified, docket text order.

SLC_2688134.1

## ARGUMENT

District Courts have discretion to alter interlocutory orders as justice requires until a final judgement is entered. *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). "Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order . . .." *Driessen v. Sony Music Entertainment*, 2015 WL 5007927, *2 (D. Utah, August 20, 2015) (unpublished). The purpose of such a motion is to address orders where "'the court has misapprehended the facts, a party's position, or the controlling law.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

On February 9, 2016, Defendants filed an Expedited Motion to Compel Scene Inspection and to Stay Expert Discovery Deadlines [Doc. 37]. The Motion did not limit the request for stay to just one expert. In fact, the Motion noted that there may be multiple experts whose reports would rely upon the scene inspection: "Defendants have been forced to cancel the scene inspection for the time being, preventing the completion of *reports* which depend upon the inspection." *Id.* at 4 (emphasis added). On February 10, 2016, this Court entered a docket text order [Doc. 38] "granting Defendants' request to stay expert deadlines (Defendants' 2/17/16 Expert Report Deadline, Plaintiff's 3/16/16 Counter Report Deadline, and Expert discovery deadline 5/15/16) pending resolution of Defendants' Motion to Compel Scene Inspection [37]." The docket text order did not limit the stay to just one expert report.

It is inappropriate to use a motion for reconsideration for "'advancing new arguments . . . which were otherwise available for presentation'" during the original briefing. *Driessen v. Sony Music Entertainment*, 2015 WL 5007927, *2 (quoting *Van Skiver v. United States*, 952 F.2d

1241, 1242-44 (10th Cir. 1991)).  On February 17, 2016, Plaintiff filed an Opposition [Doc. 39] to Defendants' Motion to Compel and Stay Expert Discovery.  In that Opposition, Plaintiff did not raise any issue with the Court's previous docket text order staying discovery deadlines. Instead, Plaintiff waited until March 4, 2016 to raise the issue, well after Defendants' original deadline for producing expert reports had passed, to raise this issue with the Court.

On Monday, March 7, 2016, in response to Plaintiff's Motion to Clarify, the Court clarified its previous order staying expert discovery, stating that the stay only applied to "the perception expert's report" [Doc. 43].  Defendants were not given an opportunity to respond to Plaintiff's Motion to Clarify, and are now significantly prejudiced by the Court's clarification, which in effect bars Defendants from producing any expert reports (except, possibly, a report that results from the scene inspection) because the original February 17, 2016 deadline has now passed.

Before any of the issues at hand arose, Defendants retained more than one expert to provide a report in this case.  This included a use of force and police practices expert, who was planning on attending the scene inspection before completing his report(s).  But Defendants relied upon the stay in the docket text order and did not produce any expert reports on February 17, 2016.  Defendants therefore request that this Court reconsider the Order of March 7, and allow Defendants at least 10 days to produce the expert reports which were not produced as a result of Defendants' reliance upon the docket text order staying, without limitation, Defendants' expert discovery deadlines.  While this expert had planned to attend the scene inspection before completing his report(s), he has informed Defendants' counsel that he can complete the report, without the scene inspection if necessary, in a week.

3

## CONCLUSION

Defendants relied upon this Court's previous unlimited stay of Defendants' expert reports deadlines.  The Court's March 7th clarification of that stay severely prejudices Defendants, barring them from now producing any expert report. For these reasons, this Court should allow Defendants at least 10 days to produce other expert reports (excluding the perception expert) which were not produced on February 17th due to reliance upon the previous stay.

DATED this 8th day of March, 2016.

DURHAM JONES & PINEGAR, P.C.


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing was served this 8th day of

March, 2016, via electronic filing, upon the following:


Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101


                                    /s/ Sarah Peck
                            _____

SLC_2688134.1