# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA CHATWIN,<br>    Plaintiff, | : | |
| vs. | : | No. 2:14-cv-375 |
| DRAPER CITY, *et al.*,<br>    Defendants. | : | Report of Kenneth R. Wallentine<br>in response to Kirk M. Torgensen<br>report |

The following report of Kenneth R. Wallentine is submitted after review of the following documents, pleadings, records, and reports:

    Draper City Police Department report and DUI report

    Draper City Police policies relating to use of force

    Joshua Chatwin deposition transcript

    Joshua Patterson deposition transcript

    Mehdi Mahmoudi deposition transcript

    David Harris deposition transcript

    John Eining deposition transcript

    Heather Baugh deposition transcript

    Kathy Torrence deposition transcript

    Steven Merrin deposition transcript

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*      1

       Jason Scott deposition transcript

       Miscellaneous photographs relating to incident

       Kirk Torgensen report

       Trevor Petersen report

      This report of Kenneth R. Wallentine is submitted in response to the report of Kirk Torgensen.

      Kenneth R. Wallentine states as follows:

1.     The Draper Police Department policy governing use of force that was in effect in 2010 contained a restatement of the law governing use of force, accompanied by some additional discussion. This policy is similar to many policies that were commonly in use throughout the State of Utah at the time. In fact, prior to adopting a policy that is nearly word-for-word identical to the 2013 Draper Police Department Policy 300, the Investigation Division of the Office of the Attorney General had in effect a use of force policy that offered little guidance beyond restating the laws of Utah and some factors suggested by federal courts.

      The 2010 Draper Police Department policy, and the many that were markedly similar to that policy, should be read in tandem with the training provided to all certified Utah peace officers. As a Bureau Chief at Utah Peace Officer Standards and Training Division, I was responsible for the learning objectives, curriculum and certification examinations for courses mandated to all police academy trainees. Several courses featured discussion of use of force issues addressed broadly in the 2010 Draper Police Department policy. Those courses included Laws of Reasonable Force, Laws of Arrest, Liability of Peace Officers, Defense Techniques,

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*      2

parts one and two. Police trainees were also required to successfully complete scenario exercises and demonstrate appropriate use of force in compliance with state and federal constitutional parameters and statutes. A trainee could not be certified as a law enforcement officer in the state of Utah without passing a comprehensive written test that particularly tested knowledge of the laws addressing use of force.

Though the Draper Police Department 2010 use of force policy was later amended to its current form–similar to the overwhelming majority of Utah agencies–the policy provided sufficient guidance for an officer to know the agency's policy on the proper and constitutionally-permissible use of force by a police officer. Draper Police Department officers who were certified as law enforcement officers by the Utah Peace Officer Standards and Training Division were trained to the standards then generally accepted on the proper and constitutionally-permissible use of force and had successfully passed examinations essential to certification and hiring as a police officer.

Many police executives recognized a need for more clearly-expressed and detailed policy statements to guide police officers and to shape police procedures and training. In the few years preceding the adoption of the 2013 Draper Police Department policy 300, a committee formed under the direction of the Utah Chiefs of Police Association studied then-existing policies, possible inadequate explanations of policy, and policy-drafting options. That committee's work lead directly to widespread policy changes at many agencies, including Mr. Torgensen's former agency and the Draper Police Department.

The Draper Police Department adequately trained its officers to arrest persons, including intoxicated persons. Police officers receive training on arrest control techniques during the Utah

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*     3

Police Academy training that includes training to arrest impaired persons. Beyond the Utah Police Academy training required for all officers, Draper City also trained its officers on arresting persons. Both Officer Patterson and Deputy Chief Eining described some of the methods taught to officers for taking impaired persons into custody. The training described by both Officer Patterson and Deputy Chief Eining fits training objectives in use at the Utah Police Academy at the time of plaintiff's arrest and is sufficient to demonstrate to a person familiar with Utah police training programs to know that the Draper Police Department adequately trained its officers in the subject of arresting persons, including intoxicated persons. Utah law enforcement agencies generally recognize that training as sufficient to prepare an officer to arrest an impaired person.

