EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA CHATWIN,<br>　　　　Plaintiff, | : | |
| | : | |
| vs. | : | No. 2:14-cv-375 |
| | : | |
| DRAPER CITY, *et al.*,<br>　　　　Defendants. | : | Report of Kenneth R. Wallentine<br>in response to Trevor B. Petersen |
| | : | report |

The following report of Kenneth R. Wallentine is submitted after review of the following

documents, pleadings, records, and reports:

Draper City Police Department report and DUI report

Draper City Police policies relating to use of force

Joshua Chatwin deposition transcript

Joshua Patterson deposition transcript

Mehdi Mahmoudi deposition transcript

David Harris deposition transcript

John Eining deposition transcript

Heather Baugh deposition transcript

Kathy Torrence deposition transcript

Steven Merrin deposition transcript

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*　　　　1

Jason Scott deposition transcript

Miscellaneous photographs relating to incident

Kirk Torgensen report

Trevor Petersen report

This report of Kenneth R. Wallentine is submitted in response to the report of Trevor B. Petersen.

Kenneth R. Wallentine states as follows:

1.      Officer Patterson's most immediate concern at the very instant that he perceived plaintiff's grasp on his gun was to prevent plaintiff from drawing the gun and the predictable disaster that would very likely ensue. I am familiar with the technique suggested by Mr. Peterson, executed by holding the subject's hand with the officer's overlying hand and following through with inflicting pain compliance techniques and moving the subject away from the gun. I have seen this technique taught and practiced in countless Utah Police Academy training sessions, though I have not seen it taught for use with a person already in handcuffs. Almost every time, the subject is quickly and forcefully moved to the ground.

Mr. Petersen suggests that the technique used by Officer Patterson in his urgency to prevent plaintiff from controlling a gun should not have been successful. Officer Patterson stopped plaintiff from exercising further control over the gun and did so without allowing plaintiff to maintain a hold on the gun and withdraw the gun. I concur that there are many points on which Mr. Petersen speculates in hindsight of the incident, such as how Officer Harris might have felt about plaintiff's likelihood of becoming a violent threat, that possibly might have

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          2

brought a different result. Examining the facts known, however, it is apparent that Officer

Patterson used a reasonable technique that prevented plaintiff from drawing the gun from the

holster.

Assuming Kathy Torrence's account to be factually-based, Mr. Petersen posits that

plaintiff perchance might not have been injured if additional officers were standing close by at

the moment that plaintiff grabbed Officer Patterson's gun. Being equally uncertain of what could

have happened under different circumstances, I concur that it is speculatively conceivable that

plaintiff might not have been injured if additional officers had been present, not occupied by

other duties, and those officers were able to perceive plaintiff's actions and instantly and

effectively react to plaintiff grabbing at Officer Patterson's gun. Notwithstanding abstract

speculation of what might have happened under a different set of circumstances, Officer

Patterson used proper force and adequate procedures designed to ensure the safety of the officers

and plaintiff.

Officer Patterson was trained and tested on arrest control techniques during the Utah

Police Academy basic training. That training curriculum includes training to arrest impaired

persons. Draper City also trained its officers on arresting persons. Both Officer Patterson and

Deputy Chief Eining described some of the methods taught to officers for taking impaired

persons into custody. One such method involves placing an intoxicated position into a kneeling

or prone position, assuming that the intoxicated person does not resist efforts to execute the

technique.

The methods that Officer Patterson and Deputy Chief Eining described are consistent

with training objectives in use at the Utah Police Academy at the time of plaintiff's arrest. Utah

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          3

law enforcement agencies generally recognize that training as sufficient to prepare an officer to arrest an impaired person. No matter what training is provided to prepare an officer to take an impaired person into custody, there are factors over which the officer has little or no control and which can thwart the best-laid training plans.

Plaintiff chose his moment and his place to grab Officer Patterson's gun. Plaintiff did not choose to do so when he was standing on grass. He chose to grab the gun while standing on a hard surface. Neither Officer Patterson nor any other person beside plaintiff had a part in the chosen location. I can speculate that plaintiff might possibly not have been injured if he had grabbed Officer Patterson's gun when they were both on softer ground. Police don't get the choice to arrest all persons on bounce house air cushions. At some point, virtually all arrestees traverse concrete and asphalt as they are being taken into custody, put into a police vehicle (parked on a roadway) and driven to the jail (where they get out and traverse a long concrete walk to the receiving area). Officers have to respond to force used against them at the location of the subject's choosing.

