Rebuttal Report Ken Wallentine
Trevor Petersen

1. Mr. Wallentine points out Mr. Chatwin's highly intoxicated state and aggressive and agitated behavior. Mr. Chatwin does not deny his intoxication level or being verbally confrontational. Mr. Wallentine states, "A reasonable and well-trained officer would have responded swiftly and decisively with whatever force was reasonably necessary to thwart plaintiff's efforts." In this case, it is my opinion that the officers did not act reasonably and have shown that they lack the necessary training, as required by the Utah Police Officer Standards and Training. Two certified police officers and one animal control officer were taking Mr. Chatwin into custody, but failed to use the proper officer safety techniques, which inevitably they did not prevent Mr. Chatwin from harming himself and/or others. Furthermore, this situation did not warrant using the amount of force which was used against Mr. Chatwin, an individual who is highly intoxicated and handcuffed behind his back.

2. Mr. Wallentine explains different types of firearm retention techniques. One of the techniques is explained as trapping the assailant's hand on the firearm and pushing the assailant's hand downward in an attempt to break the assailant's grip on the firearm and also keeping the firearm in the holster. This technique is a very effective firearm retention technique and should have been used in this incident, if in fact Mr. Chatwin was attempting to disarm Officer Patterson.

3. Officer Patterson stated that he heard the safety retention on his holster unlock and observed Mr. Chatwin's hand on his duty pistol. Officer Baugh testified that she did not hear the retention lock disengage. Although, Officer Patterson admitted that his body armor/bullet proof vest could easily unlock his weapon retention lock on his duty holster. In my experience, I have interacted with or taken numerous verbally confrontational and intoxicated persons into custody by myself. I have conducted numerous searches of individuals who were handcuffed behind their back and have had these individuals touching and grabbing equipment located on my duty belt, including my firearm. I have used the proper weapon retention tactics, none of which were throwing an individual to the ground. It is my opinion, Officer Patterson's decision and technique that he used to throw Mr. Chatwin to the ground was not in the realm of reasonable tactical responses.

4. I agree that the prone position is a control technique that maximizes control of resistive subjects. The kneeling position is also a control technique that allows the searching officer to conduct a search incident to arrest of an individual that is in custody. The prone or kneeling position are what should have been used by Officer Patterson and Officer Harris while Mr. Chatwin was on the grassy area, after he had been placed in custody. Due to Mr. Chatwin's intoxication level and Officer Patterson and Officer Harris

testifying that they needed to continually hold Mr. Chatwin up while he was standing.  If Officer Patterson and Officer Harris would have put Mr. Chatwin into a kneeling position to perform their search incident to arrest, Mr. Chatwin would have been controlled much easier and would not have been at a risk of falling and injuring himself.  Furthermore, if Officer Patterson would have used the kneeling position to perform a search of Mr. Chatwin's person, Officer Patterson's duty weapon would not have been in the area of Mr. Chatwin's hands.

5. A prone control technique is used in several different instances. My opinion is that if Mr. Chatwin had been placed into a kneeling position and Officer Patterson and Officer Harris had searched Mr. Chatwin's person, prior to moving him to the police truck, which was located on a concrete surface, this entire incident could have been avoided.

6. Kathy Torrence witnessed the events that transpired May 8th 2010. Torrence's account stated, "Officer Patterson throws (Mr. Chatwin) to the ground." In my opinion, this statement would hold true, due to the injuries that Mr. Chatwin sustained.  Officer Patterson stated that he "placed" Mr. Chatwin on the ground.  The definition of "placed" is to put in a proper position, order, or to arrange.  The actions of Officer Patterson did not meet the definition of "placed".

CONCLUSION

As law enforcement officers, we are taught that we are accountable for all of our actions.  There were two law enforcement officers and one animal control officer who were engaged with Mr. Chatwin on May 8th 2010.  If Mr. Chatwin was so highly intoxicated and uncontrollable, Officer Harris should have been controlling Mr. Chatwin, while Officer Patterson performed the search of Mr. Chatwin's person.  Instead, Officer Baugh (who is not law enforcement certified or had any formal training on defensive tactics) is assisting Officer Patterson.  Instead, Officer Harris begins a search of Mr. Chatwin's vehicle.  There were no other occupants in the vehicle and no immediate threat in the vehicle.  This leads me to believe that either Mr. Chatwin was not as much of a threat as Officer Patterson testifies to, or Officer Patterson and Officer Harris did not take the proper precautions to prevent a highly intoxicated person from harming himself or others.

Furthermore, the "unfortunate unintended" injuries were not the result of lawful and proper police actions.  The proper precautions were not taken, specifically performing a search of Mr. Chatwin's person while he was on the grassy area.  Putting Mr. Chatwin into a position where he could be controlled (ie, kneeling or prone position) and prevent him from falling.  Using two officers to perform the search (one to control Mr. Chatwin's hands and the other officer to perform the search).  These are all proper safety

precautions that law enforcement officers are taught to prevent a dangerous situation for law enforcement officer, arrestee, and bystanders.  Officer Harris, Officer Patterson, and Officer Baugh created this situation by not taking these proper safety precautions.

Furthermore, whether or not Officer Patterson intentionally or negligently caused serious bodily injury to Mr. Chatwin, he is still accountable for the outcome of his actions.  I am unaware of any weapon retention training that uses a technique of spinning an individual 180 degrees and throwing them to the ground (while they are handcuffed behind their back).  If Officer Patterson would have used the proper weapon retention tactics, as Mr. Wallentine and I have explained involving the trapping of the hand, the injuries that Mr. Chatwin sustained would have been avoided.

Throughout my career, whether domestic or internationally, I have always known each agency or corporation to have their own use of force policies and/or rules of engagement.  Although the constitution and federal and state statues are a basis for policies, it is imperative that that each agency implement it's own policies and provide training to it's employees.  In this case, Draper City did not have any use of force policies in place and clearly did not consider the importance as they ordered an animal control officer (who has not been certified as a law enforcement officer or had any formal use of force training) to perform law enforcement functions.

_____       Date: May 13th 2016
            Signature