REPORT OF KIRK TORGENSEN IN RESPONSE TO REPORT OF KEN
WALLENTINE IN THE MATTER OF CHATWIN V. DRAPER CITY, et al..,

The following report is submitted in response to the report filed by Kenneth Wallentine.

Kirk Torgensen states as follows:

1. The defendant's expert Kenneth Wallentine responded to the issue of the adequacy of Draper Police Department's policy on the use of force with the following points. He illustrates that the policy in place in May 2010 was very similar to that of many other local police agencies. While that may be true it does nothing to support or substantiate that those policies were sufficient or effective or legally sound. Just because other agencies also had poorly drafted policies that lacked any true guidance is of no consequence as to whether the policy in place at Draper PD was sufficient or effective or met their constitutional obligation.
2. As I stated in my previous report it is my opinion that the Draper policy in place in May 2010 was completely lacking in substance and any true guidance, especially to an inexperienced officer, on what factors and conduct an officer must be aware of in order to assure that their use of force was reasonable under the law. The Draper policy in place in 2010 merely recites the state statute that an officer may use only the force necessary and reasonable in affecting an arrest. This statement merely states the conclusion that force must be reasonable but provides absolutely no structure or guidance on how to ascertain what is reasonable and what is not. It is lacking concrete factors and issues that an officer must consider in determining what actions are reasonable in a given situation.
3. Perhaps the most compelling evidence that this policy and others like it were inadequate comes from the defendant's expert as Mr. Wallentine recites and acknowledges that in 2013 the Utah Chiefs of Police recognized the critical need to establish a committee to review these policies and establish better policies that actually informs and directs officers on the use of force. After the committee completed these revisions of policy, Draper PD along with other agencies adopted the now existing policy that is in place.
4. A comparison of the two policies, the one from 2010 and the one adopted in 2013 is very illustrative and demonstrates the completely inadequate nature of the 2010 policy. Whereas, the 2010 policy merely states that the use of force must be reasonable, the 2013 policy lists many factors to consider in determining the reasonable amount and type of force that should be used. These factors go from (a) to (q) and importantly includes the need to factor in the effects of drugs and alcohol on a suspect as well as their mental state and capacity. It also discusses the need to factor in how the suspect is restrained when using force. These are all critical issues in this case and at the heart of the controversy.
5. Mr. Wallentine also discusses the training officers receive at the police academy to help prepare them in use of force situations. I am familiar with such training after having taught over 20 years at the police academy. I think the training at the

academy is good and does give an officer some of the foundation to apply force correctly. With that said, it is and can only be just the beginning of a career long commitment to consistent and effective training. Over the many years I have been involved at the academy the use of force training changed frequently to keep up with new equipment like tasers etc…as well as ever changing guidance from the courts as well as better techniques to handle situations. The training at the academy brings an officer up to the level of being certifiable but it is not and never has been the end of the obligation and requirement of the police agency to continue to train in the use of force. In fact such training is mandated on a yearly basis for an officer to keep their certification.
6. In this case there is no evidence written or otherwise that Draper PD provided or that officer Patterson received any use of force training. To the contrary, there is undisputed evidence from Officer Patterson's sworn statements in his deposition that he could not recall receiving any use of force training. On page 26 line 12 of that deposition he states that he has no recollection on training from Draper PD on how to restrain subjects. Again online 19 of that page he states that he can recall no training from Draper and none since the academy. Also on pages 46 line 13 and 66 line 13 he reiterates no use of force training from Draper PD.
7. It is hard to imagine a more critical time to have solid policies and training on something as critical as using force as those early months when the officer leaves the academic world and has to interact with the real world on a daily basis. Yet there is no evidence of such training at all in the months leading up to the incident in question. The lack of an adequate policy coupled with the fact that Draper PD provided no training at all on the use of force strongly supports my opinion that the defendants did not meet their constitutional and legal obligations.

Kirk Torgensen

*[signature]* Kirk Torgensen    5/5/16