```
                                                    FILED
                                               U.S. DISTRICT COURT

                                               2016 JUN -2  D  1: 11

Mike Gulbraa                                   DISTRICT OF UTAH
Cyber Ops LLC                                  BY:_____
5693 S. Redwood Rd. #13                            DEPUTY CLERK
Taylorsville, UT 84123
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>        Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>        Defendants. | MOTION TO QUASH SUBPOENA TO CYBER OPS<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Michael C. Gulbraa hereby submits this Motion to Quash Subpoena to Produce Documents, Information, or Objects, dated April 11, 2016, and improperly served on April 25, 2016.

### GROUNDS FOR MOTION

Cyber Ops requests that the court quash the Subpoena to Cyber Ops on several bases.

First, for improper service. On April 25, 2016, a person entered the Cyber Ops premises. An employee of Cyber Ops walked out of his office and was asked if he was Michael Gulbraa ("Mr. Gulbraa"), to which the employee replied that he was not. The person did not identify

{00988352-1}

himself, nor did he offer an explanation, when asked, why he was there. He was invited to have a seat and wait, as Mr. Gulbraa was on a telephone call. (See Declaration of Cory Warnick attached as Exhibit 1.) Mr. Gulbraa later found the subpoena laying on the floor in front of his office door. A process server simply cannot drop serve someone without any communication and without accounting what you are offering to serve.

All Cyber Ops company records are confidential and are not relevant to this case as it relates to Trevor Petersen and any possible agreement or anything we may have had with him. Mr. Petersen's expert report included his CV and as I understand it, all documents reviewed by him in preparation of issuing his expert report have been provided to the defendant.

Rule 502 of Federal Rules of Evidence - "...the issues raised in Upjohn Co. v. United States, 449 U.S. 383, 101 S. Ct. 677 (1981), as to when communications involving representatives of a corporation are protected by the privilege. The Committee rejected limiting the privilege to members of the "control group" and added a definition for "representative of the client" that includes within the privilege disclosures not only of the client and the client's formal spokesperson, but also employees who are specifically authorized to communicate to the lawyer concerning a legal matter. The word "specifically" is intended to preclude a general authorization from the client for the client's employees to communicate under the cloak of the privilege, but is intended to allow the client, as related to a specific matter, to authorize the client's employees as "representatives" to disclose information to the lawyer as to that specific matter with confidence that the disclosures will remain within the lawyer-client privilege.

A "representative" of the lawyer need not be directly paid by the lawyer as long as the representative meets the requirement of being engaged to assist the lawyer in providing legal

services. Thus, a person paid directly by the client but working under the control and direction of the lawyer for the purposes of providing legal services satisfies the requirements. Similarly, a representative of the client who may be an independent contractor, such as an independent accountant, consultant or person providing other services, is a representative of the client if such person has been engaged to provide services reasonably related to the subject matter of the legal services or whose service is necessary to provide such service.

The client is entitled not only to refuse to disclose the confidential communication, but also to prevent disclosure by the lawyer or others who were involved in the conference or learned, without the knowledge of the client, the content of the confidential communication.

Thus, anything a private investigator does as a representative is either attorney-client and/or work product protected.

Cyber Ops was hired by Mr. Chatwin and his counsel to assist in his complaint against the defendants. One of those assignments was for Mr. Gulbraa and expert witness Kirk Torgensen to be present during the Scene Inspection on April 5, 2016. Both were present and Mr. Gulbraa took photos at Ms. Marcy's direction. Those photos are work product covered under the attorney-client privilege.

DATED this 13th day of May 2016.

MICHAEL C. GULBRAA

*/s/ Michael C. Gulbraa*

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2016, I caused a true and accurate copy of the foregoing Motion to Quash to be filed emailed to the following parties:

Blake Hamilton
BHamilton@djplaw.com
Ashley Gregson
AGregson@djplaw.com

Attorneys for Defendant

Lisa A. Marcy
LMarcy@clydesnow.com
John K. Kohnson
Jkjohnson1080@hotmail.com

Attorneys for Plaintiff

*/s/ Michael C.*

{00988852-1}                                                                 4