R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
           agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                      Plaintiff,<br><br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                      Defendants. | **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to DUCivR 56-1 and Rule 56 of the Federal Rules of Civil Procedure,

Defendants Draper City, Draper City Police Department ("DCPD"), Police Chief Mac Connole,

Officer J. Patterson, Officer David Harris, and Officer Heather Baugh (collectively

"Defendants"), by and through their undersigned counsel, hereby submit this Motion for Partial Summary Judgment on Plaintiff's Fourth Cause of Action for Deprivation of Constitutional Rights.

## INTRODUCTION

In the Court's Memorandum Decision and Order filed November 9, 2015 [Docket No. 30], the Court denied Defendants' motion for judgment on the pleadings as to the Fourth Cause of Action for deprivation of constitutional rights against Draper City.  The Court concluded that although Plaintiff had not alleged a specific policy that caused the alleged harm, the claim would be allowed to move forward, giving Plaintiff the chance to identify any such policy through discovery.  Plaintiff has now obtained discovery from Defendants, but there is still no evidence of any policy, custom, or lack of training that caused the harm alleged.  Without any evidence of such, summary judgment must be granted in Defendants' favor as to the Fourth Cause of Action.

## STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

Pursuant to DUCivR 56-1, each legal element required to prevail on this motion is listed below and under each element, a concise statement of the material facts are listed to which the Defendants contend no genuine issue exists.

**I.      Elements Required for Municipal Liability Under 42 USC §1983**

The United States Supreme Court held that municipalities may be held liable for violations of civil rights, if the municipality has adopted or otherwise promulgated a policy or custom that violated the plaintiff's constitutional rights.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978).  "A municipality is liable only when the official policy [or unofficial custom] is the 'moving force behind the injury alleged.'"  *Barney v. Pulsipher*, 143 F.3d 1299,

1307 (10th Cir. 1998) (quoting *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397 (1997)). A plaintiff must not only show that his injury was the result of a custom or policy, but that "the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 769 (10th Cir. 2013). The three required elements for imposing liability on a municipality are: (1) an official policy or custom, (2) causation, and (3) state of mind. *Id.* Each element is addressed below.

### A. Official Policy

"The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible." *Id.* (quoting *Pembauer v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). An official policy or custom may take the form of: (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions- and the basis for them-of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused. *Bryson v. City of Oklahoma City*, 627 F. 3d 784, 788 (10th Cir. 2010).

While a government's decision not to provide adequate training may in certain circumstances rise to the level of an official policy for purposes of a section 1983 claim, "'(a) municipality's culpability for a deprivation of rights **is at is most tenuous where a claim turns on a failure to train**.'" *Montoya v. Newman*, 115 F. Supp. 3d 1263, 1283 (D. Colo. 2015) (emphasis added) (quoting *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011)). "Most often, failure to train claims are based on a pattern of incidents in which citizens were injured." *Id.* A single incident may be sufficient to support a failure to train claim, but "[t]he single incident exception is extremely narrow." *Id.* at 1284. To support a failure to train claim based on a single incident, a "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." *Id.*

### *Defendants' Statement of Undisputed Facts - Official Policy*

1. Plaintiff's Amended Complaint alleges that "[Defendants] developed and maintained policies, practices and/or customs exhibiting deliberate indifference" to the laws "prohibiting unlawful seizures" and "excessive force," the laws "requiring provision of necessary and immediate medical care," and the laws "prohibiting deprivation of the constitutional rights of citizens, including Plaintiff." (Amended Complaint ¶¶ 242-245).

2. The Court's Memorandum Decision and Order filed November 9, 2015 [Docket No. 30], attached hereto as **Exhibit A**, states on page 6:

> Whether or not Draper City had a specific policy, there is enough
> alleged regarding practices and customs to allow a failure to train
> claim to move forward. The court finds that Chatwin's *Monell*
> claim adequately puts Draper City on notice of the alleged failures
> that occurred which led to his harm. Moreover, Chatwin asserts
> and the court agrees that he cannot identify specific policies that

4

      may have contributed to the alleged harm until Draper City turns
      over the relevant information in discovery.

  3.  The parties have now conducted discovery, and the deadlines for fact discovery and expert discovery have now passed. (*See* Docket).

