R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                    Defendants. | **DEFENDANTS' *DAUBERT* MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PROPOSED EXPERT WITNESS WALTER REICHERT, M.D.**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants respectfully move this Court for an order excluding the testimony of Walter Reichert, M.D. ("Dr. Reichert") as unreliable and unhelpful to the factfinder under Federal Rule of Evidence 702, and the grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) and *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 147 (1999).

## BACKGROUND

Plaintiff retained Dr. Reichert as an expert witness to testify and give an expert report based on a medical analysis of Joshua Chatwin's ("Chatwin") injuries. Plaintiff requested that

Dr. Reichert opine on issues relating to Chatwin's neurological condition. However, Dr. Reichert offers analysis and opinions on a variety of topics outside the scope of his expertise as a neurologist. To the extent that Dr. Reichert's testimony is unrelated to Chatwin's neurological condition, it is unreliable and should be excluded as explained below.

## ARGUMENT

### I. STANDARD FOR DETERMINING THE ADMISSIBILITY OF NON-SCIENTIFIC EXPERT WITNESS TESTIMONY.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) the testimony is based on sufficient facts or data;
> > (c) the testimony is the product of reliable principles and methods; and
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (2011). In *Daubert*, the Supreme Court interpreted Rule 702 as entrusting district courts with a "gatekeeping" function of ensuring that "any and all scientific testimony or evidence admitted is not only relevant, but also reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Under *Daubert*, district courts must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. This test "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93.

In evaluating the first prong of the test pertaining to reliability, courts have applied the following factors: "(1) whether the theory or technique used by the expert can be, and has been, tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) the degree of the method's or conclusion's acceptance within the relevant scientific community; and (4) in the case of a particular scientific technique, the known or potential rate of error." *Id.* at 593–4. The second prong of the test pertaining to relevancy or "fit" requires that the proposed expert testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

## II.  ASIDE FROM TESTIMONY REGARDING PLAINTIFF'S NEUROLOGICAL CONDITION, DR. REICHERT'S TESTIMONY IS NOT RELIABLE OR HELPFUL TO THE JURY.

Certain portions of Dr. Reichert's testimony should be excluded from this case. Dr. Reichert is a neurologist. He is qualified to give his medical opinions concerning the neurological condition of Plaintiff and neurological injuries he may have suffered. Dr. Reichert may not, however, testify regarding areas outside his expertise. These other areas include, but are not limited to: (1) the type and amount of force used on Plaintiff, (2) the effects of alcohol on Plaintiff, (3) hearing impairment or tinnitus, (4) depression and migraines, and (5) shoulder injuries or other non-neurological injuries.

### a.  Type and Amount of Force

On page one of Dr. Reichert's Expert Report ("Reichert Report"), which is attached hereto as **Exhibit A**, he states: "[i]t is my opinion that Mr. Chaplin [sic] suffered injuries after being thrown to the cement. This will result in future damages." Dr. Reichert also states his opinion "that a significant amount of force would have been required to produce a shoulder injury." (Expert Report, pg. 2). These opinions are not based on any scientific knowledge or

methodology. In his deposition, Dr. Reichert admits that he cannot testify about what type of action caused an injury.  He states that "how those injuries occurred after being -- was he thrown or did they occur in some other way, I can't answer." Walter Reichert Deposition ("Reichert Depo."), 13:11-16:15, excerpts attached hereto as **Exhibit B**.

As Dr. Reichert admits, there is no basis for him to testify about the precise cause of the injuries. Such opinions must therefore be excluded.

Further, Dr. Reichert's opinion as to the amount of force required to cause the shoulder injury is not based on reliable scientific principles and methodology. Dr. Reichert is not qualified to offer an opinion on the amount of force necessary to cause a joint injury. Nothing in his training or education qualifies him to do so. Dr. Reichert admitted in his deposition that he cannot testify about the amount of force required to cause injury, and that he did not go through any type of methodology to determine whether Plaintiff was thrown to the ground. *Id.* at 43:5-25.  Testimony on these issues must therefore be excluded.

