R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>　　　　　　Defendants. | **DEFENDANTS' *DAUBERT* MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PROPOSED EXPERT WITNESS TREVOR B. PETERSEN**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

　　　　Defendants respectfully move this Court for an order excluding the testimony of Trevor B. Petersen ("Mr. Petersen") as irrelevant, unreliable, and unhelpful to the factfinder under Federal Rule of Evidence 702, and the grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) and *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 147 (1999).

## BACKGROUND

Plaintiff retained Mr. Petersen as an expert witness to testify and give an expert report based on an analysis of police procedures relating to safety and use of force. Plaintiff requested that Mr. Petersen opine on issues relating to Officer Patterson's safety procedures and use of force during the arrest of Joshua Chatwin ("Mr. Chatwin") and Draper City's training on police procedures. Mr. Petersen's opinions and analysis rely on inadequate facts, poor methodology, and broad assumptions. Further, Mr. Petersen's report contains legal conclusions that impermissibly invade the province of the jury. Therefore, his testimony is unreliable and should be excluded as explained below.

## ARGUMENT

### I. STANDARD FOR DETERMINING THE ADMISSIBILITY OF NON-SCIENTIFIC EXPERT WITNESS TESTIMONY.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (2011). In *Daubert*, the Supreme Court interpreted Rule 702 as requiring district courts to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but also reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Under *Daubert*, district courts must determine "whether the expert is proposing to testify

to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592.  In the context of non-scientific expert testimony, this "gatekeeping" function of district courts involves "mak[ing] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  First, with regard to reliability, an expert witness who relies primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee note (2000 amends.).  In other words, "the trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.*  The second prong of the test pertaining to relevancy or "fit" requires that the proposed expert testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

    **II.**    **MR. PETERSEN'S TESTIMONY IS NOT RELEVANT, RELIABLE OR HELPFUL TO THE JURY.**

Mr. Petersen's testimony should be excluded because he fails to lay a proper foundation for his conclusory opinions.  He is relying primarily on his experience in reaching his conclusions, but he fails to explain how his experience leads to the conclusion reached. *See, e.g., Thomas v. City of Chattanooga*, 398 F.3d 426, 431–32 (6th Cir. 2005) (stating that under *Daubert*, it is not enough for an expert to merely present his qualifications, conclusions, and assurances of reliability without providing the rationale for his conclusions).  For example, Mr. Peterson states his opinion "that the training provided by Draper City to it's [sic] officers

concerning the proper procedures to execute the arrest of a hancuffed/intoxicated [sic] individual was completely inadequate." Trevor Petersen Expert Report ("Petersen Report") pg. 4, attached hereto as **Exhibit A**.  Mr. Petersen provides no methodology for how he formed that opinion and provides nothing to support his conclusion.  The Court, as the gatekeeper of unreliable evidence, is required to do more than simply "tak[e] the expert's word for it." Fed. R. Evid. 702 advisory committee's note.  Mr. Petersen needed to provide a credible method for reaching his conclusions, but failed to do so.  Further, Mr. Petersen does not lay proper foundation for this opinion and does not discuss in any detail the training that was provided by Draper City.  Without exploring and discussing the evidence regarding Draper City's training programs or providing a methodology for his opinion, Mr. Petersen's conclusory opinion is not reliable and not helpful to the jury.

Mr. Petersen's testimony also includes impermissible legal conclusions. *Berry v. City of Detroit*, 25 F.3d 1342, 1353-54 (6th Cir. 1994) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.").  Mr. Petersen specifically opines in his Expert Report that Officer Patterson "used excessive force" against Plaintiff. Petersen Report pgs. 3, 7.  This is a question for the jury. *See Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015) (concluding that opinion as to whether use of force was "excessive" or "unreasonable" could only be "explored through hypothetical questioning so as to avoid invading the province of the jury").  For these reasons, Mr. Petersen's testimony should be excluded.

Further, Mr. Petersen's testimony relating to safety procedures is irrelevant and will not aid the jury.  Plaintiff's claims do not turn on whether or not Defendants followed safety procedures.  Such matters are simply irrelevant, and should not be presented to the jury.

## **CONCLUSION**

For the reasons stated herein, this Court should exclude the testimony of Mr. Petersen.

SUBMITTED this 1st day of August, 2016.

**DURHAM JONES & PINEGAR**

By /s/ R. Blake Hamilton
    R. BLAKE HAMILTON
    ASHLEY M. GREGSON
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing was served this 1st day of August, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                  /s/ Sarah Peck
                                  Secretary