R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                          Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                          Defendants. | **DEFENDANTS' *DAUBERT* MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PROPOSED EXPERT WITNESS KIRK TORGENSEN**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants respectfully move this Court for an order excluding the testimony of Kirk Torgensen ("Mr. Torgensen") as unreliable and unhelpful to the factfinder under Federal Rule of Evidence 702, and the grounds set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) and *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 147 (1999).

## **BACKGROUND**

Plaintiff retained Mr. Torgensen as an expert witness to testify and give an expert report based on an analysis of Draper City's police policies, procedures, and training.  Plaintiff

1

requested that Mr. Torgensen opine on issues relating to Draper City's policy on police procedures involving use of force. Mr. Torgensen's opinions and analysis rely on inadequate facts, poor methodology, broad assumptions, and a lack of expertise in the area on which he desires to opine. Therefore, his testimony is unreliable and should be excluded as explained below.

## ARGUMENT

### I. STANDARD FOR DETERMINING THE ADMISSIBILITY OF NON-SCIENTIFIC EXPERT WITNESS TESTIMONY.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (2011). In *Daubert*, the Supreme Court interpreted Rule 702 as requiring district courts to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but also reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Under *Daubert*, district courts must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. In the context of non-scientific expert testimony, this "gatekeeping" function of district courts involves "mak[ing] certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the

same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  First, with regard to reliability, an expert witness who relies primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee note (2000 amends.).  In other words, "the trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.*  The second prong of the test pertaining to relevancy or "fit" requires that the proposed expert testimony "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).

## II. MR. TORGENSEN LACKS THE EXPERTISE IN USE OF FORCE POLICY TO BE AN EXPERT WITNESS.

Mr. Torgensen is in no better position than a layperson to offer testimony on policies dealing with the use of force, and thus his testimony should be excluded.  His lack of expertise in this field is evidenced by the fact he has never drafted or made such polices.  Mr. Torgensen is relying solely on his experience but has failed to show how his experience would lead him to conclude the policy was inadequate. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 431-32 (6th Cir. 2005) (stating "if the [expert] witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached and how that experience is reliably applied to the facts") (citations omitted).  In its gatekeeping role, the Court is not expected to simply "tak[e] the expert's word for it." Fed. R. Evid. 702 advisory committee's note.  Further, courts have held that experience with police practices and polices does not necessarily render one an expert in that field because of how broad that field is. *See Berry v. City of Detroit*, 25 F.3d 1342, 1352 (6th Cir. 1994) (holding "there was no foundation at

3

all for discipline testimony, even though it would fall under the general label of 'police polices and practices' . . . [because that] term . . . is so broad as to be devoid of meaning[,] [i]t is like declaring an attorney an expert in the 'law'"). Thus, because Mr. Torgensen lacks the expertise on use of force policy, his testimony will not be helpful to the jury and should be excluded.

### III.   MR. TORGENSEN'S TESTIMONY IS NOT RELIABLE OR HELPFUL TO THE JURY.

Mr. Torgensen's proposed testimony with regard to Draper City's use of force policy should be excluded because it is based on *legal* questions, not *factual* or *evidentiary* issues. He wishes to testify that Draper City's use of force policy is legally inadequate. Kirk Torgensen Expert Report at 3, attached hereto as **Exhibit A**. This is not proper. A witness is not permitted to "give legal conclusions" or to "tell the jury what result to reach." *State v. Tenney*, 913 P.2d 750, 756 (Utah Ct. App. 1996) (internal quotation marks omitted) (quoting *Davidson v. Prince,* 813 P.2d 1225, 1231 (Utah App).

Further, Mr. Torgensen's testimony is unreliable and unhelpful to the jury. In his deposition ("Torgensen Depo."), he admits that Draper City's use of force policy is a correct statement of the law. Torgensen Depo. 39:23-40:6, excerpts attached hereto as **Exhibit B**. It is therefore not helpful to the fact finder to hear legal opinion that although the policy correctly states the law, it could have been more comprehensive.

Mr. Torgensen's testimony should also be excluded because it is not based on sufficient facts and data. His Expert Report states that Officer Patterson did not receive training on use of force, but Mr. Torgensen ignores the evidence that Officer Patterson was trained on use of force in 2009—during the year prior to the incident at issue—while at the police academy, among other relevant evidence. Mr. Torgensen admitted during his deposition that Officer Patterson

4

would have received training on various facets of use of force while at the academy. Torgensen Depo. 23:13-25:7.  For these reasons, Mr. Torgensen's testimony should be excluded.

## CONCLUSION

For the reasons stated herein, this Court should exclude the testimony of Mr. Torgensen.

SUBMITTED this 1st day of August, 2016.

                        **DURHAM JONES & PINEGAR**

                        By /s/ R. Blake Hamilton
                            R. BLAKE HAMILTON
                            ASHLEY M. GREGSON
                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served this 1st day of August, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                                  /s/ Sarah Peck
                                                  Secretary