Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111
Telephone: 801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah 84101
Telephone: 801-915-2616

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>    Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>    Defendants. | PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND REPORTS OF CHRIS LAWRENCE<br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Plaintiff, Joshua Chatwin, by and through his counsel, hereby moves to strike the report of Chris Lawrence (hereafter "Lawrence") and exclude his testimony at trial pursuant to Rules 402, 403 and 702 of the Federal Rules of Evidence.

{00988054-1}

Lawrence has failed to demonstrate adequate knowledge, skill, experience, training, or education to establish that he is qualified to testify as an expert on perception. His proposed testimony will be of no assistance to the trier of fact and only cause confusion to a jury. Additionally, while his knowledge, experience and training are extensive in police policy and reasonableness, his report is untimely on the subject. Lawrence merely attempts to bolster the testimony of another of Defendants' experts, Ken Wallentine, by offering testimony that is outside the scope of the Amended Scheduling Order dated March 18, 2016, and as set forth by Magistrate Pead during a motion hearing on March 14, 2016. Accordingly, Plaintiff brings the instant motion for the district court's consideration.

I.      Introduction

This matter is set for a five-day trial commencing January 30, 2017. Leading up to that trial setting, the court set fact and expert discovery cut-off dates to which all parties had agreed. The court set the close of fact discovery as December 15, 2015, and Rule 26(a)(2) expert reports due for Plaintiff as January 15, 2016, for Defendant as February 17, 2016, and Counter-Reports as March 16, 2016. Plaintiff timely filed his expert reports by the designated date of January 15, 2016. (Dkt. 33, 34, 35.)

On or about January 5, 2016, Defendant issued a Rule 34 Request for Entry onto Premises to Plaintiff. Plaintiff timely objected on February 4, 2016 (Dkt. 36), and Defendant responded with an Expedited Motion to Compel and Stay Expert Discovery on February 9, 2016. (Dkt. 37.) A stay was granted by Magistrate Pead on February 10, 2016. Following Plaintiff's Motion to Clarify (Dkt. 41), and at Defendant's request, a telephonic hearing was held on March 14, 2016, to further clarify Magistrate Pead's Order, wherein the court allowed Defendants' **policy and reasonableness** expert report to be filed "no later than Friday, **March 18, 2016,** and

Defendants' "**perception expert report, if any**," to be filed no later than **April 14, 2016**. (Dkt. 46) (emphasis added).

## II.     Relevant Law on Admissibility of Expert Testimony

Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise …" Fed.R.Evid. 702. Courts are charged with a "gatekeeping role," the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

A district court is also charged with determining "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact at issue." *Daubert*, 509 U.S. at 592; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (Rule 702 applies to all expert testimony). Expert testimony must be "based upon sufficient facts or data," "the product of reliable principles and methods," and establish an application of "the principles and methods reliably to the facts." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008). The relevance of such testimony must also be weighed against "the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403.

Certain testimony is inappropriate. For example, "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony," because such testimony "usurps a critical function of the jury …, which is capable of making its own determination regarding credibility." *United States v. Call*, 129 F.3d 1402, 1406 (10th Cir. 1997). It is further impermissible for an expert to "interfere[] with the function of the judge in instructing the jury

on the law." *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993). "When an expert merely states an opinion on an ultimate issue without adequately exploring the criteria upon which the opinion is based, the jury is provided with no independent means by which it can reach its own conclusion or give proper weight to the expert testimony." *Id*. at 188-89. Lawrence does not have the knowledge or expertise to provide independent testimony–he would merely be regurgitating what he has read from others' opinions on the subject of perception. Such testimony does not assist the jury to understand the evidence or determine a fact in issue.

### III.   Lawrence's Testimony Should be Excluded

Lawrence's testimony should be excluded.  He is unqualified, and his testimony is also not helpful to the jury in that some testimony does not require any specialized knowledge or skill. Black's Law Dictionary defines perception as "an observation, awareness, or realization, usually based on physical sensation or experience, appreciation or cognition" and "both the actor's knowledge of the actual circumstances and the actor's erroneous but reasonable belief in the existence of nonexistent circumstances."  Lawrence's testimony seeks to improperly overrun the authority of this Court or jury by inserting what a witness did or did not see according to his own beliefs.

####    A.   Lawrence is Unqualified to Testify on Issues Relating to Perception

Rule 26 requires an expert's written report to include a complete statement of his qualifications.  Fed. R. Civ. P. 26(a)(2)(B).  "The object of that requirement 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d at 1163 (quoting *Daubert*, 509 U.S. at 593). Admirably, Lawrence's Curriculum Vitae ("CV") provides a

wealth of knowledge and many years of experience relating to policy and reasonableness. In fact, Lawrence's CV, which is longer than his expert report, shows his 35 years of experience, his attendance and/or participation in over 100 professional training conferences, membership in numerous professional organizations, pages of accomplishments and accolades as well as many interviews, more than 100 presentations he has given all over the world, and "170 other matters relating to police procedures, police use of force, police training, and/or in-custody deaths"[1] where his expert experience has been provided. Missing, however, is any mention of experience, education or knowledge regarding his ability to testify as an expert in "perception" – which is what his report was purported to be. In fact, the issue of "perception" was the entire basis for holding a scene inspection, a telephonic hearing, and extending the date for his report to be filed with this Court. For these reasons, Lawrence's testimony should be excluded.

