Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111
Telephone: 801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah 84101
Telephone: 801-915-2616

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>    Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>    Defendants. | PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PORTIONS OF THE TESTIMONY OF KEN WALLENTINE<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Plaintiff, Joshua Chatwin, by and through his counsel, hereby moves to exclude portions of the testimony of Kenneth R. Wallentine (hereafter "Wallentine") at trial pursuant to Rules 402, 403 and 702 of the Federal Rules of Evidence.

Wallentine has failed to demonstrate adequate knowledge, skill, experience, training, or education to demonstrate that he is qualified to testify as an expert outside the subjects of policy and reasonableness.

## I. Introduction

This matter is set for a five-day trial commencing January 30, 2017. Leading up to that trial setting, the court set fact and expert discovery cut-off dates to which all parties had agreed. The court set the close of fact discovery as December 15, 2015, and Rule 26(a)(2) expert reports due for Plaintiff as January 15, 2016, for Defendant as February 17, 2016, and Counter-Reports as March 16, 2016. Plaintiff timely filed his expert reports by the designated date of January 15, 2016. (Dkt. 33, 34, 35.)

On or about January 5, 2016, Defendant issued a Rule 34 Request for Entry onto Premises to Plaintiff. Plaintiff timely objected on February 4, 2016 (Dkt. 36), and Defendant responded with an Expedited Motion to Compel and Stay Expert Discovery on February 9, 2016. (Dkt. 37.) A stay was granted by Magistrate Pead on February 10, 2016. Following Plaintiff's Motion to Clarify (Dkt. 41), and at Defendant's request, a telephonic hearing was held on March 14, 2016, to further clarify Magistrate Pead's Order, wherein the court allowed Defendants' **policy and reasonableness** expert report to be filed "no later than Friday, **March 18, 2016,** and Defendants' "**perception expert report, if any**," to be filed no later than **April 14, 2016**. (Dkt. 46) (emphasis added).

## II. Relevant Law on Admissibility of Expert Testimony

Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the

form of an opinion or otherwise …" Fed.R.Evid. 702. Courts are charged with a "gatekeeping role," the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

A district court is also charged with determining "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact at issue." *Daubert*, 509 U.S. at 592; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (Rule 702 applies to all expert testimony). Expert testimony must be "based upon sufficient facts or data," "the product of reliable principles and methods," and establish an application of "the principles and methods reliably to the facts." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008). The relevance of such testimony must also be weighed against "the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403.

Certain testimony is inappropriate. For example, "[t]he credibility of witnesses is generally not an appropriate subject for expert testimony," because such testimony "usurps a critical function of the jury …, which is capable of making its own determination regarding credibility." *United States v. Call*, 129 F.3d 1402, 1406 (10th Cir. 1997). It is further impermissible for an expert to "interfere[] with the function of the judge in instructing the jury on the law." *United States v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993). "When an expert merely states an opinion on an ultimate issue without adequately exploring the criteria upon which the opinion is based, the jury is provided with no independent means by which it can reach its own conclusion or give proper weight to the expert testimony." *Id*. at 188-89. Wallentine does not have the knowledge or expertise to provide certain testimony–he merely states unqualified

personal opinions. Such testimony does not assist the jury to understand the evidence or determine a fact in issue.

## III. Wallentine's Testimony, Beyond Policy and Reasonableness, Should be Excluded

Wallentine's testimony that does not relate to reasonableness and/or use of force, should be excluded. He is unqualified, and his testimony about "perception" is also not helpful to the jury in that some testimony does not require any specialized knowledge or skill. Black's Law Dictionary defines perception as "an observation, awareness, or realization, usually based on physical sensation or experience, appreciation or cognition" and "both the actor's knowledge of the actual circumstances and the actor's erroneous but reasonable belief in the existence of nonexistent circumstances." Wallentine also gave improper medical opinions. See Deposition of Kenneth R. Wallentine, pp. 109-113, 127-131, attached hereto. Wallentine's testimony seeks to improperly overrun the authority of this Court or jury by inserting what a witness did or did not see according to his own beliefs.

### A. Wallentine is Unqualified to Testify on Issues Relating to Perception

Rule 26 requires an expert's written report to include a complete statement of his qualifications. Fed.R.Civ.P. 26(a)(2)(B). "The object of that requirement 'is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d at 1163 (quoting *Daubert*, 509 U.S. at 593).

Although he testified that he has "studied and experienced and interviewed," and states that he is "confident that it is accurate," Wallentine fails to demonstrate that he has any first-hand knowledge as a perception or physiological expert. Regarding the legal conclusion argument,

"[g]enerally, an expert may not state his or her opinion …" *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998). A court may consider whether the expert improperly states legal conclusions or testifies as to legal elements necessary to establish tortious activity. *Id*. Ultimately, a court must protect a jury from being "prevailed upon to abdicate its function or responsibility for reaching an independent judgment on the ultimate issue in the case." *Id*. (quoting *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1459 (10th Cir. 1987)). Thus, Wallentine's testimony, outside the topics of policy and reasonableness, should be excluded.

### B. Wallentine's Testimony Offers Surprise Opinions

In considering whether a Rule 26 violation is justified, a "court should consider the following factors: '(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co*., 287 F. 3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc*., v. *Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

On or about March 18, 2016, Defendant filed its expert report of Wallentine. Wallentine's report contained his expert opinions on the instant case in relation to reasonableness and police policy. Wallentine also provided expert rebuttal reports as to Plaintiff's experts on the same or similar subjects. Wallentine's reports do not include any content, or mention, of his expert opinion on perception or other similar topics. Defendant's produced an expert report on perception under separate cover provided by a separately named individual.

### **CONCLUSION**

Wallentine's proposed expert testimony regarding topics outside policy and/or reasonableness is clearly improper and should be excluded for the reasons stated above.

DATED this 1st day of August 2016.

CLYDE SNOW & SESSIONS

/s/ Lisa A. Marcy
Lisa A. Marcy
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August 2016, I caused a true and accurate copy of the foregoing Motion in Limine to Exclude Portions of Expert Testimony of Kenneth R. Wallentine to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter