R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                              Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                              Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PORTIONS OF THE TESTIMONY OF KEN WALLENTINE**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants Draper City, Officer J. Patterson, Officer David Harris, Officer Heather Baugh, and John Does 1-10 (collectively the "Defendants") hereby submit this Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude Portions of the Testimony of Ken Wallentine (the "Wallentine Motion").

**BACKGROUND**

Defendants retained Ken Wallentine ("Wallentine") as an expert witness to testify and give an expert report regarding police policy and reasonableness issues.  Wallentine's expert

report gives opinions evaluating the reasonableness of Officer Patterson's use of force and the adequacy of Draper Police Department's Use of Force Policy.  Wallentine Report, at 5, 7.  Plaintiff deposed Wallentine on June 28, 2016.  During the deposition, Plaintiff's counsel asked Wallentine a series of questions regarding perception. Wallentine answered Plaintiff's counsel's questions, and now Plaintiff seeks to exclude Wallentine's answers.

## ARGUMENT

Plaintiff argues that Wallentine is not qualified to testify as to matters of perception and that he was not disclosed as an expert opining on such matters.  It is true that Defendants did not disclose Wallentine as an expert on perception, nor did they retain him to provide opinions on perception.  It was Plaintiff, not Defendants, who asked Wallentine to give testimony regarding perception.  Therefore, this Court should deny Plaintiff's motion.

I.  **DEFENDANTS HAVE NOT VIOLATED RULE 26.**

   a.  **Plaintiff elicited Wallentine's testimony regarding perception.**

Wallentine's testimony does not violate Rule 26 by providing opinions regarding eyewitness perception.  Rule 26(a)(2) requires that expert reports contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).  Although Plaintiff fails to identify the specific Rule 26 violation alleged, Plaintiff appears to argue that Wallentine's deposition testimony regarding eyewitness perception violates Rule 26 because it exceeds the scope of his disclosed expertise on police policy and reasonableness. [1]

---

[1] Given that Rule 26 governs expert *reports*, Wallentine's expert report cannot be the basis of a Rule 26 violation because it does not purport to provide expert opinions regarding eyewitness testimony.

With regard to Wallentine's deposition testimony, the only reason he gave any perception testimony was to respond to persistent inquiry on this issue by opposing counsel during his deposition.  In reference to Wallentine's site inspection, Ms. Marcy specifically asked whether he "looked through the window from [Kathy Torrence's] vantage point?"  Wallantine Dep., at 109: 9–10.  She then proceeded to ask detailed questions pertaining to his opinions of eyewitness perception of the site by asking whether he could estimate the distance from the window to the driveway, whether he could see the stand-in actor moving or talking, and ultimately, asked the following hypothetical question: "What about a bigger movement like if that person that was standing in there put his head back to head-butt? Do you think he would have been able to see that through the hard water stains on the window?".  Wallentine Dep., at 112: 7–11.  It was in response to this line of questioning that Wallentine began to give the alleged perception testimony.  Ms. Marcy then attempted to confine his opinions to his own perception by stating, "I'm just asking about you," after having already asked him his general opinion regarding the above hypothetical.  Wallentine Dep., at 112: 20.  As such, Wallentine testified regarding perception only when Plaintiff specifically elicited testimony on this topic, not because Defendants intended that he testify on this topic.

Plaintiff's counsel even went so far as to point out the scope of Wallentine's expert opinions during his deposition:

> Q. So you're not – but you weren't hired to give opinions about adrenaline and the effects on the body?
> A. No. I'm just answering your questions . . ..
> Q. Are you planning on testifying at trial about the effects of adrenaline on the body?
> A. Well, if you ask me a question like that at trial, I'm going to answer the same way.

Wallentine Dep. at 130:24-131:5.  Defendants have not violated Rule 26 and therefore Plaintiff's motion is without merit.

### b. **Wallentine's testimony does not prejudice Plaintiff.**

In order to avoid prejudice to the opposing party, parties must disclose the substance of an expert witness's testimony.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).  Expert reports "are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'"  *Id.* (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)).  "Such disclosure is necessary to allow the opposing party 'a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses."  *Id.* (quoting Fed. R. Civ. P. 26(a)(2) advisory committee note (1993)).

Here, Defendants properly disclosed Wallentine's expected testimony.  To the extent that Wallentine's expert deposition testimony includes any opinions on perception or other matters outside the scope of his disclosure, these opinions do not prejudice Plaintiff.  This testimony came in response to Plaintiff's deposition questions.  Furthermore, Plaintiff has not been deprived of a reasonable opportunity to prepare for effective cross-examination or to arrange for expert testimony from other witnesses.  Defendants' use of Chris Lawrence as an expert witness on the topic of eyewitness perception should render Plaintiff capable of effectively cross-examining Wallentine on this topic as well.  *See Lakeman v. Otis Elevator Co.*, 930 F.2d 1547, 1554 (11th Cir. 1991) (affirming the denial of a motion for a new trial on the basis that expert witnesses "testified on matters outside their identified areas of expertise" because "counsel was well versed" on the matter and "capable of cross-examining [the expert witnesses] effectively.").  Because Wallentine's testimony would not prejudice Plaintiff, it should be admitted notwithstanding an alleged violation of Rule 26 expert disclosure requirements.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion in Limine to Exclude Portions of the Testimony of Ken Wallentine.

DATED this 18th day of August, 2016.

                                            **DURHAM JONES & PINEGAR**

                                            /s/ R. Blake Hamilton
                                            R. BLAKE HAMILTON
                                            ASHLEY M. GREGSON

                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing was served this 18th day of August, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                                    /s/ Sarah Peck
                                                    Secretary