**EXHIBIT 5**



**Draper City Police Department**
Policy Manual

# Use of Force

### 300.1   PURPOSE AND SCOPE
This policy provides guidelines on the reasonable use of force. While there is no way to specify the exact amount or type of reasonable force to be applied in any situation, every member of this department is expected to use these guidelines to make such decisions in a professional, impartial and reasonable manner.

#### 300.1.1   DEFINITIONS
Definitions related to this policy include:

**Deadly force** - Force reasonably anticipated and intended to create a substantial likelihood of causing death or very serious injury.

**Force** - The application of physical techniques or tactics, chemical agents or weapons to another person. It is not a use of force when a person allows him/herself to be searched, escorted, handcuffed or restrained.

### 300.2   POLICY
The use of force by law enforcement personnel is a matter of critical concern, both to the public and to the law enforcement community. Officers are involved on a daily basis in numerous and varied interactions and, when warranted, may use reasonable force in carrying out their duties.

Officers must have an understanding of, and true appreciation for, their authority and limitations. This is especially true with respect to overcoming resistance while engaged in the performance of law enforcement duties.

The Department recognizes and respects the value of all human life and dignity without prejudice to anyone. Vesting officers with the authority to use reasonable force and to protect the public welfare requires monitoring, evaluation and a careful balancing of all interests.

#### 300.2.1   DUTY TO INTERCEDE
Any officer present and observing another officer using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, intercede to prevent the use of unreasonable force. An officer who observes another employee use force that exceeds the degree of force permitted by law should promptly report these observations to a supervisor.

### 300.3   USE OF FORCE
Officers shall use only that amount of force that reasonably appears necessary given the facts and circumstances perceived by the officer at the time of the event to accomplish a legitimate law enforcement purpose.

The reasonableness of force will be judged from the perspective of a reasonable officer on the scene at the time of the incident. Any evaluation of reasonableness must allow for the fact that officers are often forced to make split-second decisions about the amount of force

# Draper City Police Department
Policy Manual

*Use of Force*

that reasonably appears necessary in a particular situation, with limited information and in circumstances that are tense, uncertain and rapidly evolving.

Given that no policy can realistically predict every possible situation an officer might encounter, officers are entrusted to use well-reasoned discretion in determining the appropriate use of force in each incident.

It is also recognized that circumstances may arise in which officers reasonably believe that it would be impractical or ineffective to use any of the tools, weapons or methods provided by the Department. Officers may find it more effective or reasonable to improvise their response to rapidly unfolding conditions that they are confronting. In such circumstances, the use of any improvised device or method must nonetheless be reasonable and utilized only to the degree that reasonably appears necessary to accomplish a legitimate law enforcement purpose.

While the ultimate objective of every law enforcement encounter is to avoid or minimize injury, nothing in this policy requires an officer to retreat or be exposed to possible physical injury before applying reasonable force.

### 300.3.1 USE OF FORCE TO EFFECT AN ARREST
An officer may use reasonable force to effect arrest, to prevent escape or to overcome resistance. An officer who makes or attempts to make an arrest need not retreat or desist from his/her efforts by reason of resistance or threatened resistance of the person being arrested; nor shall such officer be deemed the aggressor or lose his/her right to self-defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance (Utah Code 77-7-7).

### 300.3.2 FACTORS USED TO DETERMINE THE REASONABLENESS OF FORCE
When determining whether to apply force and evaluating whether an officer has used reasonable force, a number of factors should be taken into consideration, as time and circumstances permit. These factors include, but are not limited to:

(a) Immediacy and severity of the threat to officers or others.
(b) The conduct of the individual being confronted, as reasonably perceived by the officer at the time.
(c) Officer/subject factors (age, size, relative strength, skill level, injuries sustained, level of exhaustion or fatigue, the number of officers available vs. subjects).
(d) The effects of drugs or alcohol.
(e) Subject's mental state or capacity.
(f) Proximity of weapons or dangerous improvised devices.
(g) The degree to which the subject has been effectively restrained and his/her ability to resist despite being restrained.
(h) The availability of other options and their possible effectiveness.
(i) Seriousness of the suspected offense or reason for contact with the individual.
(j) Training and experience of the officer.
(k) Potential for injury to officers, suspects and others.
(l) Whether the person appears to be resisting, attempting to evade arrest by flight or is attacking the officer.
(m) The risk and reasonably foreseeable consequences of escape.

Adopted: 2013/03/28 © 1995-2013 Lexipol, LLC

DRAPER-CHT-1266

# Draper City Police Department
Policy Manual

## Use of Force

(n) The apparent need for immediate control of the subject or a prompt resolution of the situation.

(o) Whether the conduct of the individual being confronted no longer reasonably appears to pose an imminent threat to the officer or others.

(p) Prior contacts with the subject or awareness of any propensity for violence.

(q) Any other exigent circumstances.

### 300.3.3 PAIN COMPLIANCE TECHNIQUES
Pain compliance techniques may be effective in controlling a physically or actively resisting individual. Officers may only apply those pain compliance techniques for which they have successfully completed department-approved training. Officers utilizing any pain compliance technique should consider:

(a) The degree to which the application of the technique may be controlled given the level of resistance.

