R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' *DAUBERT* MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PROPOSED EXPERT WITNESS KIRK TORGENSEN**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants respectfully move this Court for an order excluding the testimony of Kirk Torgensen ("Mr. Torgensen").  Mr. Torgensen's report offers the following conclusions: (1) Draper Police Department did not have "sufficient policy and procedure in place" regarding use of force, and (2) they did not "provide evidence" of sufficient training on use of force. Torgensen Report at 4, attached as Exhibit A to Defendants' Motion.  For the reasons set forth below, Mr. Torgensen is not qualified to provide expert testimony regarding use of force policies, and his opinions are unreliable and unhelpful to the jury.

1

SLC_2956186.1

## I.  MR. TORGENSEN IS NOT AN EXPERT QUALIFIED TO OPINE REGARDING USE OF FORCE POLICIES.

Mr. Torgensen opines that the Draper Police Department's policy and procedure on use of force was insufficient. Plaintiff claims that Mr. Torgensen has expertise in the area of use of force policies because he was involved in developing policies for the Utah AG's office. However, Mr. Torgensen could not identify any specific use of force policy that he personally wrote or revised.

> Q. Okay. With respect to the use of force policies at the AG's office, do you ever recall actually working on the use of force policy?
> A. It depends on how you define 'work.'
> Q. Did you ever review it?
> A. I don't recall.

Torgensen Deposition at 33:9-14, attached hereto as **Exhibit A**.

> Q. Sitting here, though, today, can you – can you recall ever creating a policy for the Utah attorney general's office regarding law enforcement?
> A. Me, where I sat down and wrote it out?
> Q. Yes.
> A. No.

*Id.* at 35:9-14. Instead, Mr. Torgensen states that he had "500 employees that [he] was responsible for, so it was one of the many things [he] did" to "ask[] folks who worked for [him] to engage in that discussion and look at the policy." *Id.* at 36. Managing employees who were developing or changing policies is not the same as personally doing so, and since Mr. Torgensen has failed to identify any experience with the latter, it is clear that he lacks the requisite expertise to opine on the adequacy of Draper Police Department's policies regarding use of force.

## II.  MR. TORGENSEN'S OPINIONS ARE NOT RELIABLE OR HELPFUL TO THE JURY.

Mr. Torgensen's opinions on use of force policies and training are based upon his experience, yet he fails to explain how his experience informs his opinion such that his opinion

2

SLC_2956186.1

should be given weight as an expert. An expert witness who relies primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee note (2000 amends.). In other words, "the trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.* Therefore, these opinions are not reliable.

Furthermore, Mr. Torgensen's opinions regarding use of force policies and training are not helpful to the jury. Proposed expert testimony must "logically advance[] a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995). Here, Plaintiff's *Monell* claim will require the jury to find three things: (1) that the Defendant Draper City had an unconstitutional policy or custom, (2) which was the moving force behind a violation of Plaintiff's rights, and (3) Defendant Draper City was deliberately indifferent to "an almost inevitable constitutional injury" from that policy or custom. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013). Mr. Torgensen's opinion that the use of force policy is legally inadequate because it was lacking in "guidance and direction"[1] does not help the jury determine whether the policy was unconstitutional or the moving force behind the alleged violation of Plaintiff's rights, nor does it assist the jury in determining whether Draper City was deliberately indifferent in the face of such a policy. Instead, his opinion amounts to mere commentary that he would have liked the policy to be more comprehensive. This is especially true because Mr. Torgensen admits that the use of force policy was a correct statement of the law. **Exhibit A**, Torgensen Deposition at 39:23-40:6.

---

[1] Such an opinion amounts to an improper legal conclusion and is inadmissible for the reasons set forth in Defendants' initial Motion in Limine regarding Mr. Torgensen.

3

Whether the policy could have been more comprehensive is not a question before the jury and will likely confuse the jury regarding the correct *Monell* analysis. Therefore, Mr. Torgensen's opinions should be excluded.

Furthermore, Mr. Torgensen's opinions regarding training are also not helpful to the jury. Mr. Torgensen ignored evidence that Officer Patterson indeed received extensive training regarding use of force within a year of the incident while he was being trained by POST in police academy. Mr. Torgensen's opinion ignores the fact that Officer Patterson had been sufficiently trained on use of force less than one year prior to this incident, and such training would have supplemented the instruction regarding reasonableness of force found in the Draper Police Department policies and procedures. Thus, this opinion is not reliable and will not help the jury determine whether lack of training was a moving force behind a constitutional violation, or whether Draper City was deliberately indifferent.

## CONCLUSION

For the reasons stated herein, this Court should exclude the testimony of Mr. Torgensen.

SUBMITTED this 7th day of September, 2016.

**DURHAM JONES & PINEGAR**

By /s/ R. Blake Hamilton
R. BLAKE HAMILTON
ASHLEY M. GREGSON
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of September, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

                                                  /s/ Sarah Peck
                                                  Secretary