R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
bhamilton@djplaw.com
agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                    Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' *DAUBERT* MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PROPOSED EXPERT WITNESS TREVOR B. PETERSEN**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants respectfully move this Court for an order excluding Plaintiff's expert witness Trevor B. Petersen ("Mr. Petersen").  Mr. Petersen's report offers the following opinions: (1) Officer Patterson did not take proper safety precautions when arresting Plaintiff; (2) Officer Patterson used excessive force against Plaintiff; (3) Draper City did not have adequate training on arresting a handcuffed and intoxicated individual. For the reasons set forth below, these opinions are irrelevant, unreliable, unhelpful to the jury, exceed Mr. Petersen's expertise, and constitute improper legal opinion.

1

**I.    MR. PETERSEN'S OPINIONS REGARDING SAFETY PRECAUTIONS ARE IRRELEVANT AND NOT HELPFUL.**

Mr. Petersen's opinion that Defendants should have used different safety precautions is not relevant to Plaintiff's claims and does not "logically advance[] a material aspect of the [Plainitiff's] case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995). Plaintiff's Amended Complaint claims that Officer Patterson used excessive force when he moved Plaintiff to the ground. Therefore, it would be helpful for the jury to hear expert opinion regarding standards in the law enforcement community relating to use of force. Instead, Mr. Petersen's report provides opinions regarding various ways in which the need to use force against the Plaintiff could have been prevented: "if Officer Harris had been assisting in restraining Josh Chatwin, . . . the injury to Josh Chatwin would have been avoided." Petersen Expert Report, at 5. Such opinions do not help the jury determine whether or not the force used against Plaintiff was reasonable. *See Fischer v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir. 2009) ("[T]he Fourth Amendment 'does not require [police] to use the least intrusive means in the course of a detention, only reasonable ones.'") (quoting *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005)). It is not relevant to the jury's inquiry that the force or injury may have been avoided; the question the jury must answer is whether the force was *reasonable*.

Furthermore, Mr. Petersen's opinions are exactly the type of hindsight that the Supreme Court has banished from the § 1983 reasonableness analysis. *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). Plaintiff's Memorandum points the Court to excerpts from Mr. Petersen's deposition in which he engaged in this improper analysis, stating that the officers "could have put him in a prone [position], could have put him in a kneeling position. A second officer could have helped

stabilize him.  You could have done – each officer take a side of Mr. Chatwin, and conduct the search of his person for any weapons or contraband." Plaintiff's Memorandum, D.E. 70, at 6.  Such second-guessing is present in Mr. Petersen's report also, and is contrary to *Graham*'s reasonable officer on the scene standard and would likely encourage a jury to engage in the same sort of analysis, which they are specifically instructed to avoid.  For these reasons, Mr. Petersen's opinions regarding safety procedure are irrelevant, unhelpful, and should be excluded.

## II.   MR. PETERSEN'S OPINION REGARDING EXCESSIVE FORCE IS UNRELIABLE AND AN IMPROPER LEGAL CONCLUSION.

Mr. Petersen opines in his report that Officer Patterson used excessive force.  While "[a]n opinion is not objectionable just because it embraces an ultimate issue," (Fed. R. Evid. 704(a)), opinion testimony on ultimate questions of law is still off limits for experts.  An expert's opinions regarding ultimate issues of fact are admissible and may help the jury reach a verdict, but opinions that apply the relevant law to the facts merely tell the jury how to decide the case. *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).  Here, Mr. Petersen's report concludes that Officer Patterson used excessive force against the Plaintiff.  He offers no reasoning to support his conclusion besides his opinions regarding safety procedure, which again are not pertinent to the analysis of whether the force was reasonable: whether or not the force or the ultimate injury could have been avoided is not pertinent to whether the actual force used was reasonable under the circumstances from the perspective of a reasonable officer on the scene.  Thus, the opinion regarding excessive force is a legal conclusion and merely tells the jury how to decide the case. For these reasons, the legal conclusion should be excluded.

Furthermore, Mr. Petersen's opinions[1] lack reliable methodology.  Mr. Petersen was asked repeatedly during his deposition to describe the methodology he used to reach his expert

---

[1] This is true for all opinions in Mr. Petersen's report.

3

opinions, yet he could not do so.  While Mr. Petersen was adamant that his methodology was standard methodology for police experts, he could not explain what the methodology entailed.

> Q. But I'm trying to understand your methodology to reach that opinion. Did you just look at those facts and that led to the opinion, or did you use your experience? How did your experience play into formulating that opinion? Can you explain that to me?
> [. . .]
> A. Training and experience, sir.

Petersen Deposition at 64:2-8; *see also e.g.* Petersen Deposition at 53:16-54:6, 67:23-68:14, 78:17-79:25, attached hereto as **Exhibit A**.  At most, it appears that Mr. Petersen's methodology involved simply reviewing the facts of the case and second-guessing the decisions made by the officers on the scene, which is contrary to the case law and certainly not the standard accepted methodology for experts in § 1983 use of force cases.  Therefore, Mr. Petersen's opinions are not reliable because they are not based upon acceptable methodology.

### III. MR. PETERSEN'S OPINION REGARDING POLICE TRAINING IS UNRELIABLE AND EXCEEDS HIS EXPERTISE.

Mr. Petersen opines that Draper City did not have adequate training for officers regarding arrests of intoxicated individuals.  An expert witness who relies primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702, advisory committee note (2000 amends.).  In other words, "the trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.*  Under *Daubert*, it is not enough for an expert to merely present his qualifications, conclusions, and assurances of reliability without providing the rationale for his conclusions.  *See, e.g., Thomas v. City of Chattanooga*, 398 F.3d 426, 431–32 (6th Cir. 2005).  Mr. Petersen again provides no methodology for how he formed his opinion regarding Draper City's police training, and provides nothing to support his

4

conclusion that the training was inadequate. This opinion is therefore conclusory and unreliable, and should be excluded.

While Plaintiff argues that Mr. Petersen was qualified because of his experience, neither Plaintiff nor Mr. Petersen has been able to adequately explain what experience qualifies him to opine regarding the constitutional adequacy of a police department's training. Plaintiff points to an unpublished opinion from the District of New Mexico, *Vondrak v. City of Las Cruces*, 2009 WL 3241555, *13 (D. New Mexico 2009), in which the court found a trooper to be qualified to offer expert opinion on the issues of reasonable suspicion, probable cause, use of force, and whether the defendant officers met generally accepted standards regarding the use of handcuffs. *Id*. at *2. This opinion is not helpful here. Mr. Petersen, unlike the expert in *Vondrak*, is offering an opinion regarding the adequacy of a police department's training on a particular subject, which his mere experience as an officer does not qualify him to do. Therefore, this Court should exclude Mr. Petersen's opinions regarding training.

## CONCLUSION

For the reasons stated herein, this Court should exclude the testimony of Mr. Petersen.

SUBMITTED this 7th day of September, 2016.

**DURHAM JONES & PINEGAR**

By /s/ R. Blake Hamilton
    R. BLAKE HAMILTON
    ASHLEY M. GREGSON
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 7th day of September, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

/s/ Sarah Peck
Secretary