Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
**CLYDE SNOW & SESSIONS, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
**JOHN K. JOHNSON, LLC**
10 West 300 South, Suite 800
Salt Lake City, Utah  84101
Telephone:  801-915-2616

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>　　　Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>　　　Defendants. | PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE PORTIONS OF THE TESTIMONY OF KEN WALLENTINE<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

　　　Plaintiff, Joshua Chatwin, by and through his counsel, hereby replies to Defendants'

Memorandum in Opposition to Motion in Limine to Exclude Portions of the testimony of Ken

Wallentine ("Opposition") as follows:

{01043933-1}

**ARGUMENT**

I. **PLAINTIFF DID NOT WAIVE OBJECTIONS TO THE COMPETENCE, RELEVANCE OR MATERIALITY OF KEN WALLENTINE'S ("WALLENTINE") TESTIMONY ABOUT MEDICINE AND PERCEPTION BY ASKING QUESTIONS ABOUT THOSE SUBJECTS DURING WALLENTINE'S DEPOSITION.**

Defendants focus their opposition to Wallentine's ability testify about medicine and perception on the fact that Plaintiff's counsel asked questions about those subjects during Wallentine's deposition. Rule 32(d)(3)(A), Fed. R. Civ. P., states in part: "An objection to a deponent's competence–or to the competence, relevance or materiality of testimony–is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time." As pages 109-113 and 127-131 of Wallentine's deposition, attached to Plaintiff's Motion in Limine to Exclude Portions of the Testimony of Ken Wallentine ("Motion in Limine"), show, Plaintiff's counsel asked those questions to this potential expert witness, because Wallentine raised them first. It was within the rights of Plaintiff's counsel, pursuant to Fed. R. Civ. P. Rule 32(d), to ask questions relevant to Wallentine's testimony. "The rule provides that failure to make an objection during a deposition does not waive the objection unless the objectionable matter could have been cured if presented at that time. In the instant case, a simple objection as to the witness' competency at the deposition would not have cured the defect present here. An orthopedic surgeon cannot change his or her specialty or his or her type of practice during a deposition." *Cronkrite v. Fahrbach,* 853 F. Supp. 257, 262 (W.D. Mich. 1994).[1] Nor could Wallentine change his profession. Furthermore, at least one circuit has found that pursuant to Fed. R. Civ. P. 32(d)(3)(A), by not

---

[1] The language of Fed. R. Civ. P. 32(d)(3)(A) was slightly different when the court made its decision: "… unless the ground of the objection is one which might have been obviated or removed if presented at that time." The language was modified to make it more easily understood. The change in wording was stylistic only. Fed. R. Civ. P. 32(d) Comment, Dec. 1, 2007.

objecting to questions during a deposition, issues are not tried by consent, "particularly in light of plaintiff's motion in limine to exclude the issue." *Sayre v. Musicland Group, Inc., a subsidiary of American Can Co.*, 850 F.2d 350, 355 (8th Cir. 1988).

## CONCLUSION

Plaintiff did not waive his objections to Wallentine's testimony about medicine and perception. Defendants have not provided any substantive or procedural grounds to support their arguments that Wallentine's testimony on medicine and perception should be admitted.

DATED this 7th day of September 2016.

              CLYDE SNOW & SESSIONS


              /s/ Lisa A. Marcy
              Lisa A. Marcy
              *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2016, I caused a true and accurate copy of the foregoing Plaintiff's Reply to Defendants' Memorandum in Opposition to Motion in Limine to Exclude Portions of Expert Testimony of Kenneth R. Wallentine to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter