IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>    Plaintiff,<br><br>vs.<br><br>DRAPER CITY, ET AL.,<br><br>    Defendant. | TRIAL ORDER<br><br>Civil Case No. 2:14CV375DAK<br><br>Judge Dale A. Kimball |

  This case is set for a five-day jury trial to begin on January 30, 2017, at 8:30 a.m. The court vacates the Final Pretrial Conference scheduled for January 17, 2017, at 2:30 p.m. In order to expedite the conduct of the trial in this case, counsel are instructed as follows:

**A. Court-Imposed Deadlines**

  The deadlines in this Trial Order are court-imposed deadlines. To modify any deadline, a party must file an appropriate motion with the court and receive an order from the court modifying such deadline.

**B. Motions in Limine**

  All motions in limine must be filed with the court by **December 23, 2016**. Memoranda in opposition to any motions in limine must be filed no later than **January 10, 2017**. Reply memoranda, if necessary, must be filed by **January 18, 2017.** The court will notify the parties if it will hold a hearing on the motions. If the court holds a hearing, it will hold it the week of

**January 23, 2017**.

**C. Proposed Voir Dire, Jury Instructions, and Special Verdict Form**

1. *Proposed Voir Dire*

The parties must submit any proposed voir dire no later than **January 25, 2017**.

2. *Special Verdict Form*

To the extent possible, the court requests the parties to file a single, stipulated special verdict form. The parties must submit either their stipulated special verdict form or separate special verdict forms no later than **January 17, 2017**. In addition to filing the special verdict form electronically, the parties must email a copy of the special verdict form to utdecf_kimball@utd.uscourt.gov in Word or Word Perfect format. Any objection the parties have to the other party's proposed special verdict form shall be filed by **January 24, 2017.**

3. *Jury Instructions*

The procedure for submitting proposed jury instructions is as follows:

*(a) stipulated set of instructions*

1. The parties shall serve upon the opposing party their proposed jury instructions by **December 16, 2016**. The parties must then meet and confer to agree on a single set of instructions. The parties are required to *jointly submit one set of stipulated final instructions*. These instructions should be labeled as joint instructions, e.g. "Joint Instruction No. 1"

2. If the parties cannot agree upon a complete set of final instructions, they may submit separately those individual instructions upon which they cannot agree.

        These instructions should be labeled as an instruction proposed by the party, e.g. "Plaintiff's Proposed Instruction No. 1."  However, the parties are expected to agree upon the majority of the substantive instructions for the case.

3. The stipulated instructions and each party's supplemental instructions must be electronically filed with the court by **December 28, 2016**.  The electronically-filed instructions shall include citation to the authority that forms the basis for the instruction.

4. In addition to electronically filing the jury instructions, the parties shall also email a copy of the instructions, *without* citation to authority, to [utdecf_kimball@utd.uscourts.gov](mailto:utdecf_kimball@utd.uscourts.gov) in Word or Word Perfect format.  The case name and number should be included in the email subject line.

5. No later than **January 13, 2017**, each party must file its objections to the supplemental instructions proposed by the other party.  All such objections must recite the proposed disputed instruction in its entirety and specifically highlight the objectionable language in the proposed instruction.  The objection must contain citations to authority and a concise argument explaining why the instruction is improper.  If applicable, the objecting party should submit an alternative instruction addressing the subject or principle of law.  Any alternative instruction proposed in a party's objection must be emailed to [utdecf_kimball@utd.uscourts.gov](mailto:utdecf_kimball@utd.uscourts.gov) in Word or Word Perfect format.

6. No later than **January 24, 2017**, each party may file a reply to the opposing

party's objections.

*(b) stock instructions*

Attached to this Trial Order is the court's stock jury instructions for civil cases. The parties should contact the court at utdecf_kimball@utd.uscourts.gov if they request a version of the court's civil stock jury instructions in Word or Word Perfect format. The court will give its stock instructions applicable to this case unless both parties agree to modify them and provide convincing arguments for such changes. When submitting their instructions, the parties shall include those instructions with a label indicating that the instruction is one of Judge Kimball's stock instructions, e.g. "Joint Instruction No. 1 (Stock)" or "Plaintiff's Instruction No. 1 (Stock)."

*(c) additional instructions*

1. All jury instructions must be concise, understandable, and neutral statements of the law. Argumentative instructions are improper.

2. Modified versions of statutory or other form jury instructions may be acceptable, However, a modified jury instructions must identify the exact nature of the modification made to the form instruction and cite authority, if any, supporting such modification.

3. Any party who cannot comply with the requirement to email the instructions to chambers must contact the judge's chambers to make alternative arrangements.

4. If parties wish to be referred to in the instructions as something other than plaintiff and defendant, the parties must also make the appropriate changes to the court's stock instructions so that every instruction consistently refers to each party.

*(d) final instructions*

After reviewing the parties' proposed instructions and any objections, the court will provide the parties with a set of "The Court's Proposed Jury Instructions." Close to the end of trial, the court will hold a jury instruction conference on the record to make any necessary changes to the jury instructions. The parties' previously filed objections are objections of record and need not be repeated at the jury instruction conference. After the jury instruction conference, the court will provide the parties with a set of the final jury instructions.

