Lisa A. Marcy (#5311)  
lmarcy@clydesnow.com  
CLYDE SNOW & SESSIONS, P.C.  
201 South Main Street, 13th Floor  
Salt Lake City, Utah  84111  
Telephone:  801-322-2516  

John K. Johnson (#3815)  
jkjohnson1080@hotmail.com  
JOHN K. JOHNSON, LLC  
10 West 300 South, Suite 800  
Salt Lake City, Utah  84101  
Telephone:  801-915-2616  

Dominic J. Gianna, *Pro Hac Vice*  
dgianna@aarongianna.com  
AARON & GIANNA  
201 St. Charles Avenue, Suite 3800  
New Orleans, Louisiana  70170  
Telephone:  504-569-1805  

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>      Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>      Defendants. | PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' WITNESSES AND EXHIBITS AND SUPPORTIVE MEMORANDUM<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Plaintiff, Joshua Chatwin, by and through his counsel, Lisa A. Marcy, John K. Johnson

and Dominic Gianna, respectfully submit this Motion in Limine to exclude certain witnesses and

exhibits offered by Defendants. Chatwin moves to exclude the documents referenced in the

{01094009-1}

motion listed below from introduction into evidence and further moves to exclude any reference to the excluded document by any counsel or witness and further moves to exclude any reference or mention by any counsel or witness of the contents and statements contained in any excluded document.

## BACKGROUND

On May 18, 2010, in Draper, Utah, Draper City police officer David Harris pulled over the car plaintiff Joshua Chatwin ("Chatwin") was driving for suspicion of driving under the influence of alcohol. Officer Harris had Chatwin perform field sobriety tests and arrested him for driving under the influence of alcohol. Officer Joshua Patterson and Officer Heather Baugh arrived shortly thereafter to assist Officer Harris. Officer Patterson performed a search incident to arrest of Chatwin and Officer Harris searched Chatwin's vehicle.

During Officer Patterson's search of Chatwin, Chatwin asserts that Officer Patterson threw him onto the cement driveway while Chatwin was handcuffed behind his back. Chatwin has alleged that as a result of Officer Patterson throwing him to the ground, he fractured his skull, suffered contusions and gashes, a concussion, bleeding in his brain, additional head injuries and a separated shoulder. Chatwin brought claims against Officer Patterson for excessive force, Draper City for failure to train its officers, Officers Patterson, Baugh and Harris for failure to provide medical care, against Officer Patterson for assault and battery and against Officers Patterson, Harris and Baugh for intentional infliction of emotional distress. On December 8, 2016, this Court denied defendants' *Daubert* motions in limine to exclude expert testimony of Walter Reichert, M.D., Trevor B. Petersen and Kirk Torgensen. This Court granted in part and denied in part Chatwin's motion in limine to exclude testimony and reports of Chris Lawrence.

On that same date, the Court denied defendants' motion for partial summary judgment, allowing plaintiff's *Monell* claim against Draper City to proceed.

## ARGUMENT

I. **Defendants should be precluded from putting forth any evidence or argument that Defendant Draper City had policies, training on the use of firearms, yearly training, defensive tactics, and Training Assessment for Non-sworn, Sworn, Staff and Specialty Assignments from 2011 through 2015**.

Evidence which is not relevant is not admissible. Rule 402, Fed. R. Evid. Rule 401, defines "relevant evidence" as "evidence [having] any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Even if relevant, Rule 403 provides that evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The fact that Draper City had different training documents after the 2010 incident at issue is not relevant as to what training existed at the time. Moreover, the post-2010 training documents should be excluded because they will confuse and mislead the jury into believing that the newer training documents were in place at the time of the injury. The submission of training documents drafted after the incident will also waste time, because the jury will be required to review hundreds of pages of training and policies drafted in those years.

The same arguments apply to the Draper City's policies on the use of force. Draper City changed them after the incident occurred in 2010. The same arguments are also applicable to the Draper City's Training Assessment for Non-sworn, Sworn, Staff and Specialty Assignments. That assessment is undated and would be especially confusing to the jury as to when this assessment occurred.

II.     **Draper City employment file contents, including employee evaluations, performance appraisals, letters of commendation and corresponding testimony should be excluded because they are not relevant and will waste time**.

These evaluations, performance appraisals, and letters of commendation are not relevant because those issues are not in question. This is not a wrongful termination case. Aside from the one time that Officer Patterson threw Chatwin to the ground while handcuffed, Chatwin has not put the performance of the three officers at issue. He is only asserting claims based upon the limited facts of what occurred on May 18, 2010, and the lack of any adequate policy or training during that time. It will also waste time as there are approximately 114 pages of documentation about such employment file contents.

III.    **Defendants should not be permitted to put forth any evidence or argument concerning information contained in police reports about Joshua Chatwin, witnesses Kathy Torrence, Jason Scott, Mehdi Mahmoudi, and Steve Merrin, because they are not relevant, are overly prejudicial, the character of these individuals is not in question, and certain contents in the police reports are hearsay**.

Chatwin has a criminal record consisting of such minor infractions as traffic citations, lack of insurance, a witness of an assault by another person, illegal fireworks, and collections; and these prior acts are not relevant. Moreover, none of these acts relate to Chatwin's character for truthfulness and should be excluded by Rule 608,[1] Fed. R. Evid.

---

[1]

    A Witness's Character for Truthfulness or Untruthfulness
    (a) Reputation or Opinion Evidence. A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
    (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
        (1) the witness; or
        (2) another witness whose character the witness being cross-examined has testified about.
        …

Chatwin's records of violations incurred after 2010 should also be excluded. Those charges include violations of an ignition interlock, speeding, intoxication, shoplifting, a collection action, and an accident. Those charges are not relevant to the issues at hand. None of those charges include violent behavior. Even if they were deemed to be relevant, they should be excluded because of the danger of unfair prejudice. The issues of intoxication and alcoholism as a disease, in particular, are sensitive subjects about which some jurors may feel merit the injuries done to Chatwin. One of those records, dated January 11, 2014, notes that Chatwin has "an extensive history of alcohol offenses." Another one noted that the officer smelled the strong odor of alcohol on Chatwin. This information will be highly prejudicial, most likely causing an unfair bias toward Chatwin.

Chatwin's police reports also include a description of an incident wherein Chatwin punched a driver. Evidence of a violent disposition to prove who the aggressor was in a confrontation is circumstantial use of character evidence. *McCormick*, Section 187, at 551. "When character is used circumstantially, only reputation and opinion are acceptable forms of proof." *Id.* Even if Chatwin's character were at issue, specific prior violent incidents are not admissible, precluding defendants' attempt to introduce that police report.

The report on October 20, 2012, about a conversation with Officer Harris should be excluded because it is not relevant and contains hearsay wherein the officer spoke with an individual who is not listed as a witness and contains information about the conversation and therefore constitutes hearsay. Officer Harris asked Chatwin the status of the lawsuit that he was named in. The report should also be excluded for its prejudicial effect because the officer reported that Chatwin's breath smelled of alcohol and the car smelled strongly of burnt marijuana. Chatwin was cited for driving with an alcohol-revoked driver's license, driving with

alcohol while being an alcohol-restricted driver, possessing narcotic paraphernalia, driving an improperly registered vehicle, and driving without an interlock ignition device. Again, this information has no relevance to the incident of May 18, 2010, and is highly prejudicial given the sensitive subject of alcohol consumption.

The police reports concerning witness Kathy Torrence should be excluded as well. They contain irrelevant information about barking dogs, disagreements with friends and roommates, and her own intoxication while sitting on her front steps. The Court has an obligation to protect witnesses from harassment or undue embarrassment. Rule 611,[2] Fed. R. Evid. These reports should also be excluded because they contain hearsay.

> Separate from the inquiry into the admissibility of the police reports themselves is the question of the admissibility of their contents. Where reports contain statements of witnesses, the contents of the reports may not be admitted without analysis of the hearsay. Any statement that is made by a declarant not testifying at trial, offered in evidence to prove the truth of the matter asserted, is excluded as hearsay absent applicability of one of the hearsay exceptions. …

*United States v. Carneglia*, 256 FRD 384, 391 (E.D.N.Y. 2009).

Officer Sam Fallows wrote one of the narratives in a report about Torrence's barking dog. He is not testifying, and the report is being offered for the truth of the matter asserted. Another report dated September 9, 2011, should be excluded. The same officer, Sam Fallows, drafted the narrative and is not a witness. In that narrative, he talks about statements made by various individuals. For these reasons, the report should be excluded as hearsay. Officer Josh Lee made a follow-up call on that same date. This report should also be excluded as hearsay because Officer

---

[2]
    Mode and Order of Examining Witnesses and Presenting Evidence
    (a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
        (1) make those procedures effective for determining the truth:
        (2) avoid wasting time; and
        (3) protect witnesses from harassment or undue embarrassment.

Josh Lee is not a witness, and the materials in the report are being offered for the truth of the matter asserted.

Another police report dated September 18, 2011, should be excluded as well. It is not relevant, is potentially overly prejudicial, and contains hearsay. Kathy Torrence called the police department because someone was attempting to serve legal documents. As the situation is not relevant to the facts at hand, Officer Mike Elkins is not a witness, the narrative contains conversations with another person, and is being offered for the truth of the matter asserted; this information should be excluded as well.

A police report dated October 8, 2011, should also be excluded because it is not relevant, is prejudicial, and contains hearsay. Again, Officer Sam Fallows is not listed as a witness and drafted the report. The report contains information about conversations with another individual and portions of the narrative are therefore hearsay. The report is also prejudicial because it talks about the possibility that Kathy Torrence had been drinking alcohol, creating a probable bias.

Defendants should not be permitted to put forth any evidence or argument concerning a simple incident involving Kathy Torrence on March 7, 2013, where she accidentally called 911. It is not relevant.

Defendants should not be permitted to put forth any evidence or argument concerning an officer's report about a traffic accident on January 24, 2013, allegedly caused by witness Jason Scott. The information is not relevant, may prejudice the jury, and contains hearsay. Officer Kevin Newman is not a witness, and the narrative contains hearsay about the conversations the officer had with the second vehicle.

A report about a traffic accident involving potential witness Steven Merrin on February 18, 2014, should be excluded as well. It is not relevant as it involves the son of potential witness

Steven Merrin. A police report about a traffic violation involving Steve Merrin on May 24, 2008, should be excluded for irrelevance. Another one involves a burglar alarm going off at Merrin's business. It is irrelevant and a waste of time.

The police reports about potential witness Mehdi Mahmoudi's traffic violations on April 9, 2010, and December 14, 2013, should be excluded for irrelevance and a waste of time.

IV. **Defendants should be excluded from putting forth any evidence or argument about Kirk Torgensen's police report, plea information, jail release, mugshot, Information, court dockets, minutes regarding plea, and news articles**.

Kirk Torgensen is an expert witness in this case. He was cited about a domestic situation during the summer of 2015. The reports contain information by witnesses. The information is being offered for the truth of the matter asserted and is therefore hearsay. These documents are also highly prejudicial. These reports as well as all information about the arrest are not relevant and are, in fact, highly prejudicial. Furthermore, this information should be excluded in order to protect Kirk Torgensen from harassment or undue embarrassment. Finally, defendants submitted this documentation on November 29, 2016, well after the close of fact discovery. They are untimely.

V. **Defendants should not put forth any evidence or argument about Josh Chatwin's employment records and his employment.**

Chatwin is not making a lost wages claim. As a result, his records as well as testimony from 15 managers at his previous places of employment should be excluded as irrelevant. In addition, the records and testimony are prejudicial. Jurors may believe that Chatwin's numerous jobs over a relatively short time indicate instability, creating a bias against him. The records and testimony should also be excluded because they are needlessly cumulative.

**VI. Defendants should be precluded from putting forth any evidence or argument about Trevor Petersen's employment records.**

Defendants untimely submitted expert Trevor Petersen's employment records. They sent them well after the close of fact discovery on November 29, 2016. In addition, those records are not relevant. Mr. Petersen is testifying about the use of excessive force by then-Officer Patterson upon Chatwin. He was a Washington County Sheriff and had one incident of a prior disciplinary action. It is therefore inadmissible under Rule 402, 403, 404,[3] 405[4] and 608. The information about this one incident should also be excluded in accordance with Rule 611 to protect Mr. Petersen from harassment or undue embarrassment.

**VII. Defendants should not put forth any evidence or argument about Josh Chatwin's Renaissance Ranch and Valley Mental Health records.**

Testimony and documentation about Chatwin's Renaissance Ranch and mental health records should be excluded. Chatwin does not dispute that he suffers from alcoholism and depression. Those conditions are not relevant in any way to the allegations of this case. They are highly prejudicial and invasive and should be excluded. Moreover, defendants did not submit

---

[3]
Character Evidence; Crimes or Other Acts
   (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
   …
   (3) Exceptions for a Witness. Evidence of a witness's character may be admitted under Rules 607, 608, and 609.
(b) Crimes, Wrongs, or Other Acts.
   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in conformity with the character.

[4]
Methods of Proving Character
(a) By Reputation or Opinion. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
(b) By Specific Instances of Conduct. When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

those records until November 29, 2016, well after the discovery cutoff dates. Finally, this Court should exclude those records and any related testimony to protect Chatwin from harassment or undue embarrassment pursuant to Rule 611, Fed. R. Evid.

**VIII. Defendants should be precluded from offering evidence or argument about the opinion testimony of their 30(b)(6) designee, Deputy Police Chief John Eining.**

"The rule 30(b)(6) designee does not give his personal opinions." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). For instance, Officer Eining gave his opinion in the Draper City 30(b)(6) deposition about positioning a suspect in a standing arrest:

> Q. Yes, please. I would like you to elaborate on what they're teaching here on A through G.
> A. Let me just ask the question, I guess. So when you're asking me to elaborate, you're asking me to draw from my experience of doing arrest control from some time ago and doing these types of things. I'm not going to be the authority on these. So I'm just going to give you my understanding of these to the best of my ability, which is pretty comprehensive. But you're asking -- I guess what I'm saying is you're really asking me for my opinion and my experience, as opposed to me representing Draper on these, but I'll proceed however you want me to proceed.
> Q. Yeah. I guess just answer it that way. That will be fine.
> A. Okay. So my experience is positioning of a suspect -- excuse me. Position of the suspect in a standing modified is that you would have the suspect turn away from you.

30(b)(6) Deposition of Draper City Police, dated 12-8-15, p. 88:3-25; p. 89:1.

**IX. Defendants should not put forth any evidence or argument about Private Ops/Court Ops invoices and forms.**

These invoices and forms are irrelevant. Whereas they can be used to impeach or refresh recollection, they are not relevant to the facts of this case.

**X. The testimony of Trina Leone, Stacey Easter and Georjane Branham about Kathy Torrence's character should be excluded.**

Defendants untimely listed these three individuals in their Fourth Supplemental Initial Disclosures on November 29, 2016. In addition, Torrence's character is not at issue. Rule 404,

Fed. R. Evid., prohibits the use of evidence of a person's character to prove that on a particular occasion the person acted in accordance with the character or trait. The only exceptions may be admitted under Rule 607, 608, and 609. This rule must be read in conjunction with Fed. R. Evid. 608 wherein it states that extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness. Defendants have presented no evidence that Torrence committed any previous crimes, wrongs, or acts involving dishonesty. Character is not an element of Chatwin's claims or the defendants' defenses. "Character is directly an issue in the strict sense when it is 'a material fact that under the substantive law determines rights and liabilities of the parties.'" *McCormick*, Section 187, at 551. (*Perrin v. Anderson*, 784 F.2d 1040, 1045 (10th Cir. 1986). These three individuals are former or current co-workers of Torrence at Delta Airlines. Anything about which they would testify would be misleading to the jury, since it would involve Torrence's behavior at work.

**XI.     Chatwin requests a pretrial ruling on defendants' over-inclusive witness and exhibit list to avoid unnecessary trial preparation, trial objections, and trial delay**.

Defendants have submitted a lengthy list of witnesses, most of whom are irrelevant or cumulative to the limited issues of use of force, lack of policies and failure to train, assault and battery, and intentional infliction of emotional distress. Defendants' Pretrial Disclosures list 39 witnesses (seven as "will call" witnesses and 32 as "may call" witnesses). The vast majority of the witnesses on the "may call" list do not relate to the issues presented. Chatwin does not dispute that he was intoxicated on May 18, 2010; therefore, DABC employees Jenessa Huff's and Juanita Gonzales' testimony is irrelevant, and their testimony would constitute a waste of

time. Chatwin does not dispute that he was agitated after he was thrown to the ground. The ten officers' and paramedics' testimony about Chatwin's agitation is therefore irrelevant and a waste of time. Chatwin is not making a lost wages claim; therefore, the testimony of the 16 unnamed managers at his previous jobs is irrelevant and a waste of time.

XII. **The video from Alpine Reporting of the scene inspection and the movie clips taken by Cyber Ops should be excluded**.

Chatwin filed an objection to defendants' request for scene inspection on February 4, 2016. Magistrate Dustin Pead held a telephonic hearing wherein he allowed the inspection to proceed, based upon defendants' argument that their "perception expert" needed to give an opinion about Kathy Torrence's view of the incident of May 18, 2010. This Court restricted that expert witness, Chris Lawrence's, testimony to the perception of the police officer, finding that Kathy Torrence could testify as to her own experiences. As a result, these videos of the scene are irrelevant and a waste of time. Submission of these videos is also another attempt to allow Mr. Lawrence to testify about Kathy Torrence's perception. If this Court is inclined to allow the videos, the audio should be excluded, as the banter between the parties will distract the jury from the seriousness of the matter, contains no relevance, and is misleading. Rule 403, Fed. R. Evid.

## CONCLUSION

Based upon the foregoing, defendants respectfully request that this Court exclude the witness testimony and exhibits discussed above. Chatwin also requests this Court to direct defendants' counsel to instruct their witnesses that they shall not mention the testimony and evidence which has been excluded and to direct defendants' counsel that they shall not mention any excluded testimony or evidence in their opening statement, witness examinations and closing argument.

DATED this 23rd day of December 2016.

                                                               CLYDE SNOW & SESSIONS

                                                               /s/ Lisa A. Marcy
                                                               Lisa A. Marcy
                                                               *Attorneys for Plaintiff*

                                                               /s/ John K. Johnson
                                                               John K. Johnson
                                                               *Attorneys for Plaintiff*

                                                               AARON & GIANNA

                                                               /s/ Dominic J. Gianna
                                                               Dominic J. Gianna
                                                               *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2016, I caused a true and accurate copy of the foregoing Motion in Limine to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter