R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
          agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                      Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                      Defendants. | **MOTION IN LIMINE NO. 1: TO EXCLUDE ALL TESTIMONY AND EVIDENCE REGARDING THE CHANGE OF ADMINISTRATION AT THE DRAPER POLICE DEPARTMENT**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Federal Rules of Evidence 401, 402, and 403, and consistent with the Court's November 20, 2016 Trial Order, Defendants Draper City, Officer Patterson, Officer Harris, and Officer Baugh (collectively, "Defendants") hereby submit this Motion in Limine to Exclude All

Testimony and Evidence Regarding the Change of Administration at the Draper Police Department from trial.

## RELIEF REQUESTED AND GROUNDS FOR MOTION

Defendants request that the Court exclude all testimony and evidence regarding the change of administration at the Draper Police Department (the "Draper PD"). Such testimony and evidence is irrelevant to Plaintiff's allegations under the Fourth Amendment and have no bearing on his *Monell* claim. Indeed, the change in the administration has no "tendency" to make a "fact of consequence" more or less probable as required under Rule 401. Such evidence is therefore precluded under Rule 402, which states that "[i]rrelevant evidence is not admissible." Moreover, even if evidence relating to the Draper PD's change in administration were relevant—which it is not—the evidence should be excluded under Rule 403. The probative value of this evidence is minimal at best, and the danger of unfair prejudice, confusion, and misleading the jury substantially outweighs any such value. Thus, Defendants' Motion should be granted.

## ARGUMENT

I. **TESTIMONY AND EVIDENCE RELATING TO THE DRAPER PD'S CHANGE OF ADMINISTRATION IS NOT RELEVANT.**

"A precondition of admissibility for all evidence is that it must be relevant." *Intermountain Res., LLC v. Jorgensen*, 2011 WL 32563, at *1 (D. Utah Jan. 5, 2011.) Under Rule 401, "relevant evidence" means "evidence having any tendency to make the existence of a fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. If proposed testimony or evidence does "not bear sufficient relation" to a fact of consequence it should be "excluded as irrelevant under Rule

2

401." *Abraham v. BP Am. Prod. Co.*, 685 F.3d 1196, 1203 (10th Cir. 2012).

From May 2010 to August 2013, Draper City's police chief was Mac Connole. (*See* Draper City 30(b)(6) Deposition ["Draper City Depo."] at 116:19–22, excerpts attached hereto as **Exhibit A**.) In August of 2013, the Draper PD's administration changed when Brian Roberts became the new police chief. (*See id*. at 82:4–9.) As with any change in administration, Chief Roberts altered the operations of the Draper PD to some extent. For example, Chief Roberts adjusted training practices (*id.* at 106:8–17), modified how investigations are conducted, (*id.* at 148:22–23), instituted certain review boards, (*id* at 152:11–15), and altered the range of punishments for improper conduct, (*id.* at 148:12–17). These are the sorts of things over which a police chief exercises a good deal of discretion and it is not uncommon for changes in these areas to be made from one police chief to another. (*See id*. at 148:16–16–17.) Chief Roberts' appointment as Draper PD's police chief had nothing to do with Plaintiff or Plaintiff's allegations, nor did Chief Roberts' subsequent changes to the operations of the Draper PD. These changes only conformed the department's administrative procedures to Chief Roberts' methods of leadership and police activity. Any testimony or evidence relating to the change in administration would therefore be irrelevant to Plaintiff's case as it does not make any fact of consequence more or less probable. Fed. R. Evid. 401. The fact that the administration changed in 2013 will not assist the jury in determining whether Plaintiff's claims have merit and any such evidence should be excluded due to its irrelevance.[1] Fed. R. Evid. 402.

---

[1] Also, the fact that the administration changed approximately three years after the incident in question further demonstrates its lack of relevance to Plaintiff's claims. And any argument that Chief Roberts' changes to the Draper PD's operations demonstrates that its practices were previously deficient in some relevant way would be barred by Federal Rule of Evidence 407.

3

## II. TESTIMONY AND EVIDENCE RELATING TO THE DRAPER PD'S CHANGE IN ADMINISTRATION IS UNDULY PREJUDICIAL, CONFUSING, AND MISLEADING.

If, however, evidence of the change in administration is found to be relevant, the evidence should be excluded because of the potential for unfair prejudice and confusion. Fed. R. Evid. 403. Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Evidence is properly excluded under Rule 403 if "after balancing its probative value against certain competing considerations set forth in the rule [the court] [concludes] that the costs of the evidence outweigh its benefits." *United States v. Mangiameli*, 668 F.2d 1172. Furthermore, "[a] trial court has broad discretion in applying Rule 403." *Id.*

Any probative value on a material issue that Draper PD's change in administration may have—which is none—is substantially outweighed by the danger of unfair prejudice and confusion of the issues. If Plaintiff is allowed to present evidence that Draper City appointed a new police chief, the jury may infer that the changes made by Chief Roberts, which are well within his discretion, should have been in place prior to his appointment. It is highly probable that the jury will interpret the appointment of Chief Roberts as proof that the Draper PD was previously functioning improperly under Chief Connole. But this is inaccurate. Chief Roberts' changes reflect his preferences in police administration rather than any prior existing deficiency on Draper City's part.

Moreover, if Plaintiff is allowed to present evidence to the jury regarding Draper PD's change in administration there is a strong likelihood that it will result in misleading the jury to

4

focus on an issue that is irrelevant, and tangential at best, to the relief Plaintiff is seeking.  Even Plaintiff's *Monell* claim cannot be said to be supported by Chief Roberts' appointment, as it is wholly unrelated to any alleged deficiency in the Draper PD itself.  Testimony and evidence regarding the change in administration offered at trial would give the perception that Chief Roberts' appointment is material in this case, when it is not; thereby misleading the jury in violation of Rule 403.

## CONCLUSION

Based on the foregoing, Defendants ask the Court to exclude any testimony or evidence relating to the change in the Draper Police Department's administration.

DATED this 23rd day of December, 2016.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

                                      /s/ Sarah Peck
                                      Secretary