R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
        agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

---

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                          Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                          Defendants. | **MOTION IN LIMINE NO. 2: TO EXCLUDE TESTIMONY AND PREVENT ANY ADVERSE INFERENCE REGARDING LIMITED TRAINING RECORDS**<br><br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Federal Rule of Evidence 403, and consistent with the Court's November 20, 2016 Trial Order, Defendants Draper City, Officer Patterson, Officer Harris, and Officer Baugh (collectively, "Defendants") hereby submit this Motion in Limine to Exclude Testimony and Prevent Any Adverse Inference Regarding Limited Training Records.

## RELIEF REQUESTED AND GROUNDS FOR MOTION

Defendants request that the Court preclude Plaintiff from offering testimony or otherwise arguing or suggesting that the jury should draw an inference adverse to Defendants due to the limited training records that were produced in this case.  Any such testimony or argument is prohibited by Rule 403 because its unfair prejudicial effect far outweighs its probative value.  Moreover, testimony or argument suggesting that the jury draw an adverse inference due to the lack of records confuses the issues.  The fact that the Draper City Police Department kept limited training records during the relevant time period does not mean that the officers were inadequately trained.  Additionally, a negative inference regarding limited training records is not appropriate in this case because Defendants have complied fully with their discovery obligations under Rules 26 and 34 relating to the records.  Defendants simply cannot produce what does not exist.  Thus, any sort of sanction in the form of an adverse inference, or testimony implying such an inference, would be improper and prejudicial.

## ARGUMENT

### I.      TESTIMONY SUPPORTING AN ADVERSE INFERENCE REGARDING LIMITED TRAINING RECORDS IS PROHIBITED UNDER RULE 403.

Testimony supporting an adverse inference regarding the limited training records should be prohibited under Rule 403.  Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."  Evidence is properly excluded under Rule 403 if "after balancing its probative value against certain competing considerations set forth in the rule [the court] [concludes] that the costs of the evidence outweigh its benefits."  *United States v.*

*Mangiameli*, 668 F.2d 1172.  Furthermore, "[a] trial court has broad discretion in applying Rule 403." *Id.*

During his deposition, Plaintiff's expert, Kirk Torgensen testified that he was critical of the fact that he could not find any indication that Officer Patterson had received training with respect to alcohol and drugs.  (Torgensen Depo. at 53:12–22, excerpts attached hereto as **Exhibit A**.)  Due to the absence of training records, Mr. Torgensen indicated that he was concerned that Officer Patterson had receive no training on the use of force issue.  (*Id.*)  The lack of records relating to Officer Patterson's training does not indicate that he was not properly trained in use of force generally or use of force relating to alcohol and drug matters.  To the contrary, Officer Patterson at the time of the incident had recently graduated from the academy where he received POST-required training, which was then supplemented with the "mandatory" training he received from the Draper City Police Department once he was hired as an officer.  (*See, e.g.*, Joshua Patterson Depo. at 11:13–16; 12:9–10; 14:14–16:23; 24:14–21; 36:13–14; 37:10–15; 40:12–18; 42:13–24; 47:12–18, experts attached hereto as **Exhibit B**.)

If Mr. Torgensen testifies that the lack of training records indicates that Officer Patterson was not properly trained, Defendants will be unduly prejudiced, as this testimony invites the jury to conclude on an improper and inaccurate basis that Officer Patterson's training was inadequate.  The limited training records at the time of Officer Patterson's employment with the Draper City Police Department is nothing more than a clerical issue stemming from a change in the Department's training coordinators.  (*See* Draper City 30(b)(6) Depo. at 15:20–24, excerpt attached hereto as **Exhibit C**.)  There is nothing nefarious about the fact that the records were not

3

maintained and do not exist.  As stated, the lack of records does not mean Officer Patterson was

not trained or that he was not sufficiently trained.  If Mr. Torgensen testifies as he did in his

deposition that his conclusions are based on the lack of records, there is a significant danger that

the jury will be confused as to whether Defendants, and Draper City in particular, should be

found liable because there are no records.  Likewise, such testimony will mislead the jury to

think that Officer Patterson was not trained because of the lack of records, which, as

demonstrated above, is incorrect.  Because the limited training records are not probative of the

amount of training Officer Patterson received, the Court should exclude any testimony or

evidence making this suggestion.

## II.      A NEGATIVE INFERENCE REGARDING THE LIMITED TRAINING RECORDS IS NOT WARRANTED.

Defendants further request that the Court not permit Plaintiff from arguing, suggesting, or

otherwise requesting that a negative inference be drawn against Defendants due to the limited

records.  There is no basis for a negative inference in this case.  To be clear, Defendants have

fully complied with their discovery obligations under Federal Rules of Civil Procedure 26 and

34.  Additional training records are simply not in Defendants' "possession, custody, or control"

as they do not exist.  Fed. R. Civ. P. 34(a)(1).  Allowing Plaintiff to argue or suggest to the jury

that it should make a negative inference against Defendants on this matter would amount to an

unjustified sanction.  It would therefore be improper for Plaintiff's counsel or witnesses to cite

the lack of records as probative on the Officer Patterson's training.  Furthermore, the Court

should not provide a negative inference instruction if Plaintiff requests one.  There is no evidence

on which to base a finding that Defendants acted improperly in regards to producing training

4

records.  And providing such an instruction would clearly prejudice Defendants and jeopardize the legitimacy of the jury's verdict.

## CONCLUSION

Based on the foregoing, Defendants ask the Court to exclude testimony and prevent any adverse inference regarding limited training records.

DATED this 23rd day of December, 2016.

DURHAM JONES & PINEGAR, P.C.


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

/s/ Sarah Peck
Secretary

6