R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
         agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>　　　　　　　　　Defendants. | **MOTION IN LIMINE NO. 3: TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING THE DISMISSAL OF PLAINTIFF'S CRIMINAL CHARGES RELATING TO INTERFERING WITH AN OFFICER**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Federal Rules of Evidence 401, 402, and 403, and consistent with the Court's November 20, 2016 Trial Order, Defendants Draper City, Officer Patterson, Officer Harris, and Officer Baugh (collectively, "Defendants") hereby submit this Motion in Limine to Exclude

Testimony and Evidence Regarding the Dismissal of Plaintiff's Criminal Charges Relating to Interfering with an Officer.

## RELIEF REQUESTED AND GROUNDS FOR MOTION

Defendants request that the Court exclude all testimony and evidence regarding the dismissal of Plaintiff's criminal charges for interfering with an officer. The dismissal of these criminal charges by the State and at the Prosecutor's discretion has no tendency to make a fact of consequence in this case more or less probable. Fed. R. Evid. 401. The State dismissed these charges as part of a plea deal and it is impossible to adduce from the plea deal why the Prosecutor decided to dismiss the charges. The fact that the criminal case against Plaintiff would have to be proved beyond a reasonable doubt further demonstrates that the dismissal of these charges is irrelevant to Plaintiff's claims. Furthermore, even if the dismissal of these criminal charges were relevant—which they are not—there is a significant danger of unfairly prejudicing Defendants if such evidence is admitted. Fed. R. Evid. 403. The fact of the dismissal has little or no probative value in this case as the State could have dismissed the charges for any number of reasons. Yet the jury may improperly infer from the Prosecutor's dismissal that Plaintiff did not attempt to grab Officer Patterson's gun or that Plaintiff did not assault Officer Patterson. Evidence regarding the dismissal will also confuse the issues and mislead the jury.

## ARGUMENT

I. **TESTIMONY AND EVIDENCE REGARDING THE DISMISSAL OF PLAINTIFF'S CRIMINAL CHARGES IS IRRELEVANT.**

"A precondition of admissibility for all evidence is that it must be relevant." *Intermountain Res., LLC v. Jorgensen*, 2011 WL 32563, at *1 (D. Utah Jan. 5, 2011.) Under

2

Rule 401, "relevant evidence" means "evidence having any tendency to make the existence of a fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  If proposed testimony or evidence does "not bear sufficient relation" to a fact of consequence it should be "excluded as irrelevant under Rule 401." *Abraham v. BP Am. Prod. Co.*, 685 F.3d 1196, 1203 (10th Cir. 2012); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

In connection with the events that occurred on May 18, 2010, Plaintiff Joshua Chatwin was charged with one count of disarming a peace officer, a first degree felony, one count of assault by a prisoner, a third degree felony, and one count of interference with an arresting officer, a class B misdemeanor (the "Interference Charges").  (*See* Criminal Information, attached hereto as **Exhibit A**.)  Plaintiff was also charged with driving under the influence of alcohol, a class B misdemeanor, driving on a suspended and revoked license, a class B misdemeanor, being an alcohol restricted driver, a class B misdemeanor, and operating a vehicle without an ignition interlock system, a class B misdemeanor.  (*Id.*)  The preliminary hearing on these counts was held on February 8, 2011.  At the conclusion of the preliminary hearing on these charges, the criminal court ruled that "the evidence is sufficient to show probable cause to believe" that Plaintiff attempted to disarm a peace officer, assaulted a peace officer, and interfered with an arresting officer.  (Preliminary Hearing Transcript at 94:5–19, excerpt attached hereto as **Exhibit B**.)  Plaintiff was bound over for trial on all counts.  (*Id.*)  Subsequently, on April 28, 2011, Plaintiff and the State entered into a plea agreement whereby Plaintiff pled guilty to driving under the influence of alcohol and operating a vehicle without an interlock.  (*See* Entry

of Guilty Plea, attached hereto as **Exhibit C**.) The State then dismissed all remaining criminal charges against Plaintiff, including those charges relating to his interference with Officer Patterson. (*See* Criminal Docket, attached hereto as **Exhibit D**.)

Testimony and evidence regarding the dismissal of the Interference Charges has no tendency to make a material fact in this case more or less probable. The State's decision to enter into a plea agreement with Plaintiff on these counts has no bearing on whether Defendants violated Plaintiff's constitutional rights on May 18, 2010. Indeed, the State's decision may have been based on any number of reasons that are unrelated to the claims at issue in this case. *Maples v. Vollmer*, 2013 WL 1662869, at *6 (D.N.M. Mar. 31, 2013) ("There are many reasons that a criminal case is dismissed, very few of which have anything to do with whether the arresting officer reasonably believed there was probable cause to arrest the defendant."). The counts in Plaintiff's criminal case were not dismissed because Defendants acted improperly. And even if the Prosecutor was concerned about the State's ability to prove the Interference Charges beyond a reasonable doubt, that would have no impact on this civil matter where Plaintiff has the burden to prove his claims by a preponderance of the evidence. *Id.* (finding that the "different standards" governing criminal and civil trials rendered the dismissal of the plaintiff's criminal case irrelevant). The fact that the Interference Charges were dismissed does not bear sufficient relation to the claims at issue in this case and should therefore be excluded as irrelevant. *Abraham*, 685 F.3d at 1203.

**II.  TESTIMONY AND EVIDENCE REGARDING DISMISSAL OF THE INTERFERENCE CHARGES SHOULD BE EXCLUDED UNDER RULE 403.**

If the Court determines that the State's dismissal of the Interference Charges is relevant

4

in this case—which it is not—evidence relating thereto should be excluded due to the potential for unfair prejudice, confusion, and misleading of the jury. Fed. R. Evid. 403. ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury."). Evidence is properly excluded under Rule 403 if "after balancing its probative value against certain competing considerations set forth in the rule [the court] [concludes] that the costs of the evidence outweigh its benefits." *United States v. Mangiameli*, 668 F.2d 1172. Furthermore, "[a] trial court has broad discretion in applying Rule 403." *Id.*

The probative value of evidence regarding the dismissal of the Interference Charges, if any, is minimal in this case. First, the judge in the criminal proceeding determined that there was probable cause that Plaintiff had committed these crimes and bound him over for trial on those counts. This undermines any argument or suggestion based on the dismissal that Plaintiff did not engage in the actions charged. Second, there is no evidence in this case as to why the State agreed to allow Plaintiff to enter a guilty plea on the DUI charge in exchange for dismissing the remaining counts, or why the Prosecutor did not pursue those charges further. *See Maples*, 2013 WL 1662869, at *7 ("The bottom line is that, if the Court allows Maples to tell the jury that the case was dismissed, the dismissal does not tell the jury anything about why the underlying case was dismissed. Thus, the dismissal has no probative value"). If Plaintiff is able to offer evidence and make argument relating to the dismissal of the Interference Charges, then it would necessarily put the Prosecutor's state-of-mind in question and Defendants would be entitled to probe the issue. Third, even if the State determined that there was insufficient evidence to prove

SLC_3065448.1

the Interference Charges beyond a reasonable doubt, it does not follow that Defendants violated Plaintiff's constitutional rights. *Id.* Fourth, as stated above, the standards of proof in a criminal case and civil case are different, as is the purpose of each proceeding. The outcome of the criminal case, therefore, has little probative value as to how the civil case should be determined.

On the other hand, the danger this evidence presents of unfairly prejudicing Defendants, confusing the issues, and misleading the jury substantially outweighs any probative value. *See Maples v. Vollmer*, 2013 WL 1662869, at *6 (D.N.M. Mar. 31, 2013) ("The jury's speculation about the dismissal here could be very damaging to the defendant officers. The jury could assume the worst—that the state court dismissed the case because there was no probable cause."). Defendants are unfairly prejudiced by the high probability that the jury will infer from the State's dismissal of the Interference Charges that Plaintiff did not engage in the charged conduct and that Offer Patterson's actions were not legally justified. The jury may view the dismissal as a determination of factual issues from which jurors cannot deviate, or at least may be hesitant to deviate, from in this case. *Id.* ("The jury could then say to the Defendants that, if a state court found no probable cause, it should follow suit and find that the officers never had probable cause here. In such a situation, the prejudice substantially outweighs the value of the dismissal alone."). However, the State's entering into a plea deal with Plaintiff on the criminal charges has no bearing on whether Defendants violated his rights. Moreover, testimony and evidence relating to the dismissal of the Interference Charges will confuse the jury. Jurors may wonder why they are deciding a case when it appears that the State has already made a decision relating to the events of May 18, 2010. There is also a legitimate danger that the jury will be

misled into deciding against Defendants on an improper basis.  Meaning, the jury may conclude that Defendants should be punished because there was apparently insufficient evidence to pursue the criminal charges.  "On balance, therefore, under [R]ule 403, the danger of prejudice and jury confusion that will likely result from allowing the dismissal of [Plaintiff's] underlying criminal [charges] to go the jury substantially outweighs its probative value." *Maples*, 2013 WL 1662869, at *6; *see also Heath v. Cast*, 813 F.2d 254, 260 (9th Cir. 1987) (same); *De Anda v. City of Long Beach*, 7 F.3d 1418, 1422–23 (9th Cir. 1993); *Humphrey v. Snell*, 2015 WL 11112428, at *2 (W.D. Ark. Feb. 5, 2015) (same); *Flores v. Maricopa Cnty.*, 2010 WL 960416, at *3 (D. Ariz. Mar. 15, 2010) (same).

## CONCLUSION

Based on the foregoing, Defendants ask the Court to exclude all testimony and evidence regarding the dismissal of the criminal charges against Plaintiff for disarming a police officer, assault by a prisoner, and interference with an arresting officer

DATED this 23rd day of December, 2016.

                                                    **DURHAM JONES & PINEGAR, P.C.**

                                                   /s/ R. Blake Hamilton
                                                   R. Blake Hamilton
                                                   Ashley M. Gregson
                                                   ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

                                        /s/ Sarah Peck
                                        Secretary