R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
           agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                         Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                         Defendants. | **MOTION IN LIMINE NO. 4: TO EXCLUDE REBUTTAL TESTIMONY FROM WALTER REICHERT, M.D.**<br><br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants Draper City, Officer J. Patterson, Sgt. Harris, and Heather Baugh ("Defendants") hereby move this Court to exclude testimony from Walter Reichert, M.D. directly rebutting the opinions of Defendants' rebuttal expert, Alan Goldman, M.D.

SLC_3064978.1

**BACKGROUND**

1. Pursuant to the Court's Scheduling Order (D.E. 8), Plaintiff disclosed Walter Reichert, M.D. as an expert witness on January 15, 2016 (D.E. 35).

2. The original Scheduling Order set one deadline for counter-reports from both parties (D.E. 35), but that changed when the Court issued an Amended Scheduling Order to accommodate a scene inspection. Under the Amended Scheduling Order, Defendants disclosed two expert reports on March 18, 2016, and one expert report on April 14, 2016. Defendants' counter-reports were due on March 30, 2016, and Plaintiff's "counter-reports to *all three* of Defendants' expert reports" on May 16, 2016 (D.E. 52) (emphasis added).

3. Defendants disclosed Alan Goldman, M.D. as a rebuttal expert witness on March 30, 2016 (D.E. 54). Dr. Goldman provided a written counter-report to rebut the report of Dr. Reichert.

4. On May 16, 2016, Plaintiff then submitted a Report of Expert Witness Walter Reichert, M.D., in Rebuttal to Alan J. Goldman, M.D. (D.E. 58).

**ARGUMENT**

**I.   DR. REICHERT'S DIRECT REBUTTAL OPINION TESTIMONY SHOULD BE EXCLUDED.**

Under this Court's Scheduling Orders, the parties were to disclose expert reports and counter-reports to those reports. The Court never provided for, nor did the parties ever stipulate to allow, counter-reports to the counter-reports. Indeed, this Court's Amended Scheduling Order specifically limited Plaintiff's counter- reports to rebutting only Defendants' three expert reports.

2

Nevertheless, Plaintiff disclosed a counter-report from Dr. Reichert rebutting Defendants' counter-report from Dr. Goldman. As a result, Defendants expect that Plaintiff will attempt to elicit testimony from Dr. Reichert directly attacking Dr. Goldman's opinions, even though Dr. Goldman will not have yet testified. Alternatively, Defendants suspect that Plaintiff may try to call Dr. Reichert as a rebuttal witness after Defendants' case-in-chief. Both outcomes violate this Court's Orders regarding expert discovery and would violate Rule 403 of the Federal Rules of Evidence.

Defendants acknowledge that whenever opposing experts testify their opinions are at odds, and as a result, indirectly rebut each other. However, there is a difference between two retained experts offering opposing testimony and an expert directly rebutting the rebuttal testimony of a rebuttal expert. A rebuttal expert, like Dr. Goldman, gives only testimony that "explain[s], repel[s], counteract[s], or disprove[s]" the initial expert's opinions. *Blake v. Securitas Security Services, Inc.*, 292 F.R.D. 15, 17 (D.D.C. 2013). Defendants are concerned that Plaintiff will, instead of offering opinions of Dr. Reichert which happen to contradict the opinions of Dr. Goldman, offer testimony from Dr. Reichert that directly attacks Dr. Goldman's opinions. Counsel for Plaintiff cannot ask Dr. Reichert why Dr. Goldman's opinions are incorrect. Instead Dr. Reichert should only testify about why his own opinions are correct. Therefore, this Court should exclude testimony from Dr. Reichert rebutting the opinions of Defendants' rebuttal expert.

## **CONCLUSION**

A rebuttal to the Defendants' rebuttal expert is not allowed under the Rules and was not

3

anticipated by this Court's Orders.  Therefore, this Court should exclude any testimony from Plaintiff's expert Dr. Reichert rebutting the rebuttal testimony from Dr. Goldman.

DATED this 23rd day of December, 2016.

               **DURHAM JONES & PINEGAR, P.C.**

               /s/ R. Blake Hamilton
               R. Blake Hamilton
               Ashley M. Gregson
               ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

/s/ Sarah Peck
Secretary