R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
        agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN, <br><br> Plaintiff, <br><br> v. <br><br> DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10, <br><br><br> Defendants. | **MOTION IN LIMINE NO. 5: TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING PLAINTIFF'S JULY 8, 2010 ARREST** <br><br><br> Civil No. 2:14-cv-00375 <br> Judge Dale A. Kimball |

Pursuant to Federal Rules of Evidence 401, 402, and 403, and consistent with the Court's

November 20, 2016 Trial Order, Defendants Draper City, Officer Patterson, Officer Harris, and

Officer Baugh (collectively, "Defendants") hereby submit this Motion in Limine to Exclude

Testimony and Evidence Regarding Plaintiff's July 8, 2010 Arrest.

SLC_3065114.1

## RELIEF REQUESTED AND GROUNDS FOR MOTION

Defendants request that the Court exclude all testimony and evidence regarding Plaintiff Joshua Chatwin's July 8, 2010 arrest. The fact of the July 8, 2010 arrest, and the details relating to it, are irrelevant to Plaintiff's claims for constitutional violations relating to the May 18, 2010 incident. Plaintiff's second arrest does not have any tendency to make a material fact in this case more or less probable. Fed. R. Evid. 401. Evidence relating to the second arrest is therefore inadmissible. Fed. R. Evid. 402. Furthermore, even if the facts and details relating to Plaintiff's July 8, 2010 arrest were relevant—which they are not—the probative value of any evidence relating thereto is far outweighed by its prejudicial, confusing, and misleading effect. Fed. R. Evid. 403. Defendants, therefore, request that the Court grant the instant Motion.

## ARGUMENT

### I.    TESTIMONY AND EVIDENCE REGARDING PLAINTIFF'S JULY 8, 2010 ARREST IS IRRELEVANT.

"A precondition of admissibility for all evidence is that it must be relevant." *Intermountain Res., LLC v. Jorgensen*, 2011 WL 32563, at *1 (D. Utah Jan. 5, 2011.) Under Rule 401, "relevant evidence" means "evidence having any tendency to make the existence of a fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. If proposed testimony or evidence does "not bear sufficient relation" to a fact of consequence it should be "excluded as irrelevant under Rule 401." *Abraham v. BP Am. Prod. Co.*, 685 F.3d 1196, 1203 (10th Cir. 2012); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

The incident at issue in this case occurred on May 18, 2010 when Plaintiff Joshua Chatwin was arrested for driving while under the influence of alcohol.  Plaintiff's claims for intentional infliction of emotional distress, assault and battery, and violations of the Fourth Amendment all arise from Plaintiff's interactions with the Defendant officers on May 18, 2010. (*See generally* Amended Complaint, Dkt. #9-1.)  Plaintiff has brought no claims arising from his second arrest, which occurred on July 8, 2010.  On that date, officers responded to Plaintiff's residence to execute several outstanding felony warrants for his arrest.  (*See* Report of Officer Fackrell, attached hereto as **Exhibit A**.)  When the officers arrived at Plaintiff's residence, two officers went to the rear of the residence in case Plaintiff attempted to flee on foot.  (*See* Report of Officer Beglarian, attached hereto as **Exhibit B**.)  While waiting in the backyard, one officer smelt a freshly burning cigarette and he identified the smell as coming from an open shed in the backyard.  (*Id.*)  When the officers approached the shed, they discovered Plaintiff standing there smoking a cigarette, and attempting to hide.  (*Id.*)  One officer order Plaintiff to show his hands and to lay on the ground, which Plaintiff did without incident.  (*Id.*)  The other officer then took Plaintiff into custody and, while searching him incident to the arrest, discovered a glass pipe in Plaintiff's right pocket that had been used to smoke marijuana.  (Report of Officer Johnson, attached hereto as **Exhibit C**.)  Plaintiff's arrest on July 8, 2010 was routine and did not result in any harm to him or the officers.  (*See* Exhibits A–C.)

The fact of Plaintiff's arrest subsequent to the May 18, 2010 incident, and the details relating thereto, has no tendency to establish the elements that Plaintiff must prove at trial in order to prevail on his claims.  Indeed, the fact that Plaintiff was arrested approximately two

3

months later on outstanding felony warrants will not help the jury determine whether Defendants violated Plaintiff's constitutional rights on May 18, 2010, or whether on that date he was subjected to assault and battery or an intentional infliction of emotional distress.  As no claims have been raised based upon Plaintiff's second arrest, the Court should find that evidence relating to that arrest is irrelevant to the present case.  *See Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance Inc.*, No. 2:13-CV-00204-DN, 2015 WL 5918401, at \*3 (D. Utah Oct. 9, 2015) (evidence of bad faith in early termination of contract was inadmissible because no claim was raised on that ground).  Similarly, because the facts relating to the July 8, 2010 arrest bear an insufficient relation to any fact of consequence in this case, testimony and evidence on this matter should be further excluded as irrelevant.  *See Abraham*, 685 F.3d 1196.

## II.     TESTIMONY AND EVIDENCE REGARDING PLAINTIFF'S SUBSEQUENT ARREST SHOULD BE EXCLUDED UNDER RULE 403.

If the Court determines that Plaintiff's July 8, 2010 arrest is relevant to this case—which it is not—evidence relating thereto should be excluded due to the potential for undue prejudice, confusion, and misleading of the jury.  Fed. R. Evid. 403.  ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury.").  Evidence is properly excluded under Rule 403 if "after balancing its probative value against certain competing considerations set forth in the rule [the court] [concludes] that the costs of the evidence outweigh its benefits."  *United States v. Mangiameli*, 668 F.2d 1172.  Furthermore, "[a] trial court has broad discretion in applying Rule 403."  *Id.*

The facts and details surrounding Plaintiff's second arrest have no probative value on his

4

claims.  But even if they did, the probative value would be *de minimis* at best.  As explained above, the July 8, 2010 arrest occurred nearly two months after the May 18, 2010 incident and Plaintiff has not raised any claims relating to the subsequent arrest.  This probative value is therefore outweighed by the substantial danger that the evidence poses of unfairly prejudicing Defendants, confusing the issues, and misleading the jury.  First, the fact that Plaintiff was arrested for a second time has a high probability of being viewed negatively by the jury.  Jurors may therefore base their factual findings and resulting verdict on an emotional reaction rather than an objective weighing of the evidence.  *See* Fed. R. Evid. 403, advisory commitment notes ("Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").  Second, testimony and evidence relating to the July 8, 2010 arrest will confuse the issues that are important to the case.  Plaintiff's second arrest does not help prove his claims and there is a significantly danger that the jury will needlessly focus on the July arrest and be distracted from the testimony and evidence that is material to the case.  Third, by offering evidence of the second arrest Plaintiff would do nothing more than mislead the jury into thinking that this case goes beyond the May 18, 2010 incident, which it does not.  The jury may be left with the impression that the Draper City Police Department improperly harassed or targeted Plaintiff when in reality the officers were only doing their job in executing outstanding arrest warrants.

### CONCLUSION

Based on the foregoing, Defendants ask the Court to exclude all testimony and evidence regarding Plaintiff's July 8, 2010 arrest.

5

SLC_3065114.1

DATED this 23rd day of December, 2016.

DURHAM JONES & PINEGAR, P.C.

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

/s/ Sarah Peck
Secretary

7

SLC_3065114.1