R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
           agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                    Defendants. | **MOTION IN LIMINE NO. 6: TO EXCLUDE EVIDENCE AND TESTIMONY REGARDING THEORIES OF MUNICIPAL LIABILITY OTHER THAN USE OF FORCE POLICY AND TRAINING**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Defendants Draper City, Officer J. Patterson, Sgt. Harris, and Heather Baugh ("Defendants") hereby move this Court to exclude evidence or testimony from Plaintiff offered under theories of municipal liability that have been abandoned by or not pursued by Plaintiff thus far in the case.

SLC_3065424.1

## BACKGROUND

1.      Plaintiff's initial complaint alleged a broad cause of action against Draper City, and others, for failure to train, supervise, or discipline its officers, and maintained an unconstitutional policy, practice, custom or decision.  D.E. 1, ¶¶ 107, 109.

2.      Plaintiff's Amended Complaint also alleged a broad *Monell* claim, including: that Draper City failed to properly train, supervise, or discipline officers; failed to maintain adequate policies, procedures, customs or practices; maintained unconstitutional policies, procedures, customs and practices; accepted or condoned (i.e. ratified) constitutional violations; and allowed similar acts to occur without requisite discipline.  D.E. 12, ¶¶ 132-33, 236-45, 258.

3.      Defendants moved for judgment on the pleadings on Plaintiff's *Monell* claim, arguing that Plaintiff had not adequately pled the elements of the claim.  D.E. 17, 7-10.

4.      The Court's Memorandum Decision and Order regarding the Motion for Judgment on the Pleadings held that there "is enough alleged regarding practices and customs to allow a failure to train claim to move forward," and that Plaintiff would have to identify "specific policies that may have contributed to the alleged harm" after Draper produced the relevant policies in discovery.  D.E. 30, at 6.

5.      During expert discovery, Plaintiff designated Kirk Torgensen to offer expert testimony regarding Draper City's written policies and training on use of force issues.  D.E. 34-1, Expert Report of Kirk Torgensen.

6.      Plaintiff also designated Trevor Petersen as an expert who offered certain opinions regarding officer training on use of force issues. D.E. 33-1.

7. In response to Defendants' Motion for Partial Summary Judgment on Plaintiff's *Monell* claim, Plaintiff admitted that he had "produced no evidence of a pattern of incidents in which citizens were injured by the DCPD." D.E. 77, at vi.

8. In response to Defendants' Motion for Partial Summary Judgment, Plaintiff asserted his *Monell* claim under the theory of failure to train officers on the use of force, and included arguments regarding the adequacy of Draper's official policy regarding use of force. *Id.* at 9-11.

9. This Court's Order denying the Motion for Partial Summary Judgment characterized Plaintiff's *Monell* claim as asserting "that Draper's excessive force policy and failure to train on that policy caused the injuries at issue in this case." D.E. 91, at 4.

## ARGUMENT

### I. PLAINTIFF'S EVIDENCE REGARDING *MONELL* LIABILITY SHOULD BE LIMITED TO THE FORMAL USE OF FORCE POLICY AND LACK OF USE OF FORCE TRAINING.

Plaintiff began his case against Draper City with a Complaint containing broad allegations of *Monell* liability under every theory of municipal liability available. However, Plaintiff has only pursued this claim in its filings with the Court under two theories: the formal policy on use of force and a lack of training on use of force. When this Court ruled on the Motion for Judgment on the Pleadings, it allowed the *Monell* claim to proceed under theories of official policy and failure to train. When Plaintiff identified expert witnesses, it limited their testimony to official policy and training. When Defendants moved for summary judgment on the *Monell* claim, Plaintiff responded only with citations to record evidence regarding official policy

3

and training.  As a result, Defendants have limited their defense of the *Monell* claim to those theories.

However, Plaintiff's proposed jury instruction on *Monell* is not limited to a formal use of force policy or training on use of force.  *See* Plaintiff's proposed Jury Instruction No. 6, attached hereto as **Exhibit A**.  Instead, it identifies all available forms of *Monell* liability, including a widespread practice, policymaking decisions, ratification, and failure to supervise.  *Id.*  Therefore, Defendants have reason to believe that Plaintiff may attempt to present evidence on all available forms of *Monell* liability at trial.  To do so would be changing theories of liability at an extremely late stage of the case, which would be extremely prejudicial to Defendants.  *See, e.g., Cotta v. County of Kings*, 2015 WL 521358, *6 (E.D. Cal. Feb. 9, 2015) (unpublished).  Not only have Defendants limited their expert testimony to only address these areas, Defendants have prepared their case for trial in anticipation of these two arguments.  They have not had the benefit of conducting additional discovery and trial preparation for other theories which, by all indications, the Court disposed of early on and Plaintiff has not pursued for some time.  Allowing Plaintiff to proceed under these essentially new theories of liability would require delay of trial and additional discovery, which is unreasonable at this point in the case.  *See Arias v. Pacheco*, 380 Fed. Appx. 771, 775 (10th Cir. 2010) (unpublished).  Therefore, this Court should limit Plaintiff's evidence and testimony on the *Monell* claim to only the theories of official use of force policy and failure to train on use of force.

## CONCLUSION

This Court's Orders and Plaintiff's filings before the Court have limited his theory of *Monell* liability to official use of force policy and failure to train on use of force. Defendants have relied upon these filings and this Court should therefore prevent Plaintiff from presenting evidence to support other, new theories of *Monell* liability at trial.

DATED this 23rd day of December, 2016.

               **DURHAM JONES & PINEGAR, P.C.**

               /s/ R. Blake Hamilton
               R. Blake Hamilton
               Ashley M. Gregson
               ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

/s/ Sarah Peck
Secretary