# EXHIBIT A

SPECIAL JURY INSTRUCTION NO.6

You must consider whether Draper City/Police Chief Connole ("Draper City") is also liable to Joshua Chatwin. Draper City is liable if Joshua Chatwin proves more likely than not that Draper City's conduct was a result of its official policy.

To prevail on his claim against the Draper City, Plaintiff Chatwin must prove, more likely than not, that:

1. an official policy or custom existed;

2. the policymaker was deliberately indifferent to an almost inevitable constitutional injury, and

3. the policy or custom was closely related to the violation of the plaintiff's federally protected right, i.e., it was the moving force leading to the constitutional violation.

A policy can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Draper City's officials.

A custom is a persistent, widespread practice of Draper City's officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents Draper City's policy or standard operating procedure. To show a custom, Plaintiff Chatwin must prove that either the Draper City's governing body or some officer with policymaking authority knew or should have known about the custom.

A challenged practice may be deemed an official policy or custom for municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision.

An official policy or custom may take the form of: (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions- and the basis for them- of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused.

The failure to train can be the basis for Draper City's liability. In the absence of an explicit policy or an entrenched custom, the inadequacy of police training may serve as a basis of a municipality's liability . ... where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact.

{01092380-1}

Draper City can be liable where the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

Deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations.

In order for Joshua Chatwin to prove that Draper City was deliberately indifferent to the adequacy of its training program, Joshua Chatwin must show, more likely than not, (1) a constitutional deprivation, (2) that the activity which caused the deprivation is a usual and recurring practice, (3) there is a causal connection between the failure to train and the constitutional deprivation, and (4) deliberate indifference on the part of the municipality in failing to train its officers.

Deliberate indifference is shown when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

The practice of dealing with drunken, rude, and potentially violent individuals is 'usual and recurring.'

Chatwin v. Draper City, 2016 U.S. Dist. LEXIS 170289, at *5 (D. Utah Dec. 8, 2016) (citing
Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013);
Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013);
Bryson v. City of Oklahoma City, 627 F. 3d 784, 788 (10th Cir. 2010);
City of Canton Ohio v. Harris, 498 U.S. 378, 387 (1989);
Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002);
Zuchel v. City and County of Denver, Colo., 997 F.2d 730, 734-735 (10th Cir. 1993);
Diaz v. Salazar, 924 F. Supp. 1088, 1098 (D.N.M. 1996);
Carr v. Castel, 337 F.3d 1221, 1229 (10th Cir. 2003).