R. BLAKE HAMILTON (Bar No. 11395)
ASHLEY M. GREGSON (Bar No. 13716)
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Email: bhamilton@djplaw.com
        agregson@djplaw.com

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>                    Plaintiff,<br><br>v.<br><br>DRAPER CITY; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>                    Defendants. | **MOTION IN LIMINE NO. 7: TO EXCLUDE IMPROPER TESTIMONY AND ARGUMENT REGARDING DRAPER CITY'S 2013 REVISED USE-OF-FORCE POLICY**<br><br>Civil No. 2:14-cv-00375<br>Judge Dale A. Kimball |

Pursuant to Federal Rules of Evidence 403 and 407, and consistent with the Court's November 20, 2016 Trial Order, Defendants Draper City, Officer Patterson, Officer Harris, and Officer Baugh (collectively, "Defendants") hereby submit this Motion in Limine to Exclude Improper Testimony and Argument Relating to Draper City's 2013 Revised Use-of-Force Policy.

SLC_3066722.1

**RELIEF REQUESTED AND GROUNDS FOR MOTION**

Defendants request that the Court exclude from trial all improper testimony and argument relating to Draper City's 2013 revised use-of-force policy. Testimony regarding the revised policy implying that Draper City's prior use-of-force policy was inadequate would be unfairly prejudicial to Defendants. Fed. R. Evid. 403. Moreover, Plaintiff must be precluded from offering any testimony or otherwise arguing that the fact Draper City revised the policy indicates that the previous policy was deficient. Fed. R. Evid. 407.

**ARGUMENT**

**I.   TESTIMONY IMPLYING THE REVISED POLICY INDICATES DRAPER CITY'S PREVIOUS POLICY WAS INADEQUATE SHOULD BE EXCLUDED.**

Federal Rule of Evidence 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Evidence is properly excluded under Rule 403 if "after balancing its probative value against certain competing considerations set forth in the rule [the court] [concludes] that the costs of the evidence outweigh its benefits." *United States v. Mangiameli*, 668 F.2d 1172. Furthermore, "[a] trial court has broad discretion in applying Rule 403." *Id.*

In 2013, Draper City revised its use-of-force policy that is practiced by the Draper City Police Department. The revision of the policy had nothing to do with Plaintiff's case, nor was the revision done because Draper City believed the prior policy was constitutionally inadequate. However, Plaintiff's expert, Kirk Torgensen, testified during his June 17, 2016 deposition that he included Draper City's 2013 revised use-of-force policy in his expert report and rebuttal report as

2

"an example of a policy that at least does a good job of attempting to do the very things that [he] thinks a policy should do." (Kirk Torgensen Depo. at 46:13–16, excerpt attached hereto as **Exhibit A**.) Mr. Torgensen testified further that the 2013 revised policy "was a step in the right direction" and that the 2013 policy "at least was an example of something that I thought was an improvement." (*Id.* at 46:21–23; 47:9–10.)

Testimony in this manner from Mr. Torgensen, and any of Plaintiff's other witnesses, should be excluded because the unfair prejudicial effect to Defendants substantially outweighs any probative value the change in policy has in this case. In other words, the fact that Draper City revised its policy in 2013 is not probative of Plaintiff's claim that the use-of-force policy in effect at the time of the incident was deficient. If testimony is given that implies that the 2010 policy must have been inadequate because it was revised in 2013, the jury may base its verdict on an improper basis rather than objectively determining whether Draper City's 2010 policy was constitutionally sufficient. *See United States v. Tan*, 254 F.3d 1204, 1213 (10th Cir. 2001) (recognizing that unfair prejudice in the Rule 403 context arises when there is a danger that the jury will base its verdict on an improper basis).

## II. TESTIMONY AND ARGUMENT IMPLYING THAT THE 2013 REVISION INDICATES THAT THE 2010 POLICY WAS DEFICIENT IS PROHIBITED.

Federal Rule of Evidence 407 further prohibits Plaintiff from offering testimony or otherwise arguing that the fact the policy was revised in 2013 indicates that the 2010 policy was deficient. Rule 407 states that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct." "This rule incorporates the conventional doctrine which excludes

evidence of subsequent remedial measures as proof of an admission of fault.  The rule rests on two grounds.  (1) The conduct is not in fact an admission . . . [and] (2) [the] social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."  Fed. R. Evid. 407, advisory committee notes; *c.f. Peck v. Hudson City Sch. Dist.*, 100 F. Supp. 2d 118, 122 (N.D.N.Y. 2000) (excluding evidence of a change in sexual harassment policy implemented subsequent to the plaintiff's complaint for harassment).

In this case, Plaintiff should be excluded from improperly arguing that Draper City revised its use-of-force policy in 2013 because it was previously inadequate.  Although the 2013 revisions included additional information to the use-of-force policy, neither the fact of the revision nor the contents of the revised policy may be used against Defendants in this case to prove liability.  To allow otherwise would offend Rule 407.

## CONCLUSION

Based on the foregoing, Defendants ask the Court to exclude any improper testimony or argument regarding Draper City's 2013 revised use-of-force policy.

DATED this 23rd day of December, 2016.

DURHAM JONES & PINEGAR, P.C.


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 23rd day of December, 2016, via electronic filing upon the following:

Lisa A. Marcy
CLYDE SNOW & SESSIONS
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

John K. Johnson
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, UT 84101

Dominic J. Gianna
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170

/s/ Sarah Peck
Secretary