PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 1

Joshua Chatwin claims he was damaged as the result of deprivation, under color of state law, of rights to which he was entitled under the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, Mr. Chatwin alleges that when he was handcuffed and standing on cement, then-Officer Patterson used excessive force against him while committing assault and battery upon Mr. Chatwin.  He also claims that then-Officer Patterson, Officers Harris and Baugh failed to seek necessary and immediate medical treatment for him.  He also claims that Draper City failed to train its officers, including then-Officer Patterson, on the use of force, contributing to Mr. Chatwin's injuries and damages.  Mr. Chatwin claims that he suffered an intentional infliction of emotional distress at the hands of then-Officer Patterson, and Officers Harris and Baugh.

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 2

      Defendants deny these allegations.  They contend that no excessive force was used against Mr. Chatwin, that their actions were reasonable, and that Mr. Chatwin's constitutional rights were not violated.

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 3

      You must judge the evidence against each of these Defendants separately. Even though you may find that Mr. Chatwin has proven his allegations against one of the Defendants, that does not mean that any other Defendant is liable. You will notice that when I give you the instructions on the law, I will try and make clear that each particular Defendant is to be given separate consideration by you.

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 4

      In this case the parties have agreed that Defendants Joshua Patterson, David Harris and Heather Baugh acted "under color" of state law, which means that the Defendants were acting in the performance of their official duties, that is, as officers of the State of Utah. You must therefore accept that fact as proved.

Monell v. Department of Social Services, 436 U.S. 658 (1978).

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 5

Federal law provides that Joshua Chatwin may recover damages if Defendant Patterson, acting under color of law, deprived him of a right guaranteed by the Constitution. The right at stake here is the right to be free from the use of excessive force in accordance with the Fourth Amendment

Every person has the constitutional right not to be subjected to unreasonable or excessive force by a law enforcement officer. On the other hand, in making an arrest an officer has the right to use such force as a reasonable officer would believe is necessary under the circumstances to make what a reasonable officer would believe to be a lawful arrest. Whether or not the force used was unnecessary, unreasonable or excessively violent is an issue for you to decide on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied under the same circumstances disclosed in this case. The test of reasonableness requires careful attention to the facts and circumstances including, but not limited to, the severity of the crime for which the arrest was made; whether Joshua Chatwin posed an immediate threat to the safety of the officer or others; whether Joshua Chatwin was actively resisting the arrest; and the severity of any injury to him.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. With respect to a claim of excessive force, the standard of reasonableness at that moment applies. Not every push or shove, even if it may later seem unnecessary, violates the Constitution. The determination of reasonableness must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation.

The "reasonableness" inquiry is an objective one.

The use of additional force on a handcuffed suspect constitutes excessive force if that suspect does not pose a safety threat, is not a flight risk, or is not somehow resisting arrest. Joshua Chatwin must prove, more likely than not, that Officer Patterson's act of moving Joshua Chatwin to the cement while handcuffed constituted excessive force. In order to prove his claim of unconstitutionally excessive force, Joshua Chatwin must prove, more likely than not, that he did not pose a safety threat, was not a flight risk, or was not somehow resisting arrest.

If you find that Joshua Chatwin has proved, more likely than not, that the force used was objectively unreasonable, then Defendant Joshua Patterson violated Joshua Chatwin's Fourth Amendment protection from excessive force and your verdict will be for Joshua Chatwin on this claim.

Lundstrom v. Romero, 616 F.3d 1108, 1126 (10th Cir. 2010) (*citing* Fisher v. City of Las Cruces, 584 F.3d 888, 894 (10th Cir. 2009) [(citing Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)];

Fisher v. City of Las Cruces, 584 F.3d 888, 893-894 (10th Cir. 2009) (quoting Cortez v. McCauley, 478 F.3d 1108, 1127 (10th Cir. 2007);

Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989);

Cline v. City of Mansfield, 745 F. Supp. 2d 773, 820 (N.D. Ohio 2010);

Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1433 (10th Cir. 1984);

Tweed v. Bertram, 2003 U.S. Dist. LEXIS 28262, *33 (D. Utah 2003) (quoting Frazell v. Flanigan, 102 F.3d 877, 885 (7th Cir. 1996), abrogated on other grounds by Saucier, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 6

Mr. Chatwin claims that Mr. Patterson, Sgt. Harris, and Heather Baugh violated his Fourth Amendment rights by failing to provide him with medical attention. To prevail on this claim, Mr. Chatwin must prove each of the following elements by a preponderance of the evidence:

*First*: that there is objective evidence of a serious medical need that was so obvious that even a lay person could easily recognize the need for a doctor's attention; and

*Second*: Mr. Patterson, Sgt. Harris, and Heather Baugh were deliberately indifferent to his serious medical needs or, in other words, they failed to provide medical attention despite their knowledge of a substantial risk of serious harm.

Estate of Booker v. Gomez, 745 F.3d 405, 430 (10th Cir. 2014) ;

{01096395-1}

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO.7

You must consider whether Draper City/ is also liable to Joshua Chatwin.

To prevail on his claim against the Draper City, Plaintiff Chatwin must prove, more likely than not, that:

1. an official policy or custom existed;

2. the policymaker was deliberately indifferent to an almost inevitable constitutional injury, and

3. the policy or custom was closely related to the violation of the plaintiff's federally protected right, i.e., it was the moving force leading to the constitutional violation.

A policy can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Draper City's officials.

A custom is a persistent, widespread practice of Draper City's officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents Draper City's policy or standard operating procedure. To show a custom, Plaintiff Chatwin must prove that either the Draper City's governing body or some officer with policymaking authority knew or should have known about the custom.

A challenged practice may be deemed an official policy or custom for municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision.

An official policy or custom may take the form of: (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions- and the basis for them-of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused.

Monell v. Department of Social Services, 436 U.S. 658 (1978);
Chatwin v. Draper City, 2016 U.S. Dist. LEXIS 170289, at *5 (D. Utah Dec. 8, 2016) (citing Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013);
Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013);
Bryson v. City of Oklahoma City, 627 F. 3d 784, 788 (10th Cir. 2010);
City of Canton Ohio v. Harris, 498 U.S. 378, 387 (1989);

{01096395-1}

Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002);
Zuchel v. City and County of Denver, Colo., 997 F.2d 730, 734-735 (10th Cir. 1993);
Diaz v. Salazar, 924 F. Supp. 1088, 1098 (D.N.M. 1996);
Carr v. Castel, 337 F.3d 1221, 1229 (10th Cir. 2003);
Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404 (1997); City of Canton v. Harris, 489 U.S. 378, 388-391 (1989)

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 8

The failure to train can be the basis for Draper City's liability. In the absence of an explicit policy or an entrenched custom, the inadequacy of police training may serve as a basis of a municipality's liability . . . where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact.

Draper City can be liable where the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

Deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations.

To succeed on his claim against Draper City for failure to train, Chatwin must prove more likely than not:

1. Draper City's training program was not adequate to train its officers to properly handle recurring situations;
2. Draper City knew that the training program was not adequate to train its officers to properly handle recurring situations; and,
3. Draper City's failure to provide adequate training caused Joshua Chatwin's injuries and damages.

Monell v. Department of Social Services, 436 U.S. 658 (1978);
Chatwin v. Draper City, 2016 U.S. Dist. LEXIS 170289, at *5 (D. Utah Dec. 8, 2016) (citing
Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013);
Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 769 (10th Cir. 2013);
Bryson v. City of Oklahoma City, 627 F. 3d 784, 788 (10th Cir. 2010);
City of Canton Ohio v. Harris, 498 U.S. 378, 387 (1989);
Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002);
Zuchel v. City and County of Denver, Colo., 997 F.2d 730, 734-735 (10th Cir. 1993);
Diaz v. Salazar, 924 F. Supp. 1088, 1098 (D.N.M. 1996);
Carr v. Castel, 337 F.3d 1221, 1229 (10th Cir. 2003);
Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 404 (1997); City of Canton v. Harris, 489 U.S. 378, 388-391 (1989)

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 9

      The practice of dealing with drunken, rude, and potentially violent individuals is 'usual and recurring.'

Diaz v. Salazar, 924 F. Supp. 1088, 1098 (D.N.M. 1996).

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 10

Mr. Chatwin claims that Mr. Patterson committed the torts of Assault & Battery against him. To prevail on his claim for Assault, Mr. Chatwin must prove the following elements by a preponderance of the evidence:

*First*: Mr. Patterson acted, intending to cause a harmful or offensive contact with Mr. Chatwin or an imminent apprehension of such a contact;

*Second*: Mr. Chatwin had imminent apprehension of harmful or offensive contact; and

*Third*: Mr. Chatwin suffered harm as a result.

To prevail on his claim for Battery, Mr. Chatwin must prove the following elements by a preponderance of the evidence:

*First*: Mr. Patterson acted, intending to cause harmful or offensive contact with Mr. Chatwin, or an imminent apprehension of such a contact; and

*Second*: a harmful contact with Mr. Chatwin directly or indirectly resulted.

Joseph v. Cinnamon Hills Youth Crisis Ctr., 2014 U.S. Dist. LEXIS 19092, at *23 (D. Utah Feb. 13, 2014);
D.D.Z. v. Molerway Freight Lines, 880 P.2d 1, 3 (Utah Ct. App. 1994);
Model Utah Jury Instructions 10.18 (1993); accord Restatement (Second) of Torts § 21 (1965)
Restatement (Second) of Torts § 13 (1965).

{01096395-1}

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 11

Mr. Chatwin claims that Sgt. Harris, Heather Baugh, and Mr. Patterson are liable to him for intentional infliction of emotional distress. To find any of these defendants liable, you must find by a preponderance of the evidence:

*First*: the Defendant engaged in some conduct toward Mr. Chatwin with the purpose of inflicting emotional distress or that any reasonable person would have known that emotional distress would result from that conduct, and

*Second*: the Defendant's actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.

Cabaness v. Thomas, 2010 UT 23, ¶¶ 36, 38, 232 P.3d 486.

PLAINTIFF'S SPECIAL JURY INSTRUCTION NO. 12

If you find that Defendant Patterson used excessive force against Joshua Chatwin, and thereby caused damages to him, you will then assess an amount you find to be justified as full, just and reasonable compensation for all Joshua Chatwin's damages caused by that conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Patterson. You may award only such damages as you find more likely than not were caused by unconstitutionally excessive force.

If you should award damages, they will not be subject to federal or state income taxes, and you should therefore not consider such taxes in determining the amount of damages.

If you find that Joshua Chatwin is entitled to damages for losses that will occur in the future, you will have to reduce this amount, whatever it may be, to its present worth. The reason for this is that a sum of money that is received today is worth more than the same money paid out in installments over a period of time since a lump sum today, such as any amount you might award in your verdict, can be invested and earn interest in the years ahead.

The elements of damages that you may consider are as follows:

1. Reasonable past and future medical expenses incurred by Joshua Chatwin in securing treatment for injuries caused by defendants' conduct.

2. A sum to compensate Joshua Chatwin for any loss of earning power that you find from the evidence he will probably suffer in the future, if you find more likely than not that defendants caused these losses.

In determining the amount of future loss, you should compare what Joshua Chatwin's health, physical ability and earning power were before the incident with what they are now; the nature and severity of his condition; the expected duration of his condition; and the extent to which his condition may improve or deteriorate in the future. The objective is to determine the effect, if any, on future earning capacity, and the present value of any loss of future earning power that you find Joshua Chatwin will probably suffer in the future. In that connection, you should consider Joshua Chatwin's work life expectancy, taking into account his occupation, his habits, his past health record, his state of health at the time of the incident and his employment history. Work life expectancy is that period of time that you expect plaintiff would have continued to work, given his age, health, occupation, and education.

3. An amount for any pain and suffering, emotional distress and humiliation that you find from the evidence Joshua Chatwin endured or will endure as a result of the excessive force. Even though it is obviously difficult to establish a standard of measurement for this element, that difficulty is not grounds for denying recovery. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view but from a fair and impartial point of view of the amount of pain and suffering, emotional distress and humiliation that Joshua Chatwin incurred or will incur as a result of the excessive force and you must place a money value on this, attempting to come to a conclusion that will be fair and just to the parties.

{01096395-1}

Wulf v. City of Wichita, 883 F.2d 842, 871-75 (10th Cir. 1989);
McClure v. Independent Sch. Dist. No. 16, 228 F.3d 1205, 1214 (10th Cir. 2000);
Memphis Community School District v. Stachura, 477 U.S. 299, 306 (1986).