JOINT SPECIAL JURY INSTRUCTION NO 1

To prove one of the elements of a civil rights violation, Mr. Chatwin must establish that more likely than not, after he was handcuffed and arrested that one or more of then-Officer Patterson's and Officers Harris and Baugh's acts were a legal or "proximate cause" of damage to Mr. Chatwin.   A defendant's action is the "proximate cause" of a Fourth Amendment violation when the defendant sets into motion a series of events that the defendant knew or reasonably should have known would inflict a constitutional injury on the plaintiff.

JOINT SPECIAL JURY INSTRUCTION NO. 2

If you return a verdict for Mr. Chatwin, but find that Mr. Chatwin has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of damages in the sum of one dollar, evidencing that liability has been proved.

JOINT SPECIAL JURY INSTRUCTION NO. 3

If Mr. Chatwin proves a claim, you may, in your discretion, make an award of punitive damages. This is true regardless of whether you award Mr. Chatwin any actual damages.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from engaging in such conduct in the future.

You may award Mr. Chatwin punitive damages if you find that the acts or omissions of a defendant were malicious or wanton.   An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person.   Mr. Chatwin has the burden of proving, by a preponderance of the evidence that the defendant acted maliciously or wantonly with regard to Mr. Chatwin's rights.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.   In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.   You may not use punitive damages to punish the defendant for actions committed by someone else, or for harm to anyone other than Mr. Chatwin.

9th Cir. Model Instruction No. 5.5 (modified).