# EXHIBIT A

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1 (Stock)**

Now that you have heard the evidence and the argument, it is my duty to give you the instructions of the Court concerning the law applicable to this case.   It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case.   You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the law as I instruct you and the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.   It is not my function to determine the facts; it is your function as jurors.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law, as given in these instructions.   You are to perform this duty without bias or prejudice as to any party.   Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion.   Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the circumstances.

1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2 (Stock)**

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts that may have been admitted or stipulated, and the applicable presumptions that will be stated in these instructions.

Statements and arguments of counsel are not evidence in this case.   When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

During the course of trial, it often becomes the duty of counsel to make objections.   You should not consider or be influenced by the fact that objections have been made.   Any evidence to which an objection was made and sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside of this courtroom is not evidence and must be entirely disregarded.   You are to consider only the evidence in this case.   However, in your consideration of the evidence, you are not limited to the bald statements of the witnesses.   On the contrary, you are permitted to draw from the facts that you find have been proved, such reasonable inferences as seem justified in light of your experience.   An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3 (modified stock)**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.   One is direct evidence, such as the testimony of an eye witness. The other is indirect or circumstantial evidence, which is proof of a chain of circumstances pointing to the existence or non-existence of certain facts.   For example, if a witness testified that she looked outside and saw that the ground was wet and people were closing their umbrellas, that would be circumstantial evidence that it had rained.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4 (Stock)**

You are the exclusive judges of the credibility of the witnesses and the weight of the evidence.   You may believe or disbelieve all or any part of any witness testimony.   In judging the weight of the testimony and the credibility of the witnesses you have a right to take into consideration their bias, their interest in the result of the suit, their relationship to any of the parties in the case, or any probable motive or lack thereof to testify fairly, if any is shown.   You may consider the witnesses' deportment upon the witness stand, the reasonableness of their statements, their apparent frankness or candor, or the want of it, their opportunity to know, their ability to understand, their capacity to remember, and the extent to which their testimony has been either supported or contradicted by other credible evidence in the case.   You should consider these matters together with all of the other facts and circumstances that you may believe have a bearing on the truthfulness or accuracy of the witnesses' statements.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5 (Stock)**

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not be cause to discredit the testimony of a witness.   Two persons may see or hear the same event differently or reach different conclusions from the same facts.   In weighing the effect of an inconsistency, consider the importance of the matter to which it pertains and whether the inconsistency may have resulted from innocent error, lapse of memory, or intentional falsehood.   If there are apparent discrepancies in the evidence, you may be able to reconcile them, or you may have to decide which of two or more conflicting versions of the facts you will accept.

5

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6 (Stock)

If you believe any witness has willfully testified falsely as to any material matter, you may disregard the entire testimony of such witness, except as it may have been corroborated by other credible evidence.

6

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7 (Stock)**

The rules of evidence ordinarily do not permit the opinion of a witness to be received as evidence.   An exception to this rule exists in the case of expert witnesses.   A person who, by education, study, and experience, has become an expert in any art, science, or profession, and who is called as a witness, may give his or her opinion as to any such matter in which he or she is versed and which is material to the case.

You are not bound, however, by such an opinion. You should judge expert opinion testimony just as you judge any other testimony.   Give it the weight to which you deem it entitled, whether that be great or slight, and you may reject it, if in your judgment the reasons given for it are unsound.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8 (Stock)**

If any reference by the Court or by counsel to matters of evidence does not coincide with

your own recollection, it is your recollection that should control during your deliberations.

8

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9 (Stock)**

In this trial, certain testimony has been read to you by way of deposition.   A deposition is testimony taken under oath before trial and preserved in one form or another.   It is entitled to the same consideration as if the witness had personally appeared.

9

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10 (Stock)**

In this case, Plaintiff has the burden of proving his claims against Defendant by a preponderance of the evidence.   By a preponderance of the evidence, as that term is used in these instructions, is meant that evidence, which to your minds, is of the greater weight.   The evidence preponderates to the side which, to your minds, seems to be the most convincing and satisfactory. The preponderance of the evidence is not alone determined by the number of witnesses, nor the amount of testimony or documentary evidence, but rather the convincing character of the testimony and other evidence, and the inferences reasonably to be drawn therefrom, weighed by the impartial minds of the jury. This rule does not require proof to an absolute certainty, nor does it require proof beyond a reasonable doubt which is the standard applied in criminal cases.   A party has succeeded in carrying the burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring his or her side of the issue is more convincing to you than not.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11 (Stock)**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the Defendant to influence you in any way.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

11

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12 (Stock)**

Plaintiff bears the burden of proving by a preponderance of the evidence that he not only suffered damages but the amount of damages as well.

12

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13 (Stock)**

Damages must be reasonable. You are not permitted to award speculative damages, which means compensation for a detriment which, although possible, is remote, or conjectural.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the Plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a Plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14 (Stock)**

Plaintiff has alleged that, as a result of Defendants' conduct, he has suffered pain, suffering and humiliation. Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence.   If Plaintiff does not establish by a preponderance of the evidence that he has experienced pain, suffering and humiliation, that was proximately caused by Defendants' alleged wrongful conduct, then he cannot recover compensatory damages.

If you determine that Plaintiff has proven by a preponderance of the evidence that he has experienced pain, suffering and humiliation, that was proximately caused by Defendants' alleged wrongful conduct, you may award him damages for those injuries.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15 (modified stock)**

The Plaintiff must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment.   This is called mitigation of damages.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by (1) what Plaintiff earned and (2) what Plaintiff could have earned by reasonable effort.

If you determine that Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether damages resulted from his failure to do so.   You must not compensate Plaintiff for any portion of damages that resulted from his failure to make reasonable efforts to reduce his damages.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16 (Stock)**

The law forbids you to decide any issue in this case by resorting to chance.   If you decide that a party is entitled to recover, you may then determine the amount of damages to be awarded. It would be unlawful for you to agree in advance to take the independent estimate of each juror, then total the estimates, draw an average from the total, and to make the average the amount of your award.   Each of you may express your own independent judgment as to what the amount should be.   It is your duty to thoughtfully consider the amounts suggested, test them in the light of the law and the evidence and, after due consideration, determine, which, if any, of such individual estimates is proper.

16

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17 (Stock)**

The fact that I have instructed you concerning damages is not to be taken as an indication that I either believe or do not believe that Plaintiff is entitled to recover such damages. The instructions in reference to damages are given as a guide in case you find from a preponderance of the evidence that Plaintiff is entitled to recover.   However, if you determine that there should be no recovery, then you will entirely disregard the instructions given you upon the matter of damages.

17

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18 (Stock)**

It is your duty, as jurors, to consult with one another and to deliberate with a view of reaching an agreement, if you can do so without violence to individual judgment.   You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.   You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19 (Stock)**

When you retire to deliberate, you should first select one of your number to serve as

foreperson to preside over your deliberations and be your spokesperson here in Court.

SLC_3072836.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20 (Stock)**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Court Security Officer, signed by your foreperson, or by one or more members of the jury.   No member of the jury should attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing or orally here in open Court.

You will note from the oath about to be taken by the Court Security Officer that he, as well as all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands numerically or otherwise, until you have reached a unanimous verdict.

This case is being submitted to you by a Special Verdict, which asks you to answer certain questions.   When you have answered all the questions required to be answered, please have your foreperson sign the Special Verdict form and advise the Court Security Officer that such has been done.   You will then be returned to the courtroom, where the Special Verdict will be read.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21

<u>Multiple Defendants</u>

There are multiple defendants in this case, and each party is entitled to have its defenses considered on their own merits.   You must evaluate the evidence fairly and separately as to each defendant.   Unless otherwise instructed, all instructions apply to all parties.

Although there are multiple defendants, that does not mean that they are equally liable or that any of them is liable.   Each defendant is entitled to a fair consideration of its defenses against Mr. Chatwin's claims.   If you conclude that one defendant is liable, that does not necessarily mean that one or more of the other defendants are liable.

21

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22**

<u>Intentional Infliction of Emotional Distress</u>

Mr. Chatwin claims that Sgt. Harris, Heather Baugh, and Mr. Patterson are liable to him for intentional infliction of emotional distress.   To find any of these defendants liable, you must find by a preponderance of the evidence:

*First*: the Defendant engaged in some conduct toward Mr. Chatwin with the purpose of inflicting emotional distress or that any reasonable person would have known that emotional distress would result from that conduct;

*Second*: the Defendant's actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality; and

*Third*: that severe emotional distress resulted as a direct result of the Defendant's conduct.

To be considered "outrageous," the conduct must be worse than conduct that is merely unreasonable, unkind, or unfair, and must be more extreme than mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Cabaness v. Thomas*, 2010 UT 23, ¶¶ 36, 38, 232 P.3d 486. *Russell v. Thompson Newspapers, Inc.,* 842 P.2d 896, 905 (Utah 1992).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

<u>Section 1983 and the Fourth Amendment: Excessive Force</u>

The Fourth Amendment protects individuals from unreasonable seizures.   In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, in defending himself or others, or in attempting to stop a fleeing or escaping subject.   Therefore, in order to prove an unreasonable seizure in this case, Mr. Chatwin must prove by a preponderance of the evidence that the officer used excessive force.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.   You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.   The nature of the crime or other circumstances known to the officer at the time force was applied;

2.   Whether Mr. Chatwin posed an immediate threat to the safety of the officer or to others;

3.   Whether Mr. Chatwin was actively resisting arrest or attempting to evade arrest by flight;

4.   The amount of time the officer had to determine the type and amount of force that

23

reasonably appeared necessary, and any changing circumstances during that period;

5. The type and amount of force used;

6. The availability of alternative methods to subdue Mr. Chatwin;

7. The number of lives at risk and the parties' relative culpability;

8. Mr. Chatwin's apparent physical and mental state; and

9. Any other circumstances you find were known to the officer on the scene.

The analysis of reasonableness must allow for the fact that a law enforcement officer is often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.   To find that the officer used excessive force, you must also find that his actions in using force were intentional and not merely accidental or careless.

9th Cir. Jury Instructions, No. 9.25
<u>Graham v. Connor</u>, 490 U.S. 386 (1989)
<u>United States v. Perdue</u>, 8 F.3d 1455, 1461 (10th Cir. 1993)

24

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

### Assault & Battery

Mr. Chatwin claims that Mr. Patterson committed the torts of Assault & Battery against him.   To prevail on his claim for Assault, Mr. Chatwin must prove the following elements by a preponderance of the evidence:

*First*: Mr. Patterson acted, intending to cause a harmful or offensive contact with Mr. Chatwin or an imminent apprehension of such a contact, without legal authority or justification;

*Second*: Mr. Chatwin had imminent apprehension of harmful or offensive contact; and

*Third*: Mr. Chatwin suffered harm as a result.


To prevail on his claim for Battery, Mr. Chatwin must prove the following elements by a preponderance of the evidence:

*First*: Mr. Patterson acted, intending to cause harmful or offensive contact with Mr. Chatwin, or an imminent apprehension of such a contact, without legal justification; and

*Second*: a harmful contact with Mr. Chatwin directly or indirectly resulted.



*Reynolds v. MacFarlane*, 2014 UT App 57, ¶ 7, 322 P.3d 755; *State v. Gullie*, 385 S.E.2d 556, 557-58 (N.C. Ct. App. 1989) (recognizing the "the presence of legal justification is a defense" to an assault and battery charge); *Wagner v. State*, 2005 UT 54, ¶ 17, 122 P.3d 599.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25**

*Monell* Claim

If you find that Mr. Patterson violated Mr. Chatwin's Fourth Amendment right to be free from excessive force, you may then consider Mr. Chatwin's claim against Draper City.

If, however, you find that Mr. Patterson did not violate Mr. Chatwin's Fourth Amendment rights, you must also find against Mr. Chatwin on his claims against Draper City.   In other words, if you conclude that Mr. Chatwin's Fourth Amendment rights were not violated, there is nothing for which to hold Draper City liable, and Mr. Chatwin has not proven his claim against Draper City.

Keep in mind that if you find that Mr. Chatwin's Fourth Amendment rights were violated, that does not mean you must find for Mr. Chatwin on his claim against Draper City, only that you may, at that point, consider Mr. Chatwin's claim against Draper City.

Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993).   Thompson v. City of Lawrence, Kan., 58 F.3d 1511, 1517 (10th Cir. 1995). City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

26

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26

### *Monell* Claim: Policy

Mr. Chatwin claims that Defendant Draper City is also liable for the violation of his constitutional right to be free from excessive force because of a Draper City official policy. Draper City is liable if you find that Mr. Chatwin was deprived of his constitutional right and the deprivation was done pursuant to an official policy of Draper City.

In order to find Draper City liable, Mr. Chatwin has the burden of proving by a preponderance of the evidence that:

*First*: Mr. Patterson acted under color of state law;

*Second*: Mr. Patterson's use of force was pursuant to an official policy of Defendant Draper City;

*Third*: Draper City's official policy caused the deprivation of Mr. Chatwin's rights by Mr. Patterson; that is, Draper City's official policy is so closely related to the deprivation of the Mr. Chatwin's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by Draper City.

9th Cir. Jury Instruction No. 9.5 (modified to remove practice/custom language)

27

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

<u>*Monell* Claim: Failure to Train</u>

Mr. Chatwin claims that Defendant Draper City is also liable for the violation of his constitutional right to be free from excessive force because of a failure to adequately train its police officers regarding use of force.   Draper City is liable if you find that Mr. Chatwin has proved each of the following elements by a preponderance of the evidence:

*First*: the actions of Mr. Patterson deprived Mr. Chawtin of his particular rights under the United States Constitution as explained in other instructions;

*Second*: Mr. Patterson acted under color of state law;

*Third*: the training policies of Defendant Draper City were not adequate to train its police officers to handle the usual and recurring situations with which they must deal regarding use of force;

*Fourth*: Draper City was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

*Fifth*: the failure of Draper City to provide adequate training caused the deprivation of Mr. Chatwin's rights by Mr. Patterson; that is, Draper City's failure to train is so closely related to the deprivation of Mr. Chatwin's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.   Mr. Chatwin may prove deliberate indifference in this case by showing that Draper City knew its failure to adequately train made it highly predictable that its police officers

28

would engage in conduct that would deprive persons such as Mr. Chatwin of his rights, but chose not to adequately train despite that risk.

9th Cir. Model Instruction No. 9.8 (modified)

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28

<u>Section 1983 and the Fourth Amendment: Failure to Provide Medical Attention</u>

Mr. Chawtin claims that Mr. Patterson, Sgt. Harris, and Heather Baugh violated his Fourth Amendment rights by failing to provide him with medical attention.   To prevail on this claim, Mr. Chatwin must prove each of the following elements by a preponderance of the evidence:

*First*: that there is objective evidence of a serious medical need that was so obvious that even a lay person could easily recognize the need for a doctor's attention; and

*Second*: Mr. Patterson, Sgt. Harris, and Heather Baugh were deliberately indifferent to his serious medical needs or, in other words, they failed to provide medical attention despite their knowledge of a substantial risk of serious harm.   An inadvertent failure to provide adequate medical care does not rise to a constitutional violation.

*Estate of Booker v. Gomez*, 745 F.3d 405, 429-30 (10th Cir. 2014).