Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111
Telephone: 801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, Utah 84101
Telephone: 801-915-2616

Dominic J. Gianna, *Pro Hac Vice*
dgianna@aarongianna.com
AARON & GIANNA
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: 504-569-1805

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>Defendants. | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 7: TO EXCLUDE IMPROPER TESTIMONY AND ARGUMENT REGARDING DRAPER CITY'S 2013 REVISED USE-OF-FORCE POLICY<br><br>Civil No. 2:14-cv-375<br><br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Plaintiff, Joshua Chatwin, by and through his counsel, Lisa A. Marcy, John K. Johnson

and Dominic Gianna, respectfully submits this Memorandum in Opposition to Defendants'

{01099059-1}

Motion in Limine No. 7 to Exclude Improper Testimony and Argument Regarding Draper City's 2013 Revised Use-of-Force Policy ("MIL No. 7").

**ARGUMENT**

Plaintiff Chatwin opposes Defendants' Motion in Limine No. 7 ("MIL No. 7") in order to clarify for what purpose evidence of Draper City's change in policies may be introduced at trial, and to ensure the exclusion of Draper City's current policies from evidence does not affect the testimony that Plaintiff's expert, Kirk Torgensen, is allowed to present at trial.

### I. Federal Rule of Evidence 407 does not completely bar the introduction of Draper City's current policies.

Defendants' MIL No. 7 is similar to Chatwin's first motion in limine. Both parties appear to agree, albeit for different reasons, that the introduction of Defendants' current policies, which were enacted years after the incident at issue, should be prohibited. Chatwin suggests the introduction of these more recently enacted policies may confuse or mislead the jury, Plaintiff's Motion in Limine and Memorandum in Support, p. 3, whereas Defendants suggest their inclusion would be overly prejudicial because the jury may consider the new policies as evidence that the old policies were deficient. MIL No. 7, pp. 3-5.

As for Defendants' argument for prohibiting evidence and testimony of the new Draper City policies, Chatwin agrees that Fed. R. Evid. 407 prohibits the introduction of subsequent remedial measures to prove negligence or culpable conduct, *i.e.*, new policies where prior ones did not exist or more thorough policies to replace deficient ones. As such, Chatwin agrees that he cannot introduce evidence of the new policies to prove the ones in effect in 2010 were deficient or inadequate. However, Chatwin refutes the application of Rule 407 to completely bar the introduction of Draper City's current policies in all instances, as explained below.

Rule 407 contains within it exceptions, which, depending upon the testimony and evidence adduced at trial, may permit Chatwin to introduce the current policies. Specifically, the rule provides that "the court may admit this evidence for another purpose, such as **impeachment** or — if disputed — proving ownership, **control**, **or the feasibility of precautionary measures**." *Fed. R. Evid. 407* (emphasis added). *See also, Leprino Foods Co. v. Factory Mut. Ins. Co.,* 653 F.3d 1121, 1131 (10th Cir. 2011) (discussing same). Therefore, if at trial Defendants contend that they lacked control over their policies, then Chatwin should be permitted to introduce the current policies to refute this statement. If Defendants claim that enacting better or more adequate policies was not feasible, then Chatwin should be permitted to introduce the current policies in contradiction. If a witness on Defendants' behalf testifies in a way that misleads the jury, then Chatwin should be permitted to introduce the current policies are necessary for impeachment purposes. *See, e.g., Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1212-13 (10th Cir. 2006) (Discussing the impeachment exception, the Tenth Circuit explained "the impeachment exception has been confined to evidence of subsequent remedial measures that is 'necessary to prevent the jury from being misled.'"). Finally, if Defendants raise the defense at trial that Chatwin was somehow contributorily negligent for his injuries, then Chatwin should be permitted to introduce the current policies for "another purpose". *See e.g., Gray v. Hoffman-La Roche, Inc.,* 82 F. App'x 639, 648 (10th Cir. 2003) ("We have upheld the admission of subsequent remedial measures to demonstrate a plaintiff was not contributorily negligent. *See, e.g., Rimkus v. Northwest Colo. Ski Corp.*, 706 F.2d 1060, 1065-66 (10th Cir. 1983).").

In sum, if Defendants open the door and present Chatwin with a reason to have to introduce the current Draper City policies, then Chatwin should be permitted to do so, but <u>only for the</u>

limited purposes described above. Otherwise, the Court should prohibit the introduction of the current Draper City policies into evidence.

II.     **The exclusion of Draper City's current policies should not operate to prohibit Plaintiff's expert, Kirk Torgensen, from testifying about what should have been in Draper City's policy for it to be adequate.**

Defendants have already attempted to exclude Plaintiff's expert, Kirk Torgensen, from testifying at the trial of this matter concerning policies dealing with the use of force. *See* Defendants' Motion in Limine to Exclude Testimony of Proposed Expert Witness Kirk Torgensen. The Court has already denied that motion concluding the information about which Torgensen will testify, including "that the [Draper City] policy [in effect in 2010] did not give guidelines on how police officers needed to comport themselves" and "that the policy did not give the officers adequate direction or guidance" is "helpful to the jury and admissible". *See* Memorandum Decision and Order dated December 8, 2016 ("Dec. 8 Decision"), p. 10-11; *Chatwin v. Draper City,* 2016 U.S. Dist. LEXIS 170289, at *15-17 (D. Utah Dec. 8, 2016).

Further, the Court has already recognized that:

> In this case, Draper's policy on use of force stated only that the force used must be reasonable. **Chatwin's expert, Kirk Torgensen, explained that Draper City's policy was too bare bones to be instructive or useful for officers**. Torgensen outlined that **the policy should provide more specifics on the use of force in situations involving impairment, intoxication, and resistance, and take into consideration the person's size, whether the person is handcuffed, and the person's attitude and level of control**. By failing to address any of these considerations in its policy, Draper failed to give its officers any specific directions to follow.

Dec. 8 Decision, pp. 4-5; *Chatwin v. Draper City,* 2016 U.S. Dist. LEXIS 170289, at *6 (D. Utah Dec. 8, 2016).

In addition, the Court has explained:

> Whether or not Officer Patterson's actions were justified, they demonstrate **the need for more clarity in a policy than merely stating that the force**

> **must be reasonable**. The court, therefore, concludes that **the lack of specificity or substance in the policy and the lack of evidence with respect to any training could support a jury finding that Draper was deliberately indifferent to the constitutional needs of Chatwin and other members of the public with respect to the use of excessive force by its officers**.

Dec. 8 Decision, pp. 6-7; *Chatwin v. Draper City,* 2016 U.S. Dist. LEXIS 170289, at *9 (D. Utah Dec. 8, 2016) (emphasis added).

Courts within the Tenth Circuit have also documented the value and relevance of expert testimony when analyzing excessive force claims. *See, e.g., Zuchel v. Denver,* 997 F.2d 730, 742 (10th Cir. 1993) ("Here, in contrast, Mr. Fyfe had a doctorate in criminal justice and was an expert in police training, tactics, and the use of deadly force. **Courts generally allow experts in this area to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement**."); *Davies v. City of Lakewood,* 2016 U.S. Dist. LEXIS 18348, at *6-7 (D. Colo. Feb. 16, 2016) ("But, **expert testimony regarding the standard of care applicable to police officers in such areas as police tactics, use of force, administration, supervision and training is relevant to excessive force claims**." *[citations to Zuchel omitted.]*).

Therefore, regardless of whether, or to what extent, the Court determines Draper City's current policies can be introduced at trial, Plaintiff's expert, Kirk Torgensen should still be permitted to testify concerning what <u>should</u> have been contained in an adequate policy. The Court has already recognized the high value of this testimony, and the jury is entitled to the information contained therein when it renders its verdict in this case. In light of the above, the issue concerning Torgensen's testimony should be settled. However, with this opposition, Chatwin seeks to make clear that, despite an apparent agreement with Defendants that Draper City's current policies should not be allowed to be presented to the jury (with limited exception should certain circumstances arise), Chatwin does not agree that his expert, Kirk Torgenson,

should be prohibited from testifying concerning what <u>should</u> be in a policy. If Defendants suggest that the granting of *MIL No. 7* leads to Torgensen's exclusion to this effect, then Chatwin steadfastly opposes that position.

## **CONCLUSION**

For the above reasons, Draper City's current policies should be excluded from evidence unless one of the limited exceptions set forth in Fed. R. Evid. 407 arises. In addition, the granting of either Plaintiff's or Defendants' motions in limine concerning Draper City's current policies should in no way limit the testimony Kirk Torgensen is permitted to give at trial. The Court has already settled this issue.

DATED this 5th day of January 2017.

CLYDE SNOW & SESSIONS

/s/ Lisa A. Marcy
Lisa A. Marcy
*Attorneys for Plaintiff*

/s/ John K. Johnson
John K. Johnson
*Attorneys for Plaintiff*

AARON & GIANNA

/s/ Dominic J. Gianna
Dominic J. Gianna
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January 2017, I caused a true and accurate copy of the foregoing Opposition to Defendants Motion in Limine No. 7 to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ *Lisa A. Marcy*