Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111
Telephone: 801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, Utah 84101
Telephone: 801-915-2616

Dominic J. Gianna, *Pro Hac Vice*
dgianna@aarongianna.com
AARON & GIANNA
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: 504-569-1805

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>    Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>    Defendants. | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1: TO EXCLUDE ALL TESTIMONY AND EVIDENCE REGARDING THE CHANGE OF ADMINISTRATION AT THE DRAPER POLICE DEPARTMENT<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Pursuant to Fed. R. Evid. 401, 402 and 403, Plaintiff, Joshua Chatwin ("Chatwin"), by

and through his counsel, Lisa A. Marcy, John K. Johnson and Dominic Gianna, responds to

{01101397-1}

Defendants' Motion in Limine No. 1 to Exclude all Testimony and Evidence Regarding the Change of Administration at the Draper Police Department ("MIL No. 1") as follows:

## ARGUMENT

I.   **Chatwin opposes Defendants' MIL No. 1 because Fed. R. Evid. 407 does not completely bar subsequent remedial measures**.

Defendants' MIL No. 1 should not be decided before Defendants' Motion in Limine No. 7 ("MIL No. 7"). In MIL No. 7, Defendants assert that the change in policies in 2013 should be disallowed because they are subsequent remedial measures. Chatwin opposed that motion, arguing that if the policies were admitted, they would be for different reasons. Defendants' MIL No. 1 raises similar arguments as those contained in Defendants' MIL No. 7.

II.  **Fed. R. Evid. 407 does not completely bar the introduction of the change of administration at the Draper City Police Department**.

Defendants' MIL No. 1 is similar to Defendants' MIL No. 7 and Chatwin's first motion in limine. Both parties appear to agree, albeit for different reasons, that the introduction of Defendants' current policies, which were enacted years after the incident at issue, should be prohibited. Chatwin suggests the introduction of these more recently enacted policies may confuse or mislead the jury, Plaintiff's Motion in Limine and Memorandum in Support, p. 3, whereas Defendants suggest their inclusion would be barred by Rule 407, because the jury may consider the new policies as evidence of culpability. Defendants now bring MIL No. 1 which should be read in conjunction with their MIL No. 7 that the change in administration may violate Rule 407 because it will suggest subsequent remedial measures.

Chatwin agrees that Fed. R. Evid. 407 prohibits the introduction of subsequent remedial measures to prove negligence or culpable conduct, *i.e.*, new policies where prior ones did not exist or more thorough policies to replace deficient ones. As such, Chatwin agrees that he cannot

introduce evidence of the new policies to prove the ones in effect in 2010 were deficient or inadequate. However, Chatwin refutes the application of Rule 407 to completely bar the introduction of Draper City's current policies in all instances, as explained below.

Rule 407 contains within it exceptions, which, depending upon the testimony and evidence adduced at trial, may permit Chatwin to introduce the current policies and the change of administration. Specifically, the rule provides that "the court may admit this evidence for another purpose, such as **impeachment** or – if disputed – proving ownership, **control, or the feasibility of precautionary measures**." *Fed. R. Evid. 407* (emphasis added). *See also, Leprino Foods Co. v. Factory Mut. Ins. Co.,* 653 F.3d 1121, 1131 (10th Cir. 2011) (discussing same). Therefore, if at trial Defendants contend that they lacked control over their policies, then Chatwin should be permitted to introduce the current policies and change of administration to refute this statement. If Defendants claim that enacting better or more adequate policies was not feasible, then Chatwin should be permitted to introduce the current policies and change of administration in contradiction. If a witness on Defendants' behalf testifies in a way that misleads the jury, then Chatwin should be permitted to introduce the current policies and change of administration for impeachment purposes. *See, e.g., Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1212-13 (10th Cir. 2006) (Discussing the impeachment exception, the Tenth Circuit explained "the impeachment exception has been confined to evidence of subsequent remedial measures that is 'necessary to prevent the jury from being misled.'"). Finally, if Defendants raise the defense at trial that Chatwin was somehow contributorily negligent for his injuries, then Chatwin should be permitted to introduce the current policies and change of administration for "another purpose." *See, e.g., Gray v. Hoffman-La Roche, Inc.,* 82 F. App'x 639, 648 (10th Cir. 2003) ("We have upheld the admission of subsequent remedial measures to demonstrate a plaintiff was not

contributorily negligent. *See, e.g., Rimkus v. Northwest Colo. Ski Corp.*, 706 F.2d 1060, 1065-66 (10th Cir. 1983).").

In sum, if Defendants open the door and present Chatwin with a reason to have to introduce the current Draper City policies and change of administration, then Chatwin should be permitted to do so, but **only for the limited purposes described above**. Otherwise, the Court should prohibit the introduction of the current Draper City policies and change of administration into evidence.

If the reasons for the change in policies and administration result from these other possible scenarios, then the change of administration become relevant. Defendants can then address their concerns raised in their motion and memorandum on redirect eliciting the desired testimony: "It is not uncommon for changes in these areas to be from one police chief to another. Chief Roberts' appointment as Draper PD's police chief had nothing to do with Plaintiff nor Plaintiff's allegations, nor did Chief Roberts' subsequent changes to the operations of the Draper PD. These changes only conformed the department's administrative procedures to Chief Roberts' methods of leadership and police activity. (sic))."

## CONCLUSION

Based upon the foregoing, Chatwin respectfully asks this Court to deny Defendants' motion.

DATED this 10th day of January 2017.

CLYDE SNOW & SESSIONS

/s/ Lisa A. Marcy
Lisa A. Marcy
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2017, I caused a true and accurate copy of the foregoing Memorandum in Opposition to Defendants' Motion in Limine No. 1 to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter