Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, Utah  84101
Telephone:  801-915-2616

Dominic J. Gianna, *Pro Hac Vice*
dgianna@aarongianna.com
AARON & GIANNA
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana  70170
Telephone:  504-569-1805

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>         Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>         Defendants. | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2: TO EXCLUDE TESTIMONY AND PREVENT ANY ADVERSE INFERENCE REGARDING LIMITED TRAINING RECORDS<br><br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Pursuant to Rules 401 and 402, Fed. R. Evid., Plaintiff, Joshua Chatwin ("Chatwin"), by and through his counsel, Lisa A. Marcy, John K. Johnson and Dominic Gianna, responds to

{01101661-1}

Defendants' Motion in Limine No. 2 to Exclude Testimony and Prevent any Adverse Inference Regarding Limited Training Records ("MIL No. 2") as follows.

## ARGUMENT

### Testimony Supporting an Adverse Inference Regarding Limited Training Records Should be Allowed.

It is undisputed that Draper City does not possess training records concerning the relevant time period. It is disputed, however, that one document, a Field Training Officer Guide, existed during the relevant time period and that it had any training components. It is within the purview of the jury to determine what inferences it wishes to draw as a result of the admission of relevant evidence. One of the stock stipulated jury instructions in this case confirms exactly that point: "On the contrary, you are permitted to draw from the facts that you find have been proved, such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case." *See* Exhibit A, "Jury Instruction No. ___," attached hereto.

Defendants' concerns about the jury drawing an adverse inference due to the lack of records is easily resolved through direct examination and closing argument. The fact that the records do not exist definitely "has [a] tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The existence (or non-existence) of training records is material to the very issues at question in this case.

Defendants are incorrect that Chatwin's expert, Kirk Torgensen, testified only that he was critical of the fact that he could not find any indication that Officer Patterson had received training with respect to alcohol and drugs. Mr. Torgensen actually replied:

> I looked very carefully to see if Patterson *acknowledged* having received any training from Draper PD with respect to any use of force issue, and *there was no evidence that he had received any,* and that concerned me.

Kirk Torgensen Deposition, dated June 17, 2016, 53:18-22, attached as Exhibit A to Defendant's MIL No. 2 (emphasis added).

Defendants' arguments in their MIL No. 2 are proper for trial. Indeed, they constitute subjects appropriate for closing argument and/or the material can be elicited during direct examination:

> The lack of records relating to Officer Patterson's training does not indicate that he was not properly trained in use of force generally or use of force relating to alcohol drug matters. To the contrary, Officer Patterson at the time of the incident had recently graduated from the Academy where he received POST-required training, which was then supplemented with "mandatory" training he received from the Draper City Police Department once he was hired as an officer. … The limited training records at the time of Officer Patterson's employment with the Draper City Police Department is nothing more than a clerical issue stemming from a change in the Department's training coordinators. There is nothing nefarious about the fact that the records were not maintained and do not exist. As stated, the lack of records does not mean Officer Patterson was not trained or that he was not sufficiently trained.

Defendant's MIL No. 2, pp. 3-4.

Defendants state that "there is no evidence upon which to base a finding that Defendants acted improperly in regards to producing training records." *Id*. at 4-5. It is illogical that Defendants would have destroyed their own training records, as that action would only assist Chatwin with proving his claim. Accordingly, Chatwin is not making any accusations of spoliation, nor has he submitted a jury instruction about a negative inference.

## CONCLUSION

Based upon the foregoing argument, Chatwin respectfully requests this Court to allow testimony regarding the limited training records.

DATED this 10th day of January 2017.

CLYDE SNOW & SESSIONS

/s/ Lisa A. Marcy
Lisa A. Marcy
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

  I hereby certify that on the 10th day of January 2017, I caused a true and accurate copy of the foregoing Memorandum in Opposition to Defendants' Motion in Limine No. 2 to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

                /s/ Michelle Carter

JURY INSTRUCTION NO. ___

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, all facts that may have been admitted or stipulated, and the applicable presumptions that will be stated in these instructions.

Statements and arguments of counsel are not evidence in this case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proved.

During the course of trial, it often becomes the duty of counsel to make objections. You should not consider or be influenced by the fact that objections have been made. Any evidence to which an objection was made and sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside of this courtroom is not evidence and must be entirely disregarded. You are to consider only the evidence in this case. However, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw from the facts that you find have been proved, such reasonable inferences as seem justified in light of your experience. An inference is a deduction or conclusion that reason and common sense would lead you to draw from facts that are established by the evidence in the case.

EXHIBIT A