Lisa A. Marcy (#5311)
lmarcy@clydesnow.com
CLYDE SNOW & SESSIONS, P.C.
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516

John K. Johnson (#3815)
jkjohnson1080@hotmail.com
JOHN K. JOHNSON, LLC
10 West 300 South, Suite 800
Salt Lake City, Utah  84101
Telephone:  801-915-2616

Dominic J. Gianna, *Pro Hac Vice*
dgianna@aarongianna.com
AARON & GIANNA
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana  70170
Telephone:  504-569-1805

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSHUA CHATWIN,<br><br>Plaintiff,<br>v.<br><br>DRAPER CITY; DRAPER CITY POLICE DEPARTMENT; POLICE CHIEF MAC CONNOLE; OFFICER J. PATTERSON, in his individual and official capacity; OFFICER DAVID HARRIS, in his individual and official capacity; OFFICER HEATHER BAUGH, in her individual and official capacity; and JOHN DOES 1-10,<br><br>Defendants. | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3: TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING THE DISMISSAL OF PLAINTIFF'S CRIMINAL CHARGES RELATING TO INTERFERING WITH AN OFFICER<br><br>Civil No. 2:14-cv-375<br>Judge Dale A. Kimball<br>Magis. Judge Dustin B. Pead |

Pursuant to Fed. R. Evid. 401, 402 and 403, Plaintiff, Joshua Chatwin ("Chatwin"), by and through his counsel, Lisa A. Marcy, John K. Johnson and Dominic Gianna, responds to Defendants' Motion in Limine No. 3 to Exclude Testimony and Evidence Regarding the

Dismissal of Plaintiff's Criminal Charges Relating to Interfering with an Officer ("MIL No. 3") as follows.

### RELIEF REQUESTED

Chatwin requests that the relief sought in MIL No. 3 be denied. Defendants will be "opening the door" to evidence and testimony about all of the charges made against Chatwin once they discuss his arrest on alcohol-related charges. It would be extremely unfair and prejudicial to allow Defendants to discuss the charges, including the ones related to interfering with an officer, thereby allowing the jury to conclude that Chatwin was convicted of those charges.

There is significant danger that by hearing of all the charges, but not their dismissal, the jury will conclude that Chatwin must have been the aggressor. The jury is quite capable of making a distinction between a "preponderance standard" and "beyond a reasonable doubt standard." One of this court's stipulated stock jury instructions discusses in detail Plaintiff's burden of proving his claims against Defendants by a preponderance of the evidence. Specifically, the instruction states "[t]his rule does not require proof to an absolute certainty, nor does it require proof beyond a reasonable doubt which is the standard applied in criminal cases. A party has succeeded in carrying the burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring his or her side of the issue is more convincing to you than not." Exhibit A, Jury Instruction No. ___,'' attached hereto.

## ARGUMENT

**I.   Testimony and evidence regarding the dismissal of Chatwin's criminal charges are relevant.**

Admittedly, the cases cited by the Defendants found that the evidence of the dismissal of the charges was not relevant; however, the courts in every one of those cases found the final disposition of the charges to be irrelevant based upon whether the officer had probable cause to arrest the plaintiff. *See, e.g., Maples v. Vollmer*, 2013 WL 1662869 (D.N.M. March 31, 2013) and *De Anda v. City of Long Beach*, 7 F.3d 1418 (9th Cir. 1993). In addition, in *Thompson v. Martin*, 2011 WL 1938169 (N.D. Ind. 2011), the court stated:

> Defendants are correct that the final disposition of the charges brought against Thompson is not relevant to deciding whether his arrest was "false." *The false arrest analysis turns entirely on probable cause, and "[t]he relevant inquiry" in determining probable cause "is whether [the officers] acted objectively reasonable in light of the facts and law known to him at the time of…arrest – not upon subsequent legal analysis. Forman v. Richmond Police Dept.*, 104 F.3d 950, 962 (7th Cir. 1997). Thus, to be relevant, the dismissal must make the issue of the existence of probable cause more or less likely. *De Anda v. City of Long Beach*, 7 F.3d 1418, 1422 (9th Cir. 1993). [T]he validity of such an arrest is not undermined by subsequent events in the suspect's criminal prosecution, such as dismissal of charges, or acquittal. *Summers v. State of Utah*, 927 F.2d 1165, 1166 (10th Cir. 1991). The dismissal of the charges is therefore irrelevant to Thompson's false arrest claim.

*Id.* at * 3 (emphasis added).

Unlike the plaintiffs in those cases, however, Chatwin is not disputing that the officers did not have probable cause based on driving under the influence. Instead, Chatwin is challenging what Officer Patterson did to him afterward. The fact that the prosecutor dismissed a first degree felony, a third degree felony and a Class B misdemeanor involving allegations of assault upon a police officer is telling, regardless of the burden of proof. It is also probative as to

Patterson's actions and to Chatwin's damages, since he spent two months in jail, in part, for crimes that he did not commit.

## II. The disposition of the charges must be included in order to prevent the jury from assuming that Chatwin was found guilty.

Defendants request that this Court bar any mention of the dismissal of the criminal charges brought against Chatwin arising from his arrest for interference. In *Townsend v. Benya*, 287 F. Supp. 2d 868, 875 (N.D. Ill. 2003), the defendant police officers also sought exclusion of the dismissal of the criminal charges brought against the plaintiffs. Whereas the court found that the disposition of the criminal matter was not relevant, again because it related to probable cause concerning the arrest of plaintiffs, the court stated: "However, the jury should also be told the charges against plaintiffs were dismissed in order to avoid the possibility the jury may assume plaintiffs were arrested and later found guilty." *See, also, Fox-Martin v. County of Cook*, 2010 WL 4136174, at * 7 (N.D. Ill. Oct. 18, 2010): "Accordingly, 'in order to avoid the possibility that the jury may assume Plaintiff [was] arrested and later found guilty,' the jury should be told that the charges against Plaintiff were stricken with leave to reinstate."; *Warner v. Carter*, 2004 WL 886995, at *1 (E.D. La. April 24, 2014): "The Court finds that the documentary evidence as to the ultimate disposition of the charges is relevant and admissible. Whereas such evidence is not relevant to the 'probable cause' determination, it is part of the *res gestae* and it completes the presentation of the evidence regarding the plaintiff's arrest on those charges."

Defendants have presumed that the dismissal of the three interference charges was based upon a plea bargain. No such evidence exists about the prosecutor's decision. If the Defendants wanted to determine the reasons for the dismissal of the charges, they could have called the prosecutor as a witness. The jury should be allowed to hear that the charges were dropped. The

jury can understand the difference between a higher burden in criminal court and the lesser burden of preponderance of the evidence in a civil matter, as explained in one of the jury instructions.

## CONCLUSION

Defendants' concerns about the testimony and evidence regarding the dismissal of Chatwin's criminal charges involving interference with an officer can be addressed through cross-examination. They can elicit from Chatwin that he does not know the reasons why the charges were dismissed. The jury can understand the difference between the criminal and civil burdens of proof, as evidenced by the stipulated jury instruction. The dismissal of these charges is relevant as to what Officer Patterson did and as to the damages that Chatwin suffered. Defendants want to list all of the charges, prejudicing the jury against Chatwin by allowing the jury to assume that Chatwin was found guilty of the counts involving a police officer. It is misleading and unfair to allow the Defendant to elicit testimony and evidence about all of the charges yet not allow Chatwin to complete the story by telling the jury what happened in the criminal case. Defendants can also discuss all of these points in their closing argument.

DATED this 10th day of January 2017.

                CLYDE SNOW & SESSIONS

                /s/ Lisa A. Marcy
                Lisa A. Marcy
                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2017, I caused a true and accurate copy of the foregoing Memorandum in Opposition to Defendants' Motion in Limine No. 3 to be filed via the Court's ECF system, which in turn sent copies to counsel of record in accordance with the Court's protocols.

/s/ Michelle Carter

JURY INSTRUCTION NO. ___

In this case, Plaintiff has the burden of proving his claims against Defendant by a preponderance of the evidence. By a preponderance of the evidence, as that term is used in these instructions, is meant that evidence, which to your minds, is of the greater weight. The evidence preponderates to the side which, to your minds, seems to be the most convincing and satisfactory. The preponderance of the evidence is not alone determined by the number of witnesses, nor the amount of testimony or documentary evidence, but rather the convincing character of the testimony and other evidence, and the inferences reasonably to be drawn therefrom, weighed by the impartial minds of the jury. This rule does not require proof to an absolute certainty, nor does it require proof beyond a reasonable doubt which is the standard applied in criminal cases. A party has succeeded in carrying the burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring his or her side of the issue is more convincing to you than not.

**EXHIBIT A**