2. In reaching my opinions in this matter I have relied upon my training and experience in public safety acquired throughout my career. A summary of my qualifications, publications, litigation history and fee schedule are recited herein.

3. **My qualifications as an expert in this subject matter include the following:** I am a law enforcement officer in the State of Utah. I became certified as a law enforcement officer in the State of Utah in 1982. Until April 1, 2014, I was employed with the Utah Attorney General, where I served as the Chief of Law Enforcement. I am currently employed as a Special Agent with the Utah Attorney General Investigation Division, coordinating use of force training and force investigation training throughout the state. I also work part-time as a consultant and Senior Legal Advisor for Lexipol.

I was formerly employed as a Bureau Chief at the Utah Department of Public Safety, Peace Officer Standards and Training Division, where I supervised investigations into allegations of improper and excessive force, officer integrity, and criminal acts alleged to have been

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*                4

committed by law enforcement officers and supervised in-service training administration and certification for all peace officers in the State of Utah. I also supervised the police service dog training and certification program for the State of Utah. I had responsibility for policy drafting and review for the parent agency, the Utah Department of Public Safety.

My duties included direct supervision and command of various investigative units and agents throughout the State of Utah, supervising law enforcement officers, forensic specialists, and technicians. I commanded the State of Utah Child Abduction Response Team. I commanded the State of Utah Officer-Involved Fatality Investigation Team. I am a member of the Board of Review of the Utah Technical Assistance Program, consulting in cold case homicide and complex violent person crimes investigations. In 2010, Governor Herbert selected me for the Governor's Leadership in Public Service award for my work in public safety leadership.

I was formerly responsible for providing delivery of the Basic Training Curriculum related to all legal subjects, as well as certain tactical subjects, at the Utah Law Enforcement Academy. I continue to teach at the Utah Law Enforcement Academy. I am the author of the police academy curriculum currently in use for several subjects, including, but not limited to, use of force, reasonable force, use of force and police service dog teams, search and seizure, search and seizure for police service dog teams, and use of force/firearms instructor liability.

I regularly teach in the following specialized courses: Advanced Officer Course, Firearms Instructor Course, Utah Sheriffs' Association Command College, First Line Supervisor Course, POST K9 Unit Administrator Course, POST Patrol Dog Handler Course, POST Narcotics Detector Dog Course, and others. I am a former police service dog handler and worked with the

*Chatwin v. Draper City, et al.*
Report of Kenneth R. Wallentine
in response to Kirk M. Torgensen          5

Uintah County Sheriff's K9 Unit from 1995 to 2001. I continue to provide instruction and evaluation services for the POST Police Service Dog program.

I am a certified POST Firearms Instructor, often serving as the lead instructor for POST Firearms courses. I am a certified TASER® Instructor. I am a certified Excited Delirium and Sudden Death Investigation Instructor. I was certified by the Los Angeles Police Department in Officer-Involved Shooting Investigation. In cooperation with the Utah Sheriffs Association and the Utah Jail Commanders Association, I teach employee selection, employee discipline, internal affairs and in-custody and officer-involved fatality investigation courses to county law enforcement and corrections command staff. I am a certified Force Science Analyst, certified by the Force Science Research Center at Minnesota State University. I am a Certified Litigation Professional, certified by the Americans for Effective Law Enforcement.

I am a licensed attorney, having practiced law since 1990. I am admitted to practice before the United States Supreme Court, the Courts of Appeals for the Fifth and Tenth Circuits, and the State and Federal courts in the State of Utah. I am a Master of the Bench of the American Inns of Court, Inn One, where I also serve as immediate past-President of the Inn of Court. I have served both as a Hearing Officer and as the advising Administrative Law Judge for appeals before the Utah Career Service Review Board. I have also served as an Administrative Law Judge appointed in certain counties and cities in Utah, providing hearing officer and appellate hearing services for hearings involving allegations of police officer misconduct and other police employment matters.

I serve as Chairman of the Salt Lake County Peace Officer Merit Service Commission, appointed by the Salt Lake County Mayor and the Mayors of the various municipalities that

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*                6

comprise the Unified Police Department of Greater Salt Lake County. In that capacity, I chair the commission that oversees the hiring, promotion, discipline and termination of all sworn officers of the Salt Lake County Sheriffs Office, Salt Lake County Protective Services Office and the Unified Police Department.

I was the longest serving member of the Utah Board of Mandatory Continuing Legal Education, an independent committee serving on behalf of the Utah Supreme Court. I was first appointed in 1996 and was reappointed by the Chief Justice to serve through 2015.

In addition to my primary employment, I occasionally consult and provide expert opinions on police procedures, and use of force issues. I provide law enforcement academy curriculum consulting and accreditation review services for the United States Department of Justice. I have also served as a contract consultant to the United States Department of Justice, assigned to provide technical assistance and management consulting to various public safety entities in the United States.

I am the co-founder of, and legal advisor to, a best practices advisory group charged with developing model policies and best practices under the authority of the Utah Chiefs of Police Association, the Utah Sheriffs' Association and various state law enforcement agencies. I occasionally perform in-custody death investigations and officer-involved shooting death investigations for agencies which may lack the requisite expertise. I am the author of a number of best practice policies for law enforcement agencies, and have provided policy drafting and policy review services for several agencies, including full policy drafting responsibility for one of the state's larger law enforcement agencies.

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*          7

I am a former member of the Scientific Working Group on Dog and Orthogonal Factors, an international organization facilitated by the Federal Bureau of Investigation, the Department of Homeland Security, and the Transportation Security Administration, with research and peer review coordinated by the International Forensic Research Institute at Florida International University, established to identify consensus based best practices for the use of canine detection teams. Other professional activities pertinent to law enforcement include serving as a Past-President of the Utah Peace Officers Association, former Board Member of the Utah SWAT Association, member of the International Association of Law Enforcement Educators and Trainers Association, consultant to and member of the California Narcotics and Explosive Canine Association, member of the International Association of Chiefs of Police and the Utah Chiefs of Police Association, member of the National Tactical Officers Association, member of the International Association of Law Enforcement Firearms Instructors, member of the International Association of Directors of Law Enforcement Standards and Training, member of the International Law Enforcement Educators and Trainers Association, and member of the United States Police Canine Association.

I serve as co-Chairman of the Utah Law Enforcement Legislative Committee. In that capacity, I have been involved with all major law enforcement legislative initiatives in the State of Utah for more than the past decade. I formerly served as a gubernatorial appointee to the Council on Peace Officer Standards and Training, under Governor Michael Leavitt, where I heard many dozens of contested disciplinary matters and helped direct policy and training for all peace officers and corrections officers. I served as a member on the Council on Peace Officer

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*                  8

Standards and Training, under appointment of the Attorney General from January 2013 until my retirement.

4. **My publications (limited to ten years) include the following:** I have previously published a number of other professional articles, many of which have been subjected to peer review. My most recent book, *The K9 Officer's Legal Handbook*, 2nd ed., was published by Lexis/Nexis Matthew Bender in February 2014, with the 2015 Supplement published in January 2015. Another book, *Street Legal: A Guide to Pre-trial Criminal Procedure for Police, Prosecutors, and Defenders* was published in 2007 by the American Bar Association Publishing Division. It is a treatise on public safety and criminal procedure. My other published works include: *Supreme Court Decision Casts Doubt on Hotel Registry Ordinances*, Police Chief, V. 81, No. 10 (2015); *Body Worn Cameras: Plan Before Your Office Buys In*, The Sheriff (June 2015); *Legal Risks of Failing to Care for Children of Arrested Persons*, Police Chief, V. 82, (September 2015); *A Rational Foundation for Use of Force Policy, Training and Assessment*, 2014 (2) AELE Mo. L. J. 101; *Post Incident Video Review*, Police Chief, V. 68, No. 12 (2011); *Cell Site Location Evidence: A New Frontier in Cyber-Investigation*, 2011 (2) AELE Mo. L. J. 501, *Prospects, Pitfalls and Pains of Social Media and Public Safety*, The Municipal Lawyer, September 2010; *Police Department May Read Text Messages Sent on Agency-issued Pagers: City of Ontario, California v. Quon*, Police Chief, V. 57, No. 8 (2010); *Collection of DNA Upon Arrest: Expanding Investigative Frontiers*, Police Chief, V. 57, No. 1 (2010); *Targeting TASER: The New TASER Aim Points,* Law Officer, January 2010; *The Risky Continuum: Abandoning the Use of Force Continuum to Enhance Risk Management*, The Municipal Lawyer, July 2009; *Explosive Detector Dog Legal Issues*, K9 Cop, February 2009; *Does Police Service Dog Deployment Equal Deadly Force?*, K9 Cop, April 2009; *Human Scent Line-up Evidence*, Police

Chatwin v. Draper City, et al.
Report of Kenneth R. Wallentine
in response to Kirk M. Torgensen            9

K9 Magazine, August 2009; *Acknowledging Gender in Fitness Standards for Police: An Invitation to Liability?*, The Municipal Lawyer, January 2008; *K9 Court Testimony*, Police K9, December 2006; *United States Supreme Court Review for Corrections Managers*, Corrections Managers Report, October 2006.

5. **My fee schedule is established as follows:** I charge $250.00 per hour for examination of reports and documents, site visits, interviews, administrative tribunal, deposition or court testimony, with a minimum of $1,000.00 for deposition or court testimony. I bill for actual travel expenses and a travel fee of $1,000.00 per day/part-day for travel to western states and $1,500.00 per day/part-day outside western states.

6. **My prior experience as an expert witness (limited to the past four years) includes the following cases:** I have been qualified as an expert in the subject matter of police procedures, including use of TASER® devices, excessive force, shootings and wrongful death claims, search and seizure, police service dog use, both in drug detection and dog bites, and I have never had a court decline to find that I am a qualified expert witness. I have testified and/or provided depositions and trial testimony in the following cases which may be generally related to the subject of the instant litigation in the past four years: *Gonzales v. Campbell*, No. CV-15-00064-PHX-NVW, United States District Court for the District of Arizona, 2016. Deposition testimony given on behalf of defendant. Subject matter: excessive force. *McDonald v. Dupnik*, No. C20142895 Superior Court, State of Arizona, Pima County, 2016. Trial and deposition testimony given on behalf of defendants. Subject matter: excessive force. *Talley v. City of Charlotte*, No. No. 3:14 CV 683, United States District Court for the Western District of North Carolina, 2016. Deposition testimony given on behalf of the defendants. Subject matter:

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*         10

negligent custody. *McKenney v. Mangino*, No. 2:15-CV-73-JDL, United States District Court for the District of Maine, 2015. Deposition testimony given on behalf of defendant. Subject matter: wrongful death. *Moore v. City of Lakeland*, No. 8:13-cv-02660-T-26TBM, United States District Court for the Middle District of Florida, 2015. Trial testimony given on behalf of defendant. Subject matter: excessive force. *Frasier v. McCallum, et al.*, No. 1:14-cv-00009-MP-GRJ, United States District Court for the Northern District of Florida, 2015. Deposition testimony given on behalf of defendant. Subject matter: mistaken arrest. *Wolffis v. City of Gainesville*, No. 1:14-cv-130, United States District Court for the Northern District of Florida, 2015. Deposition testimony given on behalf of defendant. Subject matter: excessive force. *Castillo v. City of Tempe*, No. 2:12-CV-02225-ROS, United States District Court for the District of Arizona, 2015. Trial testimony given on behalf of defendants. Subject matter: excessive force. *Stoedter v. Salt Lake County, et al.*, No. 2:12-CV-255-BJ, United States District Court for the District of Utah, 2015. Trial and deposition testimony given on behalf of the defendants. Subject matter: police force to effect arrest. *Williams v. TASER, Internat'l and the City of Charlotte*, No. 3:12-CV-838, United States District Court for the Western District of North Carolina, 2014. Deposition testimony given on behalf of the defendants. *Clark v. Box Elder County et al.*, No. 1:13-cv-00079-CW, United States District Court for the District of Utah, 2014. Deposition testimony given on behalf of the defendants. *Campbell & Gemperline v. City of Springboro et al.*, No. 1:08-cv-00737, United States District Court for the Southern District of Ohio, 2013. Deposition testimony given on behalf of the defendants. *Thompson v. City of Lebanon*, No. 1:10-CV-0035, United States District Court for the Middle District of Tennessee, 2013. Deposition testimony given on behalf of the defendants. *Chief v. West Valley City Police, et al.*, No. 2:11-CV-643,

*Chatwin v. Draper City, et al.*
Report of Kenneth R. Wallentine
in response to Kirk M. Torgensen                11

United States District Court for the District of Utah, 2013. Deposition testimony given on behalf of the defendants. *Stoedter v. Salt Lake County, et al.*, No. 2:12-CV-255-BJ, United States District Court for the District of Utah, 2013. Deposition testimony given on behalf of the defendants. *Texiera v. United States of America, et al.*, No. 2:11-CV-02022, United States District Court for the District of Nevada, 2013. Deposition testimony given on behalf of the defendants. *Boggs v. City of Waterloo*, No. LACV116584-CW, Blackhawk County District Court, 2013. Deposition testimony given on behalf of defendants. *Schmidtke v. Marion County Sheriff et al.*, No. 5:10-CV-293-OC-10prl, United States District Court for the Middle District of Florida, 2012. Deposition testimony given on behalf of the defendants. *Alusa v. Salt Lake County Sheriff, et al.*, No. 2:11-CV-00184-CW, United States District Court for the District of Utah, 2012. Deposition testimony given on behalf of the defendants. *Woodward v. City of Gallatin, et al.*, No. 3:10-CV-01060, United States District Court for the Middle District of Tennessee, 2012. Deposition testimony given on behalf of the defendants. *Minor v. Johnson, et al.*, No. 1016-CV08762, Circuit Court of Jackson County, Missouri, 2012. Deposition testimony given on behalf of defendants. *Garcia v. Sacramento City, et al.*, No. 2:10-CV-00826-JAM-KJN, United States District Court of California, Eastern Division, 2012. Deposition testimony given on behalf of the defendants.

The observations and opinions stated herein are preliminary, insofar as additional information may be provided to me through the course of discovery and other incidents of the litigation process. They are based on the best information presently known to me. I have assumed the general accuracy of the documents, statements, and reports, excepting those expressed as opinions and those conflicting one with another and/or conflicting with physical

*Chatwin v. Draper City, et al.*
Report of Kenneth R. Wallentine
in response to Kirk M. Torgensen                12

evidence, that were provided to me. The opinions herein may be supplemented and/or revised upon receipt of additional information, including, but not limited to, further deposition testimony, consideration of any report submitted by plaintiff's experts, further investigation and/or further witness interviews. I may supplement this report upon completion of depositions of witnesses in this matter and/or upon being provided with other investigative documents, and/or diagrams, video and photographs. I may also supplement this report upon being granted leave to inspect the site from the various perspectives of witnesses who claim to have observed plaintiff's arrest.

My trial testimony may be supported by exhibits that include the pleadings, documents, statements, depositions, diagrams, photographs, and reports listed herein, as well as illustrative evidence such as a visual presentation of computer-generated slides and visual images projected onto a screen, charts, graphs, or illustrations created to better illustrate the aforementioned documents.

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*                13

*[signature]*

Kenneth R. Wallentine
March 30, 2016

Kenneth R. Wallentine
5272 South College Drive, Suite 200
Murray, Utah 84123

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Kirk M. Torgensen*       14