Officer Patterson did not use excessive force under the circumstances presented by plaintiff. Arrest control techniques are commonly less effective with an impaired person. The officer may initiate a control technique trained and practiced dozens of times in the training center, only to have an impaired person torque and twist in a way that defeats or diminishes the effectiveness of the particular tactic. Officer Patterson tried to stop plaintiff and did stop plaintiff from obtaining a gun. There can be little doubt that the consequences of not acting decisively and quickly to prevent plaintiff from grabbing a gun would have been tragic for all involved.

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          4

2.     In reaching my opinions in this matter I have relied upon my training and experience in public safety acquired throughout my career. A summary of my qualifications, publications, litigation history and fee schedule are recited herein.

3.     **My qualifications as an expert in this subject matter include the following:** I am a law enforcement officer in the State of Utah. I became certified as a law enforcement officer in the State of Utah in 1982. Until April 1, 2014, I was employed with the Utah Attorney General, where I served as the Chief of Law Enforcement. I am currently employed as a Special Agent with the Utah Attorney General Investigation Division, coordinating use of force training and force investigation training throughout the state. I also work part-time as a consultant and Senior Legal Advisor for Lexipol.

I was formerly employed as a Bureau Chief at the Utah Department of Public Safety, Peace Officer Standards and Training Division, where I supervised investigations into allegations of improper and excessive force, officer integrity, and criminal acts alleged to have been committed by law enforcement officers and supervised in-service training administration and certification for all peace officers in the State of Utah. I also supervised the police service dog training and certification program for the State of Utah. I had responsibility for policy drafting and review for the parent agency, the Utah Department of Public Safety.

My duties included direct supervision and command of various investigative units and agents throughout the State of Utah, supervising law enforcement officers, forensic specialists, and technicians. I commanded the State of Utah Child Abduction Response Team. I commanded the State of Utah Officer-Involved Fatality Investigation Team. I am a member of the Board of Review of the Utah Technical Assistance Program, consulting in cold case homicide

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          5

and complex violent person crimes investigations. In 2010, Governor Herbert selected me for the Governor's Leadership in Public Service award for my work in public safety leadership.

I was formerly responsible for providing delivery of the Basic Training Curriculum related to all legal subjects, as well as certain tactical subjects, at the Utah Law Enforcement Academy. I continue to teach at the Utah Law Enforcement Academy. I am the author of the police academy curriculum currently in use for several subjects, including, but not limited to, use of force, reasonable force, use of force and police service dog teams, search and seizure, search and seizure for police service dog teams, and use of force/firearms instructor liability.

I regularly teach in the following specialized courses: Advanced Officer Course, Firearms Instructor Course, Utah Sheriffs' Association Command College, First Line Supervisor Course, POST K9 Unit Administrator Course, POST Patrol Dog Handler Course, POST Narcotics Detector Dog Course, and others. I am a former police service dog handler and worked with the Uintah County Sheriff's K9 Unit from 1995 to 2001. I continue to provide instruction and evaluation services for the POST Police Service Dog program.

I am a certified POST Firearms Instructor, often serving as the lead instructor for POST Firearms courses. I am a certified TASER® Instructor. I am a certified Excited Delirium and Sudden Death Investigation Instructor. I was certified by the Los Angeles Police Department in Officer-Involved Shooting Investigation. In cooperation with the Utah Sheriffs Association and the Utah Jail Commanders Association, I teach employee selection, employee discipline, internal affairs and in-custody and officer-involved fatality investigation courses to county law enforcement and corrections command staff. I am a certified Force Science Analyst, certified by

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen* 6

the Force Science Research Center at Minnesota State University. I am a Certified Litigation

Professional, certified by the Americans for Effective Law Enforcement.

I am a licensed attorney, having practiced law since 1990. I am admitted to practice

before the United States Supreme Court, the Courts of Appeals for the Fifth and Tenth Circuits,

and the State and Federal courts in the State of Utah. I am a Master of the Bench of the

American Inns of Court, Inn One, where I also serve as immediate past-President of the Inn of

Court. I have served both as a Hearing Officer and as the advising Administrative Law Judge for

appeals before the Utah Career Service Review Board. I have also served as an Administrative

Law Judge appointed in certain counties and cities in Utah, providing hearing officer and

appellate hearing services for hearings involving allegations of police officer misconduct and

other police employment matters.

I serve as Chairman of the Salt Lake County Peace Officer Merit Service Commission,

appointed by the Salt Lake County Mayor and the Mayors of the various municipalities that

comprise the Unified Police Department of Greater Salt Lake County. In that capacity, I chair

the commission that oversees the hiring, promotion, discipline and termination of all sworn

officers of the Salt Lake County Sheriffs Office, Salt Lake County Protective Services Office and

the Unified Police Department.

I was the longest serving member of the Utah Board of Mandatory Continuing Legal

Education, an independent committee serving on behalf of the Utah Supreme Court. I was first

appointed in 1996 and was reappointed by the Chief Justice to serve through 2015.

In addition to my primary employment, I occasionally consult and provide expert

opinions on police procedures, and use of force issues. I provide law enforcement academy

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          7

curriculum consulting and accreditation review services for the United States Department of Justice. I have also served as a contract consultant to the United States Department of Justice, assigned to provide technical assistance and management consulting to various public safety entities in the United States.

I am the co-founder of, and legal advisor to, a best practices advisory group charged with developing model policies and best practices under the authority of the Utah Chiefs of Police Association, the Utah Sheriffs' Association and various state law enforcement agencies. I occasionally perform in-custody death investigations and officer-involved shooting death investigations for agencies which may lack the requisite expertise. I am the author of a number of best practice policies for law enforcement agencies, and have provided policy drafting and policy review services for several agencies, including full policy drafting responsibility for one of the state's larger law enforcement agencies.

I am a former member of the Scientific Working Group on Dog and Orthogonal Factors, an international organization facilitated by the Federal Bureau of Investigation, the Department of Homeland Security, and the Transportation Security Administration, with research and peer review coordinated by the International Forensic Research Institute at Florida International University, established to identify consensus based best practices for the use of canine detection teams. Other professional activities pertinent to law enforcement include serving as a Past-President of the Utah Peace Officers Association, former Board Member of the Utah SWAT Association, member of the International Association of Law Enforcement Educators and Trainers Association, consultant to and member of the California Narcotics and Explosive Canine Association, member of the International Association of Chiefs of Police and the Utah

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*                    8

Chiefs of Police Association, member of the National Tactical Officers Association, member of the International Association of Law Enforcement Firearms Instructors, member of the International Association of Directors of Law Enforcement Standards and Training, member of the International Law Enforcement Educators and Trainers Association, and member of the United States Police Canine Association.

I serve as co-Chairman of the Utah Law Enforcement Legislative Committee. In that capacity, I have been involved with all major law enforcement legislative initiatives in the State of Utah for more than the past decade. I formerly served as a gubernatorial appointee to the Council on Peace Officer Standards and Training, under Governor Michael Leavitt, where I heard many dozens of contested disciplinary matters and helped direct policy and training for all peace officers and corrections officers. I served as a member on the Council on Peace Officer Standards and Training, under appointment of the Attorney General from January 2013 until my retirement.

4. **My publications (limited to ten years) include the following:** I have previously published a number of other professional articles, many of which have been subjected to peer review. My most recent book, *The K9 Officer's Legal Handbook*, 2nd ed., was published by Lexis/Nexis Matthew Bender in February 2014, with the 2015 Supplement published in January 2015. Another book, *Street Legal: A Guide to Pre-trial Criminal Procedure for Police, Prosecutors, and Defenders* was published in 2007 by the American Bar Association Publishing Division. It is a treatise on public safety and criminal procedure. My other published works include: *Supreme Court Decision Casts Doubt on Hotel Registry Ordinances*, Police Chief, V. 81, No. 10 (2015); *Body Worn Cameras: Plan Before Your Office Buys In*, The Sheriff (June

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*                    9

2015); *Legal Risks of Failing to Care for Children of Arrested Persons*, Police Chief, V. 82,

(September 2015); *A Rational Foundation for Use of Force Policy, Training and Assessment*,

2014 (2) AELE Mo. L. J. 101; *Post Incident Video Review*, Police Chief, V. 68, No. 12 (2011);

*Cell Site Location Evidence: A New Frontier in Cyber-Investigation*, 2011 (2) AELE Mo. L. J.

501, *Prospects, Pitfalls and Pains of Social Media and Public Safety*, The Municipal Lawyer,

September 2010; *Police Department May Read Text Messages Sent on Agency-issued Pagers:*

*City of Ontario, California v. Quon*, Police Chief, V. 57, No. 8 (2010); *Collection of DNA Upon*

*Arrest: Expanding Investigative Frontiers*, Police Chief, V. 57, No. 1 (2010); *Targeting TASER:*

*The New TASER Aim Points,* Law Officer, January 2010; *The Risky Continuum: Abandoning the*

*Use of Force Continuum to Enhance Risk Management*, The Municipal Lawyer, July 2009;

*Explosive Detector Dog Legal Issues*, K9 Cop, February 2009; *Does Police Service Dog*

*Deployment Equal Deadly Force?*, K9 Cop, April 2009; *Human Scent Line-up Evidence*, Police

K9 Magazine, August 2009; *Acknowledging Gender in Fitness Standards for Police: An*

*Invitation to Liability?*, The Municipal Lawyer, January 2008; *K9 Court Testimony*, Police K9,

December 2006; *United States Supreme Court Review for Corrections Managers*, Corrections

Managers Report, October 2006.

5.      **My fee schedule is established as follows:** I charge $250.00 per hour for examination of

reports and documents, site visits, interviews, administrative tribunal, deposition or court

testimony, with a minimum of $1,000.00 for deposition or court testimony. I bill for actual travel

expenses and a travel fee of $1,000.00 per day/part-day for travel to western states and $1,500.00

per day/part-day outside western states.

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*                    10

6.     **My prior experience as an expert witness (limited to the past four years) includes**

**the following cases:** I have been qualified as an expert in the subject matter of police

procedures, including use of TASER® devices, excessive force, shootings and wrongful death

claims, search and seizure, police service dog use, both in drug detection and dog bites, and I

have never had a court decline to find that I am a qualified expert witness. I have testified and/or

provided depositions and trial testimony in the following cases which may be generally related to

the subject of the instant litigation in the past four years: *Gonzales v. Campbell*, No.

CV-15-00064-PHX-NVW, United States District Court for the District of Arizona, 2016.

Deposition testimony given on behalf of defendant. Subject matter: excessive force. *McDonald*

*v. Dupnik*, No. C20142895 Superior Court, State of Arizona, Pima County, 2016. Trial and

deposition testimony given on behalf of defendants. Subject matter: excessive force. *Talley v.*

*City of Charlotte*, No. No. 3:14 CV 683, United States District Court for the Western District of

North Carolina, 2016. Deposition testimony given on behalf of the defendants. Subject matter:

negligent custody. *McKenney v. Mangino*, No. 2:15-CV-73-JDL, United States District Court for

the District of Maine, 2015. Deposition testimony given on behalf of defendant. Subject matter:

wrongful death. *Moore v. City of Lakeland*, No. 8:13-cv-02660-T-26TBM, United States District

Court for the Middle District of Florida, 2015. Trial testimony given on behalf of defendant.

Subject matter: excessive force. *Frasier v. McCallum, et al.*, No. 1:14-cv-00009-MP-GRJ,

United States District Court for the Northern District of Florida, 2015. Deposition testimony

given on behalf of defendant. Subject matter: mistaken arrest. *Wolffis v. City of Gainesville*, No.

1:14-cv-130, United States District Court for the Northern District of Florida, 2015. Deposition

testimony given on behalf of defendant. Subject matter: excessive force. *Castillo v. City of*

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*                11

*Tempe*, No. 2:12-CV-02225-ROS, United States District Court for the District of Arizona, 2015. Trial testimony given on behalf of defendants. Subject matter: excessive force. *Stoedter v. Salt Lake County, et al.*, No. 2:12-CV-255-BJ, United States District Court for the District of Utah, 2015. Trial and deposition testimony given on behalf of the defendants. Subject matter: police force to effect arrest. *Williams v. TASER, Internat'l and the City of Charlotte*, No. 3:12-CV-838, United States District Court for the Western District of North Carolina, 2014. Deposition testimony given on behalf of the defendants. *Clark v. Box Elder County et al.*, No. 1:13-cv-00079-CW, United States District Court for the District of Utah, 2014. Deposition testimony given on behalf of the defendants. *Campbell & Gemperline v. City of Springboro et al.*, No. 1:08-cv-00737, United States District Court for the Southern District of Ohio, 2013. Deposition testimony given on behalf of the defendants. *Thompson v. City of Lebanon*, No. 1:10-CV-0035, United States District Court for the Middle District of Tennessee, 2013. Deposition testimony given on behalf of the defendants. *Chief v. West Valley City Police, et al.*, No. 2:11-CV-643, United States District Court for the District of Utah, 2013. Deposition testimony given on behalf of the defendants. *Stoedter v. Salt Lake County, et al.*, No. 2:12-CV-255-BJ, United States District Court for the District of Utah, 2013. Deposition testimony given on behalf of the defendants. *Texiera v. United States of America, et al.*, No. 2:11-CV-02022, United States District Court for the District of Nevada, 2013. Deposition testimony given on behalf of the defendants. *Boggs v. City of Waterloo*, No. LACV116584-CW, Blackhawk County District Court, 2013. Deposition testimony given on behalf of defendants. *Schmidtke v. Marion County Sheriff et al.*, No. 5:10-CV-293-OC- 10prl, United States District Court for the Middle District of Florida, 2012. Deposition testimony given on behalf of the defendants. *Alusa v. Salt Lake*

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*                    12

*County Sheriff, et al.,* No. 2:11-CV-00184-CW, United States District Court for the District of

Utah, 2012. Deposition testimony given on behalf of the defendants. *Woodward v. City of*

*Gallatin, et al.,* No. 3:10-CV-01060, United States District Court for the Middle District of

Tennessee, 2012. Deposition testimony given on behalf of the defendants. *Minor v. Johnson, et*

*al.,* No. 1016-CV08762, Circuit Court of Jackson County, Missouri, 2012. Deposition testimony

given on behalf of defendants. *Garcia v. Sacramento City, et al.,* No. 2:10-CV-00826-JAM-

KJN, United States District Court of California, Eastern Division, 2012. Deposition testimony

given on behalf of the defendants.

The observations and opinions stated herein are preliminary, insofar as additional

information may be provided to me through the course of discovery and other incidents of the

litigation process. They are based on the best information presently known to me. I have

assumed the general accuracy of the documents, statements, and reports, excepting those

expressed as opinions and those conflicting one with another and/or conflicting with physical

evidence, that were provided to me. The opinions herein may be supplemented and/or revised

upon receipt of additional information, including, but not limited to, further deposition

testimony, consideration of any report submitted by plaintiff's experts, further investigation

and/or further witness interviews. I may supplement this report upon completion of depositions

of witnesses in this matter and/or upon being provided with other investigative documents,

and/or diagrams, video and photographs. I may also supplement this report upon being granted

leave to inspect the site from the various perspectives of witnesses who claim to have observed

plaintiff's arrest.

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          13

My trial testimony may be supported by exhibits that include the pleadings, documents, statements, depositions, diagrams, photographs, and reports listed herein, as well as illustrative evidence such as a visual presentation of computer-generated slides and visual images projected onto a screen, charts, graphs, or illustrations created to better illustrate the aforementioned documents.

Kenneth R. Wallentine
March 30, 2016

Kenneth R. Wallentine
5272 South College Drive, Suite 200
Murray, Utah 84123

*Chatwin v. Draper City, et al.*
*Report of Kenneth R. Wallentine*
*in response to Trevor B. Petersen*          14