  4.  Plaintiff has not identified any explicit policy as the moving force behind the harm alleged.

  5.  Plaintiff has produced no evidence of a pattern of incidents in which citizens were injured by the DCPD.

  6.  Plaintiff has disclosed Kirk Torgensen as an expert witness and filed Mr. Torgenson's Expert Report on January 15, 2016 [Docket No. 34], attached hereto as **Exhibit B**. In his Expert Report, Mr. Torgensen concludes (1) that the DCPD's use of force policy was inadequate because it lacks "any concrete guidance on the factors to consider" to determine when use of force is proper, and (2) that the training provided to Officer Patterson by the DCPD was inadequate. (Torgensen Expert Report, pgs. 3-4).[1]

  7.  Mr. Torgensen's Expert Report also states that he based his opinions in part on the fact that in 2013, about three years after the events at issue, the DCPD updated its use of force policy. (Torgensen Expert Report, pgs. 3-4).

  8.  In Mr. Torgensen's deposition ("Torgensen Depo."), he admits that Draper City's use of force policy is a correct statement of the law. Torgensen Depo. 39:23-40:6, excerpt attached hereto as **Exhibit C**.

---

[1] Defendants are not disputing Mr. Torgensen's testimony only for the purposes of summary judgment as to not create a disputed material fact.

5

9.     Plaintiff has not produced evidence of inadequate training. Plaintiff's expert witness, Mr. Torgensen, has stated that in his opinion, one officer, Officer Patterson, received inadequate training due to a lack of evidence of training provided to him by the DCPD.

10.    Officer Patterson entered the police academy in January of 2009 and graduated about ten months later, in late 2009.  Deposition of Joshua Patterson ("Patterson Depo.") 11:17-19, 13:17-14:8, attached hereto as **Exhibit D**.

11.    The incident at issue regarding the alleged injury to Plaintiff occurred about eight months after Officer Patterson graduated from the police academy.

12.    Officer Patterson received training on use of force at the academy.  Patterson Depo. 49:6-11; Torgensen Depo. 23:13-25:7.

13.    Officer Patterson also received training on use of force from his field training officer when he joined the DCPD.  Patterson Depo. 49:25-52:18, 54:5-56:3, 58:8-59:2.

B.    **Causation**

To establish the causation element, the challenged policy or practice must be "closely related to the violation of the plaintiff's federally protected right." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013), quoting Martin A. Schwartz, Section 1983 Litigation Claims & Defenses, § 7.12[B] (2013) ("Schwartz").  This requirement is satisfied if the plaintiff shows that "the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404.  Plaintiffs must therefore "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*  "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that

the municipality is not held liable solely for the actions of its employee." *Id.* at 405. "The causation element is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring." Schwartz, at § 7.12.

### *Municipal Defendants' Statement of Undisputed Facts – Causation*

1. Plaintiff has failed to provide or identify any evidence during discovery of an official custom or policy that was the "moving force" behind the constitutional violations alleged in his Amended Complaint.

2. In Mr. Torgensen's deposition, he admits that Draper City's use of force policy is a correct statement of the law. Torgensen Depo. 39:23-40:6.

3. Plaintiff has not challenged the Utah state statute or the use of force policy as being unconstitutional or incorrect on their face.

4. Plaintiff has produced no evidence in discovery of an official or unofficial policy or custom that was the moving force behind the harms alleged.

5. Plaintiff has produced no evidence in discovery of a pattern of incidents in which citizens were injured by the DCPD.

6. Plaintiff has not produced evidence of inadequate training. Plaintiff's expert witness, Mr. Torgensen, has stated that in his opinion, one officer, Officer Patterson, received inadequate training due to a lack of evidence of training provided to him by the DCPD.

7. Officer Patterson entered the police academy in January of 2009 and graduated about ten months later, in late 2009. Deposition of Joshua Patterson ("Patterson Depo.") 11:17-19, 13:17-14:8.

8. The incident at issue regarding the alleged injury to Plaintiff occurred about eight months after Officer Patterson graduated from the police academy.

9. Officer Patterson received training on use of force at the academy. Patterson Depo. 49:6-11; Torgensen Depo. 23:13-25:7.

10. Officer Patterson also received training on use of force from his field training officer when he joined the DCPD. Patterson Depo. 49:25-52:18, 54:5-56:3, 58:8-59:2.

C. **State of Mind**

"[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Brown*, 520 U.S. at 407, 117 S.Ct. 1382; *see also City of Canton v. Harris*, 489 U.S. 378, 389 (1989). The deliberate indifference standard may be satisfied when the "'the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.'" *Bryson v. City of Okla. City*, 627 F.3d 784, 789 (10th Cir. 2010) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). To put it differently, deliberate indifference is shown when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Carr v. Castel*, 337 F.3d 1221, 1229 (10th Cir. 2003). Notice can be established by proving the existence of a pattern of tortious conduct. *Brown*, 520 U.S. at 407. In a "narrow range of circumstances," however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a

violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations.  *Id.*; *accord Barney*, 143 F.3d at 1308; *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317 (10th Cir. 2002).

### *Municipal Defendants Statement of Undisputed Facts – State of Mind*

1. Plaintiff alleges in his Amended Complaint that "[Defendants] developed and maintained policies, practices and/or customs exhibiting deliberate indifference."  (Amended Complaint ¶¶ 242-45).

2. Plaintiff has not produced or identified any evidence that Draper City acted with deliberate indifference.

3. Plaintiff has not produced or identified any evidence of a pattern of tortious conduct by the DCPD.

4. Officer Patterson received training on use of force at the academy.  Patterson Depo. 49:6-11; Torgensen Depo. 23:13-25:7.

5. Officer Patterson also received training on use of force from his field training officer when he joined the DCPD.  Patterson Depo. 49:25-52:18, 54:5-56:3, 58:8-59:2.

### **ARGUMENT**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "We view the summary judgment evidence in the light most favorable to the nonmovant."  *DuBois v. Payne Cty. Bd. of Cty. Comm'rs*, 543 F. App'x 841, 845-46 (10th Cir. 2013) (quoting

*Bertsch v. Overstock.com*, 684 F.3d 1023, 1027 (10th Cir. 2012)).  Furthermore, "at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *Id.* (quoting *Randle v. City of Aurora*, 69 F.3d 441, 453 (10th Cir. 1995)).  As explained below, Plaintiff has failed to produce any evidence during discovery to support the *Monell* claim in his Amended Complaint, leaving no genuine issue for trial as to this claim.

I.  **Plaintiff has failed to produce sufficient evidence of an official Draper City policy, custom, or lack of training permitting or acquiescing in the use of excessive force.**

Plaintiff has not met his burden to disclose evidence that an official policy, custom, or lack of training by Draper City caused a violation of his constitutional rights.  In *Monell v. Department of Social Services*, 436 U.S. 658, 691-92 (1978), the U.S. Supreme Court held that a plaintiff must identify "a government's policy or custom" that caused injury to the plaintiff's constitutional rights in order for a municipality to be held liable for a violation of 42 U.S.C. §1983.  For §1983 municipal-liability purposes, a challenged practice may be seen as an official policy or custom if it is a formally promulgated policy, a well settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision.  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770-71 (10th Cir. 2013).

Here, Plaintiff does not point to any Draper City policy or custom as having caused a violation of his constitutional rights.  Indeed, Plaintiff does not claim that any part of Draper City's use of force policy is incorrect or unconstitutional.  Plaintiff's expert, Kirk Torgensen, even admits that Draper City's use of force policy is a correct statement of the law.  Torgensen Depo. 39:23-40:6.  Plaintiff merely appears to argue that the policy could have been better.  This is not enough to support a *Monell* claim.

In Kirk Torgensen's Expert Report, he states that Draper City's use of force policy does not adequately provide guidance on what constitutes reasonable use of force.  Torgenson Expert Report, pgs. 3-4.  It is not enough to merely state that although a policy is correct and constitutional, it could be better.  Plaintiff is required to prove that a policy or custom caused the violation of constitutional rights.  There is absolutely no evidence that Draper City's use of force policy requiring that force be "reasonable" caused the alleged violation of Plaintiff's rights.[2]

Plaintiff's position appears to be that the "official policy" at issue was that Officer Patterson was inadequately trained.  But Plaintiff has failed to produce evidence of inadequate training.  And the undisputed evidence shows that Officer Patterson, who had just completed the police academy about eight months before the incident at issue, had received training on use of force at the academy as well as from his field training officer with the DCPD.  Patterson Depo. 49:6-11, 49:25-52:18, 54:5-56:3, 58:8-59:2; Torgensen Depo. 23:13-25:7.  Because Officer Patterson had been trained on use of force both at the academy and by his field training officer within months of the incident at issue, Plaintiff's claim of inadequate training must fail.  This is especially true given the heightened standard that applies when a *Monell* claim is solely based on allegations that the inadequate training of a single officer justifies liability for the municipality. Plaintiff has not produced evidence to support its claim of an "official policy" that caused a constitutional violation, and its Fourth Cause of Action should therefore be dismissed.

---

[2] To the extent that Mr. Torgenson bases his opinion on the fact that Draper City enacted a new policy on use of force in 2013, evidence of the new policy is inadmissible under Federal Rule of Evidence 407.

SLC_2864645.1

### II.     Plaintiff has failed to prove causation.

As stated above, to establish the causation element, the challenged policy or practice must be "closely related to the violation of the plaintiff's federally protected right." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013), quoting Martin A. Schwartz, Section 1983 Litigation Claims & Defenses, § 7.12[B] (2013).  This requirement is satisfied if the plaintiff shows that "the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404.  Plaintiffs must therefore "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*  "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* at 405.  "The causation element is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring." Schwartz, at § 7.12.

As with the other *Monell* elements, Plaintiff has failed to establish causation.  Plaintiff appears to argue that Draper City caused the constitutional violation by failing to adequately train or supervise Officer Patterson.  As established above, "'(a) municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Montoya v. Newman*, 115 F. Supp. 3d 1263, 1283 (D. Colo. 2015) (quoting *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011)).

Here, Plaintiff's failure to train claim is especially weak because he has not produced any evidence of a "pattern of incidents in which citizens were injured," but has instead sought to rely

solely on a single incident of alleged misconduct. *Id.* The single incident exception is "extremely narrow," and for it to apply, a "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." *Id.* at 1284.

At most, the evidence produced by Plaintiff could only show that an individual officer committed misconduct on one occasion. As established above, the undisputed facts show that Officer Patterson was trained on use of force at the academy and by his field training officer less than a year prior to the incident at issue. The evidence produced by Plaintiff does not show that the "highly predictable consequence of a failure to train would result in the specific injury suffered." Given the "especial rigor" that is applied to the causation prong when alleging inadequate training or supervision, Plaintiff has failed to meet his burden. Because the causation element is not met, the Fourth Cause of Action must be dismissed.

### III.     Plaintiff has failed to prove state of mind.

As stated above, to establish the state of mind element, Plaintiff is required to show a municipal action that was taken with deliberate indifference as to its known or obvious consequences. Plaintiff has failed to produce evidence that would meet this element. The undisputed evidence shows that Officer Patterson received training on use of force within the year prior to the incident at issue both during his time at the police academy and through field training officer with the DCPD. Through those trainings, Officer Patterson was licensed and qualified to perform his duties as a police officer. Aside from those initial trainings, the DCPD continues to train its officers on a myriad of topics each year, but is in no way required to train on every possible topic. The failure to offer certain trainings in one year does not mean the

DCPD's action was taken with a deliberate indifference as to its consequences. The DCPD is in the position to assume all of its officers have received the necessary training from the initial training to be qualified to perform their duties. Plaintiff has entirely failed to show any conscious or deliberate choice by Draper City to disregard a risk of harm to its citizens, through any type of pattern of past incidents or otherwise. Plaintiff's Fourth Cause of Action should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment should be granted and Plaintiff's Fourth Cause of Action should be dismissed with prejudice.

DATED this 1st day of August, 2016.

                                                       **DURHAM JONES & PINEGAR, P.C.**

                                                       /s/ R. Blake Hamilton
                                                       R. Blake Hamilton
                                                       Ashley M. Gregson
                                                       ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of August, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

/s/ Sarah Peck
Secretary