    **b.** **Effects of Alcohol**

In the Expert Report, Dr. Reichert purports to offer an opinion regarding the effects of alcohol on Plaintiff.  (Expert Report, pg. 3). He states that at the blood alcohol level of 0.319:

> alcohol would significantly impair [Plaintiff's] cognition, coordination, dexterity, speech, and balance. At levels greater than 0.25 there is a risk of asphyxiation and choking, at levels greater than 0.30 stuporous [sic] possible, and at levels greater than 0.35, coma may be present."

*Id.* In his deposition, Dr. Reichert testified that he has "no special expertise" to diagnose conditions of a person that is intoxicated, and that the above information he included in his report was based off a Google search. Reichert Depo., 48:14-52:18. Dr. Reichert also stated that he would not feel comfortable testifying at trial as to the effect of alcohol, and that such testimony

"should be probably given by somebody who sees alcoholics all the time." *Id.* at 49:19-25. Such testimony should therefore be excluded.

   c. **Hearing Impairment and Tinnitus**

Dr. Reichert is a neurologist, not an ear, nose and throat doctor. He is therefore not qualified to offer an opinion on issues outside his specialty. This includes hearing related injuries and tinnitus. Further, the only evidence or methodology that Dr. Reichert relied on in stating his opinion that Plaintiff suffered from tinnitus is Plaintiff's own statement. Reichert Depo. 21:16-22:3. Plaintiff can testify about his own symptoms. Dr. Reichert should therefore be precluded from testifying on issues outside his specialty, such as hearing impairment and tinnitus.

   d. **Depression and Migraines**

Dr. Reichert's opinion based on "worsening posttraumatic migraine" is based entirely off of Plaintiff's self-reported history and the fact that Dr. Reichert considers Plaintiff to be a reliable historian. (Expert Report, pg. 2). As an initial matter, Dr. Reichert cannot testify that he considers Plaintiff to be credible or truthful. Evidence of truthful character is not admissible under Federal Rule of Evidence 608(a). Further, in opining that Plaintiff suffers from worsening migraines, Dr. Reichert did not rely on any methodology or corroboration from other sources. This opinion is not based on any scientific knowledge. Dr. Reichert admits in his deposition that there were no other medical records of Plaintiff's migraines that he reviewed, and that his only evidence that the migraines were "worsening" was Plaintiff's own statements. Reichert Depo. 37:18-38:15. Plaintiff can testify regarding his own migraines and the fact finder can be the judge of whether Plaintiff appears to be a reliable historian. Dr. Reichert's testimony on these issues should not be permitted.

The same is true for Dr. Reichert's opinion with regard to depression. Dr. Reichert's testimony will not be helpful to the jury on this point, and is not based on any scientific evidence or methodology. Dr. Reichert admits that he is not qualified to give an opinion about a patient's psychiatric condition, and that neurologists don't typically give opinions on psychiatric conditions. Reichert Depo. 42:3-12. He also admits that his opinion on Plaintiff's alleged condition of depression is purely based off of what Plaintiff reported to Dr. Reichert, without any other corroborating evidence or other medical records of depression. *Id.* at 42:13-43:4. Further, although Dr. Reichert did a rotation on psychiatry during his medical residency, that residency concluded in 1978, and he has not done any type of psychiatry rotation for the past 38 years. *Id.* at 79:21-80:9. Testimony regarding depression should therefore be excluded.

e. **Shoulder Injuries**

Further, Dr. Reichert should be precluded from offering any opinion as to alleged shoulder injuries suffered by Plaintiff. Dr. Reichert is not an orthopedic doctor, and he admits that he does not have any expertise in diagnosing a separated shoulder. Reichert Depo. 46:12-14. Dr. Reichert also admits that he is not qualified to give opinion number 6 in his Expert Report as to the amount of force required to cause Plaintiff's alleged shoulder injury, and that he does not think he could testify to that opinion at trial. Reichert Depo. 47:8-20. Testimony as to opinion number 6 in the Expert Report should therefore be excluded.

## CONCLUSION

Thus, for the reasons stated herein, this Court should exclude the testimony of Dr. Reichert as to the matters identified above.

SUBMITTED this 1st day of August, 2016.

                              **DURHAM JONES & PINEGAR**

By /s/ R. Blake Hamilton
    R. BLAKE HAMILTON
    ASHLEY M. GREGSON
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served this 1st day of August, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                              /s/ Sarah Peck
                                              Secretary