    **B. Lawrence's Proposed Testimony on Perception Improperly Seeks to Usurp the Role of the Jury and this Court**

Many of the topics identified in Lawrence's expert report purport to offer testimony on issues that are solely within the province of this Court or the jury. This includes statements that merely parrot opinions pulled from books and studies, none of which Lawrence participated in or has personal experience or training. Lawrence fails to demonstrate that he has any firsthand knowledge as a "perception" expert. And, Lawrence boldly assists Defendant Patterson when he states, "My opinion is that Officer Patterson simply had difficulty explaining what occurred because the outcome was unintended." Lawrence Report at 81. Regarding the legal conclusion argument, "[g]enerally, an expert may not state his or her opinion …" *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). A court may consider whether the expert improperly

---

[1] Lawrence CV, p. 31.

{00988054-1}                                                         5

states legal conclusions or testifies as to legal elements necessary to establish tortious activity. *Id*. Ultimately, a court must protect a jury from being "prevailed upon to abdicate its function or responsibility for reaching an independent judgment on the ultimate issue in the case." *Id*. (quoting *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1459 (10th Cir. 1987)). Thus, Lawrence's proposed testimony should be excluded.

### C. Lawrence's Summation of His Opinion Does Not Even Reference His Expert Opinion on Perception.

> **In sum**, it is my opinion that Officer Patterson responded to a breach of his personal safety, a retention feature on his duty holster had been disengaged by Mr. Chatwin, by quickly taking Mr. Chatwin to the ground. In doing so, this potentially serious breach of Officer Patterson's safety as well as the safety of Officer Harris and Ms. Baugh can be overcome. While Officer Patterson intended to take Mr. Chatwin to the ground to establish control and ensure Officer Patterson's safety and that of the other officers, the unfortunate collision Mr. Chatwin had with the ground was an unintended outcome.

Lawrence Report, ¶106. (Emphasis added.)

### D. Lawrence's Testimony Offers Surprise Opinions and Oath Assisting That Are Incurable

In considering whether a Rule 26 violation is justified, a "court should consider the following factors: '(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F. 3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc.*, 170 F.3d at 993).

In complete contradiction to this Court's March 14, 2016, order, on April 14, 2016, Defendants filed the Lawrence Report (Dkt. 55) containing police training in subject control, police point of view, operation of holster design, policy and reasonableness issues, and use of

force which are all clearly outside the scope of what was allowed for any expert report disclosed beyond the certain date of March 18, 2016.

In *Dixie Steel Erectors, Inc. v. Grove U.S., L.L.C.*, 2005 U.S. Dist. LEXIS 38346, the court found that the expert's report "was either a deliberate tactic or the default result of an unacceptably casual attitude toward Fed. R. Civ. P. 26 expert disclosure that could not be cured" and that the "violations were neither justified nor harmless, and the court, in its discretion, found that the appropriate remedy, expressly authorized by Fed. R. Civ. P. 37, was to prohibit the use of any portion of the expert's work in connection with trial, at a hearing, or on a motion." Defendant Grove sought to exclude what it called "surprise opinions" of Plaintiff's expert.

Here, Defendant's own expert points out that he was not the expert retained to speak to other issues:

> I appreciate that you have retained Mr. Ken Wallentine in respect to providing expert evidence on this topic.  The inclusion of comments on this topic are not intended to take over his role in this matter. Rather, I would like to add a few comments based on my experience with such matters that may assist the court in integrating his information with mine.

Lawrence Report at 23.

The factors articulated by the Court of Appeals in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999), are to be applied by the district court. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).  Applying these factors, the court must determine whether the *Rule 26(a)* violation is "justified or harmless" within the meaning of *Rule 37(c)(1). Woodworker's Supply*, at 993. If the *Rule 26(a)(2)* violation does not clear the "justified or harmless" hurdle, then the party that failed to comply with the rule "shall not … be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." In addition to this remedy, the court may require payment of

attorney's fees and expenses and may take any of the actions authorized under *Rule 37(b)(2)(A), (B) and (C)*.

Because the Court properly issued an amended Scheduling Order, evidence relating to and/or addressing policy and reasonableness that post-date March 18, 2016, would prejudice the Plaintiff and therefore should be stricken.

## CONCLUSION

Lawrence's proposed expert testimony is clearly improper and should be excluded for the reasons stated above. Accordingly, Plaintiff respectfully requests an order excluding Lawrence's testimony in its entirety.

DATED this 1st day of August 2016.

CLYDE SNOW & SESSIONS

/s/ Lisa A. Marcy
Lisa A. Marcy
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

    I hereby certify that on the 1st day of August 2016, I caused a true and accurate copy of the foregoing Motion in Limine to Exclude Testimony and Reports of Chris Lawrence to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

                                                /s/ Michelle Carter