(b) Whether the person can comply with the direction or orders of the officer.

(c) Whether the person has been given sufficient opportunity to comply.

The application of any pain compliance technique shall be discontinued once the officer determines that compliance has been achieved.

### 300.3.4 CAROTID CONTROL HOLD
The proper application of the carotid control hold may be effective in restraining a violent or combative individual. However, due to the potential for injury, the use of the carotid control hold is subject to the following:

(a) The officer shall have successfully completed department-approved training in the use and application of the carotid control hold.

(b) The carotid control hold may only be used when circumstances perceived by the officer at the time indicate that such application reasonably appears necessary to control a person in any of the following circumstances:
   1. The subject is violent or physically resisting.
   2. The subject, by words or actions, has demonstrated an intention to be violent and reasonably appears to have the potential to harm officers, him/herself or others.

(c) The application of a carotid control hold on the following individuals should generally be avoided unless the totality of the circumstances indicates that other available options reasonably appear ineffective, or would present a greater danger to the officer, the subject or others, and the officer reasonably believes that the need to control the individual outweighs the risk of applying a carotid control hold:
   1. Females who are known to be pregnant
   2. Elderly individuals
   3. Obvious juveniles

(d) Any individual who has had the carotid control hold applied, regardless of whether he/she was rendered unconscious, shall be promptly examined by paramedics or other qualified medical personnel and should be monitored until examined by paramedics or other appropriate medical personnel.

Adopted: 2013/03/28 © 1995-2013 Lexipol, LLC

DRAPER-CHT-1267

# Draper City Police Department
Policy Manual

*Use of Force*

(e) The officer shall inform any person receiving custody, or any person placed in a position of providing care, that the individual has been subjected to the carotid control hold and whether the subject lost consciousness as a result.

(f) Any officer attempting or applying the carotid control hold shall promptly notify a supervisor of the use or attempted use of such hold.

(g) The use or attempted use of the carotid control hold shall be thoroughly documented by the officer in any related reports.

## 300.4 DEADLY FORCE APPLICATIONS
Use of deadly force is justified in the following circumstances:

(a) An officer may use deadly force to protect him/herself or others from what he/she reasonably believes would be an imminent threat of death or serious bodily injury.

(b) An officer may use deadly force to stop a fleeing subject when the officer has probable cause to believe that the person has committed, or intends to commit, a felony involving the infliction or threatened infliction of serious bodily injury or death, and the officer reasonably believes that there is an imminent risk of serious bodily injury or death to any other person if the subject is not immediately apprehended. Under such circumstances, a verbal warning should precede the use of deadly force, where feasible.
Imminent does not mean immediate or instantaneous. An imminent danger may exist even if the suspect is not at that very moment pointing a weapon at someone. For example, an imminent danger may exist if an officer reasonably believes any of the following:

1. The person has a weapon or is attempting to access one and it is reasonable to believe the person intends to use it against the officer or another.

2. The person is capable of causing serious bodily injury or death without a weapon and it is reasonable to believe the person intends to do so.

### 300.4.1 SHOOTING AT OR FROM MOVING VEHICLES
Shots fired at or from a moving vehicle are rarely effective. Officers should move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants. An officer should only discharge a firearm at a moving vehicle or its occupants when the officer reasonably believes there are no other reasonable means available to avert the threat of the vehicle, or if deadly force other than the vehicle is directed at the officer or others.

Officers should not shoot at any part of a vehicle in an attempt to disable the vehicle.

## 300.5 REPORTING THE USE OF FORCE
Any use of force by a member of this department shall be documented promptly, completely and accurately in an appropriate report, depending on the nature of the incident. The officer should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances. To collect data for purposes of training, resource allocation, analysis and related purposes, the Department may require the completion of additional report forms, as specified in department policy, procedure or law.

### 300.5.1 NOTIFICATION TO SUPERVISORS
Supervisory notification shall be made as soon as practicable following the application of force in any of the following circumstances:

# Draper City Police Department
Policy Manual

*Use of Force*

(a) The application caused a visible injury.

(b) The application would lead a reasonable officer to conclude that the individual may have experienced more than momentary discomfort.

(c) The individual subjected to the force complained of injury or continuing pain.

(d) The individual indicates intent to pursue litigation.

(e) Any application of an TASER® or control device.

(f) Any application of a restraint device other than handcuffs, shackles or belly chains.

(g) The individual subjected to the force was rendered unconscious.

(h) An individual was struck or kicked.

(i) An individual alleges any of the above has occurred.

## 300.6 MEDICAL CONSIDERATION

Prior to booking or release, medical assistance shall be obtained for any person who exhibits signs of physical distress, who has sustained visible injury, expresses a complaint of injury or continuing pain, or who was rendered unconscious. Any individual exhibiting signs of physical distress after an encounter should be continuously monitored until he/she can be medically assessed.

Based upon the officer's initial assessment of the nature and extent of the subject's injuries, medical assistance may consist of examination by fire personnel, paramedics, hospital staff or medical staff at the jail. If any such individual refuses medical attention, such a refusal shall be fully documented in related reports and, whenever practicable, should be witnessed by another officer and/or medical personnel. If a recording is made of the contact or an interview with the individual, any refusal should be included in the recording, if possible.

The on-scene supervisor, or if not available, the primary handling officer shall ensure that any person providing medical care or receiving custody of a person following any use of force is informed that the person was subjected to force. This notification shall include a description of the force used and any other circumstances the officer reasonably believes would be potential safety or medical risks to the subject (e.g., prolonged struggle, extreme agitation, impaired respiration).

Persons who exhibit extreme agitation, violent irrational behavior accompanied by profuse sweating, extraordinary strength beyond their physical characteristics and imperviousness to pain (sometimes called "excited delirium"), or who require a protracted physical encounter with multiple officers to be brought under control, may be at an increased risk of sudden death. Calls involving these persons should be considered medical emergencies. Officers who reasonably suspect a medical emergency should request medical assistance as soon as practicable and have medical personnel stage away if appropriate.

## 300.7 SUPERVISOR RESPONSIBILITY

When a supervisor is able to respond to an incident in which there has been a reported application of force, the supervisor is expected to:

(a) Obtain the basic facts from the involved officers. Absent an allegation of misconduct or excessive force, this will be considered a routine contact in the normal course of duties.

(b) Ensure that any injured parties are examined and treated.

Use of Force - 35

Adopted: 2013/03/28 © 1995-2013 Lexipol, LLC

DRAPER-CHT-1269

# Draper City Police Department
Policy Manual

*Use of Force*

- (c) When possible, separately obtain a recorded interview with the subject upon whom force was applied. If this interview is conducted without the person having voluntarily waived his/her *Miranda* rights, the following shall apply:
    1. The content of the interview should not be summarized or included in any related criminal charges.
    2. The fact that a recorded interview was conducted should be documented in a property or other report.
    3. The recording of the interview should be distinctly marked for retention until all potential for civil litigation has expired.
- (d) Once any initial medical assessment has been completed or first aid has been rendered, ensure that photographs have been taken of any areas involving visible injury or complaint of pain, as well as overall photographs of uninjured areas. These photographs should be retained until all potential for civil litigation has expired.
- (e) Identify any witnesses not already included in related reports.
- (f) Review and approve all related reports.
- (g) Determine if there is any indication that the subject may pursue civil litigation. If so, the supervisor shall notify his/her immediate supervisor.
- (h) Evaluate the circumstances surrounding the incident and initiate an administrative investigation if there is a question of policy non-compliance or if for any reason further investigation may be appropriate.

In the event that a supervisor is unable to respond to the scene of an incident involving the reported application of force, the supervisor is still expected to complete as many of the above items as circumstances permit.

### 300.7.1 SHIFT SERGEANT RESPONSIBILITY
The Shift Sergeant will complete a Use of Force Reporting Form by the end of shift and forward to the Office of the Chief via the chain of command. The Shift Sergeant shall review each use of force with the Use of Force Review Board to ensure compliance with Department Policy 302.

**Policy 302**

Draper City Police Department
Policy Manual

# Use of Force Review Boards

## 302.1 PURPOSE AND SCOPE
This policy establishes a process for the Draper City Police Department to review the use of force by its employees.

This review process shall be in addition to any other review or investigation that may be conducted by any outside or multi-agency entity having jurisdiction over the investigation or evaluation of the use of deadly force.

## 302.2 POLICY
The Draper City Police Department will objectively evaluate the use of force by its members to ensure that their authority is used lawfully, appropriately and is consistent with training and policy.

## 302.3 REMOVAL FROM LINE DUTY ASSIGNMENT
Generally, whenever an employee's actions or use of force in an official capacity, or while using department equipment, results in death or very serious injury to another, that employee will be placed in a temporary administrative assignment pending an administrative review. The Chief of Police may exercise discretion and choose not to place an employee in an administrative assignment in any case.

## 302.4 REVIEW BOARD
The Use of Force Review Board will be convened when force is used by a member of the department.

The Chief of Police may request the Use of Force Review Board to investigate the circumstances surrounding any use of force incident.

The Assistant Chief will convene the Use of Force Review Board as necessary. It will be the responsibility of the supervisor of the involved employee to notify the Assistant Chief of any incidents requiring board review. The involved employee's supervisor will also ensure that all relevant reports, documents, photographs, diagrams and materials are available for consideration and review by the board.

### 302.4.1 COMPOSITION OF THE BOARD
The Use of Force Review Board is comprised of the following members:

- Assistant Police Chief
- Training Sergeant
- Supervisor of involved employee
- Defensive tactics instructor for the appropriate weapon used

### 302.4.2 RESPONSIBILITIES OF THE BOARD
The Use of Force Review Board is empowered to conduct an administrative review and inquiry into the circumstances of an incident.

Use of Force Review Boards - 37

Adopted: 2013/03/28 © 1995-2013 Lexipol, LLC

DRAPER-CHT-1271