**D.  Deposition Testimony**

Any party desiring to present testimony of a witness by recorded means, whether video, audio, or paper, must file with the court and serve a designation of the testimony on the opposing party **thirty days** prior to trial. Any objection to a party's deposition designations must be filed with the court and served on the opposing party **fourteen days** after the designation. The parties must promptly meet and confer (with at least one in-person meeting) to resolve any disputes. The parties must notify the court within two days of the meeting, indicating whether the parties have reached an agreement or not. If the parties cannot agree on the designated portions of the deposition testimony, the party seeking to enter the deposition testimony must file a reply to the opposing party's objection within ten days of the date of the objection. The court will then take the objections under advisement and issue a written ruling.

**E.  Trial Exhibits**

Pursuant to Local Rule 83-5, each party is required to pre-mark all exhibits intended to be introduced during trial and prepare an exhibit list for the court's use at trial. Exhibit labels

(stickers) are available at the Intake Desk in the Clerk's Office.  The standard exhibit list form is available on the Court's website (www.utd.uscourts.gov).

Parties must meet and confer to avoid marking the same exhibit twice.  Plaintiffs should list their exhibits by consecutive numbers and defendants should list their exhibits by consecutive letters, unless authorized by the Court to use a different system.

Do **NOT** file the exhibit list or the exhibits.  The exhibit list is to be provided to the Courtroom Deputy Clerk on the first morning of trial; the exhibits are to remain in the custody of counsel until admitted as evidence by the Court.

The court prefers two courtesy copies of the exhibits in binders.  Courtesy copies should be provided to the Courtroom Deputy Clerk on the first morning of trial.

Questions regarding the preparation of the exhibit list or courtesy copies may be directed to Courtroom Deputy Clerk Kim Jones at (801) 524–6610.

**F.  Witness Lists**

The parties are required to prepare a separate witness list for the court's use at trial.  The list contained in the pretrial order is not sufficient.  Standard forms for witness lists are available on the court's website, (www.utd.uscourts.gov).  Witness lists must be provided to the court on the first morning of trial.  Questions regarding the preparation of these lists may be directed to Courtroom Deputy Clerk Kim Jones at (801) 524-6610.

**G.  Pretrial Disclosures, Pretrial Order, and Attorneys' Conference**

This Trial Order does not affect the parties' pre-trial requirements under the Federal Rules of Civil Procedure.  However, because there is no final pretrial conference being held by

the court, the parties shall submit their Pretrial Order to the court no later than **fourteen days** before trial.  The form of the pretrial order shall conform generally to the approved form in Appendix IV to the district court's Local Rules of Practice.  The parties shall hold their pre-trial attorneys' conference before the date for submitting the Pretrial Order to discuss settlement, the Pretrial Order, exhibits, witnesses, jury instructions, and other matters that will aid in an expeditious and productive trial.  The Pretrial Order submitted by the parties shall identify the date counsel for the parties' held their attorneys' conference and the counsel present for the conference.

**H.  Courtroom Equipment**

If counsel wish to use any courtroom equipment, such as the evidence presentation system, easels, etc., they must notify Courtroom Deputy Clerk Kim Jones, (801) 524-6610, at least a week before trial.  Trial counsel and support staff are expected to familiarize themselves with any equipment they intend to use in advance of trial.  Courtroom Deputy Clerk Ryan Robertson, (801) 524-6617, is available to train attorneys on the technology available in the courtroom.  Appointments for such training should be scheduled well in advance of trial.

**I.  Settlement**

In the event that a settlement is reached between the parties, counsel must notify a member of Judge Kimball's chambers staff and the court's jury administrator as soon as possible.  Pursuant to DUCivR41-1, the court may tax all jury costs incurred as a result of the parties' failure to give the court's jury administrator actual notice of settlement less than one full business day before the commencement of trial.

**J. Courtroom Conduct**

The court follows DUCivR 43-1 which provides ground rules for the conduct of counsel at trial.

In addition to the rules outlined in DUCivR 43-1, the court expects the following conduct of counsel at trial:

1. Please be on time for each court session. The court usually runs its trial day from 8:30 a.m. until approximately 2:00 p.m. with two short (fifteen minute) breaks.

2. Counsel is expected to stand: (1) as court is opened, recessed, or adjourned; (2) when the jury enters or retires from the courtroom; (3) when addressing or being addressed by the court.

3. Counsel must instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during witness testimony are absolutely prohibited.

4. Counsel should instruct witnesses as to the need to make a clear record of the proceedings. Counsel and witnesses need to speak clearly into the microphones.

5. When possible, counsel should try to raise issues requiring argument to the court during recesses rather than in sidebar conferences when the jury is present.

6. Members of the trial team should not confer or visit with anyone in the spectator section while court is in session.

7. Messages may be delivered to counsel table provided they are delivered discreetly and with as little disruption to the proceedings as possible.

DATED this 30th day of November, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge